# EXHIBIT 4

# PRINTABLE CASE VIEW

**Generated: 29-NOV-2023 03:52 PM**

**Search Criteria: Case ID or Citation Number: 2CCV-23-0000238**

**1 record(s) total**

| | |
|---|---|
| **Case ID:** 2CCV-23-0000238 - County of Maui v. Maui Electric Company, et al. <br> **Type:** CV - Circuit Court Civil <br> **Status:** ACTIVE - Active Case <br> **Last Updated:** 28-Nov-2023 | **Filing Date:** THURSDAY, AUGUST 24, 2023 <br> **Court:** SECOND CIRCUIT <br> **Location:** WAILUKU DIVISION |

**Related Cases**

No related cases were found.

**Case Parties**

| Seq # | Assoc | End Date | Type | ID | Name / Aliases |
|---|---|---|---|---|---|
| 1 | Takayesu-Hamilton, Victoria J. <br> Kolbe, Thomas Walter <br> Fried, L. Richard <br> Kekina, Wayne K. <br> McTernan, Patrick F. | | Plaintiff | CTYMAUI | County of Maui |
| 2 | County of Maui | | Corporation Counsel | A5481 | Takayesu-Hamilton, Victoria J. |
| 3 | County of Maui | | Deputy Corporation Counsel | A7679 | Kolbe, Thomas Walter |
| 4 | County of Maui | | Attorney | A764 | Fried, L. Richard |
| 5 | County of Maui | | Attorney | A780 | Kekina, Wayne K. |
| 6 | County of Maui | | Attorney | A4269 | McTernan, Patrick F. |
| 7 | Cox, Joachim Paul <br> Whattoff, Randall Craig | | Defendant | @6386346 | MAUI ELECTRIC COMPANY, LIMITED |

| Seq # | Assoc | End Date | Type | ID | Name / Aliases |
|---|---|---|---|---|---|
| 8 | Cox, Joachim Paul Whattoff, Randall Craig | | Defendant | @6386347 | HAWAIIAN ELECTRIC COMPANY, INC. |
| 9 | Cox, Joachim Paul Whattoff, Randall Craig | | Defendant | @6386348 | HAWAII ELECTRIC LIGHT COMPANY, INC. |
| 10 | Cox, Joachim Paul Whattoff, Randall Craig | | Defendant | @6386349 | HAWAIIAN ELECTRIC INDUSTRIES, INC. |
| 11 | | 25-AUG-2023 | Other | D2C01 | Second Circuit Court 1st Division |
| 12 | | | Other | D2C02 | Second Circuit Court 2nd Division |
| 13 | MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAII ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. | | Attorney | A7520 | Cox, Joachim Paul |
| 14 | MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAII ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. | | Attorney | A9487 | Whattoff, Randall Craig |

**Bail / Bond Information**

No Bails were found.

**Events**

| Event | Parties | Date | Time | Room | Location | Judge | Appearance Disposition |
|---|---|---|---|---|---|---|---|
| Scheduling Conference | | 12/13/2023 | 09:00:00 | Courtroom No. 2 | WAILUKU DIVISION | Cahill  ,   Peter T | |
| Hearing on Motion | Patrick F McTernan - Attorney | 11/17/2023 | 09:00:00 | Courtroom No. 2 | WAILUKU DIVISION | Cahill  ,   Peter T | RSC-Rescheduled |
| Hearing on Motion | | 11/17/2023 | 09:00:00 | Courtroom No. 2 | WAILUKU DIVISION | Cahill  ,   Peter T | GRT-Granted |
| Scheduling Conference | | 11/01/2023 | 13:15:00 | Courtroom No. 2 | WAILUKU DIVISION | Cahill  ,   Peter T | CON-Continued |
| Hearing on Motion | | 10/20/2023 | 13:30:00 | Courtroom No. 2 | WAILUKU DIVISION | Cahill  ,   Peter T | GRT-Granted |
| Hearing on Motion | | 10/13/2023 | 13:30:00 | Courtroom No. 2 | WAILUKU DIVISION | Cahill  ,   Peter T | GRT-Granted |
| Status Conference | | 09/27/2023 | 09:00:00 | Courtroom No. 2 | WAILUKU DIVISION | Cahill  ,   Peter T | OTH-Other |

**Dockets**

| Docket # | Date | Docket | Document Name | Parties | Filing Party |
|---|---|---|---|---|---|
| 1 | 08/24/2023 | Complaint EFile Document upload of type Complaint | COMPLAINT | County of Maui - Plaintiff | County of Maui |
| 2 | 08/24/2023 | Exhibit EFile Document upload of type Exhibit | EXHIBIT A | County of Maui - Plaintiff | County of Maui |
| 3 | 08/24/2023 | Demand for Jury Trial EFile Document upload of type Demand for Jury Trial | DEMAND FOR JURY TRIAL | County of Maui - Plaintiff | County of Maui |
| 4 | 08/24/2023 | Other EFile Document upload of type Complaint and Summons Attys office to resubmit summons  /* Docket  Entry 4 was updated as a result of eFiling Correction  */ | SUMMONS | County of Maui - Plaintiff | County of Maui |
| 5 | 08/24/2023 | Civil Information Sheet EFile Document upload of type Civil Information Sheet | CIVIL INFORMATION SHEET; SUPPLEMENT TO CIVIL INFORMATION SHEET - LIST OF ADDITIONAL COUNSEL FOR PLAINTIFF | County of Maui - Plaintiff | County of Maui |

| 7 | 08/24/2023 | Notice of Correction /*  Docket Entry 4 was updated as a result of eFiling Correction  */ | | County of Maui - Plaintiff | |
| 8 | 08/24/2023 | New Case Assignment COURTROOM #1 | | County of Maui - Plaintiff MAUI ELECTRIC COMPANY, LIMITED - Defendant HAWAIIAN ELECTRIC COMPANY, INC. - Defendant HAWAII ELECTRIC LIGHT COMPANY, INC. - Defendant HAWAIIAN ELECTRIC INDUSTRIES, INC. - Defendant Second Circuit Court 1st Division - Other | |
| 10 | 08/24/2023 | Summons EFile Document upload of type Summons | SUMMONS TO ANSWER CIVIL COMPLAINT | County of Maui - Plaintiff | County of Maui |
| 12 | 08/24/2023 | Request to Exempt CAAP EFile Document upload of type Request to Exempt CAAP | REQUEST TO EXEMPT CASE FROM THE COURT ANNEXED ARBITRATION PROGRAM; EXHIBIT "A" | County of Maui - Plaintiff | County of Maui |
| 14 | 08/25/2023 | Order | Order on Reassignment of Case | County of Maui - Plaintiff MAUI ELECTRIC COMPANY, LIMITED - Defendant HAWAIIAN ELECTRIC COMPANY, INC. - Defendant HAWAII ELECTRIC LIGHT COMPANY, INC. - Defendant HAWAIIAN ELECTRIC INDUSTRIES, INC. - Defendant | Second Circuit Court 2nd Division |

| 16 | 08/28/2023 | Arb Admin-Grant Exempt fr CAAP | ARBITRATION ADMINISTRATOR'S DECISION GRANTING REQUEST TO EXEMPT A CASE FROM THE COURT ANNEXED ARBITRATION PROGRAM | County of Maui - Plaintiff MAUI ELECTRIC COMPANY, LIMITED - Defendant HAWAIIAN ELECTRIC COMPANY, INC. - Defendant HAWAII ELECTRIC LIGHT COMPANY, INC. - Defendant HAWAIIAN ELECTRIC INDUSTRIES, INC. - Defendant Second Circuit Court 2nd Division - Other | |
| 18 | 09/15/2023 | Notice of Adding Parties | | All Case Parties | |
| 19 | 09/15/2023 | Notice-Appearance /Counsel NOTICE OF APPEARANCE OF COUNSEL FOR DEFENDANTS MAUI ELECTRIC COMPANY, LIMITED, HAWAIIAN ELECTRIC COMPANY, INC., HAWAII ELECTRIC LIGHT COMPANY, INC. AND HAWAIIAN ELECTRIC INDUSTRIES, INC.; CERTIFICATE OF SERVICE | NOTICE OF APPEARANCE OF COUNSEL FOR DEFENDANTS MAUI ELECTRIC COMPANY, LIMITED, HAWAIIAN ELECTRIC COMPANY, INC., HAWAI I ELECTRIC LIGHT COMPANY, INC. AND HAWAIIAN ELECTRIC INDUSTRIES, INC.; CERTIFICATE OF SERVICE | MAUI ELECTRIC COMPANY, LIMITED - Defendant HAWAIIAN ELECTRIC COMPANY, INC. - Defendant HAWAII ELECTRIC LIGHT COMPANY, INC. - Defendant HAWAIIAN ELECTRIC INDUSTRIES, INC. - Defendant | Whattoff, Randall Craig |
| 21 | 09/15/2023 | Notice EFile Document upload of type Notice | PLAINTIFF S NOTICE OF REQUEST FOR SCHEDULING CONFERENCE; [PROPOSED] ORDER SETTING SCHEDULING CONFERENCE; CERTIFICATE OF SERVICE | County of Maui - Plaintiff | McTernan, Patrick F. |
| 23 | 09/18/2023 | Order Set Sched Conference | | County of Maui - Plaintiff | Fried, L. Richard, Takayesu-Hamilton, Victoria J., Takayesu-Hamilton, Victoria J., Kekina, Wayne K., McTernan, Patrick F., Kolbe, Thomas Walter |
| 25 | 09/22/2023 | Motion for _____ EFile Document upload of type Motion for | PLAINTIFF S MOTION FOR ADMISSION OF JOHN FISKE PRO HAC VICE; DECLARATION OF PATRICK F. McTERNAN; DECLARATION OF L. RICHARD FRIED, JR.; DECLARATION OF THOMAS KOLBE; DECLARATION OF JOHN FISKE; NOTICE OF HEARING OF MOTION and CERTIFICATE OF SERVICE | County of Maui - Plaintiff | McTernan, Patrick F. |

| 27 | 09/25/2023 | Order | Order Setting Status Conference; Certificate of Service | County of Maui - Plaintiff MAUI ELECTRIC COMPANY, LIMITED - Defendant HAWAIIAN ELECTRIC COMPANY, INC. - Defendant HAWAII ELECTRIC LIGHT COMPANY, INC. - Defendant HAWAIIAN ELECTRIC INDUSTRIES, INC. - Defendant | Second Circuit Court 2nd Division |
| 29 | 09/27/2023 | Notice-Resetting | Notice of Resetting; Certificate of Service | County of Maui - Plaintiff MAUI ELECTRIC COMPANY, LIMITED - Defendant HAWAIIAN ELECTRIC COMPANY, INC. - Defendant HAWAII ELECTRIC LIGHT COMPANY, INC. - Defendant HAWAIIAN ELECTRIC INDUSTRIES, INC. - Defendant | Second Circuit Court 2nd Division |
| 31 | 09/27/2023 | Minutes * * 9:00/9:42 * * Court related that the Motions for Pro Hac Vice currently set for November 17, 2023 will be advanced to October 13, 2023 at 1:30 p.m.  Notice of Resetting will be filed.  Any supplemental declarations are to be filed by October 5, 2023 and oppositions are to be filed by October 9, 2023.  Reply memos are not necessary. Pro Hac Vice Counsel may appear via Zoom. | | All Case Parties | ATY Richard Fried via Zoom Video ATY Wayne Kekina via Zoom Video ATY Patrick McTernan via Zoom Video ATY Cox, Joachim Paul ATY Whattoff, Randall Craig CR Angie Weaver CLK Gushiken, Susan  H JUDG Cahill   ,   Peter T |
| 32 | 09/27/2023 | Remote Hearing | | Second Circuit Court 2nd Division - Other | |

| 35 | 09/29/2023 | Motion for _____ DEFENDANTS MOTION FOR PRO HAC VICE ADMISSIONS OF BRAD BRIAN, LISA DEMSKY, AND NICHOLAS FRAM; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF RANDALL C. WHATTOFF; DECLARATION OF BRAD BRIAN; EXHIBIT 1; DECLARATION OF LISA DEMSKY; DECLARATION OF NICHOLAS FRAM; EXHIBIT 2; NOTICE OF HEARING ON MOTION AND CERTIFICATE OF SERVICE | DEFENDANTS  MOTION FOR PRO HAC VICE ADMISSIONS OF BRAD BRIAN, LISA DEMSKY, AND NICHOLAS FRAM; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF RANDALL C. WHATTOFF; DECLARATION OF BRAD BRIAN; EXHIBIT 1; DECLARATION OF LISA DEMSKY; DECLARATION OF NICHOLAS FRAM; EXHIBIT 2; NOTICE OF HEARING ON MOTION AND CERTIFICATE OF SERVICE | MAUI ELECTRIC COMPANY, LIMITED - Defendant  HAWAIIAN ELECTRIC COMPANY, INC. - Defendant  HAWAII ELECTRIC LIGHT COMPANY, INC. - Defendant  HAWAIIAN ELECTRIC INDUSTRIES, INC. - Defendant | Whattoff, Randall Craig |
| 37 | 10/02/2023 | Amended Notice of Hearing AMENDED NOTICE OF HEARING ON DEFENDANTS MOTION FOR PRO HAC VICE ADMISSIONS OF BRAD BRIAN, LISA DEMSKY, AND NICHOLAS FRAM, FILED SEPTEMBER 29, 2023 DKT. 35 AND CERTIFICATE OF SERVICE | AMENDED NOTICE OF HEARING ON DEFENDANTS  MOTION FOR PRO HAC VICE ADMISSIONS OF BRAD BRIAN, LISA DEMSKY, AND NICHOLAS FRAM, FILED SEPTEMBER 29, 2023 [DKT. 35] AND CERTIFICATE OF SERVICE | MAUI ELECTRIC COMPANY, LIMITED - Defendant  HAWAIIAN ELECTRIC COMPANY, INC. - Defendant  HAWAII ELECTRIC LIGHT COMPANY, INC. - Defendant  HAWAIIAN ELECTRIC INDUSTRIES, INC. - Defendant | Whattoff, Randall Craig |
| 39 | 10/05/2023 | Letter October 5, 2023 Letter to Judge Peter Cahill re Deadlines | October 5, 2023 Letter to Judge Peter Cahill re Deadlines | MAUI ELECTRIC COMPANY, LIMITED - Defendant  HAWAIIAN ELECTRIC COMPANY, INC. - Defendant  HAWAII ELECTRIC LIGHT COMPANY, INC. - Defendant  HAWAIIAN ELECTRIC INDUSTRIES, INC. - Defendant | Whattoff, Randall Craig |
| 41 | 10/06/2023 | Motion for _____ EFile Document upload of type Motion for | PLAINTIFF S MOTION FOR ADMISSION OF ROBERT J. CHAMBERS II PRO HAC VICE; DECLARATION OF PATRICK F. McTERNAN; DECLARATION OF L. RICHARD FRIED, JR.; DECLARATION OF ROBERT J. CHAMBERS II; NOTICE OF HEARING OF MOTION and CERTIFICATE OF SERVICE | County of Maui - Plaintiff | McTernan, Patrick F. |

| 43 | 10/06/2023 | Motion for _____ EFile Document upload of type Motion for | PLAINTIFF S MOTION FOR ADMISSION OF ED DIAB PRO HAC VICE; DECLARATION OF PATRICK F. McTERNAN; DECLARATION OF L. RICHARD FRIED, JR.; DECLARATION OF ED DIAB; NOTICE OF HEARING OF MOTION and CERTIFICATE OF SERVICE | County of Maui - Plaintiff | McTernan, Patrick F. |
|----|-----------|------|------|------|------|
| 45 | 10/13/2023 | Minutes Court related instructions on the record for all counsel when filing their orders granting their  motions. Local counsel to designate two to three people in their office that the court can contact for questions. Counsel to file a document in each case with the names and email addresses of their  staff. Court noted that all Pro Hac Vice counsel cannot be added as a party or counsel to any  case. * * 1:50/1:51 * * Motion granted.  Plaintiffs to prepare the order. | | All Case Parties | ATY Patrick McTernan via Zoom Video ATY Joachim Cox via Zoom Video ATY Wayne Kekina via Zoom Video CR Angie Weaver ATY Kolbe, Thomas Walter JUDG Cahill   ,   Peter T CLK Gushiken, Susan  H |
| 46 | 10/13/2023 | Remote Hearing | | Second Circuit Court 2nd Division - Other | |
| 48 | 10/16/2023 | Proposed Order EFile Document upload of type Proposed Order | [PROPOSED] ORDER GRANTING PLAINTIFF S MOTION FOR ADMISSION OF JOHN FISKE PRO HAC VICE, FILED ON SEPTEMBER 22, 2023 [DKT. 25] | County of Maui - Plaintiff | McTernan, Patrick F. |
| 50 | 10/17/2023 | Order Granted | ORDER GRANTING PLAINTIFF'S MOTION FOR ADMISSION OF JOHN FISKE PRO HAC VICE, FILED ON SEPTEMBER 22,2023 [DKT.25] | County of Maui - Plaintiff | Fried, L. Richard, Takayesu-Hamilton, Victoria J., Takayesu-Hamilton, Victoria J., Kekina, Wayne K., McTernan, Patrick F., Kolbe, Thomas Walter |

| 52 | 10/20/2023 | Minutes<br>Court related to counsel that when filing their orders, they are to include all<br>the requirements<br>of the rule.<br>Court finds there are special circumstances in these cases for Pro Hac Vice<br>Counsel<br>to be admitted in more than one case, and they are required to note that in their orders.<br>Counsel<br>to file separate orders for each attorney.<br>* * 1:36 p.m. * *<br>Motion granted.  Defendants to prepare the order. | | All Case Parties | ATY Whattoff, Randall Craig<br>ATY Cox, Joachim Paul<br>ATY Nicholas Fram, PHV<br>ATY Brad Brian via Zoom Video, PHV<br>ATY Lisa Demsky via Zoom Video, PHV<br>CR Angie Weaver<br>JUDG Cahill  ,   Peter T<br>CLK Gushiken, Susan  H |
| --- | --- | --- | --- | --- | --- |
| 53 | 10/20/2023 | Remote Hearing | | Second Circuit Court 2nd Division - Other | |
| 55 | 10/25/2023 | Receipt<br>EFile Document upload of type Receipt | PLAINTIFF S PROOF OF PAYMENT OF 2023 DISCIPLINARY BOARD FEE RE PRO HAC VICE ADMISSION OF JOHN FISKE, ESQ.; EXHIBIT A | County of Maui - Plaintiff | McTernan, Patrick F. |
| 57 | 10/25/2023 | Scheduling Conf Statement<br>EFile Document upload of type Scheduling Conf Statement | Utility Defendants  Scheduling Conference Statement; Certificate of Service | MAUI ELECTRIC COMPANY, LIMITED - Defendant<br> HAWAIIAN ELECTRIC COMPANY, INC. - Defendant<br> HAWAII ELECTRIC LIGHT COMPANY, INC. - Defendant<br> HAWAIIAN ELECTRIC INDUSTRIES, INC. - Defendant | Cox, Joachim Paul |
| 59 | 10/25/2023 | Scheduling Conf Statement<br>EFile Document upload of type Scheduling Conf Statement | PLAINTIFF COUNTY OF MAUI'S SCHEDULING CONFERENCE STATEMENT | County of Maui - Plaintiff | McTernan, Patrick F. |

| 61 | 10/25/2023 | Joint Report of the Parties EFile Document upload of type Joint Report of the Parties | Joint Report of the Parties; Certificate of Service | MAUI ELECTRIC COMPANY, LIMITED - Defendant HAWAIIAN ELECTRIC COMPANY, INC. - Defendant HAWAII ELECTRIC LIGHT COMPANY, INC. - Defendant HAWAIIAN ELECTRIC INDUSTRIES, INC. - Defendant | Cox, Joachim Paul |
| 63 | 11/01/2023 | Minutes * * 1:17/2:11 * * Court allowed all counsel to state their positions on the record. Court continued the scheduling conference to 12/13/23 at 9:00 a.m. | | All Case Parties | ATY Pat McTernan via Zoom Video ATY John Fiske, PHV via Zoom DCC Kolbe, Thomas Walter ATY Randall Whattoff via Zoom Video ATY Joachim Cox via Zoom Video ATY Lisa Demsky via Zoom ATY Nicholas Fram via Zoom CR Angie Weaver CLK Gushiken, Susan  H JUDG Cahill   ,   Peter T |
| 64 | 11/01/2023 | Remote Hearing | | Second Circuit Court 2nd Division - Other | |
| 66 | 11/03/2023 | Proposed Order PROPOSED STIPULATION TO DESIGNATE CASE AS COMPLEX LITIGATION PURSUANT TO RULE 12(C) OF THE RULES OF THE CIRCUIT COURTS OF THE STATE OF HAWAII | [PROPOSED] STIPULATION TO DESIGNATE CASE AS COMPLEX LITIGATION PURSUANT TO RULE 12(C) OF THE RULES OF THE CIRCUIT COURTS OF THE STATE OF HAWAII | MAUI ELECTRIC COMPANY, LIMITED - Defendant HAWAIIAN ELECTRIC COMPANY, INC. - Defendant HAWAII ELECTRIC LIGHT COMPANY, INC. - Defendant HAWAIIAN ELECTRIC INDUSTRIES, INC. - Defendant | Whattoff, Randall Craig |
| 68 | 11/03/2023 | Stipulation to _____ | STIPULATION TO DESIGNATE CASE AS COMPLEX LITIGATION PURSUANT TO RULE 12(C) OF THE RULES OF THE CIRCUIT COURTS OF THE STATE OF HAWAII | MAUI ELECTRIC COMPANY, LIMITED - Defendant | Cox, Joachim Paul, Whattoff, Randall Craig |

| 70 | 11/04/2023 | Notice NOTICE OF WITHDRAWAL OF DKT. NO. 66 PROPOSED STIPULATION TO DESIGNATE CASE AS COMPLEX LITIGATION PURSUANT TO RULE 12(C) OF THE RULES OF THE CIRCUIT COURTS OF THE STATE OF HAWAII; CERTIFICATE OF SERVICE | NOTICE OF WITHDRAWAL OF [DKT. NO. 66] [PROPOSED] STIPULATION TO DESIGNATE CASE AS COMPLEX LITIGATION PURSUANT TO RULE 12(C) OF THE RULES OF THE CIRCUIT COURTS OF THE STATE OF HAWAII; CERTIFICATE OF SERVICE | MAUI ELECTRIC COMPANY, LIMITED - Defendant  HAWAIIAN ELECTRIC COMPANY, INC. - Defendant  HAWAII ELECTRIC LIGHT COMPANY, INC. - Defendant  HAWAIIAN ELECTRIC INDUSTRIES, INC. - Defendant | Whattoff, Randall Craig |
| 72 | 11/06/2023 | Certificate of Service CERTIFICATE OF SERVICE Re: (1) Hawaiian Electric Defendants Initial Disclosures; and (2) Defendant  Hawaiian Electric Industries, Inc.s Initial Disclosures | CERTIFICATE OF SERVICE [Re: (1) Hawaiian Electric Defendants Initial Disclosures; and (2) Defendant Hawaiian Electric Industries, Inc. s Initial Disclosures] | MAUI ELECTRIC COMPANY, LIMITED - Defendant  HAWAIIAN ELECTRIC COMPANY, INC. - Defendant  HAWAII ELECTRIC LIGHT COMPANY, INC. - Defendant  HAWAIIAN ELECTRIC INDUSTRIES, INC. - Defendant | Whattoff, Randall Craig |
| 34 | 11/17/2023 | Minutes Case not called in Court. Stricken; advanced to 10/13/23 by Court. | | Patrick F McTernan - Attorney | JUDG Cahill  ,   Peter T CLK Gushiken, Susan  H |
| 74 | 11/17/2023 | Minutes * * 9:02/9:03 * * After review, motion granted. Mr. McTernan to prepare the order. | | All Case Parties | ATY Patrick McTernan via Zoom Video ATY John Fiske, PHV, via Zoom Video ATY Ed Diab, PHV, via Zoom Video ATY Robert Chambers, PHV, via Zoom Video DCC Kolbe, Thomas Walter ATY Randall Whattoff via Zoom Video ATY Joachim Cox via Zoom Video ATY Brad Brian, PHV, via Zoom Video CR Angie Weaver JUDG Cahill  ,   Peter T CLK Gushiken, Susan  H |
| 75 | 11/17/2023 | Remote Hearing | | Second Circuit Court 2nd Division - Other | |

| 77 | 11/17/2023 | Answer<br>HAWAIIAN ELECTRIC DEFENDANTS ANSWER TO PLAINTIFFS COMPLAINT AND DEMAND FOR JURY TRIAL | HAWAIIAN ELECTRIC DEFENDANTS ANSWER TO PLAINTIFFS COMPLAINT AND DEMAND FOR JURY TRIAL | MAUI ELECTRIC COMPANY, LIMITED - Defendant<br> HAWAIIAN ELECTRIC COMPANY, INC. - Defendant<br> HAWAII ELECTRIC LIGHT COMPANY, INC. - Defendant<br> HAWAIIAN ELECTRIC INDUSTRIES, INC. - Defendant | Whattoff, Randall Craig |
|----|-----------|------|------|------|------|
| 79 | 11/17/2023 | Payment Due to Court | | Randall C Whattoff - Attorney | |
| 81 | 11/17/2023 | Payment<br>Payment by Credit Card-Civil in the amount of $200.00 by Whattoff, Randall C. | | Randall C Whattoff - Attorney | |
| 82 | 11/18/2023 | Proposed Order<br>EFile Document upload of type Proposed Order | [PROPOSED] ORDER GRANTING PLAINTIFF S MOTION FOR ADMISSION OF ED DIAB PRO HAC VICE, FILED ON OCTOBER 6, 2023 [DKT. 43] | County of Maui - Plaintiff | McTernan, Patrick F. |
| 84 | 11/18/2023 | Proposed Order<br>EFile Document upload of type Proposed Order | [PROPOSED] ORDER GRANTING PLAINTIFF S MOTION FOR ADMISSION OF ROBERT J. CHAMBERS II PRO HAC VICE, FILED ON OCTOBER 6, 2023 [DKT. 41] | County of Maui - Plaintiff | McTernan, Patrick F. |
| 86 | 11/21/2023 | Order Granted | Order Granting Plaintiff's Motion for Admission of Ed Diab Pro Hac Vice, Filed on October 6, 2023 [DKT. 43] | County of Maui - Plaintiff | Fried, L. Richard, Takayesu-Hamilton, Victoria J., Takayesu-Hamilton, Victoria J., Kekina, Wayne K., McTernan, Patrick F., Kolbe, Thomas Walter |
| 88 | 11/21/2023 | Order Granted | Order Granting Plaintiff's Motion for Admission of Robert J. Chambers II Pro Hac Vice, Filed on October 6, 2023 [DKT. 41] | County of Maui - Plaintiff | Fried, L. Richard, Takayesu-Hamilton, Victoria J., Takayesu-Hamilton, Victoria J., Kekina, Wayne K., McTernan, Patrick F., Kolbe, Thomas Walter |
| 90 | 11/28/2023 | Receipt<br>EFile Document upload of type Receipt | PLAINTIFF S PROOF OF PAYMENT OF 2023 DISCIPLINARY BOARD FEE RE PRO HAC VICE ADMISSION OF ED DIAB, ESQ | County of Maui - Plaintiff | McTernan, Patrick F. |
| 91 | 11/28/2023 | Receipt<br>EFile Document upload of type Receipt | PLAINTIFF S PROOF OF PAYMENT OF 2023 DISCIPLINARY BOARD FEE RE PRO HAC VICE ADMISSION OF ROBERT J. CHAMBERS II, ESQ | County of Maui - Plaintiff | McTernan, Patrick F. |

**DEPARTMENT OF THE**
**CORPORATION COUNSEL**   205

VICTORIA J. TAKAYESU   5481
Corporation Counsel
THOMAS KOLBE             7679
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Telephone: (808) 270-7741
Facsimile:  (808) 270-7152
thomas.kolbe@co.maui.hi.us

**CRONIN, FRIED, SEKIYA,**
**KEKINA & FAIRBANKS**
L. Richard Fried, Jr.          0764-0
Wayne K. Kekina               0780-0
Patrick F. McTernan           4269-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawai'i 96813
Telephone: (808) 524-1433
Facsimile:  (808) 536-2073
rfried@croninfried.com
pmcternan@croninfried.com

**BARON & BUDD, P.C.**
John P. Fiske (CA SBN 249256)
(*Pro Hac Vice Forthcoming*)
Victoria Sherlin (CA SBN 312337)
(*Pro Hac Vice Forthcoming*)
Taylor O'Neal (CA SBN 336077)
(*Pro Hac Vice Forthcoming*)
11440 West Bernardo Court Suite 265,
San Diego, CA 92127
Telephone:  (858) 251-7424
Fax: (214) 520-1181
jfiske@baronbudd.com
tsherlin@baronbudd.com
toneal@baronbudd.com

**Electronically Filed**
**SECOND CIRCUIT**
**2CCV-23-0000238**
**24-AUG-2023**
**08:56 AM**
**Dkt. 1 CMP**

**DIAB CHAMBERS LLP**
Ed Diab (CA SBN 262319)
(*Pro Hac Vice Forthcoming*)
Robert J. Chambers, II (CA SBN 244688)
(*Pro Hac Vice Forthcoming*)
10089 Willow Creek Rd., Suite 200
San Diego, CA 92131
Tel: (619) 658-7010
ed@dcfirm.com
rob@dcfirm.com

*Attorneys for Plaintiff COUNTY OF MAUI*

*[full caption and title on following page]*

2

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. _____ |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | **COMPLAINT; EXHIBIT "A";** |
| vs. | ) | **DEMAND FOR JURY TRIAL;** |
| | ) | **SUMMONS TO ANSWER A** |
| MAUI ELECTRIC COMPANY, | ) | **CIVIL COMPLAINT** |
| LIMITED; HAWAIIAN ELECTRIC | ) | |
| COMPANY, INC.; HAWAIʻI ELECTRIC | ) | |
| LIGHT COMPANY, INC.; HAWAIIAN | ) | |
| ELECTRIC INDUSTRIES, INC. and | ) | |
| DOES 1 THROUGH 50, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

## COMPLAINT

Public Entity Plaintiff COUNTY OF MAUI ("Plaintiff" or "MAUI COUNTY") brings this action for damages against Defendants MAUI ELECTRIC COMPANY, LIMITED; HAWAIIAN ELECTRIC COMPANY, INC.; HAWAIʻI ELECTRIC LIGHT COMPANY, INC.; HAWAIIAN ELECTRIC INDUSTRIES, INC.; and DOES 1 through 50, inclusive, as follows:

## INTRODUCTION

1.     Plaintiff brings this action for damages against Defendants MAUI ELECTRIC COMPANY, LIMITED, ("MECO"), HAWAIIAN ELECTRIC COMPANY, INC. ("HECO"), HAWAIʻI ELECTRIC LIGHT COMPANY, INC. ("HELCO"), HAWAIIAN ELECTRIC INDUSTRIES, INC. ("HEI") and DOES 1 through 50, inclusive (collectively "Defendants"), for damages suffered arising out of three fires that started on August 7-8, 2023.

2.     The first fire, known as the "Lahaina Fire," first ignited at approximately 6:37 a.m. on August 8, 2023, near the town of Lahaina on the Island of Maui, State of Hawai'i.  The second fire, known as the "Kula Fire," started at or around 11:30 a.m. on August 8, 2023 in the Upcountry area in Kula.  And the third fire, known as the "Olinda Fire," ignited at approximately 10:47 p.m. on August 7, 2023.  From time to time throughout this Complaint, the Kula Fire, Olinda Fire, and Lahaina Fire may be collectively referred to as the "Maui Fires."

3.     The Kula Fire burned through more than 200 acres in the community of Kula, in the area of Upcountry Maui and completely destroyed at least 15 structures.

4.     The Olinda Fire burned through more than 1,000 acres in the town of Kula and destroyed multiple structures.

5.     The Lahaina Fire burned through the first capital of the former Hawaiian Kingdom, leaving the entire historic town of Lahaina in utter devastation. The fire burned over 2,000 acres, completely destroying homes, businesses, churches, schools, and cultural sites.  The town served as a major whaling port and fishing town in the 1800s due to its location on whale migration routes. Lahaina is also known for the first high school and the first printing press in Hawai'i, as well as the introduction of the written form of the Hawaiian language dating back to the early 1800s.

6.     In 1962, Lahaina was designated a historical landmark.  Davianna Pomaika'i McGregor, a founding member of the ethnic studies program at the University of Hawai'i, Manoa, and a historian of Hawaii and the Pacific, said Lahaina served as a "very active political, economic and intellectual heart" during the 19th century.  Several historic structures and landmarks were damaged or destroyed in the fire including the oldest house in Maui known as the Baldwin Home, built in 1834.  Kings and queens were buried at Waiola Church, the first Christian church on Maui, which was also lost in the fire. The Old Lahaina Courthouse operated in 1860 as a customs house

for trade and whaling ships.  More recently, it housed the Lahaina Heritage Museum and its physical collection of artifacts from Lahaina's history, ranging from the ancient Hawaiian period to the town's whaling era.  It, too, sustained significant damage in the fire.  As the periodical "The Guardian" called it, Lahaina is a "site of incalculable Native Hawaiian importance."[1]

7.      In modern times, to say Lahaina is a tourist destination is an understatement. Known for its incredible beaches, world-class snorkeling, and boating offerings, the impact to tourism will be felt for years.  In its nearshore waters, the environmental impact to the reefs, surrounding waters and wildlife in many instances will be permanent or take decades to recover.

8.      The devastating Lahaina Fire also claimed the lives of many people.  As of the filing of this Complaint, the death toll reached 115 and is sadly expected to rise.  Other victims suffered severe burns, smoke inhalation, and other serious injuries.  The Lahaina fire marks the most destructive and deadliest human-made disaster in Hawai'i history.

 

9.      Even though the National Weather Service ("NWS") issued a High Wind Watch and Red Flag Warning and cautioned both MECO and HECO that the damaging winds could

---

[1] https://www.theguardian.com/us-news/2023/aug/15/maui-wildfires-lahaina-hawaii-rebuild

knock down power lines and that any fires that developed would likely spread quickly, Defendants inexcusably kept their power lines energized during the forecasted high-fire danger conditions.

10.     Defendants' inactions caused loss of life, severe injuries, complete destruction of homes and businesses, displacement of thousands of people, and damage to many of Hawaiʻi's historic and cultural sites.

11.     Plaintiff is among those damaged by the fire as a result of Defendants' failure to shut off their powerlines during the dangerous and forecasted fire conditions.









12.     Preliminary numbers from the Pacific Disaster Center and the Federal Emergency Management Agency ("FEMA"), estimate that the cost to rebuild and restore the damage from the Lahaina Fire, alone, is upwards of $5 billion.[2]

---

[2] https://www.theguardian.com/us-news/2023/aug/15/maui-wildfires-lahaina-hawaii-rebuild

13.     Had Defendants heeded the NWS warnings and de-energized their powerlines during the predicted high-wind gusts, this destruction could have been avoided.

## JURISDICTION AND VENUE

14.     Venue is proper because all of the events, acts, and omissions complained of occurred in Hawai'i, within the jurisdiction of this Court.

15.     The amount in controversy meets or exceeds the jurisdictional minimum of this Court.

## THE PARTIES

A.     PLAINTIFF

16.     Plaintiff MAUI COUNTY is a political subdivision duly organized and existing by virtue of laws of the State of Hawai'i.   MAUI COUNTY suffered and/or continues to suffer property losses and other damages as a result of the Maui Fires including, but not limited to: loss of natural resources, open space, and environmental assets; emergency response and fire suppression costs; loss of tax revenues, including but not limited to property, sales, and transient occupancy taxes; losses from impacts to business-like activities; debris removal costs; staff time and labor costs; damage to infrastructure, including but not limited to roads, sidewalks, water, stormwater, sewer systems, culverts, and other public-entity owned infrastructure; damages related to soil erosion and loss of soil stability and productivity; loss of trees; damages related to water contamination including water quality preservation and correction expenses; loss of water storage; loss of aesthetic value; and, other significant damages and losses unique to public entities.

17.     Plaintiff MAUI COUNTY seeks just compensation and damages as more particularly described below.

9

**B.      DEFENDANTS**

18.      Plaintiff is informed and believes that Defendant MECO is a public utility company headquartered in Maui, Hawaiʻi that owns, controls, operates, and/or manages one or more energy plant and equipment that is directly or indirectly for public use for the production, conveyance, transmission, delivery, or furnishing of light and power in the State of Hawaiʻi pursuant to chapter 269 of the Hawaii Revised Statutes (HRS).  Its principal place of business is in Maui County at 210 Kamehameha Avenue, Kahului, HI 96732.

19.      Plaintiff is informed and believes that Defendant HECO is doing business in the State of Hawaiʻi, in the County of Maui.  Plaintiff is informed and believes Defendant HECO is the Principal Subsidiary of Defendant HEI.  Defendant HECO is a public utility company headquartered in Honolulu, Hawaii that owns, controls, operates, and/or manages one or more energy plant and equipment that is directly or indirectly for public use for the production, conveyance, transmission, delivery, or furnishing of light and power in the State of Hawaiʻi pursuant to HRS chapter 269. Defendant HECO is the parent company of Defendants MECO and HELCO.  It does regular, sustained business throughout Hawaiʻi, including in Maui County. Its principal place of business is in Honolulu at 820 Ward Avenue, Honolulu, HI 96814.

20.      Plaintiff is informed and believes that Defendant HELCO is a subsidiary of Defendant HECO.  Defendant HELCO is a public utility company headquartered in Honolulu, Hawaiʻi that owns, controls, operates, and/or manages one or more energy plant and equipment that is directly or indirectly for public use for the production, conveyance, transmission, delivery, or furnishing of light and power in the State of Hawaiʻi pursuant to HRS chapter 269. It does regular, sustained business throughout Hawaiʻi, including in Maui County. Its principal place of business is in 54 Halekauila St., Hilo, HI, 96720.

21.     Plaintiff is informed and believes that Defendant HEI is the parent company of HECO, MECO, and HELCO, doing business in the State of Hawai'i, including the County of Maui.  Plaintiff is informed and believes that HEI is a publicly traded, investor-owned utility company that owns, controls, operates, and/or manages one or more energy plant and equipment that is directly or indirectly for public use for the production, conveyance, transmission, delivery, or furnishing of light and power in the State of Hawai'i pursuant to, respectively, HRS chapter 269.  HEI is in the business of providing electricity to the residents of Maui County, including but not limited to those residing in the communities of Lahaina and Kula, through a network of electrical transmission and distribution lines.  It is the largest supplier of electricity in the State of Hawai'i.  It does regular, sustained business throughout Hawai'i, including in Maui County.  Its principal place of business is in Honolulu at 1001 Bishop Street, Suite 2900, Honolulu, HI 96813.

22.     HEI, through HECO and its subsidiaries, serve about 95% of the population in the State of Hawai'i with public utility services and services relating to the generation of energy, transmission of electricity, generation of electricity, and distribution of energy. Collectively, these Defendants own about 3,000 miles of electrical transmission and distribution lines in the State of Hawai'i. More than 40% of these lines are underground. Further, Defendant HECO is the sole owner of 50,000 utility poles.

23.     "Defendants" refers collectively to Hawaiian Electric Industries, Inc., Hawaiian Electric Company, Inc, Hawai'i Electric Light Company, Inc., and Maui Electric Company, Limited.  Defendants supply electricity in the State of Hawai'i.  They own, design, construct, operate, maintain, and repair powerlines and other equipment to transmit electricity to residents, businesses, schools, and industries in the State of Hawai'i, including in and around the ignition points for the Maui Fires.

24.     Plaintiff alleges on information and belief that HEI, HECO, MECO, and HELCO are jointly and severally liable for each other's negligence, conduct and wrongdoing as alleged herein, in that:

a.     HEI is the sole holder of HECO common stock;

b.     HECO, MECO, and HELCO operate as a single business enterprise operating out of the same building located at 1099 Alakea Street, Suite 2200, Honolulu, Hawaii 96813 for the purpose of effectuating and carrying out HEI's business and operations and/or for the benefit of HEI;

c.     Defendants do not operate as completely separate entities, but rather, integrate their resources to achieve a common business purpose;

d.     HECO, MECO, and HELCO are organized and controlled, and their decisions, affairs, and business so conducted as to make them a mere instrumentality, agents, conduits, or adjuncts of HEI;

e.     HECO, MECO, and HELCO's income contribution results from function integration, centralization of management and economies of scale with HEI;

f.     Defendants' officers and management are intertwined and do not act completely independent of one another;

g.     Defendants' officers and managers act in the interest of HEI as a single enterprise;

h.     HEI has control and authority to choose and appoint HECO, MECO, and HELCO board members and well as to officers and managers;

i.     Defendants do not compete with one another but have been structured and organized and integrated as a single enterprise where various components operate in concert with one another;

12

j.    HEI maintains unified administrative control over HECO, MECO, and HELCO;

k.    Defendants share the same insurance carriers and provide uniform or similar employee benefit plans;

l.    Defendants have unified personnel policies and practices; and

m.    HEI's written guidelines, policies, and procedures control HECO, MECO, and HELO, and their employees, policies and practices.

25.    Plaintiff has reviewed public and other available records in order to ascertain the true names and capacities of all defendants in this action. The true names and capacities of all responsible parties are unknown to Plaintiff. Plaintiff is unable to ascertain the identity of the defendants in this action designated as DOES 1 through 50, inclusive.

26.    The DOES 1 through 50 Defendants are sued herein under fictitious names for the reason that their true names and capacities are unknown to Plaintiff, except that they may be connected in some manner with the named Defendants, such as being partners, principals, agents, employees, employers, servants, representatives, joint venturers, associates, or independent contractors of Defendants and/or were in some manner presently unknown to Plaintiff, engaged in activities such as designing, manufacturing, selling, distributing, installing, and/or providing materials and/or services to Defendants. The DOES 1 through 50 Defendants' true names, identities, capacities, activities, and/or responsibilities are presently unknown to Plaintiff or his attorneys. Plaintiff prays for leave to amend this complaint to show the true names and capacities of DOES Defendants when they are ascertained.

## **GENERAL ALLEGATIONS**

### **General Known Fire Risk to Maui**

27.     The great threat of hurricanes and their attendant high wind gusts regularly loom over the State of Hawai'i. A number of hurricanes endanger the state each year. Climate change makes hurricanes more powerful and ferocious, greatly increasing the peril for Hawai'i, state-wide.

28.     Since 2000, more than 20 hurricanes or their remnants have impacted or nearly impacted Hawai'i, 13 of which have occurred since 2010.  More recently, dozens of hurricanes or tropical storms made landfall or passed within miles of Hawai'i's shores.

29.     Nearly a decade ago, the Hawai'i Wildfire Management Organization ("HWMO") issued its 2014 Wildfire Mitigation Plan that warned Lahaina that it was among Maui's most fire-prone areas. This was based on factors such as its proximity to grasslands, steep terrain, and frequent high winds. The HWMO outlined a plan for working with utilities to help reduce the risk of fires.[3]

30.     In 2020, researchers from the University of Hawaii and the East-West Center attributed fires in Maui and Oahu to winds from Hurricane Lane.[4]

31.     In this 2020 report, titled "Fire and Rain: The Legacy of Hurricane Lane in Hawai'i," published in the American Meteorological Society's Journal, found that neither thunderstorms nor lightning started the fire. The Honolulu Fire Department attributed the Oahu fire to powerlines arcing in Hurricane Lane's powerful, high wind gusts. The fires in Maui

---

[3] Dan Frosch & Jim Carlton, *Hawaii Officials Were Warned Years Ago that Maui's Lahaina Faced High Wildfire Risk*, WALL STREET JOURNAL, (Aug. 11. 2023)
[4] Id.

"required significant suppression resources," which included more than 70 county firefighters and additional support from other state airport firefighting crews.

32.    The 2020 Maui County Hazard Mitigation Plan Update depicts Lahaina and all Lahaina buildings as occupying a "High" Wildfire Risk Area (see below).





Figure 256. Buildings in Wildfire Risk Areas in Southern West Maui Community Planning Area.

33.     The 2020 Maui County Hazard Mitigation Plan Update also warned that western portion of Maui has a "Highly Likely (greater than 90% annual chance)" probability of experiencing wildfires (see below).

Fire data indicated 80 wildfires directly impacted Maui County between 1999 and 2019. This results in approximately four fires every year occurring within the county overall. However, not all of Maui County's community planning areas have the same likelihood of experiencing wildfires. The table below shows the annual probability for the wildfire hazard for each community planning area.

*Table 68. Wildfire Probabilities for Maui County Community Planning Areas.*

| Community Planning Area | Landslide Probability |
| --- | --- |
| Hāna | Likely (10% to 90% annual chance) |
| Kīhei-Mākena | Likely (10% to 90% annual chance) |
| Lāna'i | Possible (1% to 10% annual chance) |
| Makawao-Pukalani-Kula | Likely (10% to 90% annual chance) |
| Moloka'i | Likely (10% to 90% annual chance) |
| Pā'ia-Ha'ikū | Likely (10% to 90% annual chance) |
| Wailuku-Kahului | Likely (10% to 90% annual chance) |
| West Maui | Highly Likely (greater than 90% annual chance) |

34.     Consistent with Hawai'i authorities and agencies, FEMA's April 2023 Wind Retrofit Guide for Residential Buildings in Hurricane-Prone Regions designates the entire state of Hawai'i as a hurricane-prone region at risk of high-wind hazards.

35.     Defendants had specific knowledge of the high wildfire risk on Maui. Hawaiian Electric Industries ("HEI"), the parent company of MECO and HECO, submitted a 2022 request for funding from the Public Utilities Commission to offset the $189.7 million that HEI would need to spend in order to bolster its power grid state-wide, which included wildfire-prevention measures.[5]

36.     Jennifer Potter, a member of the Hawaii Public Utilities Commission who lived in Lahaina, confirmed that Defendants knew about the high wildfire risk to Maui. She noted, "There

---

[5] Id.

was absolutely knowledge within the state and within the electric industry that fire was a huge, huge concern on the island of Maui, and even more so than any of the other islands."[6]

37.     As a matter of fact, Defendants indicated in their funding request that "[t]he risk of a utility system causing a wildfire ignition is significant" and that Defendants sought funding, in part, to guard against their facilities being "the origin or a contributing source of ignition for a wildfire."[7]

38.     Prior to August 8, 2023, Defendants had a duty to properly maintain and repair the electric transmission lines, and other equipment including utility poles associated with their transmission of electricity, and to keep vegetation properly trimmed and maintained so as to prevent contact with overhead power lines and other electric equipment.  In the construction, repair, maintenance, inspection, and operation of such equipment, utility poles, and power lines, the Defendants, and each of them, had an obligation to comply with statutes, regulations, and standards, specifically including, but not limited to HRS 269-6, HRS 269-27.6, Chapter 6-73, Hawaii Administrative Rules, "Installation, Operation, and Maintenance of Overhead and Underground Electrical Supply and Communication Lines" (adopted 2007), Hawaii State Public Utilities Commission, General Order No. 6 and 7, National Electrical Code, NFPA No. 70 (2008), National Electrical Safety Code, American Standard Code for Electricity Meters, ASA C-12, American Standard Requirements, Terminology and Test Code for Instrument Transformers, ASA C57.13.  In addition, the Defendants, and each of them, were specifically aware that such standards and regulations were minimum standards and that Defendants, and each of them, had a

---

[6] Id.

[7] Brianna Sacks, Hawaii utility faces scrutiny for not cutting power to reduce fire risks, THE WASHINGTON POST, (Aug. 12, 2023), https://www.washingtonpost.com/climate-environment/2023/08/12/maui-fire-electric-utility/?utm_campaign=wp_post_most&utm_medium=email&utm_source=newsletter&wpisrc=nl_most.

duty to make their lines safer under all the exigencies created by the surrounding circumstances and conditions, including, installing or relocating overhead power lines underground, ensuring utility poles could withstand high wind speeds without breaking, deenergizing powerlines during dangerous conditions, ensuring the public received timely warning of wildfires through its adopted policies and procedures, and those failures to do so constituted negligence and would expose members of the general public to a serious risk of injury or death.

39.     It is uncontested that overhead power lines are more vulnerable to adverse weather conditions and objects contacting lines and require more frequent repair.  At all times relevant, Defendants knew that dangerous weather conditions were imminent and that the likelihood of overhead transmission lines contacting surrounding vegetation was great.  Despite this knowledge, Defendants failed to timely deenergize their electrical lines.  These and other failures identified herein caused and/or contributed to the ignition and spread of the Maui Fires and the failure to warn the public of same.

40.     Moreover, utility poles made of wood in Maui County are far more prone to suffer from advanced wood decay, which significantly reduces the utility poles stability and strength. Upon information and belief, at all times leading up to the Maui Fires, many of the Defendants' utility poles in Maui County were severely deteriorated and damaged by advanced wood decay. Upon information and belief, advanced wood decay caused and/or contributed to the failure of the utility poles and the failure to warn the public of same.  Defendants knew or should have known that the above ground transmission lines in Maui County posed a significant fire hazard.

### Specific Warnings Preceding the Maui Fires

41.     On Friday, August 4, 2023, the NWS in Honolulu posted on X (formerly known as Twitter), that Hawai'i could experience "indirect impacts" from Hurricane Dora from Monday,

August 7, 2023 through Wednesday, August, 9, 2023, including "strong and gusty trade winds" and "dry weather and high-fire danger."

    42.    On Sunday, August 6, 2023, the NWS issued a fire weather watch and posted a warning on X indicating the following: "Strongest winds in yellow and orange on map result from significant pressure differences between high and low pressures. Combined with dry conditions, these winds pose a serious fire and damaging wind threat. Stay alert!" Also, the NWS posted an update on Hurricane Dora on X, which included the following warning: "While Hurricane Dora passes well south with no direct impacts here, the strong pressure gradient between it and the high pressure to the north creates a threat of damaging winds and fire weather (due to ongoing dry conditions) from early Monday to Wednesday."





43.     On Monday, August 7, 2023, the NWS issued an updated warning for the Hawaiian Islands, as reported in *The Maui News*. This warning contained both a High Wind Watch and a Fire Warning for the leeward sides of the state, which included Lahaina. The warning cautioned that damaging and powerful winds could knock down power lines and that any fires that could develop would likely spread rapidly.[8]

44.     On Tuesday, August 8, 2023, the NWS issued both a High Wind Warning and Red Flag Warning for portions of the Hawaiian Islands, including West Maui. More specifically, the NWS warned the following: "High Wind: 30-45 miles per hour winds, gust up to 60 miles per

---

[8] *National Weather Service issues high wind watch, fire warning in effect through late Tuesday*, MAUI NEWS, (Aug. 7, 2023), https://www.mauinews.com/news/local-news/2023/08/national-weather-service-issues-high-wind-watch-fire-warning-in-effect-through-late-tuesday/.

hour. . . . Red Flag: High fire danger with rapid spread. NO outdoor burning. Stay safe and cautious!"



45.     According to the NWS, a Red Flag Warning "means that critical fire weather conditions are either occurring now or will shortly. A combination of strong winds, low relative humidity, and warm temperatures can contribute to extreme fire behavior."

46.     Despite Defendants' knowledge about these Red Flag and other warnings, Defendants left their powerlines energized. These powerlines foreseeably ignited the fast-moving, deadly, and destructive Lahaina Fire, which completely destroyed residences, businesses, churches, schools, and historic cultural sites.

47.     Defendants knew that the high winds the NWS predicted would topple power poles, knock down power lines, and ignite vegetation. Defendants also knew that if their overhead electrical equipment ignited a fire, it would spread at a critically rapid rate.

48.     Defendants also knew that their overhead electrical infrastructure did not use available technologies to mitigate fire risk, including non-expulsion fuses, covered conductors, underground power lines, composite power poles, and fiberglass and other non-wood materials.

49.     On August 8, 2023, at approximately 6:37 a.m., an individual reported a brush fire near Lahainaluna Road. Authorities ordered immediate evacuations minutes later at 6:40 a.m., in the areas surrounding the Lahaina Intermediate School and completely closed Lahainaluna Road between Kelawea Street and Kuialua Street.[9]

50.     Firefighters responded to and fought the fire near Lahainaluna Road in high wind conditions throughout the day. Around 3 p.m. or 3:30 p.m., fire crossed the Lahaina Bypass.

51.     At around 4:45 p.m. on August 8, 2023, Maui Now reported that "[a]n apparent flareup of the Lahaina Fire forced closure of the Lahaina Bypass around 3:30 p.m. Evacuations are occurring in the vicinities of Lahainaluna Road, Hale Mahaolu, and Lahaina Bypass. . . Multiple roads including Honoapiʻilani highway from Hokiokio Place to Lahaina Bypass, are closed due to downed power lines."[10]

52.     The Lahaina Fire caused the destruction of the town of Lahaina, killing at least 115 people and destroyed thousands of residences and businesses.

53.     The below Google Earth map image depicts the location where the Lahaina Fire reportedly first ignited. One of Defendants' power substations is located near where both the initial

---

[9] *Fire crews battling brush fire in Lahaina; residents in area evacuated,* MAUI NOW, (Aug 8, 2023), https://mauinow.com/2023/08/08/haleakala-highway-closure-due-to-brush-fire-evacuation-of-kula-200-off-auli%CA%BBi-dr/.

[10] *Evacuation orders for part of Lahaina due to apparent flareup of West Maui fire,* MAUI NOW, (Aug. 8, 2023), https://mauinow.com/2023/08/08/haleakala-highway-closure-due-to-brush-fire-evacuation-of-kula-200-off-auli%CA%BBi-dr/.

three-acre fire started and where authorities reported a downed power line early in the morning on August 8, 2023.



54.     Defendants owed a duty to design, construct, inspect, repair, and maintain their power poles, power lines, transformers, reclosers, insulators, and/or other electrical equipment adequately. Defendants also owed a duty to maintain, operate, and manage their power lines, overhead electrical infrastructure, and equipment to properly ensure that they would not cause a fire. These duties included de-energizing their power lines during Red Flag Warnings to prevent fires and conducting adequate vegetation management practices, such as clearing vegetation, trees, and tree limbs that could come in contact with their power lines and electrical equipment. Additionally, Defendants knew that their electrical infrastructure was inadequate, aging, and/or vulnerable to foreseeable and known weather conditions. Ultimately, Defendants failed to fulfill each of these duties.

55.     As electric utilities, Defendants were engaged in dangerous activity, and accordingly, owed a heightened duty of care to the public to avoid foreseeable risks attendant to this activity, including the risk of fire. This heightened duty of care included exercising a very high degree of care and prudence, such as ensuring the safe transmission of electricity over their

infrastructure during high-wind gust events and monitoring weather conditions that would affect their electrical infrastructure (i.e., forecasted high-wind gusts and Red Flag Warnings). Defendants also owed the public the duty to mitigate damage to their electrical infrastructure from high winds, specifically, to prevent a wildfire. Defendants further owed a duty to design and construct their power poles and power lines to perform safely and not fail during foreseeable wind events that would endanger Plaintiff's life and property.

56.     Defendants failed to take these steps, and on August 8, 2023, *Hawaii News Now* reported that "[m]ore than 30 downed power poles" were "reported on Maui."[11]

57.     *Maui Now* reported that Defendants were working to restore power to over 12,000 customers and reminded readers that they should assume a downed power line "is energized and dangerous." The same article included depictions of downed, leaning, and/or damaged power poles, many touching vegetation below them.[12]

---

[11] Kiana Kalahele, *More than 30 downed power poles reported on Maui; thousands without power*, HAWAII NEWS NOW, (Aug. 8, 2023), https://www.hawaiinewsnow.com/2023/08/08/strong-winds-knock-out-power-thousands- statewide/.

[12] *High winds result in power outages to thousands in West Maui, Olinda Piʻiholo*, MAUI NOW, (Aug. 8, 2023), https://mauinow.com/2023/08/08/high-winds-result-in-power-outages-in-west- maui-olinda-pi%CA%BBiholo-and-moloka%CA%BBi/.







58.     The practice of deenergizing power lines during fire weather conditions is common

in the Western United States. California utilities, such as Southern California Edison Company,

Pacific Gas & Electric, and San Diego Gas & Electric, have all implemented Public Safety Power

Shutoffs ("PSPS") during Red Flag and High Wind events. These utilities have implemented PSPS for years to prevent wildfires.

59.     In 2019, Defendants issued a Press Release, attached as Exhibit A ("2019 Press Release"). In this Press Release, Defendants expressed their commitment to conduct drone surveys across their five-island territory to identify areas vulnerable to wildfires and to determine the best course of action to protect the public and electrical infrastructure. In addition, the 2019 Press Release stated that the drone inspections formed part of Defendants' "proactive assessment and management of vegetation near their electrical infrastructure, especially in drought-prone or dry brush areas." The 2019 Press Release also indicated that HEI, MECO, and HECO evaluated and studied the Wildfire Mitigation Plan that the major California utilities had filed with the California Public Utilities Commission. These Wildfire Mitigation Plans included a PSPS program for shutting off the power to their power lines during High Wind and Red Flag conditions to prevent wildfires.

60.     Defendants never created a PSPS plan. In fact, according to *The Washington Post*, Defendants were "aware that a power shut-off was an effective strategy, documents show, but had not adopted it as part of its fire mitigation plans, according to [HEI] and two former power and energy officials." Defendants knew shutting off power is "a successful way to prevent wildfires when additional robust techniques are not in place."[13]

---

[13] Sacks, *supra*, https://www.washingtonpost.com/climate-environment/2023/08/12/maui-fire-electric-utility/?utm_campaign=wp_post_most&utm_medium=email&utm_source=newsletter&wpisrc=nl_most.

61.     Jennifer Potter also described Defendants as "not as proactive as they should have been" and further criticized them for not taking meaningful steps to address their "inadequacies in terms of wildfire."[14]

62.     According to *The Washington Post*, "Hawaii is powered by a grid that uses old wooden poles that are largely uninsulated and strung with lush vegetation over miles of rugged terrain, according to utility specialists," and "residents and energy experts said they have long called for the utility to harden its grid, and despite the cost, to put more of it underground."[15]

63.     Michael Wara, a wildfire expert who directs the Climate and Energy Policy Program at Stanford University, said that the pattern of the Lahaina Fire "suggests that a spate of small ignitions combine to form a bigger blaze" and "the only real source of that is power lines."[16]

64.     The severe and catastrophic losses suffered as a result of the Lahaina Fire could have easily been prevented had Defendants implemented a PSPS plan prior to the fire igniting. Defendants could have also taken other reasonable steps to prevent their electrical equipment from igniting the fire.

65.     The Mayor of Maui noted that the downed power poles added to the chaos surrounding the Lahaina Fire, as downed power poles with live wires still attached cut off two important roads, leaving only the narrowest highway.[17]

---

[14] Id.

[15] Id.

[16] Id.

[17] Ty O'Neil, Claire Rush, Jennifer Sinco Kelleher & Rebecca Boone, Maui residents had little warning before flames overtook town; at least 55 people died, abc7: EYEWITNESS NEWS, (Aug. 11, 2023), https://abc7.com/hawaii-wildfire-wildfires-strong-winds-maui/13632163/; Brianna Sacks, Hawaii utility faces scrutiny for not cutting power to reduce fire risks, THE WASHINGTON POST, (Aug. 12, 2023), https://www.washingtonpost.com/climate-environment/2023/08/12/maui-fire-electric-utility/?utm_campaign=wp_post_most&utm_medium=email&utm_source=newsletter&wpisrc=nl_most.

27

## THE UPCOUNTRY FIRES – OLINDA AND KULA FIRES

66.    At approximately 10:47 pm on August 7, 2023, security camera footage at the Maui Bird Conservation Center recorded a bright flash in the woods.[18]

67.    At the moment of the flash, 10 sensors in Makawao, a town in close proximity to Kula recorded a significant fault in Defendants' grid, according to data from Whisker Labs, a company who uses an advanced sensor network to monitor power grids across the United States.[19]

68.    A fault typically occurs when a power line comes in contact with something – often another power line, vegetation, or after being knocked down and falling to the ground.

69.    Plaintiff is informed and believes this is the first time during the complex of Maui fires that an electrical arc has been caught on video and linked with contemporaneous data that confirms Defendants' power grid experienced a fault at the same time.

70.    Shortly before midnight, there were reports of a brush fire near Olinda Road near Kula that was rapidly spreading across pastures, thick trees, and brush. Unfortunately, the Olinda Fire burned through more than 1,000 acres in the community of Kula and completely destroyed multiple structures.  This fire is now commonly referred to as the "Olinda Fire."

71.    At approximately 11:30 a.m. at the intersection of Haleakala Hwy. and Kualono Place, a large crash was heard by several people in the area.  Bystanders observed several trees that had fallen across Haleakala Hwy and knocked down power lines.

72.    At about the same time, fire was observed around the base of a power pole on Kualono Place.  The fire grew quickly with the strong winds, and began to spread northwest

---

[18] https://www.washingtonpost.com/climate-environment/2023/08/15/maui-fires-power-line-cause/#

[19] https://www.washingtonpost.com/climate-environment/2023/08/15/maui-fires-power-line-cause/

towards the gulch and Haleakala Hwy and into surrounding homes and structures.  This fire is now commonly referred to as the "Kula Fire."

73.     Defendants are, and were, aware of the danger from fires in Maui County during the summer months when environmental conditions are favorable for extensive conflagration and high temperatures, absence of moisture, and the prevalence of wind, which renders the extinguishment of a burning fire difficult.

74.     Utility poles, wires and other equipment carrying electricity are dangerous instrumentalities and a hazardous and dangerous activity requiring the exercise of increased care commensurate with and proportionate to that increased danger so as to make the transport of electricity through wires safe under all circumstances and exigencies offered by the surrounding environment, including the risk of fire.

75.     Defendants failed in their duty to exercise care commensurate with and proportionate to the combined danger of an area susceptible to wildfire and dangerous activity of wires carrying electricity, thereby being a substantial factor in the cause of the fires, as more fully set forth below.

76.     The conditions and circumstances existing at the time of the ignition in known fire origin areas, including the extended drought, high winds, high temperatures, low humidity, and tinder-like dryness of vegetation, were reasonably foreseeable, if not expect, by a reasonable and prudent person and were reasonably foreseeable by and to be expect by, Defendants, especially with their special knowledge and expertise.

77.     Further, Defendants designed their powerlines to transport electricity to its substations and from the substations to the public directly into their homes. The powerlines' circuitry and conductors were electrically a single and unified circuit that transmitted electricity.

78.     Defendants designed, constructed, used, and maintained their utility infrastructure's system protection devices (which are used to respond to an overcurrent event) in a manner that would keep their powerlines energized for too long after a transmission line failure, allowing a fire to ignite. Defendants could have designed the system protection devices to shut off faster but failed to do so because tripping the circuit costs time and money. Defendants' decision was a cost-saving one that allowed older, slower equipment to remain in place.

79.     Defendants designed their powerlines to be uninsulated, bare, and/or uncovered conduit carrying high voltage electricity that posed an increased risk of igniting should they come into contact with vegetation or other electrical equipment. Defendants could have designed their powerlines to be insulated and covered, and therefore less likely to ignite vegetation, but failed to do so.

80.     Defendants constructed their powerlines such that they traveled above ground using wooden poles, more likely than not suffering from advanced wood decay, and left dry, overgrown vegetation below them. Defendants could have constructed their powerlines to travel underground, a request residents and energy experts have made many times, but Defendants ignored. Defendants also could have removed nearby vegetation entirely but failed to do so.

81.     Defendants designed and constructed their powerlines so that they would reenergize to soon after being deenergized. Defendants could have designed and constructed their power lines with reclosers that operated more safely but failed to do so.

82.     Defendants had a responsibility to maintain and continuously upkeep their utility infrastructure, including their powerlines, and to implement vegetation management programs and protocols to ensure the safe delivery of electricity to the public. They failed to do so and allowed their infrastructure to age and deteriorate.

83.     Defendants knew that deenergizing powerlines is an effective way to prevent wildfires during periods of elevated fire danger, including during high wind events. Electric utilities have long used intentional temporary outages to prevent fires. In California, Oregon, Nevada and other states, downed power lines, sparks from transmission hubs, and other electrical-grid failures have started or spread some of the deadliest and most destructive blazes in U.S. history. That has prompted these states proactively to shut down power to communities when red-flag conditions arise. Defendants recognized that a power shut-off plan could be effective, especially after it reviewed what happened with California's 2018 Camp Fire, which killed 85 people. Last year, Defendants pointed to California's Public Power Shutoff Plan as a successful way to prevent wildfires when additional robust techniques are not yet in place.

84.     Yet, when fire potential in and near Maui County was well above normal levels on August 6, and August 7, 2023, due in part to extreme drought conditions, dry brush, and high winds caused by Hurricane Dora passing on the South, Defendants kept their power lines active.

85.     As a result of Defendants' actions and inactions, Defendants have caused Plaintiff MAUI COUNTY to suffer injuries and damages including, but not limited to, the following: loss of natural resources, open space, and public lands; loss of public parks; property damages including real and personal property; staff labor costs, including overtime labor costs; fire suppression costs including, materials, and other fire suppression damages; emergency response and rescue costs; evacuation expenses; loss of tax revenue including property, sales, and transient occupancy taxes; losses from impacts on business-like activities; costs associated with response and recovery including debris removal, and other costs; damage to infrastructure including but not limited to roads, sidewalks, water, stormwater and sewer systems, and underground infrastructure, and other public entity-owned infrastructure; damages based on soil erosion and loss of soil

stability and productivity; damages related to water contamination including water quality preservation and correction expenses; loss of water storage and increased sedimentation; loss of aesthetic value; and other significant damages and losses directly related to and caused by the Maui Fires.

86.     A further enumerated list of impacts to MAUI COUNTY includes, but is not limited to, the following:

a.     Fire suppression costs;

b.     Administration, funding, and operation of emergency operations centers;

c.     Administration, funding, and operation of evacuation centers and shelters;

d.     Securing and managing burn areas, including safe re-entry for the public;

e.     Staff overtime, labor costs, personnel, and other materials;

f.     Additional law enforcement costs;

g.     Lost work and productivity due to public entity employees unable to return to work;

h.     Loss of natural resources, open space, wildlife, and public lands;

i.     Loss of parks, including damage to real property and to recreational opportunities and programs, and the revenue generated therefrom;

j.     Destruction or damage to public infrastructure, including but not limited to roads, sidewalks, water storage facilities, water distribution systems, sewer collection systems, stormwater systems, fire stations, and other infrastructure;

k.     Damage or harm to facility and infrastructure lifespan, including water treatment facilities and landfills;

l.     Costs of debris removal and related administrative obligations;

m.      Costs of facilitating/administering community rebuilding efforts, staffing and administration of permitting centers;

n.      Costs of administering community outreach efforts, including towards revisions to new ordinances, guidelines, and rules, and housing assistance programs and policies;

o.      Costs of watershed, waterway, and water body management and protection;

p.      Damages related to soil erosion and mitigation, loss of soil stability and productivity, including management of risk of debris flow and landslides;

q.      Damages related to water contamination, including water quality preservation and correction expenses, including but not limited to repair and/or replacement of water treatment facilities or systems;

r.      Loss of tax revenues such as property, sales, business, and transient occupancy taxes;

s.      Loss of business like or proprietary revenues, such as airport use, facility rentals, educational and recreational programs, and others;

t.      Damages related to loss of workforce housing;

u.      Damages associated with tourism and economic development, such as overall branding and reputation;

v.      Damages resulting from short- and long-term public health impacts, including costs to provide educational, outreach, and other services; and

w.      Other impacts, injuries, and damages not yet identified, including those unique to public entities.

## COUNT I—NEGLIGENCE

### (Against MECO, HECO, HELCO, HEI, and DOES 1 through 50)

87.     Plaintiff hereby realleges and incorporates by reference each and every allegation contained above.

88.     Plaintiff brings this cause of action for negligence against all Defendants, and/or each of them.

89.     Defendants and/or each of them were under a duty to maintain the electrical systems in their possession in a reasonably safe condition.

90.     At all relevant times, Defendants and/or each of them, operated, controlled, designed, possessed, installed, constructed, inspected, maintained, and managed the electrical systems.

91.      Defendants have a non-delegable duty of vigilant oversight in the maintenance, use, operation, repair and inspection appropriate to the changing conditions and circumstances of their electrical transmission and distribution systems have special knowledge and expertise far above that of a layperson that they were required to apply to the design, engineering, construction, use, operation, inspection, repair and maintenance of electrical lines, infrastructure, equipment and vegetation in order to assure safety under all the local conditions in their service area, including but not limited to, those conditions identified herein.

92.     Defendants, and each of them, have special knowledge and expertise far above that of a layperson that they were required to apply to the design, engineering, construction, use, operation, inspection, repair and maintenance of electrical lines, infrastructure, equipment and vegetation in order to assure safety under all the local conditions in their service area, including but not limited to, those conditions identified herein.

93.     The negligence of Defendants was a substantial factor in causing Plaintiff's damages.

94.     The fire was a direct and legal result of the negligence, carelessness, and recklessness, and/or unlawfulness of Defendants and/or each of them. Defendants and/or each of them, breached their respective duties owed individually and/or collectively to Plaintiff by, including but not limited to:

    a.     Failing to design, construct, inspect, repair, and maintain their power poles, power lines, transformers, reclosers, and other electrical equipment adequately;

    b.     Failing to maintain, operate, and inspect their power lines, overhead electrical infrastructure, and equipment properly to ensure they would not ignite a fire;

    c.     Failing to de-energize their power lines during a Red Flag Warning to prevent fires;

    d.     Failing to de-energize their power lines during a High Wind Watch to prevent fires;

    e.     Failing to de-energize their power lines during high fire danger warnings;

    f.     Failing to conduct adequate vegetation management, such as clearing vegetation, trees, and tree limbs, that could come into contact with their power lines and equipment;

    g.     Failing to de-energize their power lines after Defendants had knowledge that some power lines had fallen or otherwise come into contact with vegetation, structures, and objects;

    h.     Failing to de-energize their power lines after Defendants' overhead electrical infrastructure had ignited fires;

i.  Failing to implement reasonable policies, procedures, and equipment that would avoid igniting or spreading fire;

j.  Failing to adjust their operations despite warnings about fire weather conditions that could result in downed power lines and cause rapid and dangerous fire growth and spread on and after August 8, 2023; and

k.  Failing to prevent the downing of power lines, which blocked evacuation routes during the Maui Fires.

95.    Defendants' failure to comply with their duty of care proximately caused damage to Plaintiff.

96.    As a further direct and proximate result of Defendants' negligence, Plaintiff incurred significant and actual damages, as described herein and in an amount to be proven at trial.

97.    Plaintiff suffered injuries and damages including but not limited the following: damage to and loss of natural resources, open space, parks, and public lands; property damages including  real and personal property damages, including loss of and damage to vegetation, trees, infrastructure, and structures; increased staff labor costs, including overtime labor costs to respond to and manage the Maui Fires and ensure the safety of the citizens of Maui County and other surrounding communities; fire suppression costs, including personnel, overtime labor costs, materials, and other fire suppression damages; evacuation expenses; costs associated with debris removal; damage to infrastructure, including but not limited to roads, sidewalks, water, stormwater and sewer systems, underground infrastructure and other public-entity owned infrastructure; damages based on fire-related soil erosion, loss of soil stability and productivity; damages related to water contamination including water quality preservation and correction expenses; loss of water storage; loss of aesthetic value; loss of tax revenue, including property, sales, and transient

occupancy damages; losses from impacts on business-like activities; and other significant injuries, damages and losses directly related to and caused by the Maui Fires.  Plaintiff suffered other injuries and damages not yet identified including those unique to public entities.

98.     Defendants' conduct was intentional and malicious, and in complete disregard to the rights of Plaintiff, subjecting Defendants to awards of punitive damages.

## COUNT II—GROSS NEGLIGENCE

### (Against MECO, HECO, HELCO, HEI, and DOES 1 through 50)

99.     Plaintiff hereby realleges and incorporates by reference each and every allegation contained above as though the same were set forth herein in full.

100.     Defendants knew of the extreme fire danger that the high wind gusts posed to their overhead electrical infrastructure, particularly during Red Flag conditions. These risks included the fact that winds could topple power poles and power lines, causing them to fall to the ground, ignite vegetation, and cause a wildfire that would spread quickly.

101.     Defendants' 2019 Press Release indicates their knowledge of the known risks of wildfires associated with powerful, high-wind gusts.

102.     Despite Defendants' knowledge of these extreme risks, Defendants chose not to de-energize their power lines during the High Wind Watch and Red Flag Warning conditions for Maui prior to the Maui Fires starting.

103.     Defendants chose not to de-energize their power lines even after they knew some power poles and power lines had fallen and came in contact with the vegetation or the ground.

104.     Further, Defendants failed to de-energize their power lines, even after the Maui Fires started.

105.     Defendants acted with indifference to the probable consequences of their acts and/or omissions.

106.     In the face of knowledge of the risk of high, powerful winds and wildfires generally, a High Wind Watch, a Red Flag Warning, and specific warnings that high winds could blow down power poles and that fires would spread rapidly, Defendants did nothing.

107.     Defendants' gross negligence was the direct and proximate cause of the damages and injuries that Plaintiff suffered.

108.     As a further direct and proximate result of Defendants' negligence, Plaintiff incurred significant and actual damages, as described herein and in an amount to be proven at trial.

109.     Plaintiff suffered injuries and damages including but not limited the following: damage to and loss of natural resources, open space, parks, and public lands; property damages including  real and personal property damages, including loss of and damage to vegetation, trees, infrastructure, and structures; increased staff labor costs, including overtime labor costs to respond to and manage the Maui Fires and ensure the safety of the citizens of Maui County and other surrounding communities; fire suppression costs, including personnel, overtime labor costs, materials, and other fire suppression damages; evacuation expenses; costs associated with debris removal; damage to infrastructure, including but not limited to roads, sidewalks, water, stormwater and sewer systems, underground infrastructure and other public-entity owned infrastructure; damages based on fire-related soil erosion, loss of soil stability and productivity; damages related to water contamination including water quality preservation and correction expenses; loss of water storage; loss of aesthetic value; loss of tax revenue, including property, sales, and transient occupancy damages; losses from impacts on business-like activities; and other significant injuries,

damages and losses directly related to and caused by the Maui Fires.  Plaintiff suffered other injuries and damages not yet identified including those unique to public entities.

110.    Defendants' conduct was intentional and malicious, and in complete disregard to the rights of Plaintiff, subjecting Defendants to awards of punitive damages.

## COUNT III—NUISANCE

## (Against MECO, HECO, HELCO, HEI, and DOES 1 through 50)

111.    Plaintiff hereby realleges and incorporates by reference each and every allegation contained above as though the same were set forth herein in full.

112.    Plaintiff has a possessory interest in his real property, including the right to the quiet use and enjoyment of his property.

113.    Defendants acted unreasonably, negligently, and recklessly in designing, constructing, inspecting, repairing, managing, owning, operating, and/or maintaining their power poles, power lines, transformers, reclosers, and other electrical equipment inadequately.

114.    Defendants acted unreasonably, negligently, and recklessly in maintaining, operating, and inspecting their power poles, power lines, overhead electrical infrastructure, and equipment to ensure they would not cause a fire.

115.    Defendants acted unreasonably, negligently, and recklessly in failing to de-energize their power lines during a Red Flag Warning.

116.    Defendants acted unreasonably, negligently, and recklessly in failing to de-energize their power lines during a High Wind Watch.

117.    Defendants acted unreasonably, negligently, and recklessly in failing to de-energize their power lines once they knew that wind had knocked down the power poles, putting the power lines in contact with vegetation.

118.     Defendants acted unreasonably, negligently, and recklessly in failing to de-energize their power lines immediately after the Maui Fires ignited.

119.     Defendants' unreasonable, negligent, and reckless acts resulted in an invasion of Plaintiff's private use and enjoyment of his land.

120.     The gravity of harm from Defendants' conduct outweighs any utility associated with keeping the power lines energized during a High Wind Watch, a Red Flag Warning, once Defendants' power poles failed, and once the Maui Fires started.

121.     Defendants' 2019 Press Release reflects their knowledge that high winds posed a high risk of safety to the public. In addition, Defendants reviewed and studied various Wildfire Mitigation Plans that included PSPS during the very kinds of conditions preceding and during the Maui Fires. Defendants also knew, or should have known, about the High Wind Watch and Red Flag Warning.

122.     Defendants took an unreasonable risk in failing to de-energize their power lines.

123.     Defendants' many failures resulted in serious harm to Plaintiff, depriving him of the quiet use and enjoyment of his property.

124.     As a further direct and proximate result of Defendants' conduct, Plaintiff incurred significant and actual damages, as described herein and in an amount to be proven at trial.

125.     Plaintiff suffered injuries and damages including but not limited the following: damage to and loss of natural resources, open space, parks, and public lands; property damages including  real and personal property damages, including loss of and damage to vegetation, trees, infrastructure, and structures; increased staff labor costs, including overtime labor costs to respond to and manage the Maui Fires and ensure the safety of the citizens of Maui County and other surrounding communities; fire suppression costs, including personnel, overtime labor costs,

materials, and other fire suppression damages; evacuation expenses; costs associated with debris removal; damage to infrastructure, including but not limited to roads, sidewalks, water, stormwater and sewer systems, underground infrastructure and other public-entity owned infrastructure; damages based on fire-related soil erosion, loss of soil stability and productivity; damages related to water contamination including water quality preservation and correction expenses; loss of water storage; loss of aesthetic value; loss of tax revenue, including property, sales, and transient occupancy damages; losses from impacts on business-like activities; and other significant injuries, damages and losses directly related to and caused by the Maui Fires.  Plaintiff suffered other injuries and damages not yet identified including those unique to public entities.

126.    Defendants' conduct was intentional and malicious, and in complete disregard to the rights of Plaintiff, subjecting Defendants to awards of punitive damages.

## COUNT IV—ULTRAHAZARDOUS ACTIVITY

### (Against MECO, HECO, HELCO, HEI, and DOES 1 through 50)

127.    Plaintiff hereby realleges and incorporates by reference each and every allegation contained above as though the same were set forth herein in full.

128.    Defendants conducted an abnormally dangerous activity by maintaining power in their power lines during a High Wind Watch and Red Flag Warning that specifically cautioned that high winds could topple power poles and that any fire that started would likely spread rapidly.

129.    Thus, Defendants owed a heightened duty of care to the public and Plaintiff. This heightened duty required Defendants to exercise the highest possible degree of skill, care, caution, diligence, and foresight in maintaining power in their power lines during a High Wind Watch and Red Flag Warning.

130.     Maintaining power in their power lines during a High Wind Watch and Red Flag Warning, during which the NWS warned that power poles were at risk of being blown over by strong winds and in which any fire that started would spread rapidly, is an abnormally dangerous activity, subjecting Defendants to strict liability.

131.     The risk of harm to the public and Plaintiff was high, given the high winds and drought conditions.

132.     There was a high likelihood that maintaining power to the power lines during a High Wind Watch and Red Flag Warning would result in power lines blowing over and putting live power lines in contact with vegetation.

133.     Defendants could not eliminate the risk associated with maintaining power to their power lines during a High Wind Watch or Red Flag Warning and also engage in this abnormally dangerous activity.

134.     The practice of de-energizing power lines during fire weather conditions is commonplace in the Western United States. Defendants maintained power in their overhead electrical infrastructure during a High Wind Watch and Red Flag Warning in a manner outside common usage.

135.     Maintaining power in their overhead electrical infrastructure during a High Wind Watch and Red Flag Warning was inappropriate in Maui, given the extreme drought conditions and high-fire risk weather forecast.

136.     Nothing about maintaining the power in Defendants' power lines outweighs the dangerous risk of keeping the electrical infrastructure energized, given the High Wind Watch and Red Flag Warning.

137.    As a further direct and proximate result of Defendants' conduct, Plaintiff incurred significant and actual damages, as described herein and in an amount to be proven at trial.

138.    Plaintiff suffered injuries and damages including but not limited the following: damage to and loss of natural resources, open space, parks, and public lands; property damages including  real and personal property damages, including loss of and damage to vegetation, trees, infrastructure, and structures; increased staff labor costs, including overtime labor costs to respond to and manage the Maui Fires and ensure the safety of the citizens of Maui County and other surrounding communities; fire suppression costs, including personnel, overtime labor costs, materials, and other fire suppression damages; evacuation expenses; costs associated with debris removal; damage to infrastructure, including but not limited to roads, sidewalks, water, stormwater and sewer systems, underground infrastructure and other public-entity owned infrastructure; damages based on fire-related soil erosion, loss of soil stability and productivity; damages related to water contamination including water quality preservation and correction expenses; loss of water storage; loss of aesthetic value; loss of tax revenue, including property, sales, and transient occupancy damages; losses from impacts on business-like activities; and other significant injuries, damages and losses directly related to and caused by the Maui Fires.  Plaintiff suffered other injuries and damages not yet identified including those unique to public entities.

139.    Defendants' conduct was intentional and malicious, and in complete disregard to the rights of Plaintiff, subjecting Defendants to awards of punitive damages.

## **COUNT V—INJUNCTIVE RELIEF**

### **(Against MECO, HECO, HELCO, HEI, and DOES 1 through 50)**

140.    Plaintiff hereby realleges and incorporates by reference each and every allegation contained above as though the same were set forth herein in full.

141.    Plaintiff seeks an order enjoining Defendants from leaving their power lines energized in high fire risk areas of Maui during Red Flag Warning and/or High Wind Warning conditions.

142.    Plaintiff seeks an order requiring Defendants to use tools and technologies to mitigate the risk of fire, including but not limited to, burying transmission lines, using covered conductors and non-expulsion fuses, and disabling automatic reclosers during fire weather conditions.

## COUNT VI—TRESPASS

### (Against MECO, HECO, HELCO, HEI, and DOES 1 through 50)

143.    Plaintiff hereby realleges and incorporates by reference each and every allegation contained above as though the same were set forth herein in full.

144.    At all times relevant herein, Plaintiff was the owner, tenant, and/or lawful occupier of property damaged by the fire.

145.    Defendants negligently allowed the fire to ignite and/or spread out of control, which caused significant damage to Plaintiff.

146.    Defendants caused an intrusion on Plaintiff's land that invaded Plaintiff's interest in the exclusive possession of its land. This intrusion occurred as a result of Defendants' ultrahazardous activity, and/or as a result of their negligent and/or reckless conduct.

147.    Defendants were aware that a trespass could result from their actions and inactions.

148.    Plaintiff did not grant permission to Defendants to cause the fire to enter its property.

149.    As a direct and proximate result of the trespass, Plaintiff incurred significant and actual damages, as described herein and in an amount to be proven at trial.

150.   Plaintiff suffered injuries and damages including but not limited the following: damage to and loss of natural resources, open space, parks, and public lands; property damages including  real and personal property damages, including loss of and damage to vegetation, trees, infrastructure, and structures; increased staff labor costs, including overtime labor costs to respond to and manage the Maui Fires and ensure the safety of the citizens of Maui County and other surrounding communities; fire suppression costs, including personnel, overtime labor costs, materials, and other fire suppression damages; evacuation expenses; costs associated with debris removal; damage to infrastructure, including but not limited to roads, sidewalks, water, stormwater and sewer systems, underground infrastructure and other public-entity owned infrastructure; damages based on fire-related soil erosion, loss of soil stability and productivity; damages related to water contamination including water quality preservation and correction expenses; loss of water storage; loss of aesthetic value; loss of tax revenue, including property, sales, and transient occupancy damages; losses from impacts on business-like activities; and other significant injuries, damages and losses directly related to and caused by the Maui Fires.  Plaintiff suffered other injuries and damages not yet identified including those unique to public entities.

## PRAYER FOR RELIEF

Plaintiff seeks the following damages in an amount according to proof at the time of trial:

(1)   General and/or special damages for all damage to property (real and personal);

(2)   Repair, diminution in value, and/or replacement of damaged, destroyed, and/or lost personal and/or real property;

(3)   Loss of use, benefit, goodwill, and enjoyment of Public Entity Plaintiff's real and/or personal property;

(4)     Loss of revenues (including but not limited to: tax revenues such as property, sales, business, and transient occupancy taxes); staff labor and/or wages; business-like or proprietary revenues (such as airport use, facility rentals, educational and recreational programs); loss of workforce housing; damage to name and reputation; damage to tourism and economic development; loss of earning capacity, and/or related expenses;

(5)     Lost work productivity due to public entity employees being unable to report to work and due to focus on fire recovery instead of normal business practices;

(6)     Loss of natural resources, open space, wildlife, public lands, parks and other recreational areas and revenues generated therefrom;

(7)     Destruction or damage to public infrastructure (e.g., roads, sidewalks, water, stormwater and sewer systems, water storage facilities, water distribution systems, sewer collection systems, stormwater systems, fire stations, and other infrastructure;

(8)     Harm to facility and infrastructure lifespan (e.g., water treatment facilities and landfills);

(9)     Debris removal costs;

(10)    Costs of facilitating/administering community rebuilding efforts, staffing, and administration of permitting centers;

(11)    Costs of facilitating/administering community outreach efforts, including housing assistance programs and policies;

(12)    Costs of watershed, waterway, and water body management and protection;

46

(13)    Damages related to soil erosion and mitigation, loss of soil stability and productivity, including management of debris flow and landslide risks;

(14)    Damages related to water contamination, including water quality preservation and correction expenses, including, but not limited to repair and/or replacement of water treatment facilities or systems;

(15)    Fire Suppression Costs and costs to rescue and/or emergency medical and/or rescue services;

(16)    Damages and costs for restoration and rehabilitation of land and ecological and/or environmental damages allowable under Hawaii law;

(17)    Law Enforcement costs including, but not limited to, costs to manage and secure burn areas;

(18)    Costs to run emergency operations centers and/or costs to provide evacuation centers and shelters;

(19)    An order to abate the existing and continuing nuisances caused by the Maui Fires;

(20)    Attorneys' fees, expert fees, consultant fees and litigation costs and expense, as allowed under Hawaii law and/or any other statute;

(21)    Damage for wrongful injuries to timber, trees, or underwood on its property, as allowed under Hawaii law;

(22)    For punitive and exemplary damages in an amount according to proof and any and all other statutory or legal basis that may apply;

(23)    Costs of suit;

(24)    Interest allowed by law, including prejudgment interest; and

(25)   Any and all other and further such relief as the Court shall deem proper, all

according to proof.

Dated: Wailuku, Maui, Hawaii,  August 24, 2023.

By: /s/ Victoria J. Takayesu

**DEPARTMENT OF THE CORPORATION COUNSEL**
Victoria J. Takayesu (SBN 5481)
Corporation Counsel
Thomas Kolbe (SBN 7679)
Deputy Corporation Counsel

By: /s/ L. Richard Fried Jr.

**CRONIN, FRIED, SEKIYA, KEKINA &FAIRBANKS**
L. Richard Fried Jr. (SBN 000764)
Wayne K. Kekina (SBN 000780)
Patrick F. McTernan (SBN 004269)

*Attorneys for Plaintiff*

Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
24-AUG-2023
08:56 AM
Dkt. 2 EXH

# EXHIBIT A



**Hawaiian Electric**
**Maui Electric**
**Hawai'i Electric Light**

## N E W S   R E L E A S E

**FOR IMMEDIATE RELEASE**

# Hawaiian Electric Companies to conduct drone surveys as part of overall wildfire mitigation planning
*Flights scheduled in East O'ahu, West Maui to pinpoint vulnerable areas*

**HONOLULU, Nov. 5, 2019** – The Hawaiian Electric Companies will conduct drone surveys across their five-island territory to identify areas vulnerable to wildfire and determine the best course of action to protect the public, as well as electrical infrastructure.

Drone, or unmanned aircraft system, surveys will be conducted in November and December in East O'ahu, West Maui and Ma'alaea. Future surveys are being planned for Ka'ū on Hawai'i Island.

These aerial inspections are part of the companies' proactive assessment and management of vegetation near their electrical infrastructure, especially in drought-prone or dry brush areas.

Hawaiian Electric, Maui Electric and Hawai'i Electric Light earlier this year evaluated the wildfire mitigation plans filed by the major utilities in California and studied Hawai'i fire ignition maps to determine where the greatest risks are and to provide a basis for planning.

Unlike California, many utility lines in Hawai'i run through tropical forests and areas that typically receive abundant rainfall. That makes it easier to concentrate on mapping drought-prone areas where sparks could ignite dry grass and brush beneath power lines.

Other resilience initiatives launched by the companies to prevent wildfires include:

- Installing heavier, insulated conductors on Maui and O'ahu to stop lines from slapping and sparking in areas prone to high winds. The companies are identifying more areas where it makes sense to install these conductors.
- Installing smart switches and smart fuses to minimize sparks created when lines come into contact with each other, and with vegetation.
- Applying fire retardants on poles identified in fire hazard areas. Last month, Hawaiian Electric tested several different fire retardants on wooden poles in a controlled burn to determine which products will best protect the companies' infrastructure.
- Looking into using weather sensors, cameras and thermal imagers to give more precise locations on localized wind gusts, relative humidity and temperatures.

**# # #**

FOLLOW US FOR THE LATEST:

       

# EXHIBIT A

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAI'I

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. _____ |
| | ) | 2CCV-23-0000238 |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| vs. | ) | |
| | ) | |
| MAUI ELECTRIC COMPANY, | ) | |
| LIMITED; HAWAIIAN ELECTRIC | ) | |
| COMPANY, INC.; HAWAI'I ELECTRIC | ) | |
| LIGHT COMPANY, INC.; HAWAIIAN | ) | |
| ELECTRIC INDUSTRIES, INC. and | ) | |
| DOES 1 THROUGH 50, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
24-AUG-2023
08:56 AM
Dkt. 3 DJT

## DEMAND FOR JURY TRIAL

Plaintiff COUNTY OF MAUI hereby demands a jury on all issues so triable herein.

DATED: Wailuku, Maui, Hawai'i, August 24, 2023.

By: /s/  Victoria J. Takayesu

**DEPARTMENT OF THE**
**CORPORATION COUNSEL**
Victoria J. Takayesu (SBN 5481)
Corporation Counsel
Thomas Kolbe (SBN 7679)
Deputy Corporation Counsel

By: /s/ L. Richard Fried, Jr.

**CRONIN, FRIED, SEKIYA, KEKINA**
**&FAIRBANKS**
L. Richard Fried, Jr.
Wayne K. Kekina
Patrick F. McTernan

*Attorneys for Plaintiff*

| STATE OF HAWAI'I<br>CIRCUIT COURT OF THE<br>SECOND  CIRCUIT | SUMMONS<br>TO ANSWER CIVIL COMPLAINT | |
|---|---|---|
| CASE NUMBER | PLAINTIFF'S NAME & ADDRESS, TEL. NO. | **Electronically Filed<br>SECOND CIRCUIT<br>2CCV-23-0000238<br>24-AUG-2023<br>08:56 AM<br>Dkt. 4 CMPS** |
| PLAINTIFF<br>COUNTY OF MAUI | VICTORIA J. TAKAYESU 5481<br>Corporation Counsel<br>THOMAS KOLBE 7679<br>Deputy Corporation Counsel<br>200 S. HIGH STREET, 3RD FL<br>WAILUKU, HI 96793<br>Telephone: (808) 270-7741 | |
| DEFENDANT(S)<br>MAUI ELECTRIC COMPANY,<br>LIMITED; HAWAIIAN ELECTRIC<br>COMPANY, INC.; HAWAI'I ELECTRIC<br>LIGHT COMPANY, INC.; HAWAIIAN<br>ELECTRIC INDUSTRIES, INC. and<br>DOES 1 THROUGH 50, inclusive | | |

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to filed with the court and serve upon

Victoria J. Takayesu, Corporation Counsel and Thomas Kolbe, Deputy Corporation Counsel, 200 S. High Street, Wailuku, HI 96793.

_____,

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRYOF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

DATE ISSUED  **08/24/2023**
_____

Effective Date of 28-Oct-2019
Signed by: /s/ D. Pellazar Clerk,
2nd Circuit, State of Hawai`i




If you need an accommodation for a disability when participating in a court program, service, or activity, please contact the ADA Coordinator as soon as possible to allow the court time to provide an accommodation:
Call (808) 244-2855 FAX (808) 244-2932 OR Send an e-mail to: adarequest@courts.hawaii.gov.  The court will try to provide, but cannot guarantee, your requested auxiliary aid, service or accommodation.

**Form 2-A.     CIVIL INFORMATION SHEET**

| STATE OF HAWAI'I CIRCUIT COURT OF THE SECOND _____ CIRCUIT | **CIVIL INFORMATION SHEET** | Electronically Filed SECOND CIRCUIT 2CCV-23-0000238 24-AUG-2023 08:56 AM Dkt. 5 CIS |
|---|---|---|

**I (A). PLAINTIFF(S)**

COUNTY OF MAUI

☐ Additional page(s) attached

**I (B). DEFENDANT(S)**

MAUI ELECTRIC COMPANY, LIMITED; HAWAIIAN ELECTRIC COMPANY, INC.; HAWAI'I ELECTRIC LIGHT COMPANY, INC.; HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive,

☐ Additional page(s) attached

**II.(A). PLAINTIFF'S(S') ATTORNEY (NAME/NUMBER)**

VICTORIA J. TAKAYESU (5481)

THOMAS KOLBE (7679)

☑ Additional page(s) attached

**II.(B). DEFENDANT'S (S') ATTORNEY (NAME/NUMBER)**

☐ Additional page(s) attached

**III.   NATURE OF SUIT**
- ☐ Contract
- ☐ Motor Vehicle Tort
- ☐ Assault & Battery
- ☐ Construction Defects
- ☐ Medical Malpractice
- ☐ Legal Malpractice
- ☐ Product Liability
- ☑ Other Non-Vehicle Tort
- ☐ Condemnation
- ☐ Foreclosure
- ☐ Agreement of Sale Foreclosure
- ☐ Agency Appeal
- ☐ Declaratory Judgment
- ☐ Other Civil Action
- ☐ Environmental Court
- ☐ Asbestos
- ☐ Consumer Debt Collection
- ☐ Quiet Title

**IV. ORIGIN**
- ☑ (A). Original Proceeding
- ☐ (B). Transfer from District Court CIV. NO. _____
- ☐ (C). Transfer from another Circuit CIV. NO. _____

**V. DEMAND**

Money damages and other relief

_____

**VI.  JURY DEMAND**
- ☑ YES
- ☐ NO

**VII.  CLASS ACTION**
- ☐ YES
- ☑ NO

**VIII. REQUEST TO EXEMPT FROM ARBITRATION**
- ☑ YES
- ☐ NO

**IX. RELATED CASE(S)**

JUDGE   The Honorable Jeffrey P. Crabtree

CIVIL NUMBER   1CCV-23-0001064

Raffetto v. Maui Electric Company, Limited, et al.

**DATE**   August 24, 2023

**ATTORNEY NAME/PARTY NAME**   Thomas Kolbe, Esq.

**SIGNATURE**

**RESERVED FOR COURT USE**

CIVIL NO.

In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office on OAHU-Phone No. 808-539-4400, TTY 808-539-4853, FAX, 539-4402; MAUI-Phone No. 808-244-2929, FAX 808-244-2777; HAWAII-Phone No. 808-961-7424, TTY 808-961-7422, FAX 808-961-7411; KAUAI-Phone No. 808-482-2365, TTY 808-482-2533, FAX 808-482-2509, at least ten (10) working days prior to your hearing or appointment date.

*(Rev. 08/__/21)*

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. _____ |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | **SUPPLEMENT TO CIVIL** |
| vs. | ) | **INFORMATION SHEET – LIST** |
| | ) | **OF ADDITIONAL COUNSEL** |
| MAUI ELECTRIC COMPANY, | ) | **FOR PLAINTIFF** |
| LIMITED; HAWAIIAN ELECTRIC | ) | |
| COMPANY, INC.; HAWAIʻI ELECTRIC | ) | |
| LIGHT COMPANY, INC.; HAWAIIAN | ) | |
| ELECTRIC INDUSTRIES, INC. and | ) | |
| DOES 1 THROUGH 50, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**SUPPLEMENT TO CIVIL INFORMATION SHEET –
LIST OF ADDITIONAL COUNSEL FOR PLAINTIFF**

The following additional attorneys represent Plaintiff County of Maui in this action:

| | |
|---|---|
| **CRONIN, FRIED, SEKIYA, KEKINA & FAIRBANKS** | **BARON & BUDD, P.C.** |
| | John P. Fiske (CA SBN 249256) |
| L. Richard Fried, Jr.        0764-0 | (*Pro Hac Vice Forthcoming*) |
| Wayne K. Kekina             0780-0 | Victoria Sherlin (CA SBN 312337) |
| Patrick F. McTernan        4269-0 | (*Pro Hac Vice Forthcoming*) |
| 600 Davies Pacific Center | Taylor O'Neal (CA SBN 336077) |
| 841 Bishop Street | (*Pro Hac Vice Forthcoming*) |
| Honolulu, Hawaiʻi 96813 | 11440 West Bernardo Court Suite 265, |
| Telephone: (808) 524-1433 | San Diego, CA 92127 |
| Facsimile: (808) 536-2073 | Telephone: (858) 251-7424 |
| rfried@croninfried.com | Fax: (214) 520-1181 |
| pmcternan@croninfried.com | jfiske@baronbudd.com |
| | tsherlin@baronbudd.com |
| | toneal@baronbudd.com |

**DIAB CHAMBERS LLP**
Ed Diab (CA SBN 262319)
(*Pro Hac Vice Forthcoming*)
Robert J. Chambers, II (CA SBN 244688)
(*Pro Hac Vice Forthcoming*)
10089 Willow Creek Rd., Suite 200
San Diego, CA 92131
Tel: (619) 658-7010
ed@dcfirm.com
rob@dcfirm.com

# NOTICE OF ELECTRONIC FILING

**Electronically Filed**
**SECOND CIRCUIT**
**2CCV-23-0000238**
**24-AUG-2023**
**08:56 AM**
**Dkt. 6 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI vs. MAUI ELECTRIC COMPANY, LIMITED; HAWAIIAN ELECTRIC COMPANY, INC.; HAWAI'I ELECTRIC LIGHT COMPANY, INC.; HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive |
| **Filing Date / Time:** | THURSDAY, AUGUST 24, 2023 08:56:48 AM |
| **Filing Parties:** | County of Maui |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | 1-Complaint |
| **Supporting Document(s):** | 2-Exhibit |
| | 3-Demand for Jury Trial |
| | 4-Complaint and Summons |
| | 5-Civil Information Sheet |
| **Document Name:** | 1-COMPLAINT |
| | 2-EXHIBIT A |
| | 3-DEMAND FOR JURY TRIAL |
| | 4-SUMMONS |
| | 5-CIVIL INFORMATION SHEET; SUPPLEMENT TO CIVIL INFORMATION SHEET - LIST OF ADDITIONAL COUNSEL FOR PLAINTIFF |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Patrick F. McTernan *( pmcternan@croninfried.com )*

Wayne K. Kekina *( wkekina@croninfried.com )*

L. Richard Fried *( rfried@croninfried.com )*

Thomas Walter Kolbe *( thomas.kolbe@co.maui.hi.us )*

Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*

The following parties need to be conventionally served:

HAWAIIAN ELECTRIC INDUSTRIES, INC.

HAWAII ELECTRIC LIGHT COMPANY, INC.

HAWAIIAN ELECTRIC COMPANY, INC.

MAUI ELECTRIC COMPANY, LIMITED

# NOTICE OF CORRECTION

**Electronically Filed**
**SECOND CIRCUIT**
**2CCV-23-0000238**
**24-AUG-2023**
**01:20 PM**
**Dkt. 7 NOC**

A correction has been made to the docket for Case Number 2CCV-23-0000238.  On 24-AUG-2023 docket entry 4 was updated  as a result of eFiling Correction.

|  |  |
|---|---|
| **Case ID** | 2CCV-23-0000238 |
| **Title** | COUNTY OF MAUI vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive |
| **Correction Date / Time** | THURSDAY, AUGUST 24, 2023 01:20:26 PM |
| **Case Type** | Circuit Court Civil |
| **Correction Reason** | eFiling Correction |

This notification is being electronically mailed to:

Second Circuit Court 1st Division *( courtroom1.2cc@courts.hawaii.gov )*

Patrick F. McTernan *( pmcternan@croninfried.com )*

Wayne K. Kekina *( wkekina@croninfried.com )*

L. Richard Fried *( rfried@croninfried.com )*

Thomas Walter Kolbe *( thomas.kolbe@co.maui.hi.us )*

Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
24-AUG-2023
01:22 PM
Dkt. 9 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

| | |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive |
| **Filing Date / Time:** | THURSDAY, AUGUST 24, 2023 01:22:36 PM |
| **Filing Parties:** | |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 8-New Case Assignment |
| **Document Name:** | |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Second Circuit Court 1st Division *( courtroom1.2cc@courts.hawaii.gov )*

Patrick F. McTernan *( pmcternan@croninfried.com )*

Wayne K. Kekina *( wkekina@croninfried.com )*

L. Richard Fried *( rfried@croninfried.com )*

Thomas Walter Kolbe *( thomas.kolbe@co.maui.hi.us )*

Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*

The following parties need to be conventionally served:

HAWAIIAN ELECTRIC INDUSTRIES, INC.

HAWAII ELECTRIC LIGHT COMPANY, INC.

HAWAIIAN ELECTRIC COMPANY, INC.
MAUI ELECTRIC COMPANY, LIMITED

| **STATE OF HAWAI'I**<br>CIRCUIT COURT OF THE<br>SECOND     CIRCUIT | **SUMMONS**<br>TO ANSWER CIVIL COMPLAINT | |
|---|---|---|
| CASE NUMBER<br><br>2CCV-23-0000238(1) | PLAINTIFF'S NAME & ADDRESS, TEL. NO.<br><br>VICTORIA J. TAKAYESU 5481<br>Corporation Counsel<br>THOMAS KOLBE 7679<br>Deputy Corporation Counsel<br>200 S. High Street, 3rd Floor<br>Wailuku, HI  96793<br>Telephone: (808)270-7741 | **Electronically Filed<br>SECOND CIRCUIT<br>2CCV-23-0000238<br>24-AUG-2023<br>02:28 PM<br>Dkt. 10 SUMM** |
| PLAINTIFF<br><br>COUNTY OF MAUI | | |
| DEFENDANT(S)<br><br>MAUI ELECTRIC COMPANY, LIMITED;<br>HAWAIIAN ELECTRIC COMPANY,<br>INC.; HAWAI'I ELECTRIC LIGHT<br>COMPANY, INC.; HAWAIIAN<br>ELECTRIC INDUSTRIES, INC. and<br>DOES 1 THROUGH 50, inclusive, | | |

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to filed with the court and serve upon

Victoria J. Takayesu, Corporation Counsel and Thomas Kolbe, Deputy Corporation Counsel,
200 S. High Street, Wailuku, HI  96793

_____,
plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRYOF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

DATE ISSUED          08/24/2023
_____

| Effective Date of 03-Jul-2023<br>signed by:  /s/M. Ferreira<br>Clerk, 2nd Circuit, State of Hawai`i<br><br>The original document is filed in the<br>Judiciary's electronic case management<br>system which is accessible via eCourt Kokua<br>at: http://www.courts.state.hi.us |  |
|---|---|

 If you need an accommodation for a disability when participating in a court program, service, or activity, please contact the ADA Coordinator as soon as possible to allow the court time to provide an accommodation:
Call (808) 244-2855 FAX (808) 244-2932 OR Send an e-mail to: adarequest@courts.hawaii.gov.  The court will try to provide, but cannot guarantee, your requested auxiliary aid, service or accommodation.

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
24-AUG-2023
02:28 PM
Dkt. 11 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | THURSDAY, AUGUST 24, 2023 02:28:52 PM |
| **Filing Parties:** | County of Maui |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 10-Summons |
| **Document Name:** | 10-SUMMONS TO ANSWER CIVIL COMPLAINT |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Second Circuit Court 1st Division *( courtroom1.2cc@courts.hawaii.gov )*

Patrick F. McTernan *( pmcternan@croninfried.com )*

Wayne K. Kekina *( wkekina@croninfried.com )*

L. Richard Fried *( rfried@croninfried.com )*

Thomas Walter Kolbe *( thomas.kolbe@co.maui.hi.us )*

Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*

The following parties need to be conventionally served:

HAWAIIAN ELECTRIC INDUSTRIES, INC.

HAWAII ELECTRIC LIGHT COMPANY, INC.

HAWAIIAN ELECTRIC COMPANY, INC.
MAUI ELECTRIC COMPANY, LIMITED

**DEPARMENT OF THE**
**CORPORATION COUNSEL**   205

**Electronically Filed**
**SECOND CIRCUIT**
**2CCV-23-0000238**
**24-AUG-2023**
**03:18 PM**
**Dkt. 12 PRE**

VICTORIA J. TAKAYESU   5481
Corporation Counsel
THOMAS KOLBE            7679
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Telephone: (808) 270-7741
Facsimile:  (808) 270-7152
thomas.kolbe@co.maui.hi.us

**CRONIN, FRIED, SEKIYA,**
**  KEKINA & FAIRBANKS**
L. Richard Fried, Jr.        0764-0
Wayne K. Kekina            0780-0
Patrick F. McTernan        4269-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaiʻi 96813
Telephone: (808) 524-1433
Facsimile:  (808) 536-2073
rfried@croninfried.com
pmcternan@croninfried.com

**BARON & BUDD, P.C.**
John P. Fiske (SBN 249256) (*Pro Hac Vice Forthcoming*)
Victoria Sherlin (SBN 312337) (*Pro Hac Vice Forthcoming*)
Taylor O'Neal (SBN 336077) (*Pro Hac Vice Forthcoming*)
11440 West Bernardo Court Suite 265,
San Diego, CA 92127
Telephone:  858-251-7424 Fax: 214-520-1181
jfiske@baronbudd.com
tsherlin@baronbudd.com
toneal@baronbudd.com

**DIAB CHAMBERS LLP**
Ed Diab (SBN 262319) (*Pro Hac Vice Forthcoming*)
Robert J. Chambers, II (SBN 244688) (*Pro Hac Vice Forthcoming*)
10089 Willow Creek Rd., Suite 200
San Diego, CA 92131
Tel: (619) 658-7010
ed@dcfirm.com
rob@dcfirm.com

*Attorneys for Plaintiff*

IN THE CIRCUIT COURT OF THE SECOND
CIRCUIT

STATE OF HAWAIʻI

| | | |
|---|---|---|
| COUNTY OF MAUI | ) | CIVIL NO.   2CCV-23-0000238(1) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | **REQUEST TO EXEMPT CASE** |
| vs. | ) | **FROM THE COURT ANNEXED** |
| | ) | **ARBITRATION PROGRAM;** |
| MAUI ELECTRIC COMPANY, | ) | **EXHIBIT "A"** |
| LIMITED; HAWAIIAN ELECTRIC | ) | |
| COMPANY, INC.; HAWAIʻI ELECTRIC | ) | |
| LIGHT COMPANY, INC.; HAWAIIAN | ) | |
| ELECTRIC INDUSTRIES, INC. and | ) | |
| DOES 1 THROUGH 50, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

REQUEST TO EXEMPT CASE FROM THE
COURT ANNEXED ARBITRATION PROGRAM

   Plaintiff COUNTY OF MAUI, by and through its Corporation Counsel, hereby
requests that the above-entitled matter be exempt from the Court Annexed Arbitration Program,
as the probable jury award value, not reduced by the issue of liability, and exclusive of attorney's
fees, interest and costs, is in excess of $150,000.00.

   This request is made pursuant to Rule 8(A) of the Hawaii Arbitration Rules, as
amended, and the summary of facts attached hereto as Exhibit "A".

   DATED: Wailuku, Hawaii, August 24, 2023.


           /s/ Victoria J. Takayesu
          Victoria J. Takayesu
          Thomas Kolbe

          Attorneys for Plaintiff

2

EXHIBIT "A"

The probable jury award value of Plaintiff's claims, not reduced by the issue of liability, and exclusive of attorney's fees, interest and costs, is in excess of $150,000.00 by virtue of the fact that Maui County suffered and/or continues to suffer property losses and other damages as a result of the Maui Fires including, but not limited to: loss of natural resources, open space, and environmental assets; emergency response and fire suppression costs; loss of tax revenues, including but not limited to property, sales, and transient occupancy taxes; losses from impacts to business-like activities; debris removal costs; staff time and labor costs; damage to infrastructure, including but not limited to roads, sidewalks, water, stormwater, sewer systems, culverts, and other public-entity owned infrastructure; damages related to soil erosion and loss of soil stability and productivity; loss of trees; damages related to water contamination including water quality preservation and correction expenses; loss of water storage; loss of aesthetic value; and, other significant damages and losses unique to public entities.

I declare under penalty of perjury under the laws of the State of Hawai'i that the foregoing is true and correct to the best of my knowledge.

L. Richard Fried, Jr.
Cronin, Fried, Sekiya, Kekina & Fairbanks

3

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
24-AUG-2023
03:18 PM
Dkt. 13 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | THURSDAY, AUGUST 24, 2023 03:18:55 PM |
| **Filing Parties:** | County of Maui |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 12-Request to Exempt CAAP |
| **Document Name:** | 12-REQUEST TO EXEMPT CASE FROM THE COURT ANNEXED ARBITRATION PROGRAM; EXHIBIT "A" |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Second Curcuit Court 1st Division ( courtroom1.2cc@courts.hawaii.gov )

Patrick F. McTernan ( pmcternan@croninfried.com )

Wayne K. Kekina ( wkekina@croninfried.com )

L. Richard Fried ( rfried@croninfried.com )

Thomas Walter Kolbe ( thomas.kolbe@co.maui.hi.us )

Victoria J. Takayesu-Hamilton ( victoria.takayesu-hamilton@co.maui.hi.us )

The following parties need to be conventionally served:

HAWAIIAN ELECTRIC INDUSTRIES, INC.

HAWAII ELECTRIC LIGHT COMPANY, INC.

HAWAIIAN ELECTRIC COMPANY, INC.
MAUI ELECTRIC COMPANY, LIMITED

**Electronically Filed**
**SECOND CIRCUIT**
**2CCV-23-0000238**
**25-AUG-2023**
**08:15 AM**
**Dkt. 14 ORD**

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | 2CCV-23-238(1) |
| | ) | |
| Plaintiff, | ) | ORDER ON REASSIGNMENT OF |
| | ) | CASE |
| vs. | ) | |
| | ) | |
| MAUI ELECTRIC COMPANY, | ) | |
| LIMITED, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER ON REASSIGNMENT OF CASE

The Court being advised in the premises;

IT IS HEREBY ORDERED that the above-entitled case be reassigned to
the Courtroom of the Honorable Peter T. Cahill.

IT IS FURTHER ORDERED that all documents filed hereafter in this case
bear the (2) parenthetical designation immediately following the case number.  Counsel
shall submit Amended Notices of Hearings for any pending motions or other matters.

DATED: Wailuku, Hawaii, August 25, 2023.

PETER T. CAHILL
Judge of above entitled Court

CIRCUIT COURT SECOND CIRCUIT
SEAL
STATE OF HAWAII

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
25-AUG-2023
08:15 AM
Dkt. 15 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | FRIDAY, AUGUST 25, 2023 08:15:59 AM |
| **Filing Parties:** | Second Circuit Court 2nd Division |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 14-Order ___ |
| **Document Name:** | 14-Order on Reassignment of Case |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Second Circuit Court 2nd Division *( courtroom2.2cc@courts.hawaii.gov )*

Second Circuit Court 1st Division *( courtroom1.2cc@courts.hawaii.gov )*

Patrick F. McTernan *( pmcternan@croninfried.com )*

Wayne K. Kekina *( wkekina@croninfried.com )*

L. Richard Fried *( rfried@croninfried.com )*

Thomas Walter Kolbe *( thomas.kolbe@co.maui.hi.us )*

Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*

The following parties need to be conventionally served:

HAWAIIAN ELECTRIC INDUSTRIES, INC.

HAWAII ELECTRIC LIGHT COMPANY, INC.
HAWAIIAN ELECTRIC COMPANY, INC.
MAUI ELECTRIC COMPANY, LIMITED

---

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
28-AUG-2023
10:22 AM
Dkt. 16 ECAAP**

# IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

## STATE OF HAWAII

COUNTY OF MAUI                 )    CIVIL NO. 23-0238(2)
                                 )    Arbitration No. 23-0238A
                         Plaintiff(s)    )
VS.                                 )    ARBITRATION ADMINISTRATOR'S
                                   )    DECISION GRANTING REQUEST TO
MAUI ELECTRIC COMPANY,        )    EXEMPT A CASE FROM THE COURT
LTD; HAWAIIAN ELECTRIC etal      )    ANNEXED ARBITRATION PROGRAM
                                   )
                       Defendant(s)    )

## ARBITRATION ADMINISTRATOR'S DECISION GRANTING REQUEST
## FOR EXEMPTION FROM THE COURT ANNEXED ARBITRATION PROGRAM

     The Arbitration Administrator has reviewed the Request for Exemption for the above

case from the Court Annexed Program on        August 25, 2023        .

     It is the Arbitration Administrator's Decision that the above request is hereby GRANTED

and the above-entitled matter shall NOT be admitted into the Court Annexed Arbitration Program.

     DATED:  Wailuku, Maui, Hawaii,      AUG 2 8 2023      .

                                                Arbitration Administrator

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
28-AUG-2023
10:22 AM
Dkt. 17 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | MONDAY, AUGUST 28, 2023 10:22:54 AM |
| **Filing Parties:** | |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 16-Arb Admin-Grant Exempt fr CAAP |
| **Document Name:** | 16-ARBITRATION ADMINISTRATOR'S DECISION GRANTING REQUEST TO EXEMPT A CASE FROM THE COURT ANNEXED ARBITRATION PROGRAM |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Second Circuit Court 2nd Division *( courtroom2.2cc@courts.hawaii.gov )*

Patrick F. McTernan *( pmcternan@croninfried.com )*

Wayne K. Kekina *( wkekina@croninfried.com )*

L. Richard Fried *( rfried@croninfried.com )*

Thomas Walter Kolbe *( thomas.kolbe@co.maui.hi.us )*

Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*

The following parties need to be conventionally served:

HAWAIIAN ELECTRIC INDUSTRIES, INC.
HAWAII ELECTRIC LIGHT COMPANY, INC.
HAWAIIAN ELECTRIC COMPANY, INC.
MAUI ELECTRIC COMPANY, LIMITED

# NOTICE OF ADDING PARTIES

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
15-SEP-2023
02:45 PM
Dkt. 18 NAP**

The Parties on Case Number 2CCV-23-0000238 have been updated. A Notice of Adding Parties was entered on the case, which may be reviewed through the Judiciary Electronic Filing System. Please monitor your email for future notices.

|  |  |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date/Time:** | Friday, September 15, 2023 02:45 PM |
| **Name of Added Party:** | Joachim Paul Cox, Randall Craig Whattoff |

Disclaimer: Under Rule 10.4 of the Hawai`i Court Records Rules, unless authorized by a court, an attorney or any person or entity shall not use the JIMS/JEFS database to gain access to confidential information under seal or documents in cases in which the attorney or any person or entity is not a party or an attorney of record. Improper use of JIMS/JEFS to gain access to confidential records, documents, or records filed under seal or in-camera may subject the user to sanctions. Publicly available documents can be purchased through the court or eCourt Kokua.

---

This notification is being electronically mailed to:

Randall Craig Whattoff ( rwhattoff@cfhawaii.com )

Joachim Paul Cox ( jcox@cfhawaii.com )

Second Circuit Court 2nd Division ( courtroom2.2cc@courts.hawaii.gov )

Patrick F. McTernan ( pmcternan@croninfried.com )

Wayne K. Kekina ( wkekina@croninfried.com )

L. Richard Fried ( rfried@croninfried.com )

Thomas Walter Kolbe ( thomas.kolbe@co.maui.hi.us )

Victoria J. Takayesu-Hamilton ( victoria.takayesu-hamilton@co.maui.hi.us )

COX FRICKE LLP
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOACHIM P. COX                    7520
    jcox@cfhawaii.com
RANDALL C. WHATTOFF               9487
    rwhattoff@cfhawaii.com
800 Bethel Street, Suite 600
Honolulu, Hawai'i 96813
Telephone:  (808) 585-9440
Facsimile:   (808) 275-3276

Attorneys for Defendant
MAUI ELECTRIC COMPANY, LIMITED,
HAWAIIAN ELECTRIC COMPANY, INC., and
HAWAI'I ELECTRIC LIGHT COMPANY, INC.
HAWAIIAN ELECTRIC INDUSTRIES, INC.

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
15-SEP-2023
02:50 PM
Dkt. 19 NAPP**

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| COUNTY OF MAUI,<br><br>               Plaintiff,<br><br>     vs.<br><br>MAUI ELECTRIC COMPANY,<br>LIMITED; HAWAIIAN ELECTRIC<br>COMPANY, INC.; HAWAI'I ELECTRIC<br>LIGHT COMPANY, INC.; HAWAIIAN<br>ELECTRIC INDUSTRIES, INC.<br>and DOES 1 THROUGH 50, inclusive,<br><br>             Defendants. | CASE NO. 2CCV-23-0000238 PTC<br>(Other Non-Vehicle Tort)<br><br>NOTICE OF APPEARANCE OF<br>COUNSEL FOR DEFENDANTS<br>MAUI ELECTRIC COMPANY,<br>LIMITED, HAWAIIAN ELECTRIC<br>COMPANY, INC., HAWAI'I<br>ELECTRIC LIGHT COMPANY, INC.<br>AND HAWAIIAN ELECTRIC<br>INDUSTRIES, INC.; CERTIFICATE<br>OF SERVICE<br><br>Trial:     None Set<br>Judge:   Hon. Peter T. Cahill |

**NOTICE OF APPEARANCE OF COUNSEL FOR DEFENDANTS
MAUI ELECTRIC COMPANY, LIMITED, HAWAIIAN ELECTRIC COMPANY,
INC., HAWAI'I ELECTRIC LIGHT COMPANY, INC. AND
HAWAIIAN ELECTRIC INDUSTRIES, INC.**

Joachim P. Cox and Randall C. Whattoff and the law firm of Cox Fricke, A

Limited Liability Law Partnership LLP, hereby give notice of their appearance as counsel on

behalf of Defendants Maui Electric Company, Limited, Hawaiian Electric Company, Inc.,

Hawaiʻi Electric Light Company, Inc. , and Hawaiian Electric Industries, Inc. in the above-

referenced matter.

DATED:  Honolulu, Hawaiʻi, September 15, 2023.

/s/ Randall C. Whattoff
JOACHIM P. COX
RANDALL C. WHATTOFF

Attorneys for Defendants
MAUI ELECTRIC COMPANY, LIMITED,
HAWAIIAN ELECTRIC COMPANY, INC.,
HAWAIʻI ELECTRIC LIGHT COMPANY, INC.
HAWAIIAN ELECTRIC INDUSTRIES, INC.

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | |
|---|---|
| COUNTY OF MAUI,<br><br>            Plaintiff,<br><br>   vs.<br><br>MAUI ELECTRIC COMPANY,<br>LIMITED; HAWAIIAN ELECTRIC<br>COMPANY, INC.; HAWAIʻI ELECTRIC<br>LIGHT COMPANY, INC.; HAWAIIAN<br>ELECTRIC INDUSTRIES, INC.<br>and DOES 1 THROUGH 50, inclusive,<br><br>            Defendants. | CASE NO. 2CCV-23-0000238 PTC<br>(Other Non-Vehicle Tort)<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date the foregoing document was

duly served via JEFS upon the following parties:

VICTORIA J. TAKAYESU
Corporation Counsel
THOMAS KOLBE
thomas.kolbe@co.maui.hi.us
Deputy Corporation Counsel
County of Maui
**DEPARTMENT OF THE CORPORATION COUNSEL**
200 S. High Street
Wailuku, Hawaii 96793

L. RICHARD FRIED, JR.
rfried@croninfried.com
WAYNE K. KEKINA
PATRICK F. MCTERNAN
pmcternan@croninfried.com
**CRONIN, FRIED, SEKIYA, KEKINA & FAIRBANKS**
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaiʻi 96813

Attorneys for Plaintiffs

DATED:  Honolulu, Hawaiʻi, September 15, 2023.

/s/ Randall C. Whattoff
JOACHIM P. COX
RANDALL C. WHATTOFF

Attorneys for Defendants
MAUI ELECTRIC COMPANY, LIMITED,
HAWAIIAN ELECTRIC COMPANY, INC.,
HAWAII ELECTRIC LIGHT COMPANY, INC.
HAWAIIAN ELECTRIC INDUSTRIES, INC.

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
15-SEP-2023
02:50 PM
Dkt. 20 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | FRIDAY, SEPTEMBER 15, 2023 02:50:14 PM |
| **Filing Parties:** | Randall Whattoff |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 19-Notice-Appearance /Counsel |
| **Document Name:** | 19-NOTICE OF APPEARANCE OF COUNSEL FOR DEFENDANTS MAUI ELECTRIC COMPANY, LIMITED, HAWAIIAN ELECTRIC COMPANY, INC., HAWAI'I ELECTRIC LIGHT COMPANY, INC. AND HAWAIIAN ELECTRIC INDUSTRIES, INC.; CERTIFICATE OF SERVICE |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai'i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff *( rwhattoff@cfhawaii.com )*

Joachim Paul Cox *( jcox@cfhawaii.com )*

Second Circuit Court 2nd Division *( courtroom2.2cc@courts.hawaii.gov )*

Patrick F. McTernan *( pmcternan@croninfried.com )*

Wayne K. Kekina *( wkekina@croninfried.com )*

L. Richard Fried *( rfried@croninfried.com )*

Thomas Walter Kolbe *( thomas.kolbe@co.maui.hi.us )*
Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*

**DEPARMENT OF THE**
**CORPORATION COUNSEL**   205

VICTORIA J. TAKAYESU   5481
Corporation Counsel
THOMAS KOLBE            7679
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Telephone: (808) 270-7741
Facsimile:  (808) 270-7152
thomas.kolbe@co.maui.hi.us


**CRONIN, FRIED, SEKIYA,**
**KEKINA & FAIRBANKS**
L. Richard Fried, Jr.      0764-0
Wayne K. Kekina           0780-0
Patrick F. McTernan       4269-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawai'i 96813
Telephone: (808) 524-1433
Facsimile:  (808) 536-2073
rfried@croninfried.com
pmcternan@croninfried.com


**BARON & BUDD, P.C.**
John P. Fiske (CA SBN 249256)
(*Pro Hac Vice Forthcoming*)
11440 West Bernardo Court Suite 265,
San Diego, CA 92127
Telephone:  (858) 251-7424
Fax: (214) 520-1181
jfiske@baronbudd.com

*Attorneys for Plaintiff COUNTY OF MAUI*

**Electronically Filed**
**SECOND CIRCUIT**
**2CCV-23-0000238**
**15-SEP-2023**
**03:39 PM**
**Dkt. 21 NTCE**

*[case caption and title of document on next page]*

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAI'I

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. 2CCV-23-0000238(2) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | PLAINTIFF'S NOTICE OF |
| vs. | ) | REQUEST FOR SCHEDULING |
| | ) | CONFERENCE; [**PROPOSED**] |
| MAUI ELECTRIC COMPANY, LIMITED; | ) | ORDER SETTING |
| HAWAIIAN ELECTRIC COMPANY, INC.; | ) | SCHEDULING CONFERENCE; |
| HAWAI'I ELECTRIC LIGHT COMPANY, | ) | CERTIFICATE OF SERVICE |
| INC.; HAWAIIAN ELECTRIC | ) | |
| INDUSTRIES, INC. and DOES 1 THROUGH | ) | |
| 50, inclusive, | ) | |
| | ) | |
| Defendants. | ) | Judge: Honorable Peter T. Cahill |
| | ) | No trial date set. |
| _____ | ) | |

<u>PLAINTIFF'S NOTICE OF REQUEST FOR SCHEDULING CONFERENCE</u>

COMES NOW Plaintiff COUNTY OF MAUI ("**Plaintiff**"), and hereby provides notice
of its request for the setting of a Scheduling Conference in this matter in accordance with Rule
16(b)(4) of the Hawai'i Rules of Civil Procedure (HRCP) and Rule 12(a)(4) of the Rules of the
Circuit Courts of the State of Hawai'i (RCCH).

HRCP 16(b)(2) and RCCH 12(a)(2) require the Court to issue a Scheduling Order as soon
as practicable, but no later than the *earlier* of 90 days after any defendant has been served with
the Complaint or 60 days after any defendant has appeared, unless the Court finds good cause for
delay.

The undersigned certifies that Defendants MAUI ELECTRIC COMPANY, LIMITED;
HAWAIIAN ELECTRIC COMPANY, INC.; HAWAI'I ELECTRIC LIGHT COMPANY, INC.;
AND HAWAIIAN ELECTRIC INDUSTRIES, INC. (collectively "**Defendants**") were duly

2

**served** with Plaintiff's Complaint and Summons on **September 1, 2023** through counsel for Defendants by agreement.

In accordance with the Summons served upon Defendants with the Complaint, Defendants were **required to appear** to answer or otherwise respond to Plaintiff's Complaint within 20 days of said service, i.e., by September 21, 2023, pursuant to HRCP 12(a)(1). By agreement of the parties, however, that date was extended to **October 5, 2023**.

The 90th day after Defendants were served with Plaintiff's Complaint will be **November 30, 2023**. The 60th day after Defendants are required to appear to answer or otherwise respond to Plaintiff's Complaint will be **December 4, 2023**.

Therefore, Plaintiff respectfully requests that the Court issue an Order setting a Scheduling Conference for a date **in mid- to late-November 2023**. This will afford the parties adequate time, after the Defendants are required to appear, to meet for a Conference of the Parties at least 21 days before the Scheduling Conference and submit a timely Joint Report of the Parties within 14 days thereafter, as required by HRCP 26(f) and RCCH 12(a)(6).[1]

DATED: Honolulu, Hawaiʻi, September 15, 2023.

      /s/ Patrick F. McTernan
L. RICHARD FRIED, JR.
WAYNE K. KEKINA
PATRICK F. McTERNAN
Attorneys for Plaintiff

---

[1] Plaintiff understands the Court will be holding hearings on *pro hac vice* motions for various wildfire cases on November 17, 2023. If it suits the Court's calendar and its efforts to streamline the management of these cases, that might be an appropriate time for the requested Scheduling Conference.

**DEPARMENT OF THE
CORPORATION COUNSEL**   205

VICTORIA J. TAKAYESU   5481
Corporation Counsel
THOMAS KOLBE            7679
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Telephone: (808) 270-7741
Facsimile:  (808) 270-7152
thomas.kolbe@co.maui.hi.us


**CRONIN, FRIED, SEKIYA,
KEKINA & FAIRBANKS**
L. Richard Fried, Jr.     0764-0
Wayne K. Kekina          0780-0
Patrick F. McTernan      4269-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaiʻi 96813
Telephone: (808) 524-1433
Facsimile:  (808) 536-2073
rfried@croninfried.com
pmcternan@croninfried.com


**BARON & BUDD, P.C.**
John P. Fiske (CA SBN 249256)
(*Pro Hac Vice Forthcoming*)
11440 West Bernardo Court Suite 265,
San Diego, CA 92127
Telephone:  (858) 251-7424
Fax: (214) 520-1181
jfiske@baronbudd.com

*Attorneys for Plaintiff COUNTY OF MAUI*

*[caption and title of document on next page]*

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. 2CCV-23-0000238(2) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | [**PROPOSED**] ORDER SETTING |
| vs. | ) | SCHEDULING CONFERERNCE |
| | ) | |
| MAUI ELECTRIC COMPANY, | ) | |
| LIMITED; HAWAIIAN ELECTRIC | ) | |
| COMPANY, INC.; HAWAIʻI ELECTRIC | ) | |
| LIGHT COMPANY, INC.; HAWAIIAN | ) | |
| ELECTRIC INDUSTRIES, INC. and | ) | |
| DOES 1 THROUGH 50, inclusive, | ) | |
| | ) | |
| Defendants. | ) | Judge: Honorable Peter T. Cahill |
| | ) | No trial date set. |
| _____ | ) | |

2

**DEPARMENT OF THE**
**CORPORATION COUNSEL**   205

VICTORIA J. TAKAYESU   5481
Corporation Counsel
THOMAS KOLBE            7679
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Telephone: (808) 270-7741
Facsimile:  (808) 270-7152
thomas.kolbe@co.maui.hi.us


**CRONIN, FRIED, SEKIYA,**
**KEKINA & FAIRBANKS**
L. Richard Fried, Jr.      0764-0
Wayne K. Kekina           0780-0
Patrick F. McTernan       4269-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawai'i 96813
Telephone: (808) 524-1433
Facsimile:  (808) 536-2073
rfried@croninfried.com
pmcternan@croninfried.com


**BARON & BUDD, P.C.**
John P. Fiske (CA SBN 249256)
(*Pro Hac Vice Forthcoming*)
11440 West Bernardo Court Suite 265,
San Diego, CA 92127
Telephone:  (858) 251-7424
Fax: (214) 520-1181
jfiske@baronbudd.com

*Attorneys for Plaintiff COUNTY OF MAUI*

*[caption and title of document on next page]*

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. 2CCV-23-0000238(2) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | ORDER SETTING |
| vs. | ) | SCHEDULING |
| | ) | CONFERERNCE |
| MAUI ELECTRIC COMPANY, LIMITED; | ) | |
| HAWAIIAN ELECTRIC COMPANY, INC.; | ) | |
| HAWAIʻI ELECTRIC LIGHT COMPANY, | ) | |
| INC.; HAWAIIAN ELECTRIC | ) | |
| INDUSTRIES, INC. and DOES 1 THROUGH | ) | |
| 50, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | Judge: Honorable Peter T. Cahill |
| _____ | ) | No trial date set. |

ORDER SETTING SCHEDULING CONFERENCE

(READ THIS ORDER CAREFULLY)

IT IS HEREBY ORDERED that the parties shall appear (check one):

[X]    **In person**

[X]    **Video Conference**

for a scheduling conference on _____ at _____ __.m. before the

Honorable Judge Peter T. Cahill, pursuant to Rule 16(b) of the Hawaiʻi Rules of Civil Procedure

(HRCP) and Rule 12(a) of the Rules of the Circuit Courts of the State of Hawaiʻi (RCCH).

1.       Lead trial counsel and self-represented parties are required to attend.

2.       **In person** conferences are held in the judge's courtroom located at Hoapili Hale,

2145 Main Street, Courtroom 2, Wailuku, Hawaiʻi 96793.  Please be prompt and inform the Law

Clerk of your presence. **Video conferences** are conducted via **Zoom**. Parties are instructed to

2

read the court's Zoom Video Conferencing Instructions for Attorneys and Other Participants filed in this case to participate in a video conference.

3.     The parties are reminded that a meeting of the parties must occur at least 21 days before the scheduling conference, at which the parties must confer in good faith regarding the matters set forth in HRCP 16(b)(3).

4.     A joint report of the parties outlining the parties' discovery plan must be filed within 14 calendar days after the meeting of the parties. HRCP 26(f); RCCH 12(A)(6)(B).

5.     Each party shall file a scheduling conference statement in accordance with RCCH 12(a)(7) no later than 7 calendar days before the scheduling conference.

6.     Plaintiff is required to promptly serve this Order on all parties who have been served with the complaint, but who have not yet appeared in the case. Plaintiff must also serve this Order on all unrepresented parties who are not JEFS Users and who have not consented to electronic service.

7.     Failure either to comply with any part of this Order or to attend the scheduling conference may result in sanctions (including fines, dismissal, entry of default, and an award of attorneys' fees and costs). RCCH 12(1).

DATED: Wailuku, Hawai'i, _____.


_____
JUDGE OF THE ABOVE-ENTITLED COURT

3

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. 2CCV-23-0000238(2) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| vs. | ) | |
| | ) | |
| MAUI ELECTRIC COMPANY, LIMITED; | ) | |
| HAWAIIAN ELECTRIC COMPANY, INC.; | ) | |
| HAWAIʻI ELECTRIC LIGHT COMPANY, | ) | |
| INC.; HAWAIIAN ELECTRIC | ) | |
| INDUSTRIES, INC. and DOES 1 THROUGH | ) | |
| 50, inclusive, | ) | |
| | ) | |
| Defendants. | ) | Judge: Honorable Peter T. Cahill |
| | ) | No trial date set. |
| _____ | ) | |

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this date a true and correct copy of the foregoing

document was duly served upon the following via electronic mail at the address listed below:

JOACHIM P. COX, ESQ.
RANDALL WHATTOFF, ESQ.
Cox Fricke LLP
800 Bethel Street, Suite 600
Honolulu, Hawaiʻi 96813

Attorney for Defendants
MAUI ELECTRIC COMPANY, LIMITED;
HAWAIIAN ELECTRIC COMPANY, INC.;
HAWAIʻI ELECTRIC LIGHT COMPANY, INC.;
and HAWAIIAN ELECTRIC INDUSTRIES, INC.

DATED: Honolulu, Hawaiʻi, September 15, 2023.


 /s/ Patrick F. McTernan
L. RICHARD FRIED, JR.
WAYNE K. KEKINA
PATRICK F. McTERNAN
Attorneys for Plaintiff

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
15-SEP-2023
03:39 PM
Dkt. 22 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | FRIDAY, SEPTEMBER 15, 2023 03:39:07 PM |
| **Filing Parties:** | Patrick McTernan |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 21-Notice |
| **Document Name:** | 21-PLAINTIFF'S NOTICE OF REQUEST FOR SCHEDULING CONFERENCE; [PROPOSED] ORDER SETTING SCHEDULING CONFERENCE; CERTIFICATE OF SERVICE |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff ( rwhattoff@cfhawaii.com )

Joachim Paul Cox ( jcox@cfhawaii.com )

Second Circuit Court 2nd Division ( courtroom2.2cc@courts.hawaii.gov )

Patrick F. McTernan ( pmcternan@croninfried.com )

Wayne K. Kekina ( wkekina@croninfried.com )

L. Richard Fried ( rfried@croninfried.com )

Thomas Walter Kolbe ( thomas.kolbe@co.maui.hi.us )

Victoria J. Takayesu-Hamilton ( victoria.takayesu-hamilton@co.maui.hi.us )

**DEPARMENT OF THE**
**CORPORATION COUNSEL**  205

VICTORIA J. TAKAYESU  5481
Corporation Counsel
THOMAS KOLBE          7679
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Telephone: (808) 270-7741
Facsimile: (808) 270-7152
thomas.kolbe@co.maui.hi.us

**CRONIN, FRIED, SEKIYA,**
**KEKINA & FAIRBANKS**
L. Richard Fried, Jr.        0764-0
Wayne K. Kekina            0780-0
Patrick F. McTernan        4269-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawai'i 96813
Telephone: (808) 524-1433
Facsimile: (808) 536-2073
rfried@croninfried.com
pmcternan@croninfried.com

**BARON & BUDD, P.C.**
John P. Fiske (CA SBN 249256)
(*Pro Hac Vice Forthcoming*)
11440 West Bernardo Court Suite 265,
San Diego, CA 92127
Telephone:  (858) 251-7424
Fax: (214) 520-1181
jfiske@baronbudd.com

*Attorneys for Plaintiff COUNTY OF MAUI*

**Electronically Filed**
**SECOND CIRCUIT**
**2CCV-23-0000238**
**18-SEP-2023**
**02:26 PM**
**Dkt. 23 OSSC**

*[caption and title of document on next page]*

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAI‘I

| | |
|---|---|
| COUNTY OF MAUI, | CIVIL NO. 2CCV-23-0000238(2) |
| | (Other Non-Vehicle Tort) |
| Plaintiff, | |
| | ORDER SETTING |
| vs. | SCHEDULING |
| | CONFERERNCE |
| MAUI ELECTRIC COMPANY, LIMITED; | |
| HAWAIIAN ELECTRIC COMPANY, INC.; | |
| HAWAI‘I ELECTRIC LIGHT COMPANY, | |
| INC.; HAWAIIAN ELECTRIC | |
| INDUSTRIES, INC. and DOES 1 THROUGH | |
| 50, inclusive, | |
| | |
| Defendants. | |
| | Judge: Honorable Peter T. Cahill |
| | No trial date set. |

ORDER SETTING SCHEDULING CONFERENCE

(READ THIS ORDER CAREFULLY)

IT IS HEREBY ORDERED that the parties shall appear (check one):

        **[X]**    **In person**

        **[X]**    **Video Conference**

for a scheduling conference on November 1, 2023 at 1:15 p.m. before the Honorable

Judge Peter T. Cahill, pursuant to Rule 16(b) of the Hawai‘i Rules of Civil Procedure

(HRCP) and Rule 12(a) of the Rules of the Circuit Courts of the State of Hawai‘i (RCCH).

    1.      Lead trial counsel and self-represented parties are required to attend.

    2.      **In person** conferences are held in the judge's courtroom located at Hoapili Hale,

2145 Main Street, Courtroom 2, Wailuku, Hawai‘i 96793. Please be prompt and inform the Law

Clerk of your presence. **Video conferences** are conducted via **Zoom**. Parties are instructed to

read the court's Zoom Video Conferencing Instructions for Attorneys and Other Participants filed in this case to participate in a video conference.

3.      The parties are reminded that a meeting of the parties must occur at least 21 days before the scheduling conference, at which the parties must confer in good faith regarding the matters set forth in HRCP 16(b)(3).

4.      A joint report of the parties outlining the parties' discovery plan must be filed within 14 calendar days after the meeting of the parties. HRCP 26(f); RCCH 12(A)(6)(B).

5.      Each party shall file a scheduling conference statement in accordance with RCCH 12(a)(7) no later than 7 calendar days before the scheduling conference.

6.      Plaintiff is required to promptly serve this Order on all parties who have been served with the complaint, but who have not yet appeared in the case. Plaintiff must also serve this Order on all unrepresented parties who are not JEFS Users and who have not consented to electronic service.

7.      Failure either to comply with any part of this Order or to attend the scheduling conference may result in sanctions (including fines, dismissal, entry of default, and an award of attorneys' fees and costs). RCCH 12(1).

DATED: Wailuku, Hawai'i.                     **SEP 1 8 2023**                     .

JUDGE OF THE ABOVE-ENTITLED COURT

CIRCUIT COURT SECOND CIRCUIT
**SEAL**
STATE OF HAWAII

3

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
18-SEP-2023
02:26 PM
Dkt. 24 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | MONDAY, SEPTEMBER 18, 2023 02:26:10 PM |
| **Filing Parties:** | L. Richard Fried |
|  | Victoria Takayesu-Hamilton |
|  | Wayne Kekina |
|  | Patrick McTernan |
|  | Thomas Kolbe |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** |  |
| **Supporting Document(s):** | 23-Order Set Sched Conference |
| **Document Name:** |  |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff *( rwhattoff@cfhawaii.com )*

Joachim Paul Cox *( jcox@cfhawaii.com )*

Second Circuit Court 2nd Division *( courtroom2.2cc@courts.hawaii.gov )*

Patrick F. McTernan *( pmcternan@croninfried.com )*

Wayne K. Kekina *( wkekina@croninfried.com )*

L. Richard Fried ( *rfried@croninfried.com* )

Thomas Walter Kolbe ( *thomas.kolbe@co.maui.hi.us* )

Victoria J. Takayesu-Hamilton ( *victoria.takayesu-hamilton@co.maui.hi.us* )

**DEPARMENT OF THE
CORPORATION COUNSEL** 205

VICTORIA J. TAKAYESU   5481
Corporation Counsel
THOMAS KOLBE            7679
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Telephone: (808) 270-7741
Facsimile:  (808) 270-7152
thomas.kolbe@co.maui.hi.us

**CRONIN, FRIED, SEKIYA,
KEKINA & FAIRBANKS**
L. Richard Fried, Jr.       0764-0
Wayne K. Kekina            0780-0
Patrick F. McTernan        4269-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaiʻi 96813
Telephone: (808) 524-1433
Facsimile:  (808) 536-2073
rfried@croninfried.com
pmcternan@croninfried.com

**BARON & BUDD, P.C.**
John P. Fiske (CA SBN 249256)
(*Pro Hac Vice Requested*)
11440 West Bernardo Court Suite 265,
San Diego, CA 92127
Telephone:  (858) 251-7424
Fax: (214) 520-1181
jfiske@baronbudd.com

Attorneys for Plaintiff
COUNTY OF MAUI

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
22-SEP-2023
05:15 PM
Dkt. 25 MOT**

*[full caption and title on following page]*

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAI'I

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. 2CCV-23-0000238(2) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | PLAINTIFF'S MOTION FOR |
| vs. | ) | ADMISSION OF JOHN FISKE PRO HAC |
| | ) | VICE; DECLARATION OF PATRICK F. |
| MAUI ELECTRIC COMPANY, | ) | McTERNAN; DECLARATION OF L. |
| LIMITED; HAWAIIAN ELECTRIC | ) | RICHARD FRIED, JR.; DECLARATION |
| COMPANY, INC.; HAWAI'I ELECTRIC | ) | OF THOMAS KOLBE; DECLARATION |
| LIGHT COMPANY, INC.; HAWAIIAN | ) | OF JOHN FISKE; NOTICE OF HEARING |
| ELECTRIC INDUSTRIES, INC. and | ) | OF MOTION and CERTIFICATE OF |
| DOES 1 THROUGH 50, inclusive, | ) | SERVICE |
| | ) | |
| Defendants. | ) | HEARING |
| | ) | DATE:   November 17, 2023 |
| | ) | TIME:    9:00 a.m. |
| | ) | JUDGE:  Honorable Peter T. Cahill |
| | ) | Chief Judge |
| | ) | |
| | ) | No trial date has been set. |
| _____ | ) | |

PLAINTIFF'S MOTION FOR ADMISSION OF JOHN FISKE PRO HAC VICE

Comes now Plaintiff County of Maui ("Plaintiff"), by and through its attorneys, and

hereby moves this Honorable Court for an order permitting John Fiske of the law firm of Baron

& Budd, P.C., to appear and associate as co-counsel with the County of Maui Department of the

Corporation Counsel and the Honolulu law firm of Cronin, Fried, Sekiya, Kekina & Fairbanks,

in representing Plaintiff in this action.  Mr. Fiske has special experience in representing

governmental entities in actions such as this one, and would serve as a valuable asset to Plaintiff

during this proceeding.

This Motion is brought pursuant to Rule 1.9 of the Rules of the Supreme Court of the

State of Hawai'i and Rule 5.5 of the Hawai'i Rules of Professional Conduct, and is based upon

the attached declarations, the files and records herein, and such further and additional matters

2

that may be presented prior to adjudication of this motion, all of which are incorporated herein by reference.

DATED:  Honolulu, Hawaiʻi, September 22, 2023.


/s/ Patrick F. McTernan
L. RICHARD FRIED, JR.
PATRICK F. McTERNAN

Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. 2CCV-23-0000238(2) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | DECLARATION OF PATRICK F. |
| vs. | ) | McTERNAN |
| | ) | |
| MAUI ELECTRIC COMPANY, | ) | |
| LIMITED; HAWAIIAN ELECTRIC | ) | |
| COMPANY, INC.; HAWAIʻI ELECTRIC | ) | |
| LIGHT COMPANY, INC.; HAWAIIAN | ) | |
| ELECTRIC INDUSTRIES, INC. and | ) | |
| DOES 1 THROUGH 50, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

DECLARATION OF PATRICK F. McTERNAN

I, Patrick F. McTernan, hereby declare as follows:

1.      I am an attorney licensed to practice law before all courts of the State of Hawaiʻi and I am one of the attorneys representing Plaintiff County of Maui ("Plaintiff" or "County"), in this action.

2.      I have personal knowledge regarding the matters stated herein, except as to matters stated upon information and belief, and as to those matters, I believe them to be true and correct after reasonable inquiry.

3.      I am a shareholder in the law firm of Cronin, Fried, Sekiya, Kekina & Fairbanks ("Cronin Fried"), whose business address is 841 Bishop Street, Suite 600, Honolulu, Hawaiʻi 96813, which is the address at which all case-related documents may be served.

4.       I respectfully request that attorney John Fiske of the law firm of Baron & Budd, P.C. ("Baron & Budd"), be permitted to appear *pro hac vice* to serve as co-counsel for Plaintiff in this action.

5.       L. Richard Fried, Jr. ("Rick Fried") and I, and the Cronin Fried law firm, are counsel of record for Plaintiff and are responsible for all phases of this litigation. Rick Fried and I represent the County of Maui only as Plaintiff in this action and not as counsel for the County in its capacity as a defendant in any litigation.

6.       It is my belief that Mr. Fiske will be of great assistance to Cronin Fried and the County in this matter and in any subsequent proceedings. Mr. Fiske would also be appearing for the County only in its capacity as Plaintiff in this action, and not as counsel for the County in its capacity as a defendant in any litigation.

7.       Rick Fried and I have worked with other Baron & Budd attorneys in the past in the State's *Plavix* and *Opioids* cases, and have always found them to be extremely professional, experienced, civil and collegial, and very respectful of our courts, our legal system, and local litigation practices.

8.       On occasion, they have also been able to bring to bear resources that Corporation Counsel and most Hawaiʻi law firms would be hard-pressed to match. For example, in the *Plavix* case, Baron & Budd was able to process and store a 12.5-million-page document dump by the defendants, and to review and rate such a significant portion of those documents that the State was able to introduce at trial literally dozens of smoking-gun documents that were instrumental in establishing the Defendants' liability. As a result of these efforts, the trial court found, and the Supreme Court of Hawaiʻi affirmed on appeal, that two major drug companies, Bristol-Myers Squibb and Sanofi, acted in an unscrupulous, immoral, unethical, and oppressive manner toward

Hawaiʻi patients regarding their heart and stroke medication, Plavix, for almost 12 years, during which time more than 834,000 prescriptions were filled or refilled in Hawaiʻi alone.

9.      In the State's *Opioids* cases, Baron & Budd attorneys have been instrumental in reaching settlements for the State that, over time, will pay out more than $135 million.

10.     In the short time that we have known him, John Fiske has demonstrated the same exceptional qualities we have found in working with his various partners. Moreover, he has demonstrated an in-depth knowledge and understanding of the many complex legal, factual and procedural issues that underlie the kinds of wildfire cases we will be dealing with here. For example, he brought together a team of experts that immediately began investigating and analyzing not only the cause, origin and spread of the fire, but the extraordinarily complex damages the County – and thus its residents – have sustained as a result of this tragic incident.

11.     Additionally, based upon my many discussions with Mr. Fiske and his colleagues, John Fiske and Baron & Budd have demonstrated extensive experience in the procedural complexities the parties and the Court will likely face in moving forward a large number of wildfire cases involving many different and very plaintiff-specific kinds of injuries and damages. To the extent the Court might wish to draw on it, John Fiske's experience in these areas could prove to be an invaluable resource.

12.     Furthermore, upon information and belief, Mr. Fiske and his team focus their practice specifically on wildfire cases and almost exclusively on the representation of public entities harmed by wildfires, including many towns and counties in California. As a result, Mr. Fiske and his team have a wealth of experience recognizing and evaluating many elements of damages that are unique to public entities, and also in helping their public entity clients to interact with their casualty insurance companies and state and federal emergency management organization in an effort to maximize the benefits or assistance to which they may be entitled.

13.     The strength and standing of Mr. Fiske's team and colleagues in this particular area of litigation is perhaps best illustrated by the fact that their name came up repeatedly when Maui Corporation Counsel reached out to government attorneys in California who had been involved in wildfire litigation, in order to seek advice on who might best represent the County regarding this incident. As a result of those recommendations, Mr. Fiske was approached by Corporation Counsel, not the other way around.

14.     Attorneys from Cronin Fried or, if they wish, Corporation Counsel, will sign all pleadings, motions, briefs, or any other documents submitted in the case, and Cronin Fried and I will participate actively in all phases of the litigation and will be prepared to go forward with the case as required.

15.     Service of all papers and pleadings may be made upon our office and shall constitute service upon our client and our *pro hac vice* co-counsel.

16.     As local counsel, my office or Corporation Counsel will handle all electronic filings in the case, and an attorney from Cronin Fried and/or Corporation Counsel shall attend all hearings and other proceedings in this action unless otherwise excused by the Court.

17.     Attached hereto in accordance with Rule 5.3 of the Hawaiʻi Electronic Filing & Service Rules are scanned copies of the Declarations of L. Richard Fried, Jr., Deputy Corporation Counsel Thomas Kolbe, and *pro hac vice* applicant John Fiske. The signed originals are in our files.

I declare under penalty of perjury under the laws of the State of Hawaiʻi that the foregoing is true and correct to the best of my knowledge and belief.

DATED:  Honolulu, Hawaiʻi, September 22, 2023.

 /s/ Patrick F. McTernan
PATRICK F. McTERNAN

4

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAI'I

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. 2CCV-23-0000238(2) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | DECLARATION OF L. RICHARD |
| vs. | ) | FRIED, JR. |
| | ) | |
| MAUI ELECTRIC COMPANY, | ) | |
| LIMITED; HAWAIIAN ELECTRIC | ) | |
| COMPANY, INC.; HAWAI'I ELECTRIC | ) | |
| LIGHT COMPANY, INC.; HAWAIIAN | ) | |
| ELECTRIC INDUSTRIES, INC. and | ) | |
| DOES 1 THROUGH 50, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

DECLARATION OF L. RICHARD FRIED, JR.

I, L. Richard Fried, Jr., hereby declare as follows:

1.      I am an attorney licensed to practice law before all courts of the State of Hawai'i and I am one of the attorneys representing Plaintiff County of Maui ("Plaintiff" or "County"), in this action.

2.      I have personal knowledge regarding the matters stated herein, except as to matters stated upon information and belief, and as to those matters, I believe them to be true and correct after reasonable inquiry.

3.      I am a founding partner, shareholder and president of the law firm of Cronin, Fried, Sekiya, Kekina & Fairbanks ("Cronin Fried"), whose business address is 841 Bishop Street, Suite 600, Honolulu, Hawai'i  96813, which is the address at which all case-related documents may be served.

1

4.      I respectfully request that attorney John Fiske of the law firm of Baron & Budd, P.C. ("Baron & Budd"), be permitted to appear *pro hac vice* to serve as co-counsel for Plaintiff in this action.

5.      Patrick F. McTernan, Esq. ("Pat McTernan") and I, and the Cronin Fried law firm, are counsel of record for Plaintiff and are responsible for all phases of this litigation. Pat McTernan and I represent the County of Maui only as Plaintiff in this action and not as counsel for the County in its capacity as a defendant in any litigation.

6.      It is my belief that Mr. Fiske will be of great assistance to Cronin Fried and the County in this matter and in any subsequent proceedings. Mr. Fiske would also be appearing for the County only in its capacity as Plaintiff in this action, and not as counsel for the County in its capacity as a defendant in any litigation.

7.      My experience with Baron & Budd attorneys in general and John Fiske in particular mirrors the statements of Pat McTernan in his declaration. To avoid any doubt, I will reiterate those thoughts here.

18.      Pat McTernan and I have worked with other Baron & Budd attorneys in the past in the State's *Plavix* and *Opioids* cases, and have always found them to be extremely professional, experienced, civil and collegial, and very respectful of our courts, our legal system, and local litigation practices.

19.      On occasion, they have also been able to bring to bear resources that Corporation Counsel and most Hawai'i law firms would be hard-pressed to match. For example, in the *Plavix* case, Baron & Budd was able to process and store a 12.5-million-page document dump by the *Plavix* defendants, and to review and rate such a significant portion of those documents that the State was able to introduce at trial literally dozens of smoking-gun documents that were instrumental in establishing the Defendants' liability. As a result of these efforts, the trial court

found, and the Supreme Court of Hawai'i affirmed on appeal, that two major drug companies, Bristol-Myers Squibb and Sanofi, acted in an unscrupulous, immoral, unethical, and oppressive manner toward Hawai'i patients regarding their heart and stroke medication, Plavix, for almost 12 years, during which time more than 834,000 prescriptions were filled or refilled in Hawai'i alone. A trial on the civil penalties to be imposed on the defendants will begin later this month.

20.     In the State's *Opioids* cases, Baron & Budd attorneys have been instrumental in reaching settlements for the State that, over time, will pay out more than $135 million.

8.     In the short time that we have known him, John Fiske has demonstrated the same exceptional qualities we have found in working with his various partners. Moreover, he has demonstrated an in-depth knowledge and understanding of the many complex legal, factual and procedural issues that underlie the kinds of wildfire cases we will be dealing with here. For example, he brought together a team of experts that immediately began investigating and analyzing not only the cause, origin and spread of the fire, but the extraordinarily complex damages the County – and thus its residents – have sustained as a result of this tragic incident.

9.     Additionally, based upon my many discussions with Mr. Fiske and his colleagues, John Fiske and Baron & Budd have demonstrated extensive experience in the procedural complexities the parties and the Court will likely face in moving forward a large number of wildfire cases involving many different and very plaintiff-specific kinds of injuries and damages. To the extent the Court might wish to draw on it, John Fiske's experience in these areas could prove to be an invaluable resource.

10.     Furthermore, upon information and belief, Mr. Fiske and his team focus their practice specifically on wildfire cases and almost exclusively on the representation of public entities harmed by wildfires, including many towns and counties in California. As a result, Mr. Fiske and his team have a wealth of experience recognizing and evaluating many elements of

damages that are unique to public entities, and also in helping their public entity clients interact with their casualty insurance companies and state and federal emergency management organization in an effort to maximize the benefits and/or assistance to which the public entity client may be entitled.

11.     The strength and standing of Mr. Fiske's team and colleagues in this particular area of litigation is perhaps best illustrated by the fact that their name came up repeatedly when Maui Corporation Counsel reached out to government attorneys in California who had been involved in wildfire litigation, in order to seek advice on who might best represent the County regarding this incident. As a result of those recommendations, Mr. Fiske was approached by Corporation Counsel to represent the County, not the other way around.

12.     Attorneys from Cronin Fried or, if they wish, Corporation Counsel, will sign all pleadings, motions, briefs, or any other documents submitted in the case, and Cronin Fried and I will participate actively in all phases of the litigation and will be prepared to go forward with the case as required.

13.     Service of all papers and pleadings shall be upon my office and shall constitute service upon my client and our *pro hac vice* co-counsel.

14.     As local counsel, my office or, if they wish, Corporation Counsel will handle all electronic filings in the case, and an attorney from Cronin Fried and/or Corporation Counsel shall attend all hearings and other proceedings in this action unless otherwise excused by the Court.

I declare under penalty of perjury under the laws of the State of Hawaiʻi that the foregoing is true and correct to the best of my knowledge and belief.

DATED:  Honolulu, Hawaiʻi, September 22, 2023.

/s/ L. Richard Fried, Jr.
L. RICHARD FRIED, JR.

*County of Maui vs. Maui Electric Company, Limited, et al.*, Civil No. 2CCV-23-0000238(2);
DECLARATION OF L. RICHARD FRIED, JR.

5

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. 2CCV-23-0000238(2) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | DECLARATION OF THOMAS KOLBE |
| vs. | ) | |
| | ) | |
| MAUI ELECTRIC COMPANY, | ) | |
| LIMITED; HAWAIIAN ELECTRIC | ) | |
| COMPANY, INC.; HAWAIʻI ELECTRIC | ) | |
| LIGHT COMPANY, INC.; HAWAIIAN | ) | |
| ELECTRIC INDUSTRIES, INC. and | ) | |
| DOES 1 THROUGH 50, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

DECLARATION OF THOMAS KOLBE

I, Thomas Kolbe, hereby declare as follows:

1.      I am an attorney licensed to practice law before all courts of the State of Hawaiʻi and am Deputy Corporation Counsel for the County of Maui.

2.      I have personal knowledge regarding the matters stated herein, except as to matters stated upon information and belief, and as to those matters, I believe them to be true and correct after reasonable inquiry.

3.      This declaration is being submitted in support of, and as a supplement to, the Plaintiff County of Maui's Motion for Admission of John Fiske *Pro Hac Vice* and the Declarations of L. Richard Fried, Jr. and Patrick F. McTernan.

4.     I respectfully request that attorney John Fiske of the law firm of Baron & Budd, P.C. ("Baron & Budd"), be permitted to appear *pro hac vice* to serve as co-counsel for Plaintiff County of Maui in this action.

5.     I am counsel of record for the County, alongside Corporation Counsel Victoria J. Takayesu, and the private law firm Cronin, Fried, Sekiya, Kekina & Fairbanks, and am responsible for all phases of this litigation.  It is my belief that Mr. Fiske will be of great assistance in this matter and in any subsequent proceedings.

6.     In addition to the substantive reasons set forth in L. Richard Fried, Jr.'s and Patrick F. McTernan's declarations, the County sought Mr. Fiske's and Baron & Budd's assistance in this matter at the recommendation of several California Counties' Counsel that have previously retained Mr. Fiske and his firm in wildfire cases that affected them.  For example, Mr. Fiske was retained by the Town of Paradise in the tragic 2018 Camp Fire in California as well as several times by Los Angeles County in the 2018 Woolsey Fire and 2020 Bobcat Fire.

7.     Baron & Budd and Mr. Fiske also established – through their representation of public entities in wildfire cases – a relationship and streamlined process with the Federal Emergency Management Agency ("FEMA") to meet a public entity's responsibilities under Section 312 of the Robert T. Stafford Act (the "Stafford Act").  The Stafford Act sets forth several reimbursement obligations that a public entity must satisfy as recipients of grant funds where a third-party may be liable for damages.

8.     Accordingly, Mr. Fiske's and Baron & Budd's experience litigating wildfire cases, specifically on behalf of public entities, combined with their experience navigating the nuances of the Stafford Act and other statutory obligations is an invaluable resource to the County.

2

I declare under penalty of perjury under the laws of the State of Hawaiʻi that the foregoing is true and correct to the best of my knowledge and belief.

DATED:  Wailuku, Hawaiʻi, September _15_, 2023.

_____

Thomas Kolbe

3

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAI'I

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. 2CCV-23-0000238(2) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | **DECLARATION OF JOHN FISKE** |
| vs. | ) | |
| | ) | |
| MAUI ELECTRIC COMPANY, | ) | |
| LIMITED; HAWAIIAN ELECTRIC | ) | |
| COMPANY, INC.; HAWAI'I ELECTRIC | ) | |
| LIGHT COMPANY, INC.; HAWAIIAN | ) | |
| ELECTRIC INDUSTRIES, INC. and | ) | |
| DOES 1 THROUGH 50, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | No trial date has been set. |

DECLARATION OF JOHN FISKE

I, John Fiske, hereby declare as follows:

1.      I am a shareholder with the law firm of Baron & Budd, P.C. ("Baron & Budd") practicing out of the firm's office located at 11440 W Bernardo Ct Suite 265, San Diego, CA 92127; telephone number: (858) 225-7200; email jfiske@baronbudd.com.

2.      Baron & Budd has been retained to represent COUNTY OF MAUI, in connection with claims against the above-named Defendants.

3.      I reside in San Diego, California, and do not reside within the State of Hawai'i.

4.      I am neither a resident of the State of Hawai'i, regularly employed in Hawai'i, nor regularly engaged in any business or professional activities in Hawai'i.

5.      I am a member in good standing of the California State Bar. I am also admitted to practice before the following courts: United States District Court for the Northern District of California, United States District Court for the Southern District of California, United States

District Court for the Eastern District of California, United States District Court for the Central District of California, and U.S. Court Of Appeals, Ninth Circuit.

 6. I am presently in good standing to practice before all the courts to which I have been admitted and no disciplinary or grievance proceedings have been filed or are pending against me.

 7. I am not currently, nor have I ever been, suspended or disbarred from the practice of law before any court or otherwise disciplined.

 8. I have not previously been admitted to practice *pro hac vice* in any other cases in the State of Hawaiʻi.

 9. Opposing counsel may readily communicate with Plaintiff's local counsel, L. Richard Fried, Jr., Wayne K. Kekina, and Patrick F. McTernan of the Honolulu law firm of Cronin, Fried, Sekiya, Kekina & Fairbanks ("Cronin Fried"), concerning this action and upon whom service may be made of papers in this action in accordance with the Hawaiʻi Rules of Civil Procedure.

 10. At all times, Cronin Fried shall serve as local counsel and participate meaningfully, substantially and continuously in the preparation of this case with the authority and responsibility to act as attorneys of record for all purposes.

 11. Any document required or permitted to be served upon an attorney of record for Plaintiff in this action may be served upon Cronin Fried, and such service shall be deemed proper and effective to the fullest extent provided by the Hawaiʻi Rules of Civil Procedure.

 12. An attorney from Cronin Fried will attend all court-related proceedings in this action unless excused by this Court.

 13. I have read and familiarized myself with the Hawaiʻi Rules of Civil Procedure to give meaningful assistance as co-counsel for the State of Hawaiʻi.

14.     If admitted, I shall be subject to all applicable Hawai'i statutes, laws, rules of court, and the Hawai'i disciplinary process with respect to any acts or omissions occurring during representation pursuant to Rule 1.9 of the Rules of the Supreme Court of the State of Hawai'i.

15.     If admitted, I affirm that I will comply with all applicable Hawai'i statutes, laws, and rules of the court, including the Hawai'i Rules of Professional Conduct and the Guidelines for Professional Courtesy and Civility for Hawai'i Lawyers.

16.     I consent to the exercise of disciplinary jurisdiction of this Court and certify my familiarity with the Local Rules of Practice.

17.     I designate local counsel, L. Richard Fried,Jr., Esq. and Patrick F. McTernan, Esq., of the Cronin Fried law firm, as my agents for service of Hawai'i disciplinary process.

18.     I respectfully submit that my background and experience with specific claims and issues in this case will assist in the representation of Plaintiff COUNTY OF MAUI.

19.     I declare under penalty of perjury under the laws of the State of Hawai'i and the State of California that the foregoing is true and correct.

DATED:  San Diego, California, September 5, 2023.


_____
John Fiske

3

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAI'I

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. 2CCV-23-0000238(2) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | NOTICE OF HEARING MOTION and |
| vs. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| MAUI ELECTRIC COMPANY, | ) | |
| LIMITED; HAWAIIAN ELECTRIC | ) | |
| COMPANY, INC.; HAWAI'I ELECTRIC | ) | |
| LIGHT COMPANY, INC.; HAWAIIAN | ) | |
| ELECTRIC INDUSTRIES, INC. and | ) | |
| DOES 1 THROUGH 50, inclusive, | ) | |
| | ) | |
| Defendants. | ) | Judge: Honorable Peter T. Cahill |
| | ) | No trial date set. |
| _____ | ) | |

NOTICE OF HEARING MOTION

TO:     JOACHIM P. COX, ESQ.
        COX FRICKE LLP
        800 Bethel Street, Suite 600
        Honolulu, Hawai'i 96813

        Attorney for Defendants
        MAUI ELECTRIC COMPANY, LIMITED,
        HAWAIIAN ELECTRIC COMPANY, INC.,
        HAWAI'I ELECTRIC LIGHT COMPANY, INC.,
        and HAWAIIAN ELECTRIC INDUSTRIES, INC.

NOTICE IS HEREBY GIVEN that the above-identified Motion for Admission of John

Fiske Pro Hac Vice shall come on for hearing before the Honorable Peter T. Cahill, Judge of the

above-entitled court, at Hoapili Hale, 2145 Main Street, Courtroom 2, Wailuku, Hawai'i 96793,

on Friday, November 17, 2023, at 9:00 a.m., or as soon thereafter as counsel may be heard.

DATED:  Honolulu, Hawaiʻi, September 22, 2023.


/s/ Patrick F. McTernan
L. RICHARD FRIED, JR.
WAYNE K. KEKINA
PATRICK F. MCTERNAN
Attorneys for Plaintiff


CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date true and correct copies of the foregoing document were duly served upon the above-identified parties via the court's electronic filing system.

DATED:  Honolulu, Hawaiʻi, September 22, 2023.


 /s/ Patrick F. McTernan
L. RICHARD FRIED, JR.
WAYNE K. KEKINA
PATRICK F. MCTERNAN
Attorneys for Plaintiff

2

# NOTICE OF ELECTRONIC FILING

**Electronically Filed**
**SECOND CIRCUIT**
**2CCV-23-0000238**
**22-SEP-2023**
**05:15 PM**
**Dkt. 26 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | FRIDAY, SEPTEMBER 22, 2023 05:15:58 PM |
| **Filing Parties:** | Patrick McTernan |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 25-Motion for _____ |
| **Document Name:** | 25-PLAINTIFF'S MOTION FOR ADMISSION OF JOHN FISKE PRO HAC VICE; DECLARATION OF PATRICK F. McTERNAN; DECLARATION OF L. RICHARD FRIED, JR.; DECLARATION OF THOMAS KOLBE; DECLARATION OF JOHN FISKE; NOTICE OF HEARING OF MOTION and CERTIFICATE OF SERVICE |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff *( rwhattoff@cfhawaii.com )*

Joachim Paul Cox *( jcox@cfhawaii.com )*

Second Circuit Court 2nd Division *( courtroom2.2cc@courts.hawaii.gov )*

Patrick F. McTernan *( pmcternan@croninfried.com )*

Wayne K. Kekina *( wkekina@croninfried.com )*

L. Richard Fried *( rfried@croninfried.com )*

Thomas Walter Kolbe *( thomas.kolbe@co.maui.hi.us )*

Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*

Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
25-SEP-2023
02:59 PM
Dkt. 27 ORD

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | 2CCV-23-238(2) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | ORDER SETTING STATUS |
| vs. | ) | CONFERENCE; CERTIFICATE |
| | ) | OF SERVICE |
| MAUI ELECTRIC COMPANY, | ) | |
| LIMITED, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |

## ORDER SETTING STATUS CONFERENCE

The Court shall conduct an on the record status conference on Wednesday,

September 27, 2023 at 9:00 AM.  Counsel of record and attorneys that have petitions

for admission pro hac vice are invited to attend via Zoom (808 244 2980 - No password

required).

The following topics shall be reviewed:

1.  Motions/Petitions for admissions pro hac vice now scheduled for hearing
    on Friday, November 17, 2023:

    a.  Advance hearing date to Friday, October 13, 2023 at 1:30 PM

b.      Appearances by zoom instead of in person.

c.      Review of requirements of Rule 1.9 of the Supreme Court Rules as amended Nov. 2022.

d.      Allow supplementation of motions or petitions, if necessary, to ensure all necessary information has been provided and requirements met by Wednesday, October 4, 2023.

e.      Memoranda in opposition, if any, to be filed by Monday, October 9, 2023.

f.      Reply memoranda, if any, to be filed by Wednesday, October 11, 2023.

g.      Submission of post hearing orders.

2.      Designation of Maui Fire Cases as complex litigation pursuant to HRCC Rule 12(c) or proceeding under HRCC Rule 12 (a).

The Court appreciates that this scheduling conference is on very short notice.

Any counsel or law firm of record may attend the status conference.

DATED:  Wailuku, Maui, Hawaii, September 25, 2023.


PETER T. CAHILL
Judge of the above entitled Court

CERTIFICATE OF SERVICE

I HEREBY certify that a copy was served upon the following:

THOMAS KOLBE, ESQ.
L. RICHARD FRIED, JR., ESQ.
WAYNE K. KEKINA, ESQ.
PATRICK F. McTERNAN, ESQ.
Via JEFS

JOACHIM P. COX, ESQ.
RANDALL C. WHATTOFF, ESQ.
Via JEFS

DATED: Wailuku, Hawai'i, September 25, 2023.


/s/ Susan Gushiken
Clerk of the above entitled Court

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
25-SEP-2023
02:59 PM
Dkt. 28 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | MONDAY, SEPTEMBER 25, 2023 02:59:26 PM |
| **Filing Parties:** | Second Circuit Court 2nd Division |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 27-Order ___ |
| **Document Name:** | 27-Order Setting Status Conference; Certificate of Service |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff *( rwhattoff@cfhawaii.com )*

Joachim Paul Cox *( jcox@cfhawaii.com )*

Second Circuit Court 2nd Division *( courtroom2.2cc@courts.hawaii.gov )*

Patrick F. McTernan *( pmcternan@croninfried.com )*

Wayne K. Kekina *( wkekina@croninfried.com )*

L. Richard Fried *( rfried@croninfried.com )*

Thomas Walter Kolbe *( thomas.kolbe@co.maui.hi.us )*

Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
27-SEP-2023
05:40 PM
Dkt. 29 NOR**

## IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

## STATE OF HAWAII

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | 2CCV-23-238(2) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | NOTICE OF RESETTING; |
| vs. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| MAUI ELECTRIC COMPANY, | ) | |
| LIMITED, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## <u>NOTICE OF RESETTING</u>

Please take notice that "Plaintiffs' Motion for Admission of John Fiske Pro Hac Vice" presently set for Friday, November 17, 2023 at 9:00 a.m. is reset before the Honorable Peter T. Cahill in Courtroom 2, 2145 Main Street, Wailuku, Maui, Hawai'i at **1:30 p.m. on Friday, October 13, 2023.**

Supplemental Declarations are to be filed by October 5, 2023. Any oppositions are to be filed by October 9, 2023. No reply memoranda need be filed.

DATED: Wailuku, Maui, Hawaii, September 27, 2023.

/s/ Susan Gushiken (seal)
Clerk of the above entitled Court

CERTIFICATE OF SERVICE

I HEREBY certify that a copy was served upon the following:

THOMAS KOLBE, ESQ.
L. RICHARD FRIED, JR., ESQ.
WAYNE K. KEKINA, ESQ.
PATRICK F. McTERNAN, ESQ.
Via JEFS

JOACHIM P. COX, ESQ.
RANDALL C. WHATTOFF, ESQ.
Via JEFS

DATED: Wailuku, Hawai'i, September 27, 2023.


/s/ Susan Gushiken
Clerk of the above entitled Court

# NOTICE OF ELECTRONIC FILING

**Electronically Filed**
**SECOND CIRCUIT**
**2CCV-23-0000238**
**27-SEP-2023**
**05:40 PM**
**Dkt. 30 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | WEDNESDAY, SEPTEMBER 27, 2023 05:40:55 PM |
| **Filing Parties:** | Second Circuit Court 2nd Division |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** |  |
| **Supporting Document(s):** | 29-Notice-Resetting |
| **Document Name:** | 29-Notice of Resetting; Certificate of Service |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff *( rwhattoff@cfhawaii.com )*

Joachim Paul Cox *( jcox@cfhawaii.com )*

Second Circuit Court 2nd Division *( courtroom2.2cc@courts.hawaii.gov )*

Patrick F. McTernan *( pmcternan@croninfried.com )*

Wayne K. Kekina *( wkekina@croninfried.com )*

L. Richard Fried *( rfried@croninfried.com )*

Thomas Walter Kolbe *( thomas.kolbe@co.maui.hi.us )*

Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*

# NOTICE OF ELECTRONIC FILING

**Electronically Filed**
**SECOND CIRCUIT**
**2CCV-23-0000238**
**27-SEP-2023**
**05:42 PM**
**Dkt. 33 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---:|:---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | WEDNESDAY, SEPTEMBER 27, 2023 05:42:46 PM |
| **Filing Parties:** | |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 32-Remote Hearing |
| **Document Name:** | |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff *( rwhattoff@cfhawaii.com )*

Joachim Paul Cox *( jcox@cfhawaii.com )*

Second Circuit Court 2nd Division *( courtroom2.2cc@courts.hawaii.gov )*

Patrick F. McTernan *( pmcternan@croninfried.com )*

Wayne K. Kekina *( wkekina@croninfried.com )*

L. Richard Fried *( rfried@croninfried.com )*

Thomas Walter Kolbe *( thomas.kolbe@co.maui.hi.us )*

Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*

COX FRICKE LLP
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOACHIM P. COX                    7520
    jcox@cfhawaii.com
RANDALL C. WHATTOFF            9487
    rwhattoff@cfhawaii.com
800 Bethel Street, Suite 600
Honolulu, Hawaiʻi 96813
Telephone:  (808) 585-9440
Facsimile:  (808) 275-3276

Attorneys for Defendant
MAUI ELECTRIC COMPANY, LIMITED,
HAWAIIAN ELECTRIC COMPANY, INC., and
HAWAIʻI ELECTRIC LIGHT COMPANY, INC.
HAWAIIAN ELECTRIC INDUSTRIES, INC.

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
29-SEP-2023
12:45 PM
Dkt. 35 MOT**

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | |
|---|---|
| COUNTY OF MAUI,<br><br>          Plaintiff,<br><br>     vs.<br><br>MAUI ELECTRIC COMPANY, LIMITED; HAWAIIAN ELECTRIC COMPANY, INC.; HAWAIʻI ELECTRIC LIGHT COMPANY, INC.; HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive,<br><br>          Defendants. | CASE NO. 2CCV-23-0000238 PTC (Other Non-Vehicle Tort)<br><br>DEFENDANTS' MOTION FOR *PRO HAC VICE* ADMISSIONS OF BRAD BRIAN, LISA DEMSKY, AND NICHOLAS FRAM; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF RANDALL C. WHATTOFF; DECLARATION OF BRAD BRIAN; EXHIBIT 1; DECLARATION OF LISA DEMSKY; DECLARATION OF NICHOLAS FRAM; EXHIBIT 2; NOTICE OF HEARING ON MOTION AND CERTIFICATE OF SERVICE<br><br>DATE:    October 20, 2023<br>TIME:    1:30 PM<br>JUDGE:  Hon. Peter T. Cahill<br><br>Trial:       None Set<br>Judge:      Hon. Peter T. Cahill |

**DEFENDANTS' MOTION FOR *PRO HAC VICE* ADMISSIONS
OF BRAD BRIAN, LISA DEMSKY, AND NICHOLAS FRAM**

Defendants Maui Electric Company, Limited, Hawaiian Electric Company, Inc., Hawai'i Electric Light Company, Inc. , and Hawaiian Electric Industries, Inc. (collectively the "Utility Defendants") by and through their attorneys, Cox Fricke LLP, hereby move this Honorable Court for an order permitting Brad Brian, Lisa Demsky, and Nicholas Fram of Munger Tolles & Olson LLP to appear and be associated as co-counsel with Cox Fricke LLP, on behalf of the Utility Defendants.

This motion is brought pursuant to Rule 7(b)(1) of the Hawai'i Rules of Civil Procedure, Rule 7 of the Rules of the Circuit Courts of the State of Hawai'i, and Rule 1.9 of the Rules of the Supreme Court of the State of Hawai'i, and is based on the attached memorandum and declarations and exhibits attached thereto , the records and files herein, and such further and additional matters that may be presented by the Utility Defendants prior to and at the hearing on this Motion, all of which are incorporated herein by reference.

Pursuant to Rule 1.9(b) of the Rules of the Supreme Court of the State of Hawai'i, a copy of this Motion is also being provided to the Office of Disciplinary Counsel.

DATED:  Honolulu, Hawai'i, September 29, 2023.

/s/ Randall C. Whattoff
JOACHIM P. COX
RANDALL C. WHATTOFF

Attorneys for Defendants
MAUI ELECTRIC COMPANY, LIMITED,
HAWAIIAN ELECTRIC COMPANY, INC.,
HAWAI'I ELECTRIC LIGHT COMPANY, INC.
HAWAIIAN ELECTRIC INDUSTRIES, INC.

2

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | |
|---|---|
| COUNTY OF MAUI,<br><br>           Plaintiff,<br>   vs.<br><br>MAUI ELECTRIC COMPANY,<br>LIMITED; HAWAIIAN ELECTRIC<br>COMPANY, INC.; HAWAIʻI ELECTRIC<br>LIGHT COMPANY, INC.; HAWAIIAN<br>ELECTRIC INDUSTRIES, INC.<br>and DOES 1 THROUGH 50, inclusive,<br><br>       Defendants. | MEMORANDUM IN SUPPORT OF<br>MOTION |

**MEMORANDUM IN SUPPORT OF MOTION**

On August 8, 2023, devastating wildfires occurred in several locations across Maui.  In the seven weeks since those fires occurred, 26 lawsuits have been filed against Defendants Hawaiian Electric Industries, Inc., Maui Electric Company, Limited, Hawaiian Electric Company, Inc., and Hawaii Electric Light Company, Inc. (collectively, the "Utility Defendants").  Certain of these cases, like Burnes v. Hawaiian Electric Company, Inc., et al., Case No. 2ccv-23-0000224, seek to represent large classes of plaintiffs injured by the fires.  The Burnes case was recently designated as "complex" pursuant to Rule 12(k) of the Rules of the Circuit Courts of the State of Hawaiʻi.  Many other cases seek to recover damages for personal injury or property damage stemming from the fires.  Many of these cases name additional defendants, such as the County of Maui, the State of Hawaiʻi, and the trustees of Kamehameha Schools.  The Utility Defendants anticipate that these cases will also all be designated as "complex."

Because of the unprecedented scope of this litigation, the Utility Defendants have retained Munger Tolles and Olson ("MTO") to assist in their response. MTO has extensive experience investigating and litigating mass tort and wildfire cases, including representing Pacific Gas & Electric Company ("PG&E") and Southern California Edison ("Edison") in connection with suits arising from wildfires across California. The Utility Defendants will benefit from MTO's factual and legal expertise in this area.

The Utility Defendants are currently seeking the Court's approval for pro hac vice admission on behalf of three individuals.[1]

Brad Brian, is a partner at MTO and a Fellow in the American College of Trial Lawyers, and has been recognized by numerous prominent legal organizations for his advocacy skills. He has served as lead counsel in numerous complex class action, mass tort and wildfire cases. He has represented numerous companies, including Boeing, DoubleLine Capital, Transocean, and PG&E in factually and legal complex cases, including representing PG&E in connection with allegations that it caused wildfires across California.

Lisa Demsky is a partner at MTO. Ms. Demsky conducts internal investigations and interfaces with government agencies for a broad range of clients, including public companies and government contractors. She was recognized by the Daily Journal as one of the Top 25 White Collar Lawyers in California in 2021 and 2022, as well as one of the Top Women Lawyers in the state in 2022. She has previously been recognized by the Daily Journal for achieving one of the top yearly defense verdicts. Ms. Demsky has represented clients in

---

[1] Because of the size and scope of the litigation, the Utility Defendants anticipate that it will be necessary to seek *pro hac vice* admissions for additional MTO attorneys in the future.

numerous complex, high-profile cases, including representing PG&E in connection with allegations that it caused wildfires in California.

Nicholas Fram is a partner at MTO.  Mr. Fram has extensive experience with high-stakes complex litigation, internal investigations, and mass torts.  He has represented PG&E and Edison in wildfire and mass tort cases.  He has extensive experience in complex commercial litigation and multiparty litigation.

The Utility Defendants believe that admitting Mr. Brian, Ms. Demsky, and Mr. Fram pro hac vice will be of substantial benefit because of their specific knowledge of both the law and facts relevant in this dispute, as well as their significant experience litigating matters of similar size and complexity in wildfires.  Because Mr. Brian, Ms. Demsky, and Mr. Fram regularly litigate, try, and settle cases involving mass torts and class actions, including representing utilities in cases related to wildfires, their experience will be of significant value to the Utility Defendants and, we believe, the Court.

In addition, having the same counsel participate across all of the wildfire cases will have significant benefits for the Utility Defendants and, we believe, plaintiffs and the Court. In these cases, all of the lawsuits will share much of the same physical evidence documents, witnesses, and legal issues.  Permitting pro hac vice counsel to practice across the different wildfire cases will ensure consistency on a wide array of issues, including management of the

physical evidence[2]; gathering and management of electronically stored information; depositions of the numerous potential witnesses[3]; managing settlement issues; ensuring consistent legal arguments and positions; and a host of other important issues.

As described in the attached declarations, Mr. Brian, Ms. Demsky, and Mr. Fram will work in tandem with the attorneys at Cox Fricke LLP, and will at all times comply with the requirements of Rule 1.9 of the Rules of the Supreme Court of the State of Hawaiʻi.

For all of the foregoing reasons, the Utility Defendants respectfully request that Mr. Brian, Ms. Demsky, and Mr. Fram be admitted pro hac vice.

DATED:  Honolulu, Hawaiʻi, September 29, 2023.

/s/ Randall C. Whattoff
JOACHIM P. COX
RANDALL C. WHATTOFF

Attorneys for Defendants
MAUI ELECTRIC COMPANY, LIMITED,
HAWAIIAN ELECTRIC COMPANY, INC.,
HAWAIʻI ELECTRIC LIGHT COMPANY, INC.
HAWAIIAN ELECTRIC INDUSTRIES, INC.

---

[2] For instance, immediately following the Lahaina fires, Maui Electric took prompt and prudent steps to document and secure pieces of its equipment that were located in the area that has been termed the "suspected Area of Origin" of the Lahaina Fire.  Working with a third party with expertise in physical evidence documentation and preservation, Maui Electric documented, tagged, and moved such equipment to a secure warehouse that is operated by the third-party vendor.  Additional equipment has since been brought to the warehouse.  It is critical that one set of counsel manage this evidence for the utility Defendants, in order to ensure consistency and equal access when this evidence is inspected, tested, or utilized in the future.

[3] The witnesses involved in these cases—be they employees of the County, employees of Maui Electric, or simply third-party observers—cannot be deposed across multiple cases.  If such tactics were allowed, it would impose a severe burden on many witnesses.  These depositions must be coordinated across the different cases in a way that is equitable to all parties.  There are numerous other discovery issues where close coordination will be similarly necessary.

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | |
|---|---|
| COUNTY OF MAUI,<br><br>       Plaintiff,<br>  vs.<br><br>MAUI ELECTRIC COMPANY,<br>LIMITED; HAWAIIAN ELECTRIC<br>COMPANY, INC.; HAWAIʻI ELECTRIC<br>LIGHT COMPANY, INC.; HAWAIIAN<br>ELECTRIC INDUSTRIES, INC.<br>and DOES 1 THROUGH 50, inclusive,<br><br>      Defendants. | CASE NO. 2CCV-23-0000238 PTC<br>(Other Non-Vehicle Tort)<br><br><br>DECLARATION OF RANDALL C.<br>WHATTOFF |

**DECLARATION OF RANDALL C. WHATTOFF**

I, RANDALL C. WHATTOFF, declare and state as follows:

1. I am competent to testify as to all matters herein, and make this declaration upon personal knowledge. If called as a witness, I could and would competently testify to the truth of the matters stated herein.

2. I am an attorney duly licensed to practice law in the State of Hawaiʻi, a partner in the law firm of Cox Fricke LLP, and counsel of record for Defendants Hawaiian Electric Industries, Inc., Maui Electric Company, Limited, Hawaiian Electric Company, Inc., and Hawaii Electric Light Company, Inc. (collectively the "Utility Defendants") in the above-captioned case. I am an active member in good standing of the Bar of the State of Hawaiʻi.

3. I make this declaration in support of Brad Brian's, Lisa Demsky's, and Nicholas Fram's Motion for *Pro Hac Vice* Admission to appear and participate in the above-captioned action as co-counsel for the Utility Defendants.

4. Pursuant to Rule 1.9 of the Rules of the Supreme Court of the State of Hawaiʻi, I, together with my law firm Cox Fricke LLP, consent to be associated with Mr. Brian, Ms. Demsky, and Mr. Fram for the purpose of representing the Utility Defendants as co-counsel in the instant action.  I make the following representations pursuant to Rule 1.9:

5. <u>Rule 1.9(b)(1)(A)</u>.  Cox Fricke LLP is located at 800 Bethel Street, Sixth Floor, Honolulu, Hawaiʻi 96813 and its telephone number is (808) 585-9440.  This address can be used for the service of all documents in this action.

6. <u>Rule 1.9(b)(1)(B)</u>.  Cox Fricke LLP, through myself and my partners and colleagues, including Joachim Cox, shall be the attorneys of record and are responsible for all phases of the litigation.

7. <u>Rule 1.9(d)</u>.  A Hawaiʻi-licensed attorney from Cox Fricke LLP will sign all pleadings, motions, briefs, or any other documents submitted in the case, and shall participate actively in all phases of the case and be prepared to go forward with the case as required. Service of all documents, including pleadings, shall be upon local counsel, and shall constitute service upon *pro hac vice* counsel and their client(s).

8. <u>Rule 1.9(e)</u>.  When issued, I shall provide a copy of the order allowing the appearance of counsel *pro hac vice* to the Hawaiʻi State Bar and the Office of Disciplinary Counsel, and shall notify the Hawaiʻi State Bar and the Office of Disciplinary Counsel when the *pro hac vice* attorney's involvement is terminated, the case is closed, or the order granting *pro hac vice* admission is no longer valid.

9. As discussed in more detail in the attached memorandum and in Mr. Brian's, Ms. Demsky's, and Mr. Fram's declarations, I believe that admitting Mr. Brian, Ms. Demsky, and Mr. Fram *pro hac vice* will be of substantial benefit because of their specific

knowledge of both the law and facts relevant in this dispute, as well as their significant experience litigating matters of similar size and complexity.  Because Mr. Brian, Ms. Demsky, and Mr. Fram regularly litigate, try, and settle cases involving mass torts and class actions, including representing utilities in cases related to wildfires, their experience will be of significant value to the Utility Defendants and, I believe, the Court.

10.     Based on the foregoing, I recommend and respectfully request that Mr. Brian, Ms. Demsky, and Mr. Fram be permitted to appear and participate in the above-captioned action *pro hac vice* as co-counsel for the Utility Defendants.

I do declare under penalty of law that the foregoing is true and correct.

Executed in Honolulu, Hawai'i on September 29, 2023.

/s/ Randall C. Whattoff
RANDALL C. WHATTOFF

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | |
|---|---|
| COUNTY OF MAUI,<br><br>                    Plaintiff,<br><br>        vs.<br><br>MAUI ELECTRIC COMPANY,<br>LIMITED; HAWAIIAN ELECTRIC<br>COMPANY, INC.; HAWAIʻI ELECTRIC<br>LIGHT COMPANY, INC.; HAWAIIAN<br>ELECTRIC INDUSTRIES, INC.<br>and DOES 1 THROUGH 50, inclusive,<br><br>                    Defendants. | CASE NO. 2CCV-23-0000238 PTC<br>(Other Non-Vehicle Tort)<br><br><br>DECLARATION OF BRAD BRIAN;<br>EXHIBIT 1 |

## DECLARATION OF BRAD D. BRIAN

I, BRAD D. BRIAN, declare and state as follows:

1.      I am competent to testify as to all matters herein, and make this declaration upon personal knowledge.  If called as a witness, I could and would competently testify to the truth of the matters stated herein.

2.      I am an attorney admitted to practice law in the State of California.  I make this declaration in support of my Motion for *Pro Hac Vice* Admission to appear and participate in the above-captioned action *pro hac vice* as co-counsel for Defendants Hawaiian Electric Industries, Inc., Maui Electric Company, Limited, Hawaiian Electric Company, Inc., and Hawaii Electric Light Company, Inc. (collectively the "Utility Defendants").

3.      I make the following representations pursuant to Rule 1.9 of the Rules of the Supreme Court of the State of Hawaiʻi:

4.      Rule 1.9(b)(2)(A).  I am a partner in the law firm Munger Tolles & Olson LLP.  My business address and the business address of my firm is Munger Tolles & Olson LLP, 350 South Grand Avenue, Los Angeles, CA 90071.  My e-mail address is Brad.Brian@mto.com. My direct telephone number at my firm is 213-683-9280.

5.      Rule 1.9(b)(2)(B).  I was admitted to the Bar of the State of California on December 30, 1977.  I have been a member of the State of California in good standing since that time.  Exhibit 1 includes a list of every state and federal jurisdiction to which I have been admitted to practice law, and I attest that I am in good standing in each of those jurisdictions.

6.      Rule 1.9(b)(2)(C).  I am not currently, and have not been, suspended or disbarred from the practice of law before any court or otherwise disciplined.

7.    Rule 1.9(b)(2)(D).  The only court or other forum in Hawai'i in which I have sought and/or been allowed to appear *pro hac vice* is *Monica Eder v. Maui Electric Company, Ltd.*, Case No. 1CCV-23-0001045, a case filed in the First Circuit on August 12, 2023.  That *pro hac vice* motion was orally granted on September 22, 2023, although a written order has not yet been issued.  The plaintiffs in *Eder* allege claims for tort and inverse condemnation related to the August 8, 2023 Maui fires.  In addition, I am contemporaneously filing for admission in the other tort/condemnation cases related to the August 8, 2023 Maui fires (see list attached as Exhibit 2).

8.    Rule 1.9(b)(2)(E).  I have not as yet made any appearance as counsel in Hawai'i during the preceding five years.

9.    Rule 1.9(b)(2)(F).  If admitted, I will comply with all applicable Hawai'i statutes, laws, and rules of the courts including the Hawai'i Rules of Professional Conduct and Guidelines of Professional Courtesy and Civility for Hawai'i Lawyers.

10.    Rule 1.9(b)(2)(G).  If admitted, I shall be subject to all applicable Hawai'i statutes, laws, rules of the court, and the Hawai'i disciplinary process with respect to any acts or omissions occurring during representation pursuant to Rule 1.9.

11.    Rule 1.9(b)(2)(H).  I designate Randall C. Whattoff as local counsel as agent for service of Hawai'i disciplinary process.

12.    Rule 1.9(c).  I recognize that an attorney approved to appear *pro hac vice* pursuant to Rule 1.9 is subject to the jurisdiction of Hawai'i courts with respect to all applicable Hawai'i statutes, laws, and rules of the courts to the same extent as any other attorney admitted to practice in the courts of this state.  I further recognize that an attorney approved to appear *pro hac vice* is subject to the disciplinary jurisdiction of the Supreme Court.  The court in which an

attorney is approved to appear *pro hac vice* or the Supreme Court may, for violations of Hawai'i law, the Hawai'i Rules of Professional Conduct, or orders of the court, revoke the permission for the attorney to appear *pro hac vice*, or impose any other appropriate sanction.

13.    Rule 1.9(d).  A Hawai'i-licensed attorney from Cox Fricke LLP shall sign all pleadings, motions, briefs, or any other documents submitted in the case, and shall participate actively in all phases of the case and be prepared to go forward with the case as required. Service of all documents, including pleadings, shall be upon local counsel, and shall constitute service upon pro hac vice counsel and their client(s).

14.    Rule 1.9(e).  When issued, my co-counsel, Cox Fricke, shall provide a copy of the order allowing the appearance of counsel *pro hac vice* to the Hawai'i State Bar and the Office of Disciplinary Counsel, and shall notify the Hawai'i State Bar and the Office of Disciplinary Counsel when the *pro hac vice* attorney's involvement is terminated, the case is closed, or the order granting *pro hac vice* admission is no longer valid.

15.    I am a Fellow in the American College of Trial Lawyers, was named one of 18 Lawyers of the Decade in California by the Daily Journal (2021), and was one of only three individuals in California to receive the designation of "Star Individual" by Chambers in category of General Commercial Litigation.  I have served as lead counsel in numerous complex class action, mass tort and wildfire cases.  I have represented numerous companies, including Boeing, DoubleLine Capital, Transocean, and Pacific Gas & Electric Company, in factually and legal complex cases, including representing PG&E in connection with allegations that it caused wildfires across California.

I do declare under penalty of law that the foregoing is true and correct.

Executed in Los Angeles California on September 29, 2023.


_____

Brad D. Brian

# EXHIBIT 1

| **COURT** | **ADMISSION DATE:** |
|---|---|
| Supreme Court of the United States | 04/28/1986 |
| Supreme Court of California | 12/30/1977 |
| U. S. Court of Appeals (3rd Circuit) | 06/05/1978 |
| U. S. Court of Appeals (4th Circuit) | 12/05/1994 |
| U. S. Court of Appeals (5th Circuit) | 10/31/1991 |
| U. S. Court of Appeals (9th Circuit) | 05/04/1979 |
| U. S. Court of Appeals (11th Circuit) | 12/13/2003 |
| U. S. District Court, Central District of CA | 08/22/1978 |
| U. S. District Court, Eastern District of CA | 10/09/1984 |
| U. S. District Court, Southern District of CA | 10/08/1997 |
| U. S. District Court, Northern District of CA | 01/01/2002 |

1

Exhibit 1

| **BRAD D. BRIAN**<br>**CA STATE BAR NO. 79001**<br>**OTHER COURT ADMISSIONS** | |
|---|---|
| **Court:** | **Admission Date:** |
| U.S. District Court, Northern District of IL | PHV |
| U.S. District Court, District of Montana | PHV |
| U.S. District Court, Middle District of PA | PHV |
| U.S. District Court, Eastern District of TX | PHV |
| U.S.  District Court, Western District of VA | PHV |
| U.S. District Court, Eastern District of NY | PHV |
| Nevada | PHV |
| Utah State | PHV |
| Washington State Court | PHV |

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | |
|---|---|
| COUNTY OF MAUI,<br><br>               Plaintiff,<br><br>    vs.<br><br>MAUI ELECTRIC COMPANY,<br>LIMITED; HAWAIIAN ELECTRIC<br>COMPANY, INC.; HAWAIʻI ELECTRIC<br>LIGHT COMPANY, INC.; HAWAIIAN<br>ELECTRIC INDUSTRIES, INC.<br>and DOES 1 THROUGH 50, inclusive,<br><br>               Defendants. | CASE NO. 2CCV-23-0000238 PTC<br>(Other Non-Vehicle Tort)<br><br><br>DECLARATION OF LISA DEMSKY |

## DECLARATION OF LISA DEMSKY

I, LISA DEMSKY, declare and state as follows:

1.      I am competent to testify as to all matters herein, and make this declaration upon personal knowledge.  If called as a witness, I could and would competently testify to the truth of the matters stated herein.

2.      I am an attorney admitted to practice law in the State of California.  I make this declaration in support of my Motion for *Pro Hac Vice* Admission to appear and participate in the above-captioned action *pro hac vice* as co-counsel for Defendants Hawaiian Electric Industries, Inc., Maui Electric Company, Limited, Hawaiian Electric Company, Inc., and Hawaii Electric Light Company, Inc. (collectively the "Utility Defendants").

3.      I make the following representations pursuant to Rule 1.9 of the Rules of the Supreme Court of the State of Hawaiʻi:

4.      Rule 1.9(b)(2)(A).  I am a partner in the law firm Munger Tolles & Olson LLP.  My business address and the business address of my firm is Munger Tolles & Olson LLP, 350 South Grand Ave., 50th Floor, Los Angeles, CA 90071.   My e-mail address is lisa.demsky@mto.com.  The firm's phone number is (213) 683-9100.

5.      Rule 1.9(b)(2)(B).  I was admitted to the Bar of the State of California on December 6, 1996.  I have been a member of the State of California in good standing since that time.  I have been admitted to practice law in the following federal jurisdictions, and I hereby attest that I am in good standing in each jurisdiction:  United States District Courts for the Central District of California (1999), Eastern District of California (1999), Northern District of California (1999), Southern District of California (1999), Western District of Washington (2004), and United States Court of Appeal for the Fifth Circuit (2006).

6.      Rule 1.9(b)(2)(C).  I am not currently, and have not been, suspended or

disbarred from the practice of law before any court or otherwise disciplined.

7.      Rule 1.9(b)(2)(D).  The only court or other forum in Hawaiʻi in which I

have sought and/or been allowed to appear *pro hac vice* is *Monica Eder v. Maui Electric

Company, Ltd.*, Case No. 1CCV-23-0001045, a case filed in the First Circuit on August 12,

2023.  That *pro hac vice* motion was orally granted on September 22, 2023, although a written

order has not yet been issued.  The plaintiffs in *Eder* allege claims for tort and inverse

condemnation related to the August 8, 2023 Maui fires.  In addition, I am contemporaneously

filing for admission in the other tort/condemnation cases related to the August 8, 2023 Maui fires

(see list attached as Exhibit 2).

8.      Rule 1.9(b)(2)(E).  I have not as yet made any appearance as counsel in

Hawaiʻi during the preceding five years.

9.      Rule 1.9(b)(2)(F).  If admitted, I will comply with all applicable Hawaiʻi

statutes, laws, and rules of the courts including the Hawaiʻi Rules of Professional Conduct and

Guidelines of Professional Courtesy and Civility for Hawaiʻi Lawyers.

10.     Rule 1.9(b)(2)(G).  If admitted, I shall be subject to all applicable Hawaiʻi

statutes, laws, rules of the court, and the Hawaiʻi disciplinary process with respect to any acts or

omissions occurring during representation pursuant to Rule 1.9.

11.     Rule 1.9(b)(2)(H).  I designate Randall C. Whattoff as local counsel as

agent for service of Hawaiʻi disciplinary process.

12.     Rule 1.9(c).  I recognize that an attorney approved to appear *pro hac vice*

pursuant to Rule 1.9 is subject to the jurisdiction of Hawaiʻi courts with respect to all applicable

Hawaiʻi statutes, laws, and rules of the courts to the same extent as any other attorney admitted

to practice in the courts of this state.  I further recognize that an attorney approved to appear *pro hac vice* is subject to the disciplinary jurisdiction of the Supreme Court.  The court in which an attorney is approved to appear *pro hac vice* or the Supreme Court may, for violations of Hawaiʻi law, the Hawaiʻi Rules of Professional Conduct, or orders of the court, revoke the permission for the attorney to appear *pro hac vice*, or impose any other appropriate sanction.

13.     <u>Rule 1.9(d)</u>.  A Hawaiʻi-licensed attorney from Cox Fricke LLP shall sign all pleadings, motions, briefs, or any other documents submitted in the case, and shall participate actively in all phases of the case and be prepared to go forward with the case as required. Service of all documents, including pleadings, shall be upon local counsel, and shall constitute service upon pro hac vice counsel and their client(s).

14.     <u>Rule 1.9(e)</u>.  When issued, my co-counsel, Cox Fricke, shall provide a copy of the order allowing the appearance of counsel *pro hac vice* to the Hawaiʻi State Bar and the Office of Disciplinary Counsel, and shall notify the Hawaiʻi State Bar and the Office of Disciplinary Counsel when the *pro hac vice* attorney's involvement is terminated, the case is closed, or the order granting *pro hac vice* admission is no longer valid.

15.     I was recognized by the Daily Journal as one of the Top 25 White Collar Lawyers in California in 2021 and 2022, as well as one of the Top Women Lawyers in the state in 2022. I previously was recognized by the Daily Journal for achieving one of the top yearly defense verdicts.  I have represented clients in numerous complex and high-profile cases, including representing PG&E in connection with allegations that it caused wildfires in California.

3

I do declare under penalty of law that the foregoing is true and correct.

Executed in San Francisco, California on September 29, 2023.

_____

Lisa Demsky

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| COUNTY OF MAUI,<br><br>       Plaintiff,<br>    vs.<br><br>MAUI ELECTRIC COMPANY,<br>LIMITED; HAWAIIAN ELECTRIC<br>COMPANY, INC.; HAWAI'I ELECTRIC<br>LIGHT COMPANY, INC.; HAWAIIAN<br>ELECTRIC INDUSTRIES, INC.<br>and DOES 1 THROUGH 50, inclusive,<br><br>      Defendants. | CASE NO. 2CCV-23-0000238 PTC<br>(Other Non-Vehicle Tort)<br><br><br>DECLARATION OF NICHOLAS<br>FRAM |

## DECLARATION OF NICHOLAS FRAM

I, NICHOLAS FRAM, declare and state as follows:

1.      I am competent to testify as to all matters herein, and make this declaration upon personal knowledge.  If called as a witness, I could and would competently testify to the truth of the matters stated herein.

2.      I am an attorney admitted to practice law in the State of California.  I make this declaration in support of my Motion for *Pro Hac Vice* Admission to appear and participate in the above-captioned action *pro hac vice* as co-counsel for Defendants Hawaiian Electric Industries, Inc., Maui Electric Company, Limited, Hawaiian Electric Company, Inc., and Hawaii Electric Light Company, Inc. (collectively the "Utility Defendants").

3.      I make the following representations pursuant to Rule 1.9 of the Rules of the Supreme Court of the State of Hawaiʻi:

4.      Rule 1.9(b)(2)(A).  I am a partner in the law firm Munger Tolles & Olson LLP.  My business address and the business address of my firm is Munger Tolles & Olson LLP, 560 Mission Street, 27th Floor, San Francisco, CA 94105.  My e-mail address is Nicholas.Fram@mto.com.  The firm's phone number is (415) 512-4000.

5.      Rule 1.9(b)(2)(B).  I was admitted to the Bar of the State of California on December 21, 2012.  I have been a member of the State of California in good standing since that time.  I have been admitted to practice law in the following jurisdictions and attest that I am in good standing in each of these jurisdictions: United States District Courts for the Northern District of California (2014), Central District of California (2014), Eastern District of California (2015), the United States Court of Appeals for the Third Circuit, and the United States Court of Appeals for the Ninth Circuit.

6.      <u>Rule 1.9(b)(2)(C)</u>.  I am not currently, and have not been, suspended or disbarred from the practice of law before any court or otherwise disciplined.

7.      <u>Rule 1.9(b)(2)(D)</u>.  The only court or other forum in Hawaiʻi in which I have sought and/or been allowed to appear *pro hac vice* is *Monica Eder v. Maui Electric Company, Ltd.*, Case No. 1CCV-23-0001045, a case filed in the First Circuit on August 12, 2023.  That *pro hac vice* motion was orally granted on September 22, 2023, although a written order has not yet been issued.  The plaintiffs in *Eder* allege claims for tort and inverse condemnation related to the August 8, 2023 Maui fires.  In addition, I am contemporaneously filing for admission in the other tort/condemnation cases related to the August 8, 2023 Maui fires (see list attached as Exhibit 2).

8.      <u>Rule 1.9(b)(2)(E)</u>.  I have not as yet made any appearance as counsel in Hawaiʻi during the preceding five years.

9.      <u>Rule 1.9(b)(2)(F)</u>.  If admitted, I will comply with all applicable Hawaiʻi statutes, laws, and rules of the courts including the Hawaiʻi Rules of Professional Conduct and Guidelines of Professional Courtesy and Civility for Hawaiʻi Lawyers.

10.      <u>Rule 1.9(b)(2)(G)</u>.  If admitted, I shall be subject to all applicable Hawaiʻi statutes, laws, rules of the court, and the Hawaiʻi disciplinary process with respect to any acts or omissions occurring during representation pursuant to Rule 1.9.

11.      <u>Rule 1.9(b)(2)(H)</u>.  I designate Randall C. Whattoff as local counsel as agent for service of Hawaiʻi disciplinary process.

12.      <u>Rule 1.9(c)</u>.  I recognize that an attorney approved to appear *pro hac vice* pursuant to Rule 1.9 is subject to the jurisdiction of Hawaiʻi courts with respect to all applicable Hawaiʻi statutes, laws, and rules of the courts to the same extent as any other attorney admitted

2

to practice in the courts of this state. I further recognize that an attorney approved to appear *pro hac vice* is subject to the disciplinary jurisdiction of the Supreme Court. The court in which an attorney is approved to appear *pro hac vice* or the Supreme Court may, for violations of Hawaiʻi law, the Hawaiʻi Rules of Professional Conduct, or orders of the court, revoke the permission for the attorney to appear *pro hac vice*, or impose any other appropriate sanction.

13.    <u>Rule 1.9(d)</u>. A Hawaiʻi-licensed attorney from Cox Fricke LLP shall sign all pleadings, motions, briefs, or any other documents submitted in the case, and shall participate actively in all phases of the case and be prepared to go forward with the case as required. Service of all documents, including pleadings, shall be upon local counsel, and shall constitute service upon pro hac vice counsel and their client(s).

14.    <u>Rule 1.9(e)</u>. When issued, my co-counsel, Cox Fricke LLP, shall provide a copy of the order allowing the appearance of counsel *pro hac vice* to the Hawaiʻi State Bar and the Office of Disciplinary Counsel, and shall notify the Hawaiʻi State Bar and the Office of Disciplinary Counsel when the *pro hac vice* attorney's involvement is terminated, the case is closed, or the order granting *pro hac vice* admission is no longer valid.

15.    I have extensive experience with high-stakes complex litigation, internal investigations, and mass torts. I have represented companies in complex mass tort and wildfire cases, including defending PG&E in connection with allegations that it caused wildfires in California.

I do declare under penalty of law that the foregoing is true and correct.

Executed in San Francisco, California on September 29, 2023.

_____
Nicholas Fram

3

List of Maui Fire Cases Filed in First and Second Circuits

| | |
|---|---|
| 1ccv-23-0001045 [admitted *pro hac vice*] | Eder v. |
| 1ccv-23-0001114 | Jose v. |
| 2ccv-23-0000224 | Burnes v. |
| 2ccv-23-0000225 | Gomes v. |
| 2ccv-23-0000227 | Apo v. |
| 2ccv-23-0000228 | McIntire v. |
| 2ccv-23-0000230 | Thomas v. |
| 2ccv-23-0000234 | Sanchez v. |
| 2ccv-23-0000235 | Tanabe v. |
| 2ccv-23-0000237 | Jantoc v. |
| 2ccv-23-0000238 | County of Maui v. |
| 2ccv-23-0000239 | Grumet v. |
| 2ccv-23-0000243 | Kohler v. |
| 2ccv-23-0000251 | Wells v. |
| 2ccv-23-0000254 | Sampson v. |
| 2ccv-23-0000255 | Maratea v. |
| 2ccv-23-0000256 | Cuevas-Reyes v. |
| 2ccv-23-0000257 | Tefft v. |
| 2ccv-23-0000258 | Kron v. |
| 2ccv-23-0000259 | Cox v. |
| 2ccv-23-0000260 | Sheikhan v. |
| 2ccv-23-0000265 | Smith v. |
| 2ccv-23-0000269 | Baird v. |
| 2ccv-23-0000270 | Laidlaw v. |
| 2ccv-23-0000272 | Gloege v. |
| 2ccv-23-0000279 | Loui v. |

Exhibit 2

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | |
|---|---|
| COUNTY OF MAUI,<br><br>         Plaintiff,<br>    vs.<br><br>MAUI ELECTRIC COMPANY,<br>LIMITED; HAWAIIAN ELECTRIC<br>COMPANY, INC.; HAWAIʻI ELECTRIC<br>LIGHT COMPANY, INC.; HAWAIIAN<br>ELECTRIC INDUSTRIES, INC.<br>and DOES 1 THROUGH 50, inclusive,<br><br>         Defendants. | CASE NO. 2CCV-23-0000238 PTC<br>(Other Non-Vehicle Tort)<br><br>NOTICE OF HEARING ON MOTION<br>AND CERTIFICATE OF SERVICE<br><br>DATE:   October 20, 2023<br>TIME:    1:30 p.m.<br>JUDGE:  Hon. Peter T. Cahill<br><br>Trial:      None Set<br>Judge:    Hon. Peter T. Cahill |

**NOTICE OF HEARING ON MOTION**

TO:    PARTIES LISTED ON ATTACHED CERTIFICATE OF SERVICE

        NOTICE IS HEREBY GIVEN that the above-identified Motion shall come on for a hybrid **in-person and remote** hearing before the Honorable Peter T. Cahill, Judge of the above-entitled Court, in his courtroom at Hoapili Hale, 2145 Main Street, Wailuku, Hawaiʻi 96793, on Friday, October 20, 2023 at 1:30 oʻclock p.m., or as soon thereafter as counsel may be heard.

        Counsel of record, *pro hac vice* applicants and *pro hac vice* admitted counsel may appear via ZOOM video conferencing and are directed to appear at least **10 minutes** prior to the scheduled start time.  The Zoom meeting ID is: **466 798 4465.**  No password is required.  Attorneys must enter a user name that sets forth their full name, otherwise you will not be admitted into the hearing.  Attorneys must also include the suffix "Esq."

All attorneys and parties shall dress appropriately for the hearing.  **Recording court proceedings is strictly prohibited unless permission is granted by the court.**  The court may impose sanctions for failure to comply with this notice.

DATED:  Honolulu, Hawaiʻi, September 29, 2023.

/s/ Randall C. Whattoff
JOACHIM P. COX
RANDALL C. WHATTOFF

Attorneys for Defendants
MAUI ELECTRIC COMPANY, LIMITED,
HAWAIIAN ELECTRIC COMPANY, INC.,
HAWAII ELECTRIC LIGHT COMPANY, INC.
HAWAIIAN ELECTRIC INDUSTRIES, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date the foregoing document was duly served via JEFS upon the following parties:

VICTORIA J. TAKAYESU
Corporation Counsel
THOMAS KOLBE
thomas.kolbe@co.maui.hi.us
Deputy Corporation Counsel
County of Maui
**DEPARTMENT OF THE CORPORATION COUNSEL**
200 S. High Street
Wailuku, Hawaii 96793

L. RICHARD FRIED, JR.
rfried@croninfried.com
WAYNE K. KEKINA
PATRICK F. MCTERNAN
pmcternan@croninfried.com
**CRONIN, FRIED, SEKIYA, KEKINA & FAIRBANKS**
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawai'i 96813

Attorneys for Plaintiffs

DATED:  Honolulu, Hawai'i, September 29, 2023.

/s/ Randall C. Whattoff
JOACHIM P. COX
RANDALL C. WHATTOFF

Attorneys for Defendants
MAUI ELECTRIC COMPANY, LIMITED,
HAWAIIAN ELECTRIC COMPANY, INC.,
HAWAII ELECTRIC LIGHT COMPANY, INC.
HAWAIIAN ELECTRIC INDUSTRIES, INC.

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
29-SEP-2023
12:45 PM
Dkt. 36 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | FRIDAY, SEPTEMBER 29, 2023 12:45:01 PM |
| **Filing Parties:** | Randall Whattoff |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 35-Motion for _____ |
| **Document Name:** | 35-DEFENDANTS' MOTION FOR PRO HAC VICE ADMISSIONS OF BRAD BRIAN, LISA DEMSKY, AND NICHOLAS FRAM; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF RANDALL C. WHATTOFF; DECLARATION OF BRAD BRIAN; EXHIBIT 1; DECLARATION OF LISA DEMSKY; DECLARATION OF NICHOLAS FRAM; EXHIBIT 2; NOTICE OF HEARING ON MOTION AND CERTIFICATE OF SERVICE |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff *( rwhattoff@cfhawaii.com )*

Joachim Paul Cox *( jcox@cfhawaii.com )*

Second Circuit Court 2nd Division *( courtroom2.2cc@courts.hawaii.gov )*

Patrick F. McTernan *( pmcternan@croninfried.com )*

Wayne K. Kekina *( wkekina@croninfried.com )*

L. Richard Fried *( rfried@croninfried.com )*

Thomas Walter Kolbe *( thomas.kolbe@co.maui.hi.us )*

Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*

COX FRICKE LLP
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOACHIM P. COX                              7520
   jcox@cfhawaii.com
RANDALL C. WHATTOFF                   9487
   rwhattoff@cfhawaii.com
800 Bethel Street, Suite 600
Honolulu, Hawai'i 96813
Telephone:  (808) 585-9440
Facsimile:  (808) 275-3276

Attorneys for Defendant
MAUI ELECTRIC COMPANY, LIMITED,
HAWAIIAN ELECTRIC COMPANY, INC., and
HAWAI'I ELECTRIC LIGHT COMPANY, INC.
HAWAIIAN ELECTRIC INDUSTRIES, INC.

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
02-OCT-2023
08:58 AM
Dkt. 37 ANH**

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAI'I

COUNTY OF MAUI,

          Plaintiff,

   vs.

MAUI ELECTRIC COMPANY,
LIMITED; HAWAIIAN ELECTRIC
COMPANY, INC.; HAWAI'I ELECTRIC
LIGHT COMPANY, INC.; HAWAIIAN
ELECTRIC INDUSTRIES, INC.
and DOES 1 THROUGH 50, inclusive,

          Defendants.

CASE NO. 2CCV-23-0000238 PTC
(Other Non-Vehicle Tort)

**AMENDED** NOTICE OF HEARING
ON DEFENDANTS' MOTION FOR
*PRO HAC VICE* ADMISSIONS OF
BRAD BRIAN, LISA DEMSKY,
AND NICHOLAS FRAM, FILED
SEPTEMBER 29, 2023 [DKT. 35]
AND CERTIFICATE OF SERVICE

DATE:     October 20, 2023
TIME:     1:30 PM
JUDGE:  Hon. Peter T. Cahill

Trial:        None Set
Judge:      Hon. Peter T. Cahill

**AMENDED NOTICE OF HEARING ON DEFENDANTS' MOTION FOR *PRO HAC VICE* ADMISSIONS OF BRAD BRIAN, LISA DEMSKY, AND NICHOLAS FRAM, FILED SEPTEMBER 29, 2023 [DKT. 35]**

TO:     PARTIES LISTED ON ATTACHED CERTIFICATE OF SERVICE

NOTICE IS HEREBY GIVEN that Defendants' Motion for *Pro Hac Vice* Admissions of Brad Brian, Lisa Demsky, and Nicholas Fram, filed September 29, 2023 [Dkt. 35] shall come on for a hybrid **in-person and remote** hearing before the Honorable Peter T. Cahill, Judge of the above-entitled Court, in his courtroom at Hoapili Hale, 2145 Main Street, Wailuku, Hawaiʻi 96793, on Friday, October 20, 2023 at 1:30 o'clock p.m., or as soon thereafter as counsel may be heard.

Counsel of record, *pro hac vice* applicants and *pro hac vice* admitted counsel may appear via ZOOM video conferencing and are directed to appear at least **10 minutes** prior to the scheduled start time.  The Zoom meeting ID is: **808 244 2980.**  No password is required. Attorneys must enter a user name that sets forth their full name, otherwise you will not be admitted into the hearing.  Attorneys must also include the suffix "Esq."

All attorneys and parties shall dress appropriately for the hearing.  **Recording court proceedings is strictly prohibited unless permission is granted by the court.**  The court may impose sanctions for failure to comply with this notice.

DATED:  Honolulu, Hawaiʻi, October 2, 2023.

/s/ Randall C. Whattoff
JOACHIM P. COX
RANDALL C. WHATTOFF

Attorneys for Defendants
MAUI ELECTRIC COMPANY, LIMITED,
HAWAIIAN ELECTRIC COMPANY, INC.,
HAWAII ELECTRIC LIGHT COMPANY, INC.
HAWAIIAN ELECTRIC INDUSTRIES, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date the foregoing document was

duly served via JEFS upon the following parties:


VICTORIA J. TAKAYESU
Corporation Counsel
THOMAS KOLBE
thomas.kolbe@co.maui.hi.us
Deputy Corporation Counsel
County of Maui
**DEPARTMENT OF THE CORPORATION COUNSEL**
200 S. High Street
Wailuku, Hawai'i 96793

L. RICHARD FRIED, JR.
rfried@croninfried.com
WAYNE K. KEKINA
PATRICK F. MCTERNAN
pmcternan@croninfried.com
**CRONIN, FRIED, SEKIYA, KEKINA & FAIRBANKS**
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawai'i 96813

Attorneys for Plaintiffs


DATED:  Honolulu, Hawai'i, October 2, 2023.


/s/ Randall C. Whattoff
JOACHIM P. COX
RANDALL C. WHATTOFF

Attorneys for Defendants
MAUI ELECTRIC COMPANY, LIMITED,
HAWAIIAN ELECTRIC COMPANY, INC.,
HAWAII ELECTRIC LIGHT COMPANY, INC.
HAWAIIAN ELECTRIC INDUSTRIES, INC.

3

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
02-OCT-2023
08:58 AM
Dkt. 38 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | MONDAY, OCTOBER 2, 2023 08:58:25 AM |
| **Filing Parties:** | Randall Whattoff |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 37-Amended Notice of Hearing |
| **Document Name:** | 37-AMENDED NOTICE OF HEARING ON DEFENDANTS' MOTION FOR PRO HAC VICE ADMISSIONS OF BRAD BRIAN, LISA DEMSKY, AND NICHOLAS FRAM, FILED SEPTEMBER 29, 2023 [DKT. 35] AND CERTIFICATE OF SERVICE |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff *( rwhattoff@cfhawaii.com )*

Joachim Paul Cox *( jcox@cfhawaii.com )*

Second Circuit Court 2nd Division *( courtroom2.2cc@courts.hawaii.gov )*

Patrick F. McTernan *( pmcternan@croninfried.com )*

Wayne K. Kekina *( wkekina@croninfried.com )*

L. Richard Fried *( rfried@croninfried.com )*

Thomas Walter Kolbe *( thomas.kolbe@co.maui.hi.us )*
Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*

CF | COX FRICKE
     LLP

office 808.585.9440 – www.cfhawaii.com

Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
05-OCT-2023
10:45 AM
Dkt. 39 LT

October 5, 2023

**Via JEFS**

The Honorable Peter T. Cahill
Judge, Second Circuit Court
2145 Main Street
Wailuku, HI  96793-1679

       **Re:   Maui Wildfire Cases**

To the Honorable Judge Cahill:

As you know, Cox Fricke LLP represents Hawaiian Electric Company, Inc., Hawaiian Electric Industries, Inc., Hawaii Electric Light Company, Inc., and Maui Electric Company, Limited (collectively, the "Utility Defendants") in this case and the other tort cases related to the wildfires that occurred on August 8, 2023 (collectively, the "Wildfire Cases").  We have been working with various groups of Plaintiffs' counsel from the Wildfire Cases, and have reached an agreement across all cases[1] filed in the Second Circuit on the following schedule:

- November 6, 2023:  Utility Defendants' Initial disclosures
- November 13, 2023:  Utility Defendants' Rule 26(f) Conference
- November 17, 2023:  Deadline for defendants to answer or otherwise respond to the complaints
- January 5, 2023:  Plaintiffs' Initial Disclosures (unless otherwise agreed)
- January 20, 2024:  Deadline for defendants to file cross-claims, counterclaims, or third-party complaints[2]

---

[1] The schedule has been agreed to by putative Liaison Counsel on behalf of a group comprising a significant majority of cases in the Second Circuit, and separately agreed to for cases brought by Starn O'Toole, the Law Office of Kyle Smith, Singleton Schreiber, the Stuemke Law Firm, and Rufo Law Group on behalf of their respective clients.

[2] The parties' scheduling agreements also addressed certain other issues, and the parties' reserved certain objections and rights.  The schedule also may change if the parties agree

The Honorable Peter T. Cahill
October 5, 2023
Page 2



Other defendants in cases filed in the Second Circuit—including the State of Hawaiʻi, the County of Maui, and Kamehameha Schools—have been informed of this agreement.  The Utility Defendants have reached a similar agreement on dates with Plaintiffs' counsel for the two tort wildfire cases that are pending in the First Circuit, *Eder* and *Jose*.

We are hopeful that this schedule will allow the parties time to work towards a way for all cases related to the August wildfires to proceed in a coordinated manner.

Sincerely,

COX FRICKE
A LIMITED LIABILITY LAW PARTNERSHIP LLP

/s/*Randall C. Whattoff*

Joachim P. Cox
Randall C. Whattoff

cc (via email):
      Brad D. Brian (*pro hac vice* pending)
      Lisa J. Demsky (*pro hac vice* pending)
      Nicholas D. Fram (*pro hac vice* pending)
      Graham LippSmith (counsel for *Eder* case in First Circuit)
      Lance D. Collins (counsel for *Jose* case in First Circuit)

---

to adjustments in the future or if the Court enters a Case Management Order that supersedes the parties' agreements.

# NOTICE OF ELECTRONIC FILING

**Electronically Filed**
**SECOND CIRCUIT**
**2CCV-23-0000238**
**05-OCT-2023**
**10:45 AM**
**Dkt. 40 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | THURSDAY, OCTOBER 5, 2023 10:45:31 AM |
| **Filing Parties:** | Randall Whattoff |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 39-Letter |
| **Document Name:** | 39-October 5, 2023 Letter to Judge Peter Cahill re Deadlines |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff ( *rwhattoff@cfhawaii.com* )

Joachim Paul Cox ( *jcox@cfhawaii.com* )

Second Circuit Court 2nd Division ( *courtroom2.2cc@courts.hawaii.gov* )

Patrick F. McTernan ( *pmcternan@croninfried.com* )

Wayne K. Kekina ( *wkekina@croninfried.com* )

L. Richard Fried ( *rfried@croninfried.com* )

Thomas Walter Kolbe ( *thomas.kolbe@co.maui.hi.us* )

Victoria J. Takayesu-Hamilton ( *victoria.takayesu-hamilton@co.maui.hi.us* )

**DEPARMENT OF THE**
**CORPORATION COUNSEL**   205

VICTORIA J. TAKAYESU   5481
Corporation Counsel
THOMAS KOLBE          7679
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Telephone: (808) 270-7741
Facsimile:  (808) 270-7152
thomas.kolbe@co.maui.hi.us


**CRONIN, FRIED, SEKIYA,**
**KEKINA & FAIRBANKS**
L. Richard Fried, Jr.        0764-0
Wayne K. Kekina             0780-0
Patrick F. McTernan         4269-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaiʻi 96813
Telephone: (808) 524-1433
Facsimile:  (808) 536-2073
rfried@croninfried.com
wkekina@croninfried.com
pmcternan@croninfried.com


**BARON & BUDD, P.C.**
John P. Fiske (CA SBN 249256)
(*Pro Hac Vice Requested*)
11440 West Bernardo Court Suite 265,
San Diego, CA 92127
Telephone:  (858) 251-7424
Fax: (214) 520-1181
jfiske@baronbudd.com

**Electronically Filed**
**SECOND CIRCUIT**
**2CCV-23-0000238**
**06-OCT-2023**
**12:02 PM**
**Dkt. 41 MOT**

**DIAB CHAMBERS LLP**
Ed Diab (CA SBN 262319)
*(Pro Hac Vice Requested)*
Robert J. Chambers, II (CA SBN 244688)
*(Pro Hac Vice Requested)*
10089 Willow Creek Rd., Suite 200
San Diego, CA 92131
Tel: (619) 658-7010
ed@dcfirm.com
rob@dcfirm.com

Attorneys for Plaintiff
COUNTY OF MAUI

### IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

### STATE OF HAWAIʻI

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. 2CCV-23-0000238(2) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | PLAINTIFF'S MOTION FOR |
| vs. | ) | ADMISSION OF ROBERT J. |
| | ) | CHAMBERS II PRO HAC VICE; |
| | ) | DECLARATION OF PATRICK F. |
| MAUI ELECTRIC COMPANY, | ) | McTERNAN; DECLARATION OF L. |
| LIMITED; HAWAIIAN ELECTRIC | ) | RICHARD FRIED, JR.; DECLARATION |
| COMPANY, INC.; HAWAIʻI ELECTRIC | ) | OF ROBERT J. CHAMBERS II; NOTICE |
| LIGHT COMPANY, INC.; HAWAIIAN | ) | OF HEARING OF MOTION and |
| ELECTRIC INDUSTRIES, INC. and | ) | CERTIFICATE OF SERVICE |
| DOES 1 THROUGH 50, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | HEARING |
| | ) | DATE:    November 17, 2023 |
| | ) | TIME:    9:00 a.m. |
| | ) | JUDGE:  Honorable Peter T. Cahill |
| | ) | Chief Judge |
| | ) | |
| | ) | No trial date has been set. |
| _____ | ) | |

### PLAINTIFF'S MOTION FOR ADMISSION OF
### ROBERT J. CHAMBERS II PRO HAC VICE

Comes now Plaintiff County of Maui ("Plaintiff"), by and through its attorneys, and

hereby moves this Honorable Court for an order permitting Robert J. Chambers II of the law firm

2

of Diab Chambers LLP, to appear and associate as co-counsel with the County of Maui

Department of the Corporation Counsel and the Honolulu law firm of Cronin, Fried, Sekiya,

Kekina & Fairbanks, in representing Plaintiff in this action.  Mr. Chambers has special

experience in representing governmental entities in actions such as this one, and would serve as a

valuable asset to Plaintiff during this proceeding.

   This Motion is brought pursuant to Rule 1.9 of the Rules of the Supreme Court of the

State of Hawaiʻi and Rule 5.5 of the Hawaiʻi Rules of Professional Conduct, and is based upon

the attached declarations, the files and records herein, and such further and additional matters

that may be presented prior to adjudication of this motion, all of which are incorporated herein

by reference.

   DATED:  Honolulu, Hawaiʻi, October 6, 2023.


                              /s/ Patrick F. McTernan
                              L. RICHARD FRIED, JR.
                              WAYNE K. KEKINA
                              PATRICK F. McTERNAN

                              Attorneys for Plaintiff

3

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAI'I

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. 2CCV-23-0000238(2) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | DECLARATION OF PATRICK F. |
| vs. | ) | McTERNAN |
| | ) | |
| MAUI ELECTRIC COMPANY, | ) | |
| LIMITED; HAWAIIAN ELECTRIC | ) | |
| COMPANY, INC.; HAWAI'I ELECTRIC | ) | |
| LIGHT COMPANY, INC.; HAWAIIAN | ) | |
| ELECTRIC INDUSTRIES, INC. and | ) | |
| DOES 1 THROUGH 50, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

DECLARATION OF PATRICK F. McTERNAN

I, Patrick F. McTernan, hereby declare as follows:

1.      I am an attorney licensed to practice law before all courts of the State of Hawai'i and I am one of the attorneys representing Plaintiff County of Maui ("Plaintiff" or "County"), in this action.

2.      I have personal knowledge regarding the matters stated herein, except as to matters stated upon information and belief, and as to those matters, I believe them to be true and correct after reasonable inquiry.

3.      I am a shareholder in the law firm of Cronin, Fried, Sekiya, Kekina & Fairbanks ("Cronin Fried"), whose business address is 841 Bishop Street, Suite 600, Honolulu, Hawai'i 96813, which is the address at which all case-related documents may be served.

4.      L. Richard Fried, Jr. ("Rick Fried") and I, and the Cronin Fried law firm, are counsel of record for Plaintiff in this case and are responsible for all phases of this litigation. Mr. Fried and

I represent the County of Maui only as Plaintiff in this action and not as counsel for the County in its capacity as a defendant in any litigation.

5. I respectfully request that attorney Robert J. Chambers II ("Rob Chambers") be permitted to appear *pro hac vice* to serve as co-counsel for Plaintiff in this action.

6. It is my belief that Mr. Chambers will be of great assistance to Cronin Fried and the County in this matter and in any subsequent proceedings. Mr. Chambers would also be appearing for the County only in its capacity as Plaintiff in this action, and not as counsel for the County in its capacity as a defendant in any litigation.

7. Upon information and belief, Rob Chambers and the law firm of Diab Chambers LLP ("Diab Chambers") have worked closely with John Fiske of the law firm of Baron & Budd, P.C. ("Baron & Budd") for many years, focusing their practice on the representation of governmental entities trying to recover from the kinds of devastating wildfires that are the subject of this litigation. Mr. Fiske is also seeking *pro hac vice* admission by separate motion.

8. Rick Fried and I have worked with other Baron & Budd attorneys in the past in the State's *Plavix* and *Opioids* cases, and have always found them to be extremely professional, experienced, civil and collegial, and very respectful of our courts, our legal system, and local litigation practices.

9. On occasion, they have also been able to bring to bear resources that Corporation Counsel and most Hawaiʻi law firms would be hard-pressed to match. For example, in the *Plavix* case, Baron & Budd was able to process and store a 12.5-million-page document dump by the defendants, and to review and rate such a significant portion of those documents that the State was able to introduce at trial literally dozens of smoking-gun documents that were instrumental in establishing the Defendants' liability. As a result of these efforts, the trial court found, and the Supreme Court of Hawaiʻi affirmed on appeal, that two major drug companies, Bristol-Myers

Squibb and Sanofi, acted in an unscrupulous, immoral, unethical, and oppressive manner toward Hawai'i patients regarding their heart and stroke medication, Plavix, for almost 12 years, during which time more than 834,000 prescriptions were filled or refilled in Hawai'i alone.

10.     In the State's *Opioids* cases, Baron & Budd attorneys have been instrumental in reaching settlements for the State that, over time, will pay out more than $135 million.

11.     In the short time we have known him, Baron & Budd partner John Fiske has demonstrated the same exceptional qualities we have found in working with his various partners, as has Rob Chambers, the *pro hac vice* applicant here. Moreover, Rob Chambers, his partner Ed Diab, and John Fiske have demonstrated an in-depth knowledge and understanding of the many complex legal, factual and procedural issues that underlie the kinds of wildfire cases we will be dealing with here. For example, they brought together a team of experts that immediately began investigating and analyzing not only the cause, origin and spread of the fire, but the extraordinarily complex damages the County – and thus its residents – have sustained as a result of this tragic incident.

12.     Additionally, based upon my many discussions with Rob Chambers and his colleagues, Mr. Chambers has demonstrated extensive experience in the procedural complexities the parties and the Court will likely face in moving forward a large number of wildfire cases involving many different and very plaintiff-specific kinds of injuries and damages. To the extent the Court might wish to draw on it, Rob Chambers' experience in these areas could prove to be an invaluable resource.

13.     Furthermore, upon information and belief, Mr. Chambers and his team focus their practice specifically on wildfire cases and almost exclusively on the representation of public entities harmed by wildfires, including many towns and counties in California. As a result, Mr. Chambers and his team have a wealth of experience recognizing and evaluating many elements

3

of damages that are unique to public entities, and also in helping their public entity clients to interact with their casualty insurance companies and state and federal emergency management organization in an effort to maximize the benefits or assistance to which they may be entitled.

14.     Attorneys from Cronin Fried or, if they wish, Corporation Counsel, will sign all pleadings, motions, briefs, or any other documents submitted in the case, and Cronin Fried and I will participate actively in all phases of the litigation and will be prepared to go forward with the case as required.

15.     Service of all papers and pleadings may be made upon our office and shall constitute service upon our client and our *pro hac vice* co-counsel.

16.     As local counsel, my office or Corporation Counsel will handle all electronic filings in the case, and an attorney from Cronin Fried and/or Corporation Counsel shall attend all hearings and other proceedings in this action unless otherwise excused by the Court.

17.     Attached hereto in accordance with Rule 5.3 of the Hawai'i Electronic Filing & Service Rules are scanned copies of the Declarations of L. Richard Fried, Jr., and *pro hac vice* applicant Robert J. Chambers II. The signed originals are in our files.

I declare under penalty of perjury under the laws of the State of Hawai'i that the foregoing is true and correct to the best of my knowledge and belief.

DATED:  Honolulu, Hawai'i, October 6, 2023.


 /s/ Patrick F. McTernan_____
PATRICK F. McTERNAN



*County of Maui vs. Maui Electric Company, Limited, et al.*, Civil No. 2CCV-23-0000238(2); DECLARATION OF PATRICK F. McTERNAN

4

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. 2CCV-23-0000238(2) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | DECLARATION OF L. RICHARD |
| vs. | ) | FRIED, JR. |
| | ) | |
| MAUI ELECTRIC COMPANY, | ) | |
| LIMITED; HAWAIIAN ELECTRIC | ) | |
| COMPANY, INC.; HAWAIʻI ELECTRIC | ) | |
| LIGHT COMPANY, INC.; HAWAIIAN | ) | |
| ELECTRIC INDUSTRIES, INC. and | ) | |
| DOES 1 THROUGH 50, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

DECLARATION OF L. RICHARD FRIED, JR.

I, L. Richard Fried, Jr., hereby declare as follows:

1.     I am an attorney licensed to practice law before all courts of the State of Hawaiʻi and I am one of the attorneys representing Plaintiff County of Maui ("Plaintiff" or "County"), in this action.

2.     I have personal knowledge regarding the matters stated herein, except as to matters stated upon information and belief, and as to those matters, I believe them to be true and correct after reasonable inquiry.

3.     I am a founding partner, shareholder and president of the law firm of Cronin, Fried, Sekiya, Kekina & Fairbanks ("Cronin Fried"), whose business address is 841 Bishop Street, Suite 600, Honolulu, Hawaiʻi  96813, which is the address at which all case-related documents may be served.

4.      My partner, Patrick F. McTernan, and I, and the Cronin Fried law firm, are counsel of record for Plaintiff in this case and are responsible for all phases of this litigation. Pat McTernan and I represent the County of Maui only as Plaintiff in this action and not as counsel for the County in its capacity as a defendant in any litigation.

5.      I respectfully request that attorney Robert J. Chambers II ("Rob Chambers") be permitted to appear *pro hac vice* to serve as co-counsel for Plaintiff in this action.

6.      It is my belief that Mr. Chambers will be of great assistance to Cronin Fried and the County in this matter and in any subsequent proceedings. Mr. Chambers would also be appearing for the County only in its capacity as Plaintiff in this action, and not as counsel for the County in its capacity as a defendant in any litigation.

7.      My experience with *pro hac vice* applicant Rob Chambers and his law firm, Diab Chambers LLP ("Diab Chambers"), mirrors the statements of my partner, Patrick F. McTernan, in his declaration. To avoid any doubt, I will reiterate those thoughts here.

8.      Upon information and belief, Rob Chambers and the law firm of Diab Chambers have worked closely with John Fiske of the law firm of Baron & Budd, P.C. ("Baron & Budd") for many years, focusing their practice on the representation of governmental entities trying to recover from the kinds of devastating wildfires that are the subject of this litigation. Mr. Fiske is also seeking *pro hac vice* admission by separate motion.

9.      Pat McTernan and I have worked with other Baron & Budd attorneys in the past in the State's *Plavix* and *Opioids* cases, and have always found them to be extremely professional, experienced, civil and collegial, and very respectful of our courts, our legal system, and local litigation practices.

10.     On occasion, they have also been able to bring to bear resources that Corporation Counsel and most Hawaiʻi law firms would be hard-pressed to match. For example, in the *Plavix*

case, Baron & Budd was able to process and store a 12.5-million-page document dump by the defendants, and to review and rate such a significant portion of those documents that the State was able to introduce at trial literally dozens of smoking-gun documents that were instrumental in establishing the Defendants' liability. As a result of these efforts, the trial court found, and the Supreme Court of Hawai'i affirmed on appeal, that two major drug companies, Bristol-Myers Squibb and Sanofi, acted in an unscrupulous, immoral, unethical, and oppressive manner toward Hawai'i patients regarding their heart and stroke medication, Plavix, for almost 12 years, during which time more than 834,000 prescriptions were filled or refilled in Hawai'i alone.

11.     In the State's *Opioids* cases, Baron & Budd attorneys have been instrumental in reaching settlements for the State that, over time, will pay out more than $135 million.

12.     In the short time we have known him, Baron & Budd partner John Fiske has demonstrated the same exceptional qualities we have found in working with his various partners, as has Rob Chambers, the *pro hac vice* applicant here. Moreover, Rob Chambers, his partner Ed Diab, and John Fiske have demonstrated an in-depth knowledge and understanding of the many complex legal, factual and procedural issues that underlie the kinds of wildfire cases we will be dealing with here. For example, they brought together a team of experts that immediately began investigating and analyzing not only the cause, origin and spread of the fire, but the extraordinarily complex damages the County – and thus its residents – have sustained as a result of this tragic incident.

13.     Additionally, based upon my many discussions with Rob Chambers and his colleagues, Mr. Chambers has demonstrated extensive experience in the procedural complexities the parties and the Court will likely face in moving forward a large number of wildfire cases involving many different and very plaintiff-specific kinds of injuries and damages. To the extent

the Court might wish to draw on it, Rob Chambers' experience in these areas could prove to be an invaluable resource.

14.     Furthermore, upon information and belief, Mr. Chambers and his team focus their practice specifically on wildfire cases and almost exclusively on the representation of public entities harmed by wildfires, including many towns and counties in California. As a result, Mr. Chambers and his team have a wealth of experience recognizing and evaluating many elements of damages that are unique to public entities, and also in helping their public entity clients to interact with their casualty insurance companies and state and federal emergency management organization in an effort to maximize the benefits or assistance to which they may be entitled.

15.     Attorneys from Cronin Fried or, if they wish, Corporation Counsel, will sign all pleadings, motions, briefs, or any other documents submitted in the case, and Cronin Fried and I will participate actively in all phases of the litigation and will be prepared to go forward with the case as required.

16.     Service of all papers and pleadings shall be upon my office and shall constitute service upon my client and our *pro hac vice* co-counsel.

17.     As local counsel, my office or, if they wish, Corporation Counsel will handle all electronic filings in the case, and an attorney from Cronin Fried and/or Corporation Counsel shall attend all hearings and other proceedings in this action unless otherwise excused by the Court.

I declare under penalty of perjury under the laws of the State of Hawaiʻi that the foregoing is true and correct to the best of my knowledge and belief.

DATED:  Honolulu, Hawaiʻi, October 6, 2023.

/s/ L. Richard Fried, Jr.
L. RICHARD FRIED, JR.

4

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| COUNTY OF MAUI,<br><br>   Plaintiff,<br><br> vs.<br><br>MAUI ELECTRIC COMPANY,<br>LIMITED; HAWAIIAN ELECTRIC<br>COMPANY, INC.; HAWAI'I ELECTRIC<br>LIGHT COMPANY, INC.; HAWAIIAN<br>ELECTRIC INDUSTRIES, INC. and<br>DOES 1 THROUGH 50, inclusive,<br><br>   Defendants.<br>_____ | ) CIVIL NO. 2CCV-23-0000238 (2)<br>) (Other Non-Vehicle Tort)<br>)<br>)<br>) **DECLARATION OF ROBERT J.**<br>) **CHAMBERS II**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) No trial date has been set. |

<u>DECLARATION OF ROBERT J. CHAMBERS II</u>

   I, Robert Chambers, hereby declare as follows:

  1.  I am a partner with the law firm of Diab Chambers LLP ("Diab Chambers") practicing out of the firm's office located at 10089 Willow Creek Road, Suite 200, San Diego, California 92131; telephone number: (619) 658-7010; e-mail: rob@dcfirm.com.

  2.  Diab Chambers has been retained to represent COUNTY OF MAUI, in connection with claims against the above-named Defendants.

  3.  I reside in San Diego, California, and do not reside within the State of Hawai'i.

  4.  I am neither a resident of the State of Hawai'i, regularly employed in Hawai'i, nor regularly engaged in any business or professional activities in Hawai'i.

  5.  I am a member in good standing of the California State Bar. I am also admitted to practice before the following courts: United States District Court for the Northern District of California, United States District Court for the Southern District of California, United States

District Court for the Eastern District of California, and United States District Court for the Central District of California.

6.      I am presently in good standing to practice before all the courts to which I have been admitted and no disciplinary or grievance proceedings have been filed or are pending against me.

7.      I am not currently, nor have I ever been, suspended or disbarred from the practice of law before any court or otherwise disciplined.

8.      I have not previously been admitted to practice *pro hac vice* in any other cases in the State of Hawai'i.

9.      Opposing counsel may readily communicate with Plaintiff's local counsel, L. Richard Fried Jr., Wayne K. Kekina and Patrick F. McTernan of the Honolulu law firm of Cronin, Fried, Sekiya, Kekina & Fairbanks ("Cronin Fried"), concerning this action and upon whom service may be made of papers in this action in accordance with the Hawai'i Rules of Civil Procedure.

10.      At all times, Cronin Fried shall serve as local counsel and participate meaningfully, substantially and continuously in the preparation of this case with the authority and responsibility to act as attorneys of record for all purposes.

11.      Any document required or permitted to be served upon an attorney of record for Plaintiff in this action may be served upon Cronin Fried, and such service shall be deemed proper and effective to the fullest extent provided by the Hawai'i Rules of Civil Procedure.

12.      An attorney from Cronin Fried will attend all court-related proceedings in this action unless excused by this Court.

13.      I have read and familiarized myself with the Hawai'i Rules of Civil Procedure to give meaningful assistance as co-counsel for the County of Maui.

14.     If admitted, I shall be subject to all applicable Hawaiʻi statutes, laws, rules of court, and the Hawaiʻi disciplinary process with respect to any acts or omissions occurring during representation pursuant to Rule 1.9 of the Rules of the Supreme Court of the State of Hawaiʻi.

15.     If admitted, I affirm that I will comply with all applicable Hawaiʻi statutes, laws, and rules of the court, including the Hawaiʻi Rules of Professional Conduct and the Guidelines for Professional Courtesy and Civility for Hawaiʻi Lawyers.

16.     I consent to the exercise of disciplinary jurisdiction of this Court and certify my familiarity with the Local Rules of Practice.

17.     I designate local counsel, L. Richard Fried, Jr., Esq. and Patrick F. McTernan, Esq., of the Cronin Fried law firm, as my agents for service of Hawaiʻi disciplinary process.

18.     I respectfully submit that my background and experience with specific claims and issues in this case will assist in the representation of Plaintiff County of Maui.

19.     I declare under penalty of perjury under the laws of the State of Hawaiʻi and the State of California that the foregoing is true and correct.

DATED: San Diego, California, October 3, 2023.

/s/ _____     Robert J. Chambers II

3

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAI'I

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. 2CCV-23-0000238(2) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | NOTICE OF HEARING MOTION and |
| vs. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| MAUI ELECTRIC COMPANY, | ) | |
| LIMITED; HAWAIIAN ELECTRIC | ) | |
| COMPANY, INC.; HAWAI'I ELECTRIC | ) | |
| LIGHT COMPANY, INC.; HAWAIIAN | ) | |
| ELECTRIC INDUSTRIES, INC. and | ) | |
| DOES 1 THROUGH 50, inclusive, | ) | |
| | ) | |
| Defendants. | ) | Judge: Honorable Peter T. Cahill |
| | ) | No trial date set. |
| _____ | ) | |

NOTICE OF HEARING MOTION

TO:     JOACHIM P. COX, ESQ.
        RANDALL C. WHATTOFF, ESQ.
        COX FRICKE LLP
        800 Bethel Street, Suite 600
        Honolulu, Hawai'i 96813

        Attorney for Defendants
        MAUI ELECTRIC COMPANY, LIMITED,
        HAWAIIAN ELECTRIC COMPANY, INC.,
        HAWAI'I ELECTRIC LIGHT COMPANY, INC.,
        and HAWAIIAN ELECTRIC INDUSTRIES, INC.

        NOTICE IS HEREBY GIVEN that the above-identified Motion for Admission of Robert

J. Chambers II Pro Hac Vice shall come on for hearing before the Honorable Peter T. Cahill,

Judge of the above-entitled court, at Hoapili Hale, 2145 Main Street, Courtroom 2, Wailuku,

Hawai'i 96793, on November 17, 2023 at 9:00 a.m., or as soon thereafter as counsel may be

heard.

DATED:  Honolulu, Hawai'i, October 6, 2023.


/s/ Patrick F. McTernan
L. RICHARD FRIED, JR.
WAYNE K. KEKINA
PATRICK F. MCTERNAN
Attorneys for Plaintiff


CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date true and correct copies of the foregoing document were duly served upon the above-identified parties via the court's electronic filing system.

DATED:  Honolulu, Hawai'i, October 6, 2023.


/s/ Patrick F. McTernan
L. RICHARD FRIED, JR.
WAYNE K. KEKINA
PATRICK F. MCTERNAN
Attorneys for Plaintiff

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
06-OCT-2023
12:02 PM
Dkt. 42 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | FRIDAY, OCTOBER 6, 2023 12:02:55 PM |
| **Filing Parties:** | Patrick McTernan |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 41-Motion for _____ |
| **Document Name:** | 41-PLAINTIFF'S MOTION FOR ADMISSION OF ROBERT J. CHAMBERS II PRO HAC VICE; DECLARATION OF PATRICK F. McTERNAN; DECLARATION OF L. RICHARD FRIED, JR.; DECLARATION OF ROBERT J. CHAMBERS II; NOTICE OF HEARING OF MOTION and CERTIFICATE OF SERVICE |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff *( rwhattoff@cfhawaii.com )*

Joachim Paul Cox *( jcox@cfhawaii.com )*

Second Circuit Court 2nd Division *( courtroom2.2cc@courts.hawaii.gov )*

Patrick F. McTernan *( pmcternan@croninfried.com )*

Wayne K. Kekina *( wkekina@croninfried.com )*

L. Richard Fried *( rfried@croninfried.com )*

Thomas Walter Kolbe *( thomas.kolbe@co.maui.hi.us )*

Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*

**DEPARMENT OF THE**
**CORPORATION COUNSEL**   205

VICTORIA J. TAKAYESU   5481
Corporation Counsel
THOMAS KOLBE          7679
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Telephone: (808) 270-7741
Facsimile:  (808) 270-7152
thomas.kolbe@co.maui.hi.us


**CRONIN, FRIED, SEKIYA,**
**KEKINA & FAIRBANKS**
L. Richard Fried, Jr.       0764-0
Wayne K. Kekina            0780-0
Patrick F. McTernan        4269-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaiʻi 96813
Telephone: (808) 524-1433
Facsimile:  (808) 536-2073
rfried@croninfried.com
wkekina@croninfried.com
pmcternan@croninfried.com


**BARON & BUDD, P.C.**
John P. Fiske (CA SBN 249256)
(*Pro Hac Vice Requested*)
11440 West Bernardo Court Suite 265,
San Diego, CA 92127
Telephone:  (858) 251-7424
Fax: (214) 520-1181
jfiske@baronbudd.com

**Electronically Filed**
**SECOND CIRCUIT**
**2CCV-23-0000238**
**06-OCT-2023**
**12:42 PM**
**Dkt. 43 MOT**

**DIAB CHAMBERS LLP**
Ed Diab (CA SBN 262319)
*(Pro Hac Vice Requested)*
Robert J. Chambers, II (CA SBN 244688)
*(Pro Hac Vice Requested)*
10089 Willow Creek Rd., Suite 200
San Diego, CA 92131
Tel: (619) 658-7010
ed@dcfirm.com
rob@dcfirm.com

Attorneys for Plaintiff
COUNTY OF MAUI

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. 2CCV-23-0000238(2) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | PLAINTIFF'S MOTION FOR |
| vs. | ) | ADMISSION OF ED DIAB PRO HAC |
| | ) | VICE; DECLARATION OF PATRICK F. |
| MAUI ELECTRIC COMPANY, | ) | McTERNAN; DECLARATION OF L. |
| LIMITED; HAWAIIAN ELECTRIC | ) | RICHARD FRIED, JR.; DECLARATION |
| COMPANY, INC.; HAWAIʻI ELECTRIC | ) | OF ED DIAB; NOTICE OF HEARING OF |
| LIGHT COMPANY, INC.; HAWAIIAN | ) | MOTION and CERTIFICATE OF |
| ELECTRIC INDUSTRIES, INC. and | ) | SERVICE |
| DOES 1 THROUGH 50, inclusive, | ) | |
| | ) | |
| Defendants. | ) | HEARING |
| | ) | DATE:   November 17, 2023 |
| | ) | TIME:   9:00 a.m. |
| | ) | JUDGE:  Honorable Peter T. Cahill |
| | ) | Chief Judge |
| | ) | |
| | ) | No trial date has been set. |
| _____ | ) | |

<u>PLAINTIFF'S MOTION FOR ADMISSION OF ED DIAB PRO HAC VICE</u>

Comes now Plaintiff County of Maui ("Plaintiff"), by and through its attorneys, and

hereby moves this Honorable Court for an order permitting Ed Diab of the law firm of Diab

Chambers LLP, to appear and associate as co-counsel with the County of Maui Department of

2

the Corporation Counsel and the Honolulu law firm of Cronin, Fried, Sekiya, Kekina & Fairbanks, in representing Plaintiff in this action.  Mr. Diab has special experience in representing governmental entities in actions such as this one, and would serve as a valuable asset to Plaintiff during this proceeding.

   This Motion is brought pursuant to Rule 1.9 of the Rules of the Supreme Court of the State of Hawaiʻi and Rule 5.5 of the Hawaiʻi Rules of Professional Conduct, and is based upon the attached declarations, the files and records herein, and such further and additional matters that may be presented prior to adjudication of this motion, all of which are incorporated herein by reference.

   DATED:  Honolulu, Hawaiʻi, October 6, 2023.


/s/ Patrick F. McTernan
L. RICHARD FRIED, JR.
WAYNE K. KEKINA
PATRICK F. McTERNAN

Attorneys for Plaintiff

3

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. 2CCV-23-0000238(2) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | DECLARATION OF PATRICK F. |
| vs. | ) | McTERNAN |
| | ) | |
| MAUI ELECTRIC COMPANY, | ) | |
| LIMITED; HAWAIIAN ELECTRIC | ) | |
| COMPANY, INC.; HAWAIʻI ELECTRIC | ) | |
| LIGHT COMPANY, INC.; HAWAIIAN | ) | |
| ELECTRIC INDUSTRIES, INC. and | ) | |
| DOES 1 THROUGH 50, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

DECLARATION OF PATRICK F. McTERNAN

I, Patrick F. McTernan, hereby declare as follows:

1.      I am an attorney licensed to practice law before all courts of the State of Hawaiʻi and I am one of the attorneys representing Plaintiff County of Maui ("Plaintiff" or "County"), in this action.

2.      I have personal knowledge regarding the matters stated herein, except as to matters stated upon information and belief, and as to those matters, I believe them to be true and correct after reasonable inquiry.

3.      I am a shareholder in the law firm of Cronin, Fried, Sekiya, Kekina & Fairbanks ("Cronin Fried"), whose business address is 841 Bishop Street, Suite 600, Honolulu, Hawaiʻi 96813, which is the address at which all case-related documents may be served.

4.      L. Richard Fried, Jr. ("Rick Fried") and I, and the Cronin Fried law firm, are counsel of record for Plaintiff in this case and are responsible for all phases of this litigation. Mr. Fried and

I represent the County of Maui only as Plaintiff in this action and not as counsel for the County in its capacity as a defendant in any litigation.

5.      I respectfully request that attorney Ed Diab be permitted to appear *pro hac vice* to serve as co-counsel for Plaintiff in this action.

6.      It is my belief that Mr. Diab will be of great assistance to Cronin Fried and the County in this matter and in any subsequent proceedings. Mr. Diab would also be appearing for the County only in its capacity as Plaintiff in this action, and not as counsel for the County in its capacity as a defendant in any litigation.

7.      Upon information and belief, Ed Diab and the law firm of Diab Chambers LLP ("Diab Chambers") have worked closely with John Fiske of the law firm of Baron & Budd, P.C. ("Baron & Budd") for many years, focusing their practice on the representation of governmental entities trying to recover from the kinds of devastating wildfires that are the subject of this litigation. Mr. Fiske is also seeking *pro hac vice* admission by separate motion.

8.      Rick Fried and I have worked with other Baron & Budd attorneys in the past in the State's *Plavix* and *Opioids* cases, and have always found them to be extremely professional, experienced, civil and collegial, and very respectful of our courts, our legal system, and local litigation practices.

9.      On occasion, they have also been able to bring to bear resources that Corporation Counsel and most Hawaiʻi law firms would be hard-pressed to match. For example, in the *Plavix* case, Baron & Budd was able to process and store a 12.5-million-page document dump by the defendants, and to review and rate such a significant portion of those documents that the State was able to introduce at trial literally dozens of smoking-gun documents that were instrumental in establishing the Defendants' liability. As a result of these efforts, the trial court found, and the Supreme Court of Hawaiʻi affirmed on appeal, that two major drug companies, Bristol-Myers

Squibb and Sanofi, acted in an unscrupulous, immoral, unethical, and oppressive manner toward Hawai'i patients regarding their heart and stroke medication, Plavix, for almost 12 years, during which time more than 834,000 prescriptions were filled or refilled in Hawai'i alone.

10.     In the State's *Opioids* cases, Baron & Budd attorneys have been instrumental in reaching settlements for the State that, over time, will pay out more than $135 million.

11.     In the short time we have known him, Baron & Budd partner John Fiske has demonstrated the same exceptional qualities we have found in working with his various partners, as has Ed Diab, the *pro hac vice* applicant here. Moreover, Ed Diab, his partner Robert J. Chambers, II ("Rob Chambers"), and John Fiske have demonstrated an in-depth knowledge and understanding of the many complex legal, factual and procedural issues that underlie the kinds of wildfire cases we will be dealing with here. For example, they brought together a team of experts that immediately began investigating and analyzing not only the cause, origin and spread of the fire, but the extraordinarily complex damages the County – and thus its residents – have sustained as a result of this tragic incident.

12.     Additionally, based upon my many discussions with Ed Diab and his colleagues, Mr. Diab has demonstrated extensive experience in the procedural complexities the parties and the Court will likely face in moving forward a large number of wildfire cases involving many different and very plaintiff-specific kinds of injuries and damages. To the extent the Court might wish to draw on it, Ed Diab's experience in these areas could prove to be an invaluable resource.

13.     Furthermore, upon information and belief, Mr. Diab and his team focus their practice specifically on wildfire cases and almost exclusively on the representation of public entities harmed by wildfires, including many towns and counties in California. As a result, Mr. Diab and his team have a wealth of experience recognizing and evaluating many elements of damages that are unique to public entities, and also in helping their public entity clients to

3

interact with their casualty insurance companies and state and federal emergency management organization in an effort to maximize the benefits or assistance to which they may be entitled.

14.     Attorneys from Cronin Fried or, if they wish, Corporation Counsel, will sign all pleadings, motions, briefs, or any other documents submitted in the case, and Cronin Fried and I will participate actively in all phases of the litigation and will be prepared to go forward with the case as required.

15.     Service of all papers and pleadings may be made upon our office and shall constitute service upon our client and our *pro hac vice* co-counsel.

16.     As local counsel, my office or Corporation Counsel will handle all electronic filings in the case, and an attorney from Cronin Fried and/or Corporation Counsel shall attend all hearings and other proceedings in this action unless otherwise excused by the Court.

17.     Attached hereto in accordance with Rule 5.3 of the Hawai'i Electronic Filing & Service Rules are scanned copies of the Declarations of L. Richard Fried, Jr., and *pro hac vice* applicant Ed Diab. The signed originals are in our files.

I declare under penalty of perjury under the laws of the State of Hawai'i that the foregoing is true and correct to the best of my knowledge and belief.

DATED:  Honolulu, Hawai'i, October 6, 2023.

 /s/ Patrick F. McTernan
PATRICK F. McTERNAN

*County of Maui vs. Maui Electric Company, Limited, et al.*, Civil No. 2CCV-23-0000238(2);
DECLARATION OF PATRICK F. McTERNAN

4

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. 2CCV-23-0000238(2) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | DECLARATION OF L. RICHARD |
| vs. | ) | FRIED, JR. |
| | ) | |
| MAUI ELECTRIC COMPANY, | ) | |
| LIMITED; HAWAIIAN ELECTRIC | ) | |
| COMPANY, INC.; HAWAIʻI ELECTRIC | ) | |
| LIGHT COMPANY, INC.; HAWAIIAN | ) | |
| ELECTRIC INDUSTRIES, INC. and | ) | |
| DOES 1 THROUGH 50, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## DECLARATION OF L. RICHARD FRIED, JR.

I, L. Richard Fried, Jr., hereby declare as follows:

1.      I am an attorney licensed to practice law before all courts of the State of Hawaiʻi and I am one of the attorneys representing Plaintiff County of Maui ("Plaintiff" or "County"), in this action.

2.      I have personal knowledge regarding the matters stated herein, except as to matters stated upon information and belief, and as to those matters, I believe them to be true and correct after reasonable inquiry.

3.      I am a founding partner, shareholder and president of the law firm of Cronin, Fried, Sekiya, Kekina & Fairbanks ("Cronin Fried"), whose business address is 841 Bishop Street, Suite 600, Honolulu, Hawaiʻi  96813, which is the address at which all case-related documents may be served.

4.      My partner, Patrick F. McTernan, and I, and the Cronin Fried law firm, are counsel of record for Plaintiff in this case and are responsible for all phases of this litigation. Pat McTernan and I represent the County of Maui only as Plaintiff in this action and not as counsel for the County in its capacity as a defendant in any litigation.

5.      I respectfully request that attorney Ed Diab be permitted to appear *pro hac vice* to serve as co-counsel for Plaintiff in this action.

6.      It is my belief that Mr. Diab will be of great assistance to Cronin Fried and the County in this matter and in any subsequent proceedings. Mr. Diab would also be appearing for the County only in its capacity as Plaintiff in this action, and not as counsel for the County in its capacity as a defendant in any litigation.

7.      My experience with *pro hac vice* applicant Ed Diab and his law firm, Diab Chambers LLP ("Diab Chambers"), mirrors the statements of my partner, Patrick F. McTernan, in his declaration. To avoid any doubt, I will reiterate those thoughts here.

8.      Upon information and belief, Ed Diab and the law firm of Diab Chambers have worked closely with John Fiske of the law firm of Baron & Budd, P.C. ("Baron & Budd") for many years, focusing their practice on the representation of governmental entities trying to recover from the kinds of devastating wildfires that are the subject of this litigation. Mr. Fiske is also seeking *pro hac vice* admission by separate motion.

9.      Pat McTernan and I have worked with other Baron & Budd attorneys in the past in the State's *Plavix* and *Opioids* cases, and have always found them to be extremely professional, experienced, civil and collegial, and very respectful of our courts, our legal system, and local litigation practices.

10.     On occasion, they have also been able to bring to bear resources that Corporation Counsel and most Hawai'i law firms would be hard-pressed to match. For example, in the *Plavix*

case, Baron & Budd was able to process and store a 12.5-million-page document dump by the defendants, and to review and rate such a significant portion of those documents that the State was able to introduce at trial literally dozens of smoking-gun documents that were instrumental in establishing the Defendants' liability. As a result of these efforts, the trial court found, and the Supreme Court of Hawaiʻi affirmed on appeal, that two major drug companies, Bristol-Myers Squibb and Sanofi, acted in an unscrupulous, immoral, unethical, and oppressive manner toward Hawaiʻi patients regarding their heart and stroke medication, Plavix, for almost 12 years, during which time more than 834,000 prescriptions were filled or refilled in Hawaiʻi alone.

11.     In the State's *Opioids* cases, Baron & Budd attorneys have been instrumental in reaching settlements for the State that, over time, will pay out more than $135 million.

12.     In the short time we have known him, Baron & Budd partner John Fiske has demonstrated the same exceptional qualities we have found in working with his various partners, as has Ed Diab, the *pro hac vice* applicant here. Moreover, Ed Diab, his partner Rob Chambers and John Fiske have demonstrated an in-depth knowledge and understanding of the many complex legal, factual and procedural issues that underlie the kinds of wildfire cases we will be dealing with here. For example, they brought together a team of experts that immediately began investigating and analyzing not only the cause, origin and spread of the fire, but the extraordinarily complex damages the County – and thus its residents – have sustained as a result of this tragic incident.

13.     Additionally, based upon my many discussions with Ed Diab and his colleagues, Mr. Diab has demonstrated extensive experience in the procedural complexities the parties and the Court will likely face in moving forward a large number of wildfire cases involving many different and very plaintiff-specific kinds of injuries and damages. To the extent the Court might wish to draw on it, Ed Diab's experience in these areas could prove to be an invaluable resource.

14.     Furthermore, upon information and belief, Mr. Diab and his team focus their practice specifically on wildfire cases and almost exclusively on the representation of public entities harmed by wildfires, including many towns and counties in California. As a result, Mr. Diab and his team have a wealth of experience recognizing and evaluating many elements of damages that are unique to public entities, and also in helping their public entity clients to interact with their casualty insurance companies and state and federal emergency management organization in an effort to maximize the benefits or assistance to which they may be entitled.

15.     Attorneys from Cronin Fried or, if they wish, Corporation Counsel, will sign all pleadings, motions, briefs, or any other documents submitted in the case, and Cronin Fried and I will participate actively in all phases of the litigation and will be prepared to go forward with the case as required.

16.     Service of all papers and pleadings shall be upon my office and shall constitute service upon my client and our *pro hac vice* co-counsel.

17.     As local counsel, my office or, if they wish, Corporation Counsel will handle all electronic filings in the case, and an attorney from Cronin Fried and/or Corporation Counsel shall attend all hearings and other proceedings in this action unless otherwise excused by the Court.

I declare under penalty of perjury under the laws of the State of Hawaiʻi that the foregoing is true and correct to the best of my knowledge and belief.

DATED:  Honolulu, Hawaiʻi, October 6, 2023.


/s/ L. Richard Fried, Jr.
L. RICHARD FRIED, JR.

4

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. 2CCV-23-0000238(2) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | **DECLARATION OF ED DIAB** |
| vs. | ) | |
| | ) | |
| MAUI ELECTRIC COMPANY, | ) | |
| LIMITED; HAWAIIAN ELECTRIC | ) | |
| COMPANY, INC.; HAWAIʻI ELECTRIC | ) | |
| LIGHT COMPANY, INC.; HAWAIIAN | ) | |
| ELECTRIC INDUSTRIES, INC. and | ) | |
| DOES 1 THROUGH 50, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | No trial date has been set. |

DECLARATION OF ED DIAB

I, Ed Diab, hereby declare as follows:

1.      I am a partner with the law firm of Diab Chambers LLP ("Diab Chambers") practicing out of the firm's office located at 10089 Willow Creek Road, Suite 200, San Diego, California 92131; telephone number: (619) 658-7010; e-mail: ed@dcfirm.com.

2.      Diab Chambers has been retained to represent COUNTY OF MAUI in connection with claims against the above-named Defendants.

3.      I reside in San Diego, California, and do not reside within the State of Hawaiʻi.

4.      I am neither a resident of the State of Hawaiʻi, regularly employed in Hawaiʻi, nor regularly engaged in any business or professional activities in Hawaiʻi.

5.      I am a member in good standing of the California State Bar. I am also admitted to practice before the following courts: United States District Court for the Northern District of California, United States District Court for the Southern District of California, United States

District Court for the Eastern District of California, and United States District Court for the Central District of California.

6.      I am presently in good standing to practice before all the courts to which I have been admitted and no disciplinary or grievance proceedings have been filed or are pending against me.

7.      I am not currently, nor have I ever been, suspended or disbarred from the practice of law before any court or otherwise disciplined.

8.      I have not previously been admitted to practice *pro hac vice* in any other cases in the State of Hawai'i.

9.      Opposing counsel may readily communicate with Plaintiff's local counsel, L. Richard Fried Jr., Wayne K. Kekina and Patrick F. McTernan of the Honolulu law firm of Cronin, Fried, Sekiya, Kekina & Fairbanks ("Cronin Fried"), concerning this action and upon whom service may be made of papers in this action in accordance with the Hawai'i Rules of Civil Procedure.

10.     At all times, Cronin Fried shall serve as local counsel and participate meaningfully, substantially and continuously in the preparation of this case with the authority and responsibility to act as attorneys of record for all purposes.

11.     Any document required or permitted to be served upon an attorney of record for Plaintiff in this action may be served upon Cronin Fried, and such service shall be deemed proper and effective to the fullest extent provided by the Hawai'i Rules of Civil Procedure.

12.     An attorney from Cronin Fried will attend all court-related proceedings in this action unless excused by this Court.

13.     I have read and familiarized myself with the Hawai'i Rules of Civil Procedure to give meaningful assistance as co-counsel for the County of Maui.

2

14.     If admitted, I shall be subject to all applicable Hawaiʻi statutes, laws, rules of court, and the Hawaiʻi disciplinary process with respect to any acts or omissions occurring during representation pursuant to Rule 1.9 of the Rules of the Supreme Court of the State of Hawaiʻi.

15.     If admitted, I affirm that I will comply with all applicable Hawaiʻi statutes, laws, and rules of the court, including the Hawaiʻi Rules of Professional Conduct and the Guidelines for Professional Courtesy and Civility for Hawaiʻi Lawyers.

16.     I consent to the exercise of disciplinary jurisdiction of this Court and certify my familiarity with the Local Rules of Practice.

17.     I designate local counsel, L. Richard Fried, Jr., Esq. and Patrick F. McTernan, Esq., of the Cronin Fried law firm, as my agents for service of Hawaiʻi disciplinary process.

18.     I respectfully submit that my background and experience with specific claims and issues in this case will assist in the representation of Plaintiff County of Maui.

19.     I declare under penalty of perjury under the laws of the State of Hawaiʻi and the State of California that the foregoing is true and correct.

DATED:  San Diego, California, October 3, 2023.


/s/ _____   Ed Diab

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. 2CCV-23-0000238(2) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | NOTICE OF HEARING MOTION and |
| vs. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| MAUI ELECTRIC COMPANY, | ) | |
| LIMITED; HAWAIIAN ELECTRIC | ) | |
| COMPANY, INC.; HAWAIʻI ELECTRIC | ) | |
| LIGHT COMPANY, INC.; HAWAIIAN | ) | |
| ELECTRIC INDUSTRIES, INC. and | ) | |
| DOES 1 THROUGH 50, inclusive, | ) | |
| | ) | |
| Defendants. | ) | Judge: Honorable Peter T. Cahill |
| | ) | No trial date set. |
| _____ | ) | |

NOTICE OF HEARING MOTION

TO:      JOACHIM P. COX, ESQ.
         COX FRICKE LLP
         RANDALL C. WHATTOFF, ESQ.
         800 Bethel Street, Suite 600
         Honolulu, Hawaiʻi 96813

         Attorney for Defendants
         MAUI ELECTRIC COMPANY, LIMITED,
         HAWAIIAN ELECTRIC COMPANY, INC.,
         HAWAIʻI ELECTRIC LIGHT COMPANY, INC.,
         and HAWAIIAN ELECTRIC INDUSTRIES, INC.

NOTICE IS HEREBY GIVEN that the above-identified Motion for Admission of Ed

Diab Pro Hac Vice shall come on for hearing before the Honorable Peter T. Cahill, Judge of the

above-entitled court, at Hoapili Hale, 2145 Main Street, Courtroom 2, Wailuku, Hawaiʻi 96793,

on Friday, November 17, 2023 at 9:00 a.m., or as soon thereafter as counsel may be heard.

DATED:  Honolulu, Hawai'i, October 6, 2023.


/s/ Patrick F. McTernan
L. RICHARD FRIED, JR.
WAYNE K. KEKINA
PATRICK F. MCTERNAN
Attorneys for Plaintiff


<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this date true and correct copies of the foregoing document were duly served upon the above-identified parties via the court's electronic filing system.

DATED:  Honolulu, Hawai'i, October 6, 2023.


/s/ Patrick F. McTernan
L. RICHARD FRIED, JR.
WAYNE K. KEKINA
PATRICK F. MCTERNAN
Attorneys for Plaintiff

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
06-OCT-2023
12:42 PM
Dkt. 44 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

| | |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | FRIDAY, OCTOBER 6, 2023 12:42:42 PM |
| **Filing Parties:** | Patrick McTernan |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 43-Motion for _____ |
| **Document Name:** | 43-PLAINTIFF'S MOTION FOR ADMISSION OF ED DIAB PRO HAC VICE; DECLARATION OF PATRICK F. McTERNAN; DECLARATION OF L. RICHARD FRIED, JR.; DECLARATION OF ED DIAB; NOTICE OF HEARING OF MOTION and CERTIFICATE OF SERVICE |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff ( *rwhattoff@cfhawaii.com* )

Joachim Paul Cox ( *jcox@cfhawaii.com* )

Second Circuit Court 2nd Division ( *courtroom2.2cc@courts.hawaii.gov* )

Patrick F. McTernan ( *pmcternan@croninfried.com* )

Wayne K. Kekina ( *wkekina@croninfried.com* )

L. Richard Fried ( *rfried@croninfried.com* )

Thomas Walter Kolbe ( *thomas.kolbe@co.maui.hi.us* )

Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*