# EXHIBIT 5

# NOTICE OF ELECTRONIC FILING

**Electronically Filed**
**SECOND CIRCUIT**
**2CCV-23-0000238**
**13-OCT-2023**
**03:48 PM**
**Dkt. 47 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | FRIDAY, OCTOBER 13, 2023 03:48:14 PM |
| **Filing Parties:** | |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 46-Remote Hearing |
| **Document Name:** | |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff *( rwhattoff@cfhawaii.com )*

Joachim Paul Cox *( jcox@cfhawaii.com )*

Second Circuit Court 2nd Division *( courtroom2.2cc@courts.hawaii.gov )*

Patrick F. McTernan *( pmcternan@croninfried.com )*

Wayne K. Kekina *( wkekina@croninfried.com )*

L. Richard Fried *( rfried@croninfried.com )*

Thomas Walter Kolbe *( thomas.kolbe@co.maui.hi.us )*

Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*

**DEPARMENT OF THE
CORPORATION COUNSEL**   205

VICTORIA J. TAKAYESU   5481
Corporation Counsel
THOMAS KOLBE          7679
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Telephone: (808) 270-7741
Facsimile:  (808) 270-7152
thomas.kolbe@co.maui.hi.us


**CRONIN, FRIED, SEKIYA,
KEKINA & FAIRBANKS**
L. Richard Fried, Jr.      0764-0
Wayne K. Kekina          0780-0
Patrick F. McTernan      4269-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaiʻi 96813
Telephone: (808) 524-1433
Facsimile:  (808) 536-2073
rfried@croninfried.com
pmcternan@croninfried.com


**BARON & BUDD, P.C.**
John P. Fiske (CA SBN 249256)
(*Pro Hac Vice Forthcoming*)
11440 West Bernardo Court Suite 265,
San Diego, CA 92127
Telephone:  (858) 251-7424
Fax: (214) 520-1181
jfiske@baronbudd.com

*Attorneys for Plaintiff COUNTY OF MAUI*

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
16-OCT-2023
08:28 PM
Dkt. 48 PORD**

*[caption and title of document on next page]*

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAI'I

| | | |
|---|---|---|
| COUNTY OF MAUI,<br><br>Plaintiff,<br><br>vs.<br><br>MAUI ELECTRIC COMPANY, LIMITED; HAWAIIAN ELECTRIC COMPANY, INC.; HAWAI'I ELECTRIC LIGHT COMPANY, INC.; HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive,<br><br>Defendants.<br><br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 2CCV-23-0000238(2)<br>(Other Non-Vehicle Tort)<br><br>**[PROPOSED]** ORDER GRANTING PLAINTIFF'S MOTION FOR ADMISSION OF JOHN FISKE PRO HAC VICE, FILED ON SEPTEMBER 22, 2023 [DKT. 25]<br><br>HEARING:<br>Date:  Friday, October 13, 2023<br>Time:  1:30 p.m.<br>Judge: Honorable Peter T. Cahill<br><br>No trial date set. |

**[PROPOSED]** ORDER GRANTING PLAINTIFF'S MOTION FOR ADMISSION OF JOHN FISKE PRO HAC VICE, FILED ON SEPTEMBER 22, 2023 [DKT. 25]

2

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | | |
|---|---|---|
| COUNTY OF MAUI,<br><br>               Plaintiff,<br><br>       vs.<br><br>MAUI ELECTRIC COMPANY,<br>LIMITED; HAWAIIAN ELECTRIC<br>COMPANY, INC.; HAWAIʻI ELECTRIC<br>LIGHT COMPANY, INC.; HAWAIIAN<br>ELECTRIC INDUSTRIES, INC. and<br>DOES 1 THROUGH 50, inclusive,<br><br>               Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 2CCV-23-0000238(2)<br>(Other Non-Vehicle Tort)<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR ADMISSION OF<br>JOHN FISKE PRO HAC VICE,<br>FILED ON SEPTEMBER 22, 2023<br>[DKT. 25]<br><br>HEARING:<br>Date:  Friday, October 13, 2023<br>Time:  1:30 p.m.<br>Judge: Honorable Peter T. Cahill<br><br>No trial date set. |

ORDER GRANTING PLAINTIFF'S MOTION FOR ADMISSION OF
JOHN FISKE PRO HAC VICE, FILED ON SEPTEMBER 22, 2023 [DKT. 25]

       Plaintiff's Motion for Admission of John Fiske Pro Hac Vice, filed on September 22,
2023 [Dkt. No. 25], came on for hearing before the Honorable Peter T. Cahill on Friday, October
13, 2023 at 1:30 p.m., with Maui Deputy Corporation Counsel Thomas Kolbe, Esq., Wayne K.
Kekina, Esq., and Patrick F. McTernan, Esq. appearing on behalf of Plaintiff County of Maui,
with pro hac vice applicant John Fiske, Esq. also present; and Joachim P. Cox, Esq. appearing
for Defendants. The Court, having considered the motion, declarations, pleadings and record,
and with no opposition having been filed to Plaintiff's motion, finds that the applicant satisfies
the requirements set forth in Rule 1.9 of the Rules of the Supreme Court of the State of Hawaiʻi,
and good cause appearing therefor,

       IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED, as follows:

       1.      Local counsel shall serve as lead trial counsel.

       2.      An attorney allowed to appear *pro hac vice* shall, for each year the order is
effective, pay to the Hawaiʻi State Bar an annual Disciplinary Board fee and an annual Lawyers'
Fund for Client Protection fee authorized by the Supreme Court, provided that if the attorney is
allowed to appear in more than one case, only one set of annual fees shall be paid. The Hawaiʻi
State Bar may assess a reasonable fee to register and collect these fees on an annual basis. Within

10 days after entry of this Order granting the *pro hac vice* appearance, and also within 10 days of making subsequent fee payments in January of each year, the attorney shall file proof of payment of the required fees in the record of the court in which the case is then pending. Failure to pay the required fees within 10 days after entry of this Order granting the *pro hac vice* appearance, and in January of each subsequent year, renders the Order granting the *pro hac vice* appearance no longer valid, and a new petition or motion for *pro hac vice* appearance must be filed.

3.     *Pro hac vice* counsel shall personally review and abide by the Guidelines of Professional Courtesy and Civility for Hawaiʻi Lawyers, and the Hawaiʻi Rules of Professional Conduct.

4.     *Pro hac vice* counsel shall comply with all applicable Hawaiʻi statutes, laws and rules of the courts including the Hawaiʻi Rules of Professional Conduct and the Guidelines of Professional Courtesy and Civility for Hawaiʻi Lawyers.

5.     *Pro hac vice* counsel is subject to the jurisdiction of Hawaiʻi courts with respect to all applicable Hawaiʻi statutes, laws, and rules of the courts to the same extent as any other attorney admitted to practice in the courts of this state. *Pro hac vice* counsel is subject to the disciplinary jurisdiction of the Supreme Court of Hawaiʻi. The court in which an attorney is allowed to appear *pro hac vice* or the Supreme Court of Hawaiʻi may, for violations of Hawaiʻi law, the Hawaiʻi Rules of Professional Conduct, or orders of the Court, revoke the permission for the attorney to appear *pro hac vice*, or impose any other appropriate sanction.

6.     Local counsel of record shall sign all pleadings, motions, briefs, or any other documents submitted in the case, and shall participate actively in all phases of the case and be prepared to go forward with the case as required. Service of all papers and pleadings shall be upon local counsel and shall constitute service upon *pro hac vice* counsel and their client(s).

7.     Local counsel or a member of their firm shall attend all court-related proceedings in this action, unless excused by the Court. The Court will generally not move deadlines due to the unavailability of *pro hac vice* counsel, as local counsel remains responsible for all phases of the litigation.

8.     Local counsel shall provide to the Hawaiʻi State Bar Association a copy of this Order and shall notify the Hawaiʻi State Bar Association when the case is closed or this Order granting *pro hac vice* admission is no longer valid.

9.     *Pro hac vice* counsel shall have full knowledge of all applicable Hawaiʻi substantive and procedural law that relates to any aspect of this case.

10.     Local counsel shall provide a copy of this order to the Hawaiʻi State Bar and the Office of Disciplinary Counsel, as set forth in Rule 1.9(e) of the Rules of the Supreme Court of the State of Hawaiʻi.

**APPROVED AND SO ORDERD:**

_____

**JUDGE OF THE ABOVE-ENTITLED COURT**


**APPROVED AS TO FORM:**


 /s/ Randall C. Whattoff_____
JOACHIM P. COX
RANDALL C. WHATTOFF
Attorney for Defendants
MAUI ELECTRIC COMPANY, LIMITED;
HAWAIIAN ELECTRIC COMPANY, INC.;
HAWAIʻI ELECTRIC LIGHT COMPANY, INC.;
and HAWAIIAN ELECTRIC INDUSTRIES, INC.

*County of Maui v. Maui Electric Company, Limited, et al.*; Civil No. 2CCV-23-0000238; ORDER GRANTING PLAINTIFF'S MOTION FOR ADMISSION OF JOHN FISKE PRO HAC VICE, FILED ON SEPTEMBER 22, 2023 [DKT. 25]

3

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
16-OCT-2023
08:28 PM
Dkt. 49 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|   |   |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | MONDAY, OCTOBER 16, 2023 08:28:42 PM |
| **Filing Parties:** | Patrick McTernan |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 48-Proposed Order |
| **Document Name:** | 48-[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR ADMISSION OF JOHN FISKE PRO HAC VICE, FILED ON SEPTEMBER 22, 2023 [DKT. 25] |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff ( *rwhattoff@cfhawaii.com* )

Joachim Paul Cox ( *jcox@cfhawaii.com* )

Second Circuit Court 2nd Division ( *courtroom2.2cc@courts.hawaii.gov* )

Patrick F. McTernan ( *pmcternan@croninfried.com* )

Wayne K. Kekina ( *wkekina@croninfried.com* )

L. Richard Fried ( *rfried@croninfried.com* )

Thomas Walter Kolbe ( *thomas.kolbe@co.maui.hi.us* )

Victoria J. Takayesu-Hamilton ( *victoria.takayesu-hamilton@co.maui.hi.us* )

**DEPARMENT OF THE**
**CORPORATION COUNSEL**   205

VICTORIA J. TAKAYESU   5481
Corporation Counsel
THOMAS KOLBE          7679
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Telephone: (808) 270-7741
Facsimile:  (808) 270-7152
thomas.kolbe@co.maui.hi.us


**CRONIN, FRIED, SEKIYA,**
**KEKINA & FAIRBANKS**
L. Richard Fried, Jr.        0764-0
Wayne K. Kekina             0780-0
Patrick F. McTernan         4269-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaiʻi 96813
Telephone: (808) 524-1433
Facsimile:  (808) 536-2073
rfried@croninfried.com
pmcternan@croninfried.com


**BARON & BUDD, P.C.**
John P. Fiske (CA SBN 249256)
(*Pro Hac Vice Forthcoming*)
11440 West Bernardo Court Suite 265,
San Diego, CA 92127
Telephone:  (858) 251-7424
Fax: (214) 520-1181
jfiske@baronbudd.com

*Attorneys for Plaintiff COUNTY OF MAUI*

**Electronically Filed**
**SECOND CIRCUIT**
**2CCV-23-0000238**
**17-OCT-2023**
**04:31 PM**
**Dkt. 50 ORDG**

*[caption and title of document on next page]*

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| COUNTY OF MAUI,<br><br>Plaintiff,<br><br>vs.<br><br>MAUI ELECTRIC COMPANY,<br>LIMITED; HAWAIIAN ELECTRIC<br>COMPANY, INC.; HAWAI'I ELECTRIC<br>LIGHT COMPANY, INC.; HAWAIIAN<br>ELECTRIC INDUSTRIES, INC. and<br>DOES 1 THROUGH 50, inclusive,<br><br>Defendants. | CIVIL NO. 2CCV-23-0000238(2)<br>(Other Non-Vehicle Tort)<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR ADMISSION OF<br>JOHN FISKE PRO HAC VICE,<br>FILED ON SEPTEMBER 22, 2023<br>[DKT. 25]<br><br>HEARING:<br>Date:  Friday, October 13, 2023<br>Time:  1:30 p.m.<br>Judge: Honorable Peter T. Cahill<br><br>No trial date set. |

ORDER GRANTING PLAINTIFF'S MOTION FOR ADMISSION OF
JOHN FISKE PRO HAC VICE, FILED ON SEPTEMBER 22, 2023 [DKT. 25]

Plaintiff's Motion for Admission of John Fiske Pro Hac Vice, filed on September 22, 2023 [Dkt. No. 25], came on for hearing before the Honorable Peter T. Cahill on Friday, October 13, 2023 at 1:30 p.m., with Maui Deputy Corporation Counsel Thomas Kolbe, Esq., Wayne K. Kekina, Esq., and Patrick F. McTernan, Esq. appearing on behalf of Plaintiff County of Maui, with pro hac vice applicant John Fiske, Esq. also present; and Joachim P. Cox, Esq. appearing for Defendants. The Court, having considered the motion, declarations, pleadings and record, and with no opposition having been filed to Plaintiff's motion, finds that the applicant satisfies the requirements set forth in Rule 1.9 of the Rules of the Supreme Court of the State of Hawai'i, and good cause appearing therefor,

IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED, as follows:

1.      Local counsel shall serve as lead trial counsel.

2.      An attorney allowed to appear *pro hac vice* shall, for each year the order is effective, pay to the Hawai'i State Bar an annual Disciplinary Board fee and an annual Lawyers' Fund for Client Protection fee authorized by the Supreme Court, provided that if the attorney is allowed to appear in more than one case, only one set of annual fees shall be paid. The Hawai'i State Bar may assess a reasonable fee to register and collect these fees on an annual basis. Within

10 days after entry of this Order granting the *pro hac vice* appearance, and also within 10 days of making subsequent fee payments in January of each year, the attorney shall file proof of payment of the required fees in the record of the court in which the case is then pending. Failure to pay the required fees within 10 days after entry of this Order granting the *pro hac vice* appearance, and in January of each subsequent year, renders the Order granting the *pro hac vice* appearance no longer valid, and a new petition or motion for *pro hac vice* appearance must be filed.

3.      *Pro hac vice* counsel shall personally review and abide by the Guidelines of Professional Courtesy and Civility for Hawaiʻi Lawyers, and the Hawaiʻi Rules of Professional Conduct.

4.      *Pro hac vice* counsel shall comply with all applicable Hawaiʻi statutes, laws and rules of the courts including the Hawaiʻi Rules of Professional Conduct and the Guidelines of Professional Courtesy and Civility for Hawaiʻi Lawyers.

5.      *Pro hac vice* counsel is subject to the jurisdiction of Hawaiʻi courts with respect to all applicable Hawaiʻi statutes, laws, and rules of the courts to the same extent as any other attorney admitted to practice in the courts of this state. *Pro hac vice* counsel is subject to the disciplinary jurisdiction of the Supreme Court of Hawaiʻi. The court in which an attorney is allowed to appear *pro hac vice* or the Supreme Court of Hawaiʻi may, for violations of Hawaiʻi law, the Hawaiʻi Rules of Professional Conduct, or orders of the Court, revoke the permission for the attorney to appear *pro hac vice*, or impose any other appropriate sanction.

6.      Local counsel of record shall sign all pleadings, motions, briefs, or any other documents submitted in the case, and shall participate actively in all phases of the case and be prepared to go forward with the case as required. Service of all papers and pleadings shall be upon local counsel and shall constitute service upon *pro hac vice* counsel and their client(s).

7.      Local counsel or a member of their firm shall attend all court-related proceedings in this action, unless excused by the Court. The Court will generally not move deadlines due to the unavailability of *pro hac vice* counsel, as local counsel remains responsible for all phases of the litigation.

8.      Local counsel shall provide to the Hawaiʻi State Bar Association a copy of this Order and shall notify the Hawaiʻi State Bar Association when the case is closed or this Order granting *pro hac vice* admission is no longer valid.

9.      *Pro hac vice* counsel shall have full knowledge of all applicable Hawaiʻi substantive and procedural law that relates to any aspect of this case.

10.     Local counsel shall provide a copy of this order to the Hawai'i State Bar and the Office of Disciplinary Counsel, as set forth in Rule 1.9(e) of the Rules of the Supreme Court of the State of Hawai'i.

APPROVED AND SO ORDERD:

_____

**JUDGE OF THE ABOVE-ENTITLED COURT**

**APPROVED AS TO FORM:**

 /s/ Randall C. Whattoff_____
JOACHIM P. COX
RANDALL C. WHATTOFF
Attorney for Defendants
MAUI ELECTRIC COMPANY, LIMITED;
HAWAIIAN ELECTRIC COMPANY, INC.;
HAWAI'I ELECTRIC LIGHT COMPANY, INC.;
and HAWAIIAN ELECTRIC INDUSTRIES, INC.

---

*County of Maui v. Maui Electric Company. Limited. et al.*; Civil No. 2CCV-23-0000238; ORDER
GRANTING PLAINTIFF'S MOTION FOR ADMISSION OF JOHN FISKE PRO HAC VICE, FILED
ON SEPTEMBER 22, 2023 [DKT. 25]

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
17-OCT-2023
04:31 PM
Dkt. 51 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

| | |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | TUESDAY, OCTOBER 17, 2023 04:31:21 PM |
| **Filing Parties:** | L. Richard Fried |
| | Victoria Takayesu-Hamilton |
| | Wayne Kekina |
| | Patrick McTernan |
| | Thomas Kolbe |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 50-Order Granted |
| **Document Name:** | 50-ORDER GRANTING PLAINTIFF'S MOTION FOR ADMISSION OF JOHN FISKE PRO HAC VICE, FILED ON SEPTEMBER 22,2023 [DKT.25] |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff *( rwhattoff@cfhawaii.com )*

Joachim Paul Cox *( jcox@cfhawaii.com )*

Second Circuit Court 2nd Division *( courtroom2.2cc@courts.hawaii.gov )*

Patrick F. McTernan *( pmcternan@croninfried.com )*

Wayne K. Kekina *( wkekina@croninfried.com )*

L. Richard Fried *( rfried@croninfried.com )*

Thomas Walter Kolbe *( thomas.kolbe@co.maui.hi.us )*

Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
20-OCT-2023
04:33 PM
Dkt. 54 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

| | |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | FRIDAY, OCTOBER 20, 2023 04:33:47 PM |
| **Filing Parties:** | |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 53-Remote Hearing |
| **Document Name:** | |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff *( rwhattoff@cfhawaii.com )*

Joachim Paul Cox *( jcox@cfhawaii.com )*

Second Circuit Court 2nd Division *( courtroom2.2cc@courts.hawaii.gov )*

Patrick F. McTernan *( pmcternan@croninfried.com )*

Wayne K. Kekina *( wkekina@croninfried.com )*

L. Richard Fried *( rfried@croninfried.com )*

Thomas Walter Kolbe *( thomas.kolbe@co.maui.hi.us )*

Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*

**DEPARMENT OF THE**
**CORPORATION COUNSEL**   205

VICTORIA J. TAKAYESU   5481
Corporation Counsel
THOMAS KOLBE          7679
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Telephone: (808) 270-7741
Facsimile:  (808) 270-7152
thomas.kolbe@co.maui.hi.us


**CRONIN, FRIED, SEKIYA,**
**KEKINA & FAIRBANKS**
L. Richard Fried, Jr.      0764-0
Wayne K. Kekina          0780-0
Patrick F. McTernan       4269-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaiʻi 96813
Telephone: (808) 524-1433
Facsimile:  (808) 536-2073
rfried@croninfried.com
pmcternan@croninfried.com


**BARON & BUDD, P.C.**
John P. Fiske (CA SBN 249256)
(*Pro Hac Vice*)
11440 West Bernardo Court Suite 265,
San Diego, CA 92127
Telephone:  (858) 251-7424
Fax: (214) 520-1181
jfiske@baronbudd.com

**Electronically Filed**
**SECOND CIRCUIT**
**2CCV-23-0000238**
**25-OCT-2023**
**01:14 PM**
**Dkt. 55 REC**

**DIAB CHAMBERS LLP**
Ed Diab (CA SBN 262319)
*(Pro Hac Vice Requested)*
Robert J. Chambers, II (CA SBN 244688)
*(Pro Hac Vice Requested)*
10089 Willow Creek Rd., Suite 200
San Diego, CA 92131
Tel: (619) 658-7010
ed@dcfirm.com
rob@dcfirm.com

Attorneys for Plaintiff
COUNTY OF MAUI

*[caption and title of document on next page]*

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAI'I

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. 2CCV-23-0000238(2) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | PLAINTIFF'S PROOF OF |
| vs. | ) | PAYMENT OF 2023 |
| | ) | DISCIPLINARY BOARD FEE RE |
| MAUI ELECTRIC COMPANY, | ) | *PRO HAC VICE* ADMISSION OF |
| LIMITED; HAWAIIAN ELECTRIC | ) | JOHN FISKE, ESQ.; EXHIBIT A |
| COMPANY, INC.; HAWAI'I ELECTRIC | ) | |
| LIGHT COMPANY, INC.; HAWAIIAN | ) | |
| ELECTRIC INDUSTRIES, INC. and | ) | |
| DOES 1 THROUGH 50, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | No trial date set. |
| _____ | ) | |

**PLAINTIFF'S PROOF OF PAYMENT OF 2023 DISCIPLINARY BOARD FEE
RE *PRO HAC VICE* ADMISSION OF JOHN FISKE, ESQ.**

Pursuant to Hawaii Supreme Court Rule 1.9, attached hereto as Exhibit A is proof of

payment of the annual *pro hac vice* admission fee of John Fiske, Esq. for the calendar year 2023.

DATED:   Honolulu, Hawai'i, October 25, 2023.


 /s/ Patrick F. McTernan
_____
L. RICHARD FRIED, JR.
PATRICK F. MCTERNAN
Attorneys for Plaintiff

3

# Exhibit A

**Jennifer Hutchison**

| | |
|---|---|
| **From:** | webinfo@hsba.org |
| **Sent:** | Tuesday, October 24, 2023 3:55 PM |
| **To:** | Jennifer Hutchison |
| **Subject:** | HSBA Payment Receipt |

## Hawaii State Bar Association

Aloha John Fiske

Thank you for your payment to the Hawaii State Bar Association. The summary of your transaction is being forwarded and reflects all items and amounts paid to the HSBA.

**Please do not reply to this email.**

JD Number: 062777

**Order Date:** Oct 24, 2023 12:53 PM
**Bill To:** John Paul Fiske
**Order Total:** 815.00
**Payment Method:** American Express ***********2007
**Name on Card:** Jennifer Hutchison

| Item | Price | Qty | Total |
|---|---|---|---|
| ProHacViceRenewal | 815.00 | 1 | 815.00 |

| | |
|---|---|
| **Item Total** | 815.00 |
| **Shipping** | 0.00 |
| **Handling** | 0.00 |
| **Item Grand Total** | 815.00 |
| **Transaction Grand Total** | 815.00 |

***If you have received this email pursuant to your  2023 Licensing Registration Payment,***
Print or save this receipt for your records as proof of payment.

The registration form you submitted is also available to view in your HSBA Account accessible from the HSBA homepage at hsba.org.

Sign in and go to "My Account" --> "Annual Renewal Archive"

Please review your completed Registration Form and if you need to make corrections, email ars@hsba.org with the requested edits.

**EXHIBIT A**

**If you have received this email pursuant to a CLE Program purchase/registration,**
Thank you for your patronage.

If you registered for a **live in person CLE Program**, or a **live webcast of a CLE Program** additional information will be emailed to you before the date of the seminar.

If you purchased a **recorded CLE webcast**, proceed to your CLE Classroom when ready to view your course!

To access your CLE Classroom go to the HSBA homepage at hsba.org
Sign in and go to "My Account" --> "CLE Account"

Email cle@hsba.org for questions regarding your CLE purchase/registration.

ADA Accommodation: if you would like to request an accommodation, please contact us at cle@hsba.org.

Mahalo,
HAWAII STATE BAR ASSOCIATION

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
25-OCT-2023
01:14 PM
Dkt. 56 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

| | |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | WEDNESDAY, OCTOBER 25, 2023 01:14:26 PM |
| **Filing Parties:** | Patrick McTernan |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 55-Receipt |
| **Document Name:** | 55-PLAINTIFF'S PROOF OF PAYMENT OF 2023 DISCIPLINARY BOARD FEE RE PRO HAC VICE ADMISSION OF<br>JOHN FISKE, ESQ.; EXHIBIT A |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff *( rwhattoff@cfhawaii.com )*

Joachim Paul Cox *( jcox@cfhawaii.com )*

Second Circuit Court 2nd Division *( courtroom2.2cc@courts.hawaii.gov )*

Patrick F. McTernan *( pmcternan@croninfried.com )*

Wayne K. Kekina *( wkekina@croninfried.com )*

L. Richard Fried *( rfried@croninfried.com )*

Thomas Walter Kolbe *( thomas.kolbe@co.maui.hi.us )*

Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*

COX FRICKE LLP
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOACHIM P. COX                    7520
    jcox@cfhawaii.com
RANDALL C. WHATTOFF               9487
    rwhattoff@cfhawaii.com
800 Bethel Street, Suite 600
Honolulu, Hawaiʻi 96813
Telephone:  (808) 585-9440
Facsimile:   (808) 275-3276

Attorneys for Defendants
MAUI ELECTRIC COMPANY, LIMITED,
HAWAIIAN ELECTRIC COMPANY, INC.,
HAWAII ELECTRIC LIGHT COMPANY, INC.
and HAWAIIAN ELECTRIC INDUSTRIES, INC.

**Electronically Filed**
**SECOND CIRCUIT**
**2CCV-23-0000238**
**25-OCT-2023**
**04:11 PM**
**Dkt. 57 SCC**

## IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

## STATE OF HAWAIʻI

| | |
|---|---|
| COUNTY OF MAUI,<br><br>              Plaintiff,<br><br>    vs.<br><br>MAUI ELECTRIC COMPANY,<br>LIMITED; HAWAIIAN ELECTRIC<br>COMPANY, INC.; HAWAIʻI ELECTRIC<br>LIGHT COMPANY, INC.; HAWAIIAN<br>ELECTRIC INDUSTRIES, INC.<br>and DOES 1 THROUGH 50, inclusive,<br><br>              Defendants. | CASE NO. 2CCV-23-0000238 PTC<br>(Other Non-Vehicle Tort)<br><br>UTILITY DEFENDANTS'<br>SCHEDULING CONFERENCE<br>STATEMENT; CERTIFICATE OF<br>SERVICE<br><br><br>Scheduling Conference:<br>Date:      November 1, 2023<br>Time:      1:15 p.m.<br>Judge:    Hon. Peter T. Cahill<br><br>Trial:        None Set<br>Judge:      Hon. Peter T. Cahill |

**UTILITY DEFENDANTS' SCHEDULING CONFERENCE STATEMENT**

Defendants Hawaiian Electric Industries, Inc., Hawaiian Electric Company, Inc., Hawaii Electric Light Company, Inc. and Maui Electric Company, Limited (collectively, the "Utility Defendants") by and through their attorneys, Cox Fricke, LLP, respectfully submit their Scheduling Conference Statement pursuant to Rule 12(a)(7) of the Hawaiʻi Rules of the Circuit Courts.

## I.   STATEMENT OF THE NATURE OF THE CASE

This is one of over three dozen cases filed in the Second Circuit, so far, concerning the August 2023 Maui wildfires ("Maui Wildfire Cases").  More such cases are filed weekly, and there may be dozens or hundreds more filed in the future.  The Court has indicated that it expects that procedural issues, discovery issues, and other issues will be coordinated across the Maui Wildfire Cases; accordingly, the Utility Defendants anticipate that such common issues will be addressed in a series of Case Management Orders ("CMOs") about which the parties have been meeting and conferring.

Plaintiffs in the Maui Wildfire Cases assert tort claims including negligence, inverse condemnation, nuisance, wrongful death, and trespass.  Defendants include the Utility Defendants, the County of Maui, the State of Hawaiʻi, telecommunications companies, and private landowners.

## II.   STATEMENT OF JURISDICTION AND VENUE

Plaintiffs assert that this Court has subject matter jurisdiction over Plaintiffs' claims pursuant to Hawaiʻi Revised Statutes ("HRS") § 634-35(a).  Plaintiffs assert that venue lies in the Circuit Court of the Second Circuit for the State of Hawaiʻi pursuant to HRS § 603-36(5).  The Utility Defendants reserve their rights to contest jurisdiction and venue when they answer or otherwise respond to the Complaint.

III.   DEMAND FOR JURY TRIAL

       Plaintiffs filed a demand for jury trial with their Complaint on August 24, 2023 (Dkt. 1).

IV.   EXPEDITED OR NON-EXPEDITED TRACK

       The Utility Defendants are not requesting this matter be placed on the Court's expedited track.

V.   DISCLOSURES PURSUANT TO HRCP RULE  26

       Pursuant to agreement, Initial Disclosures (HRCP Rule 26(a)(1)) for the Utility Defendants will take place on November 6, 2023.  Plaintiffs' initial disclosures will be set for 60 days thereafter, on January 5, 2024, subject to mutually agreeable extensions.

       The Utility Defendants expect that Expert Disclosures (HRCP Rule 26(a)(2)) will be addressed by a future CMO.  In the absence of such a CMO, the Utility Defendants seek a schedule where expert disclosures will be made by parties having the burden of proof on a claim no later than **180 days** before the trial date to be set by the court; by parties opposing a claim for relief no later than **145 days** before the trial date to be set by the court; and by parties intending to present evidence solely to rebut evidence on the subject matter identified for the first time by a party opposing a claim for relief no later than **120 days** before the date set for trial.

VI.   STATUS OF DISCOVERY

       No discovery has been propounded at this time.

VII.   SPECIAL PROCEDURES PURSUANT TO HRCP RULE 16(c)

       The Utility Defendants respectfully refer the Court to the Joint Report of the Parties, to be filed subsequently herein.

VIII.    RELATED CASES

Over 35 cases have been filed in the Circuit Courts of the First and Second

Circuits, State of Hawaiʻi.

IX.    ADDITIONAL MATTERS

The Utility Defendants respectfully refer the Court to the Joint Report of the

Parties, to be filed subsequently herein.

X.    MEETING OF THE PARTIES

The Rule 26(f) conference has not yet occurred, but the parties are in the process

of meeting and conferring regarding multiple case management orders related to this case.  So

far, the parties have agreed on the deadlines set forth in the Joint Report of the Parties, to be filed

subsequently herein.

DATED:  Honolulu, Hawaiʻi, October 25, 2023.


/s/ *Joachim P. Cox*
JOACHIM P. COX
RANDALL C. WHATTOFF

Attorneys for Defendants
MAUI ELECTRIC COMPANY, LIMITED,
HAWAIIAN ELECTRIC COMPANY, INC.,
HAWAII ELECTRIC LIGHT COMPANY, INC.
HAWAIIAN ELECTRIC INDUSTRIES, INC.

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAI‘I

| | |
|---|---|
| COUNTY OF MAUI,<br><br>                 Plaintiff,<br><br>        vs.<br><br>MAUI ELECTRIC COMPANY, LIMITED; HAWAIIAN ELECTRIC COMPANY, INC.; HAWAI‘I ELECTRIC LIGHT COMPANY, INC.; HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive,<br><br>                 Defendants. | CASE NO. 2CCV-23-0000238 PTC (Other Non-Vehicle Tort)<br><br><br>CERTIFICATE OF SERVICE |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this date the foregoing document was duly served via JEFS upon the following parties:

VICTORIA J. TAKAYESU
Corporation Counsel
THOMAS KOLBE
thomas.kolbe@co.maui.hi.us
Deputy Corporation Counsel
County of Maui
**DEPARTMENT OF THE CORPORATION COUNSEL**
200 S. High Street
Wailuku, Hawai‘i 96793

L. RICHARD FRIED, JR.
rfried@croninfried.com
WAYNE K. KEKINA
PATRICK F. MCTERNAN
pmcternan@croninfried.com
**CRONIN, FRIED, SEKIYA, KEKINA & FAIRBANKS**
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawai‘i 96813

Attorneys for Plaintiff

DATED:  Honolulu, Hawaiʻi, October 25, 2023.

/s/ *Joachim P. Cox*
JOACHIM P. COX
RANDALL C. WHATTOFF

Attorneys for Defendants
MAUI ELECTRIC COMPANY, LIMITED,
HAWAIIAN ELECTRIC COMPANY, INC.,
HAWAII ELECTRIC LIGHT COMPANY, INC.
and HAWAIIAN ELECTRIC INDUSTRIES, INC.

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
25-OCT-2023
04:11 PM
Dkt. 58 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

| | |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | WEDNESDAY, OCTOBER 25, 2023 04:11:56 PM |
| **Filing Parties:** | Joachim Cox |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | 57-Scheduling Conf Statement |
| **Supporting Document(s):** | |
| **Document Name:** | 57-Utility Defendants' Scheduling Conference Statement; Certificate of Service |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff *( rwhattoff@cfhawaii.com )*

Joachim Paul Cox *( jcox@cfhawaii.com )*

Second Circuit Court 2nd Division *( courtroom2.2cc@courts.hawaii.gov )*

Patrick F. McTernan *( pmcternan@croninfried.com )*

Wayne K. Kekina *( wkekina@croninfried.com )*

L. Richard Fried *( rfried@croninfried.com )*

Thomas Walter Kolbe *( thomas.kolbe@co.maui.hi.us )*

Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*

Of Counsel:

**DEPARMENT OF THE
CORPORATION COUNSEL** 205

VICTORIA J. TAKAYESU 5481
Corporation Counsel
THOMAS KOLBE 7679
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Telephone: (808) 270-7741
Facsimile: (808) 270-7152
thomas.kolbe@co.maui.hi.us

**CRONIN, FRIED, SEKIYA,
KEKINA & FAIRBANKS**

L. Richard Fried, Jr. 0764-0
Wayne K. Kekina 0780-0
Patrick F. McTernan 4269-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaiʻi 96813
Telephone: (808) 524-1433
Facsimile: (808) 536-2073
rfried@croninfried.com
wkekina@croninfried.com
pmcternan@croninfried.com

**BARON & BUDD, P.C.**
John P. Fiske (CA SBN 249256)
(*Pro Hac Vice*)
11440 West Bernardo Court Suite 265,
San Diego, CA 92127
Telephone: (858) 251-7424
Fax: (214) 520-1181
jfiske@baronbudd.com

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
25-OCT-2023
04:20 PM
Dkt. 59 SCC**

**DIAB CHAMBERS LLP**
Ed Diab (CA SBN 262319)
(*Pro Hac Vice Requested*)
Robert J. Chambers, II (CA SBN 244688)
(*Pro Hac Vice Requested*)
10089 Willow Creek Rd., Suite 200
San Diego, CA 92131
Tel: (619) 658-7010
ed@dcfirm.com
rob@dcfirm.com

Attorneys for Plaintiff COUNTY OF MAUI

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. 2CCV-23-0000238(2) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF COUNTY OF MAUI'S** |
| vs. | ) | **SCHEDULING CONFERENCE** |
| | ) | **STATEMENT** |
| MAUI ELECTRIC COMPANY, | ) | |
| LIMITED; HAWAIIAN ELECTRIC | ) | Scheduling Conference: |
| COMPANY, INC.; HAWAIʻI ELECTRIC | ) | Date:     November 1, 2023 |
| LIGHT COMPANY, INC.; HAWAIIAN | ) | Time:     1:15 p.m. |
| ELECTRIC INDUSTRIES, INC. and | ) | Judge:    Hon. Peter T. Cahill |
| DOES 1 THROUGH 50, inclusive, | ) | |
| | ) | Trial:   None Set |
| Defendants. | ) | Judge:  Hon. Peter T. Cahill |
| | ) | |

**PLAINTIFF COUNTY OF MAUI'S**
**SCHEDULING CONFERENCE STATEMENT**

Pursuant to Rule 12(a)(7) of the Rules of the Circuit Courts of the State of Hawaiʻi

("**RCCH**"), Plaintiff COUNTY OF MAUI ("**County**"), by and through its counsel, respectfully

submits its Scheduling Conference Statement.

A.      **BRIEF DESCRIPTION OF THE CASE**

This action arises out of damages and losses the County sustained as a result of the fire that began on or about August 8, 2023 in Lahaina, Maui ("***Lahaina Fire***"), as well as the fires that began on or about August 7, 2023 known as the Kula and Olinda Fires.  The County suffered significant damages including to its infrastructure, real and personal property, loss of tax revenue, staff labor costs, and a host of other areas, many of which are unique to public entities.

On August 24, 2023, Plaintiff filed their Complaint, naming Maui Electric Company Limited ("MECO"), Hawaiian Electric Company, Inc. ("HECO"), Hawai'i Electric Light Company, Inc. ("HELCO"), and Hawaiian Electric Industries, Inc. ("HEI") as defendants (collectively referred to as "Defendants").  The Complaint asserts the following claims:

| | |
|---|---|
| Count I | Negligence |
| Count II | Gross Negligence |
| Count III | Nuisance |
| Count IV | Ultrahazardous Activity |
| Count V | Injunctive Relief |
| Count VI | Trespass |

Plaintiffs seek monetary damages, injunctive relief, punitive damages, prejudgment and post-judgment interest, attorneys' fees and costs, and such other and further relief as the Court may deem just and proper.

B.      **STATEMENT OF JURISDICTION AND VENUE (WITH CITED AUTHORITY) AND A SHORT DESCRIPTION OF THE FACTS CONFERRING VENUE**

The claim for relief arose in the County of Maui, State of Hawai'i.  The County asserts that this Court in the Second Circuit has proper jurisdiction over this matter pursuant to Sections

603-21.5(3) and 634-35 of the Hawaii Revised Statutes ("**HRS**").  Further, the County asserts

venue is proper under HRS Section 603-36(5).

**C.**     **JURY OR NON-JURY TRIAL (check one)**

        ☒     JURY TRIAL.  A demand for a jury trial was filed on August 24, 2023.

        ☐     NON-JURY TRIAL.

**D.**     **ASSIGNMENT OF CASE TO AN EXPEDITED OR**
       **NON-EXPEDITED TRACK UNDER HRCP  RULE 16.1 (check one)**

   ☐     Expedited Track:  Based on considerations of fairness, cost-effectiveness, and expedition, this case should be assigned to an expedited trial track to secure the just, speedy, and efficient resolution of the case.

   ☒     Non-Expedited Track:  Considering factors such as the number of claims and parties involved, the monetary value of the case, the extent and nature of the claims, the volume and extent of discovery, and the number of witnesses, experts and documents, this case should be assigned to a non-expedited trial track.

**E.**     **APPROPRIATENESS, EXTENT, AND TIMING OF DISCLOSURES (check one)**

   ☒     The undersigned has or will provide all disclosures pursuant to HRCP 26 within the time limits prescribed within the rule or will provide disclosures as set forth in the Joint Report of the Parties.

   ☐     DISCLOSURES pursuant to HRCP 26 not covered by the Joint Report of the Parties:

The Parties continue to discuss, with the assistance of the Court, the appropriate timing

and scope of Initial Disclosures in this case, given (1) the multiple and ongoing investigations

into the cause and origin of the fire and the government response; and (2) the County's statutory

obligation to timely comply with requests for information pursuant to the Uniform Information

Practices Act, HRS Chapter 92F.

**F.**     **DISCOVERY AND PENDING MOTIONS**

No discovery has been served to date, and there are no pending motions at this time.

**G.      STATEMENT ADDRESSING APPROPRIATENESS OF ANY SPECIAL PROCEDURES OR OTHER MATTERS SPECIFIED IN HRCP 16(c) THAT ARE NOT COVERED BY THE JOINT REPORT OF THE PARTIES FILED PURSUANT TO HRCP RULE 26(f)**

Special procedures are appropriate for this case, and the County expects that many of these procedures will be addressed by future Case Management Orders.  The County respectfully suggests that special procedures are appropriate for this case, specifically with respect to the following matters: (1) the control and scheduling of discovery, including orders affecting disclosures and discovery pursuant to HRCP Rule 26 and Rules 29 through 37; (2) the advisability of referring matters to a master for discovery, settlement, etc.; and (3) settlement and the use of special procedures to assist in resolving the dispute when authorized by statute or rule.

**H.      RELATED CASES (IN STATE OR FEDERAL COURT) WITH CASE STATUS (e.g., pending, adjudicated or otherwise terminated)**

1.  1CCV-23-0001215, Alvarez; et al. v. Maui Electric Company, Ltd.; et al. (*Dismissed*)
2.  2CCV-23-0000286, Alvarez; et al. v. Maui Electric Company, Ltd.; et al. (*Pending*)
3.  2CCV-23-0000306, Association of Apartment Owners of Aina-Nalu v. Hawaiian Electric Industries Inc.; et al. (*Pending*)
4.  2CCV-23-0000312, Association of Apartment Owners of Channel House v. Hawaiian Electric Industries, Inc.; et al. (*Pending*)
5.  2CCV-23-0000313, Association of Apartment Owners of Lahaina Residential Condominium v. Hawaiian Electric Industries, Inc.; et al. (*Pending*)
6.  2CCV-23-0000269, Baird; et al. v. Hawaiian Electric Industries Inc.; et al. (*Pending*)
7.  2CCV-23-0000224, Burnes v. Hawaiian Electric Co.; et al. (*Pending*)
8.  2CCV-23-0000273, Castro Jr.; et al. v. Hawaiian Electric Industries Inc.; et al (*Pending*)
9.  2CCV-23-0000267, Collins, XXVII; et al. v. Oprah Winfrey; et al. (*Pending*)
10. 2CCV-23-0000259, Cox et al. v. Hawaiian Electric Industries Inc. et al (*Pending*)
11. 2CCV-23-0000256, Cuevas-Reyes; et al. v. Hawaiian Electric Industries Inc.; et al (*Pending*)
12. 2CCV-23-0000272, Gloege; et al. v. Maui Electric Company, Ltd.; et al. (*Pending*)
13. 2CCV-23-0000282, Grogan, et al. v. Hawaiian Electric Industries, Inc., et al. (*Pending*)
14. 1CCV-23-0001114, Jose; et al. v. Maui Electric Company, Ltd.; et al. (*Pending*)
15. 2CCV-23-0000258, Kron; et al. v. Hawaiian Electric Industries Inc.; et al (*Pending*)
16. 2CCV-23-0000270, Laidlaw; et al. v. Hawaiian Electric Industries Inc.; et al (*Pending*)
17. 2CCV-23-0000281, Lansford v. Hawaiian Electric Industries, Inc., et al. (*Pending*)

18. 2CCV-23-0000255, Maratea; et al. v. Hawaiian Electric Industries Inc.; et al (*Pending*)
19. 2CCV-23-0000283, Morales; et al. v. Hawaiian Electric Industries, Inc.; et al. (*Pending*)
20. 2CCV-23-0000298, Na'aikane O Maui; et al. v. Maui Electric Company, Ltd.; et al. (*Pending*)
21. 2CCV-23-0000278, Naki; et al. v. State of Hawaii; et al. (*Pending*)
22. 1:23-cv-00381, O'Keefe Media Group, LLC; et al. v. Josh Green; et al (*Pending*)
23. 2CCV-23-0000254, Sampson; et al. v. Hawaiian Electric Industries Inc.; et al (*Pending*)
24. 2CCV-23-0000257, Tefft; et al. v. Hawaiian Electric Industries Inc.; et al (*Pending*)
25. 2CCV-23-0000251, Wells v. Maui Electric Company, Ltd.; et al. (*Pending*)
26. 2CCV-23-0000284, Wireless Solutions Hawai'i, LLP; et al. v. Hawaiian Electric Industries, Inc.; et al. (*Pending*)
27. 2CCV-23-0000308, Wollenschlaeger; et al. v. Hawaiian Electric Industries, Inc.; et al. (*Pending*)
28. 2CCV-23-0000238, County of Maui v. Maui Electric Company, Ltd.; et al. (*Pending*)
29. 2CCV-23-0000227, Apo; et al. v. Hawaiian Electric Company, Inc.; et al. (*Pending*)
30. 2CCV-23-0000309, Bertelson; et al. v. Maui Electric Company, Ltd.; et al. (*Pending*)
31. 1CCV-23-00001121, DB Insurance Co., Ltd. v. Hawaiian Electric Company, Inc.; et al. (*Dismissed*)
32. 3:23-cv-04332-JSC, Bhangal v. Hawaiian Electric Industries Inc.; et al. (*Pending*)
33. 2CCV-23-0000225, Gomes; et al. v. Hawaiian Electric Industries, Inc.; et al. (*Pending*)
34. 2CCV-23-0000239, Grumet; et al. v. Maui Electric Company, Ltd.; et al. (*Pending*)
35. 2CCV-23-0000237, Jantoc v. Hawaiian Electric Industries, Inc.; et al. (*Pending*)
36. 2CCV-23-0000243, Kohler; et al. v. Hawaiian Electric Industries, Inc.; et al. (*Pending*)
37. 2CCV-23-0000279, Loui; et al. v. Hawaiian Electric Industries, Inc.; et al. (*Pending*)
38. 2CCV-23-0000228, McIntire v. Hawaiian Electric Industries, Inc.; et al. (*Pending*)
39. 2CCV-23-0000276, Millington v. Maui Electric Company, Ltd.; et al. (*Pending*)
40. 2CCV-23-0000274, Pope; et al. v. Hawaiian Electric Industries, Inc.; et al. (*Pending*)
41. 1CCV-23-0001064, Raffetto v. Maui Electric Company, Ltd.; et al. (*Dismissed*)
42. 1CCV-23-0001181, Rice; et al. v. Connors; et al. (*Pending*)
43. 2CCV-23-0000234, Sanchez; et al. v. Hawaiian Electric Industries, Inc.; et al. (*Pending*)
44. 2CCV-23-0000260, Sheikhan; et al. v. Hawaiian Electric Industries, Inc.; et al. (*Pending*)
45. 2CCV-23-0000304, Showcase Hawaii Productions, LLC; et al. v. Hawaiian Electric Industries, Inc.; et al. (*Pending*)
46. 2CCV-23-0000265, Smith; et al. v. Hawaiian Electric Industries Inc.; et al. (*Pending*)
47. 2CCV-23-0000310, Spreiter v. Maui Electric Company, Ltd.; et al. (*Pending*)
48. 2CCV-23-0000235, Tanabe; et al. v. Hawaiian Electric Industries, Inc.; et al. (*Pending*)
49. 2CCV-23-0000230, Thomas; et al. v. Hawaiian Electric Industries, Inc.; et al. (*Pending*)

50. 1CCV-23-00001286, Westside Retail Investments; et al. v. Maui Electric Company, Ltd.; et al. (*Pending*)
51. 2CCV-23-0000311, Virgin Capital, LLC; et al. v. Hawaiian Electric Industries, Inc.; et al. (*Pending*)

**I.**     **ANY ADDITIONAL MATTERS**

There are no additional matters at this time.

**J.**     **THE UNDERSIGNED CERTIFIES (check one)**

☒     THE PARTIES ARE IN AN ONGOING PROCESS OF DISCUSSING THE FOLLOWING MATTERS:

✔     the nature and basis of their claims and defenses;

✔     the possibilities for promptly settling or resolving the case;

✔     making or arranging for disclosures required by HRCP 26(a)(1);

✔     whether the case should be assigned to an expedited or non-expedited track for trial under HRCP 16.1;

✔     preserving discoverable information; and

✔     a proposed discovery plan.

☒     For reasons set forth in the Joint Report of the Parties, the parties have not yet met in accordance with RCCH 12(a)(6), but are engaged in ongoing discussions regarding various issues in an effort to coordinate the many cases that have been filed as a result of the August 2023 wildfires on the Island of Maui.

DATED:  Honolulu, Hawai'i, October 25, 2023.

/s/ Patrick F. McTernan
L. RICHARD FRIED, JR.
WAYNE K. KEKINA
PATRICK F. McTERNAN
Attorneys for Plaintiff

# NOTICE OF ELECTRONIC FILING

**Electronically Filed**
**SECOND CIRCUIT**
**2CCV-23-0000238**
**25-OCT-2023**
**04:20 PM**
**Dkt. 60 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

| | |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | WEDNESDAY, OCTOBER 25, 2023 04:20:20 PM |
| **Filing Parties:** | Patrick McTernan |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 59-Scheduling Conf Statement |
| **Document Name:** | 59-PLAINTIFF COUNTY OF MAUI'S SCHEDULING CONFERENCE STATEMENT |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff *( rwhattoff@cfhawaii.com )*

Joachim Paul Cox *( jcox@cfhawaii.com )*

Second Circuit Court 2nd Division *( courtroom2.2cc@courts.hawaii.gov )*

Patrick F. McTernan *( pmcternan@croninfried.com )*

Wayne K. Kekina *( wkekina@croninfried.com )*

L. Richard Fried *( rfried@croninfried.com )*

Thomas Walter Kolbe *( thomas.kolbe@co.maui.hi.us )*

Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*

COX FRICKE LLP
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOACHIM P. COX                    7520
   jcox@cfhawaii.com
RANDALL C. WHATTOFF          9487
   rwhattoff@cfhawaii.com
800 Bethel Street, Suite 600
Honolulu, Hawaiʻi 96813
Telephone:  (808) 585-9440
Facsimile:   (808) 275-3276

Attorneys for Defendants
MAUI ELECTRIC COMPANY, LIMITED,
HAWAIIAN ELECTRIC COMPANY, INC.,
HAWAII ELECTRIC LIGHT COMPANY, INC.
and HAWAIIAN ELECTRIC INDUSTRIES, INC.

**Electronically Filed**
**SECOND CIRCUIT**
**2CCV-23-0000238**
**25-OCT-2023**
**04:54 PM**
**Dkt. 61 JPR**

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | |
|---|---|
| COUNTY OF MAUI,<br><br>        Plaintiff,<br><br>vs.<br><br>MAUI ELECTRIC COMPANY, LIMITED; HAWAIIAN ELECTRIC COMPANY, INC.; HAWAIʻI ELECTRIC LIGHT COMPANY, INC.; HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive,<br><br>        Defendants. | CASE NO. 2CCV-23-0000238 PTC<br>(Other Non-Vehicle Tort)<br><br>JOINT REPORT OF THE PARTIES; CERTIFICATE OF SERVICE<br><br><br><br>Scheduling Conference:<br>Date:    November 1, 2023<br>Time:    1:15 p.m.<br>Judge:   Hon. Peter T. Cahill<br><br>Trial:     None Set<br>Judge:   Hon. Peter T. Cahill |

## JOINT REPORT OF THE PARTIES

This is one of over three dozen cases, so far, that has been filed concerning the August 2023 Maui wildfires ("Maui Wildfire Cases").  More such cases are filed weekly, and there may be dozens or hundreds of more filed in the future.  The Court has indicated that it expects that procedural issues, discovery issues, and other issues will be coordinated across the Maui Wildfire Cases; accordingly, the parties anticipate that such common issues will be addressed in a series of Case Management Orders ("CMOs") about which the parties have been meeting and conferring.  The parties expect that those CMOs will take precedence over this Joint Report of the Parties.  It is with that expectation that the parties file this Joint Report.

\* \* \*

The conference pursuant to Rule 26(f)(2) of the Hawaiʻi Rules of Civil Procedure (HRCP) and Rule 12(a)(6)(B) of the Rules of the Circuit Courts of the State of Hawaiʻi (RCCH) has not yet occurred, but the parties are in the process of meeting and conferring regarding multiple case management orders related to this case.  So far, the parties have agreed on the following dates:

- November 6, 2023:  Utility Defendants' Initial disclosures
- November 13, 2023:  Utility Defendants' Rule 26(f) Conference
- November 17, 2023:  Deadline for defendants to answer or otherwise respond to the complaints
- January 5, 2024:  Plaintiffs' Initial Disclosures (unless otherwise agreed)
- January 20, 2024:  Deadline for defendants to file cross-claims, counterclaims, or third-party complaints[1]

---

[1] The parties' scheduling agreements also addressed certain other issues, and the parties' reserved certain objections and rights.  The schedule also may change if the parties agree to adjustments in the future or if the Court enters a CMO that supersedes the parties' agreements.

A.   <u>Disclosures Under HRCP Rule 26(a)</u>:

Initial Disclosures (HRCP Rule 26(a)(1)) for the Utility Defendants will take place on November 6, 2023.  Plaintiffs' initial disclosures will be set for 60 days thereafter, on January 5, 2024, subject to mutually agreeable extensions.

The parties expect that Expert Disclosures (HRCP Rule 26(a)(2)) will be addressed by a future CMO.  In the absence of such a CMO, experts disclosures shall be made by parties having the burden of proof on a claim no later than **180 days** before the trial date to be set by the court; by parties opposing a claim for relief no later than **145 days** before the trial date to be set by the court; and by parties intending to present evidence solely to rebut evidence on the subject matter identified for the first time by a party opposing a claim for relief no later than **120 days** before the date set for trial.

The parties expect that the final naming and discovery deadlines will be set out in a future CMO.  In the absence of such a CMO, naming deadlines may be set in the normal course as provided by Rules of the Circuit Court Rule 12(d) and the discovery cut-off be also set in the normal course as provided by Rules of the Circuit Court Rule 12(j).

B.   <u>Discovery</u>:

The parties expect that rules and limitations around discovery will be set forth in a future CMO.  To the extent no such CMO issues, the parties anticipate bringing such issues before the Court in a mutually agreeable procedure.  In the absence of such a CMO, the parties agree to meet and confer regarding discovery rules and limitations, including a protocol around a joint inspection of physical evidence.

C.      <u>Electronically Stored Information (ESI)</u>:

The parties agree that they have a mutual obligation to preserve any ESI relevant to the subject claims for the August 8, 2023 Wildfires.

D.      <u>Claims of Privilege or of Protection as Trial-Preparation Materials</u>:

The parties expect that treatment of privileged information, including communications among counsel for different parties, will be set forth in a future CMO.  The parties have discussed this issue.

E.      <u>Changes, if any, to be Made in Limitations on Discovery</u>:

The parties expect that rules and limitations around discovery will be set forth in a future CMO.  Plaintiffs contend that there may be a need to exceed deposition limits.  The parties agree that there is a need to customize the discovery process and to coordinate it across the Maui Wildfire Cases.

F.      <u>Other Orders</u>:

The parties do not believe there are any other orders that the Court should issue at the present time, but in the near future may come to the Court with disputes over CMOs regarding certain threshold issues, including master complaint / master answer procedures, the appointment of Plaintiffs' liaison counsel, and rules and limitations on discovery.

G.      <u>Other Matters</u>:

The parties anticipate that there will be protective order(s) governing the production of certain documents or information that will apply across the Maui Wildfire Cases.  Should the parties be unable to agree on language for a protective order, they may need to involve the Court to enter an order governing same.

The parties have agreed that this case is not appropriate for an expedited track.  The parties believe that the Court should delay setting a trial date in any of the Maui Wildfire Cases at this time, given that basic threshold issues in the Maui Wildfire Cases (that are the subject of ongoing negotiation) have yet to be resolved.

Plaintiff's position:

The Plaintiff request that the Court set a trial date in September of 2024.

DATED:  Honolulu, Hawaiʻi, October 25, 2023.

/s/ *Joachim P. Cox*
JOACHIM P. COX
RANDALL C. WHATTOFF

Attorneys for Defendants
MAUI ELECTRIC COMPANY, LIMITED,
HAWAIIAN ELECTRIC COMPANY, INC.,
HAWAII ELECTRIC LIGHT COMPANY, INC.
HAWAIIAN ELECTRIC INDUSTRIES, INC.

/s/ *Patrick F. McTernan*
L. RICHARD FRIED, JR.
WAYNE K. KEKINA
PATRICK F. MCTERNAN

Attorneys for Plaintiff
COUNTY OF MAUI

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| COUNTY OF MAUI,<br><br>               Plaintiff,<br><br>    vs.<br><br>MAUI ELECTRIC COMPANY,<br>LIMITED; HAWAIIAN ELECTRIC<br>COMPANY, INC.; HAWAI'I ELECTRIC<br>LIGHT COMPANY, INC.; HAWAIIAN<br>ELECTRIC INDUSTRIES, INC.<br>and DOES 1 THROUGH 50, inclusive,<br><br>         Defendants. | CASE NO. 2CCV-23-0000238 PTC<br>(Other Non-Vehicle Tort)<br><br><br>CERTIFICATE OF SERVICE |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this date the foregoing document was

duly served via JEFS upon the following parties:

VICTORIA J. TAKAYESU
Corporation Counsel
THOMAS KOLBE
thomas.kolbe@co.maui.hi.us
Deputy Corporation Counsel
County of Maui
**DEPARTMENT OF THE CORPORATION COUNSEL**
200 S. High Street
Wailuku, Hawai'i 96793

L. RICHARD FRIED, JR.
rfried@croninfried.com
WAYNE K. KEKINA
PATRICK F. MCTERNAN
pmcternan@croninfried.com
**CRONIN, FRIED, SEKIYA, KEKINA & FAIRBANKS**
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawai'i 96813

Attorneys for Plaintiff

DATED:  Honolulu, Hawai'i, October 25, 2023.

/s/ *Joachim P. Cox*
JOACHIM P. COX
RANDALL C. WHATTOFF

Attorneys for Defendants
MAUI ELECTRIC COMPANY, LIMITED,
HAWAIIAN ELECTRIC COMPANY, INC.,
HAWAII ELECTRIC LIGHT COMPANY, INC.
and HAWAIIAN ELECTRIC INDUSTRIES, INC.

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
25-OCT-2023
04:54 PM
Dkt. 62 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | WEDNESDAY, OCTOBER 25, 2023 04:54:21 PM |
| **Filing Parties:** | Joachim Cox |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | 61-Joint Report of the Parties |
| **Supporting Document(s):** | |
| **Document Name:** | 61-Joint Report of the Parties; Certificate of Service |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff *( rwhattoff@cfhawaii.com )*

Joachim Paul Cox *( jcox@cfhawaii.com )*

Second Circuit Court 2nd Division *( courtroom2.2cc@courts.hawaii.gov )*

Patrick F. McTernan *( pmcternan@croninfried.com )*

Wayne K. Kekina *( wkekina@croninfried.com )*

L. Richard Fried *( rfried@croninfried.com )*

Thomas Walter Kolbe *( thomas.kolbe@co.maui.hi.us )*

Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
01-NOV-2023
03:46 PM
Dkt. 65 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | WEDNESDAY, NOVEMBER 1, 2023 03:46:41 PM |
| **Filing Parties:** | |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 64-Remote Hearing |
| **Document Name:** | |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff *( rwhattoff@cfhawaii.com )*

Joachim Paul Cox *( jcox@cfhawaii.com )*

Second Circuit Court 2nd Division *( courtroom2.2cc@courts.hawaii.gov )*

Patrick F. McTernan *( pmcternan@croninfried.com )*

Wayne K. Kekina *( wkekina@croninfried.com )*

L. Richard Fried *( rfried@croninfried.com )*

Thomas Walter Kolbe *( thomas.kolbe@co.maui.hi.us )*

Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*

COX FRICKE LLP
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOACHIM P. COX                    7520
    jcox@cfhawaii.com
RANDALL C. WHATTOFF               9487
    rwhattoff@cfhawaii.com
800 Bethel Street, Suite 600
Honolulu, Hawaiʻi 96813
Telephone:  (808) 585-9440
Facsimile:  (808) 275-3276

MUNGER, TOLLES & OLSON LLP

BRAD D. BRIAN (*pro hac vice* Pending)
    brad.brian@mto.com
LISA J. DEMSKY (*pro hac vice* Pending)
    lisa.demsky@mto.com
NICHOLAS D. FRAM (*pro hac vice* Pending)
    nicholas.fram@mto.com
350 South Grand Avenue 50th Floor
Los Angeles, California 90071
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

Attorneys for Defendants
MAUI ELECTRIC COMPANY, LIMITED,
HAWAIIAN ELECTRIC COMPANY, INC., and
HAWAIʻI ELECTRIC LIGHT COMPANY, INC.
HAWAIIAN ELECTRIC INDUSTRIES, INC.

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
03-NOV-2023
03:18 PM
Dkt. 66 PORD**

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | |
|---|---|
| COUNTY OF MAUI,<br><br>       Plaintiff,<br><br>  vs.<br><br>MAUI ELECTRIC COMPANY, LIMITED; HAWAIIAN ELECTRIC COMPANY, INC.; HAWAIʻI ELECTRIC LIGHT COMPANY, INC.; HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, | CASE NO. 2CCV-23-0000238 PTC (Other Non-Vehicle Tort)<br><br>**[PROPOSED] STIPULATION TO DESIGNATE CASE AS COMPLEX LITIGATION PURSUANT TO RULE 12(C) OF THE RULES OF THE CIRCUIT COURTS OF THE STATE OF HAWAII**<br><br>[Caption Continued On Next Page] |

Defendants.

Trial:    None Set
Judge:   Hon. Peter T. Cahill

**[PROPOSED] STIPULATION TO DESIGNATE CASE AS COMPLEX LITIGATION
PURSUANT TO RULE 12(C) OF THE RULES OF THE CIRCUIT COURTS
OF THE STATE OF HAWAII**

COX FRICKE LLP
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOACHIM P. COX                    7520
    jcox@cfhawaii.com
RANDALL C. WHATTOFF               9487
    rwhattoff@cfhawaii.com
800 Bethel Street, Suite 600
Honolulu, Hawaiʻi 96813
Telephone:  (808) 585-9440
Facsimile:   (808) 275-3276


MUNGER, TOLLES & OLSON LLP

BRAD D. BRIAN (*pro hac vice* Pending)
    brad.brian@mto.com
LISA J. DEMSKY (*pro hac vice* Pending)
    lisa.demsky@mto.com
NICHOLAS D. FRAM (*pro hac vice* Pending)
    nicholas.fram@mto.com
350 South Grand Avenue 50th Floor
Los Angeles, California 90071
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Defendants
MAUI ELECTRIC COMPANY, LIMITED,
HAWAIIAN ELECTRIC COMPANY, INC., and
HAWAIʻI ELECTRIC LIGHT COMPANY, INC.
HAWAIIAN ELECTRIC INDUSTRIES, INC.

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | |
|---|---|
| COUNTY OF MAUI,<br><br>                    Plaintiff,<br><br>        vs.<br><br>MAUI ELECTRIC COMPANY, LIMITED; HAWAIIAN ELECTRIC COMPANY, INC.; HAWAIʻI ELECTRIC LIGHT COMPANY, INC.; HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, | CASE NO. 2CCV-23-0000238 PTC<br>(Other Non-Vehicle Tort)<br><br>**STIPULATION TO DESIGNATE CASE AS COMPLEX LITIGATION PURSUANT TO RULE 12(C) OF THE RULES OF THE CIRCUIT COURTS OF THE STATE OF HAWAII**<br><br>[Caption Continued On Next Page] |

|                     |        |               |
|---------------------|--------|---------------|
| Defendants.         | Trial: | None Set      |
|                     | Judge: | Hon. Peter T. Cahill |

## STIPULATION TO DESIGNATE CASE AS COMPLEX LITIGATION PURSUANT TO RULE 12(C) OF THE RULES OF THE CIRCUIT COURTS OF THE STATE OF HAWAII

The plaintiffs and defendants, by and through their respective counsel, hereby stipulate and agree as follows:

WHEREAS, the instant case is one of scores of cases that have been filed against various defendants related to the wildfires that occurred on Maui on August 8, 2023 (the "Wildfire Cases");

WHEREAS, Rule 12(c) of the Rules of the Circuit Courts of the State of Hawaii provides that the Court may designate a case as complex upon considering the criteria identified in Rule 12(c)(1);

WHEREAS, the parties agree that numerous of the criteria identified in Rule 12(c)(1) are present here, including that: (1) the estimated amount in controversy may be in excess of $750,000, excluding interest, attorneys' fees, and costs; (2) the estimated length of trial may be six weeks or more; (3) the number of parties is significant; (4) the anticipated number of expert witnesses is eight or more; (5) the case involves complex and multiple issues; (6) the subject matter of the case involves a natural catastrophe; and (7) discovery is anticipated to be complex.

WHEREAS, the parties agree that additional factors support the case being designated as complex, including that this case is one of scores Wildfire Cases, which include complaints filed on behalf of individuals, groups, and putative classes; there are related cases

- 2 -

pending in different circuits; there is likely to be coordinated service and discovery using web-based platforms; and there are likely to be complex settlement issues.

WHEREAS, Judge Cahill has already designated a number of the Wildfire Cases as complex pursuant to Rule 12(c).

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED to by and between the parties, through their respective counsel, that good cause exists to designate this case as complex.

DATED: Honolulu, Hawaiʻi, November 3, 2023.

*/s/ David J. Minkin*
DAVID J. MINKIN
JORDAN K. INAFUKU
SARA M. HAYDEN
KAMRIE J. KOI

Attorneys for Defendant
COUNTY OF MAUI

DATED: Honolulu, Hawaiʻi, November 3, 2023.

*/s/ Randall C. Whattoff*
JOACHIM P. COX
RANDALL C. WHATOFF
BRAD D. BRIAN *(Pro Hac Vice* Pending*)*
LISA DEMSKY *(Pro Hac Vice* Pending*)*
NICHOLAS FRAM *(Pro Hac Vice* Pending*)*

Attorneys for Defendants

- 3 -

**IT IS SO ORDERED:**

DATED:  Honolulu, Hawaiʻi, _____.

_____
JUDGE OF THE ABOVE-ENTITLED COURT

In the Circuit Court of the Second Circuit, State of Hawaii; Case No. 2CCV-23-0000238 PTC;
*County of Maui v. Maui Electric Company, Limited, et al.,*
STIPULATION TO DESIGNATE CASE AS COMPLEX LITIGATION

# NOTICE OF ELECTRONIC FILING

**Electronically Filed**
**SECOND CIRCUIT**
**2CCV-23-0000238**
**03-NOV-2023**
**03:18 PM**
**Dkt. 67 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

| | |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | FRIDAY, NOVEMBER 3, 2023 03:18:04 PM |
| **Filing Parties:** | Randall Whattoff |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 66-Proposed Order |
| **Document Name:** | 66-[PROPOSED] STIPULATION TO DESIGNATE CASE AS COMPLEX LITIGATION PURSUANT TO RULE 12(C) OF THE RULES OF THE CIRCUIT COURTS OF THE STATE OF HAWAII |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff ( rwhattoff@cfhawaii.com )

Joachim Paul Cox ( jcox@cfhawaii.com )

Second Circuit Court 2nd Division ( courtroom2.2cc@courts.hawaii.gov )

Patrick F. McTernan ( pmcternan@croninfried.com )

Wayne K. Kekina ( wkekina@croninfried.com )

L. Richard Fried ( rfried@croninfried.com )

Thomas Walter Kolbe ( thomas.kolbe@co.maui.hi.us )

Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*

COX FRICKE LLP
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOACHIM P. COX                    7520
   jcox@cfhawaii.com
RANDALL C. WHATTOFF               9487
   rwhattoff@cfhawaii.com
800 Bethel Street, Suite 600
Honolulu, Hawai'i 96813
Telephone:  (808) 585-9440
Facsimile:  (808) 275-3276

MUNGER, TOLLES & OLSON LLP

BRAD D. BRIAN (*pro hac vice* Pending)
   brad.brian@mto.com
LISA J. DEMSKY (*pro hac vice* Pending)
   lisa.demsky@mto.com
NICHOLAS D. FRAM (*pro hac vice* Pending)
   nicholas.fram@mto.com
350 South Grand Avenue 50th Floor
Los Angeles, California 90071
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

Attorneys for Defendants
MAUI ELECTRIC COMPANY, LIMITED,
HAWAIIAN ELECTRIC COMPANY, INC., and
HAWAI'I ELECTRIC LIGHT COMPANY, INC.
HAWAIIAN ELECTRIC INDUSTRIES, INC.

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
03-NOV-2023
04:26 PM
Dkt. 68 STIP**

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| COUNTY OF MAUI,<br><br>       Plaintiff,<br><br>     vs.<br><br>MAUI ELECTRIC COMPANY, LIMITED; HAWAIIAN ELECTRIC COMPANY, INC.; HAWAI'I ELECTRIC LIGHT COMPANY, INC.; HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, | CASE NO. 2CCV-23-0000238 PTC<br>(Other Non-Vehicle Tort)<br><br>**STIPULATION TO DESIGNATE CASE AS COMPLEX LITIGATION PURSUANT TO RULE 12(C) OF THE RULES OF THE CIRCUIT COURTS OF THE STATE OF HAWAII**<br><br>[Caption Continued On Next Page] |

Defendants.

Trial:   None Set
Judge:   Hon. Peter T. Cahill

## STIPULATION TO DESIGNATE CASE AS COMPLEX LITIGATION PURSUANT TO RULE 12(C) OF THE RULES OF THE CIRCUIT COURTS OF THE STATE OF HAWAII

The plaintiffs and defendants, by and through their respective counsel, hereby stipulate and agree as follows:

WHEREAS, the instant case is one of scores of cases that have been filed against various defendants related to the wildfires that occurred on Maui on August 8, 2023 (the "Wildfire Cases");

WHEREAS, Rule 12(c) of the Rules of the Circuit Courts of the State of Hawaii provides that the Court may designate a case as complex upon considering the criteria identified in Rule 12(c)(1);

WHEREAS, the parties agree that numerous of the criteria identified in Rule 12(c)(1) are present here, including that: (1) the estimated amount in controversy may be in excess of $750,000, excluding interest, attorneys' fees, and costs; (2) the estimated length of trial may be six weeks or more; (3) the number of parties is significant; (4) the anticipated number of expert witnesses is eight or more; (5) the case involves complex and multiple issues; (6) the subject matter of the case involves a natural catastrophe; and (7) discovery is anticipated to be complex.

WHEREAS, the parties agree that additional factors support the case being designated as complex, including that this case is one of scores Wildfire Cases, which include complaints filed on behalf of individuals, groups, and putative classes; there are related cases

- 2 -

pending in different circuits; there is likely to be coordinated service and discovery using web-based platforms; and there are likely to be complex settlement issues.

WHEREAS, Judge Cahill has already designated a number of the Wildfire Cases as complex pursuant to Rule 12(c).

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED to by and between the parties, through their respective counsel, that good cause exists to designate this case as complex.

DATED: Honolulu, Hawai'i, November 3, 2023.

/s/ David J. Minkin
DAVID J. MINKIN
JORDAN K. INAFUKU
SARA M. HAYDEN
KAMRIE J. KOI

Attorneys for Defendant
COUNTY OF MAUI

DATED: Honolulu, Hawai'i, November 3, 2023.

/s/ Randall C. Whattoff
JOACHIM P. COX
RANDALL C. WHATOFF
BRAD D. BRIAN *(Pro Hac Vice* Pending*)*
LISA DEMSKY *(Pro Hac Vice* Pending*)*
NICHOLAS FRAM *(Pro Hac Vice* Pending*)*

Attorneys for Defendants

**IT IS SO ORDERED:**

DATED:  Honolulu, Hawaiʻi, _NOV 0 3 2023_____.

_____
JUDGE OF THE ABOVE-ENTITLED COURT

---

In the Circuit Court of the Second Circuit, State of Hawaii; Case No. 2CCV-23-0000238 PTC;
_County of Maui v. Maui Electric Company, Limited. et al.,_
STIPULATION TO DESIGNATE CASE AS COMPLEX LITIGATION

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
03-NOV-2023
04:26 PM
Dkt. 69 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | FRIDAY, NOVEMBER 3, 2023 04:26:51 PM |
| **Filing Parties:** | Joachim Cox |
|  | Randall Whattoff |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 68-Stipulation to _____ |
| **Document Name:** | 68-STIPULATION TO DESIGNATE CASE AS COMPLEX LITIGATION PURSUANT TO RULE 12(C) OF THE RULES OF THE CIRCUIT COURTS OF THE STATE OF HAWAII |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff ( rwhattoff@cfhawaii.com )

Joachim Paul Cox ( jcox@cfhawaii.com )

Second Circuit Court 2nd Division ( courtroom2.2cc@courts.hawaii.gov )

Patrick F. McTernan ( pmcternan@croninfried.com )

Wayne K. Kekina ( wkekina@croninfried.com )

L. Richard Fried ( rfried@croninfried.com )

Thomas Walter Kolbe ( thomas.kolbe@co.maui.hi.us )

Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*

COX FRICKE LLP
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOACHIM P. COX                     7520
    jcox@cfhawaii.com
RANDALL C. WHATTOFF                9487
    rwhattoff@cfhawaii.com
800 Bethel Street, Suite 600
Honolulu, Hawaiʻi 96813
Telephone:  (808) 585-9440
Facsimile:  (808) 275-3276

MUNGER, TOLLES & OLSON LLP

BRAD D. BRIAN (*pro hac vice* Pending)
    brad.brian@mto.com
LISA J. DEMSKY (*pro hac vice* Pending)
    lisa.demsky@mto.com
NICHOLAS D. FRAM (*pro hac vice* Pending)
    nicholas.fram@mto.com
350 South Grand Avenue 50th Floor
Los Angeles, California 90071
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

Attorneys for Defendants
MAUI ELECTRIC COMPANY, LIMITED,
HAWAIIAN ELECTRIC COMPANY, INC., and
HAWAII ELECTRIC LIGHT COMPANY, INC.
HAWAIIAN ELECTRIC INDUSTRIES, INC.

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
04-NOV-2023
08:50 PM
Dkt. 70 NTCE**

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | |
|---|---|
| COUNTY OF MAUI,<br><br>                Plaintiff,<br><br>        vs.<br><br>MAUI ELECTRIC COMPANY, LIMITED; HAWAIIAN ELECTRIC COMPANY, INC.; HAWAIʻI ELECTRIC LIGHT COMPANY, INC.; HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, | CASE NO. 2CCV-23-0000238 PTC<br>(Other Non-Vehicle Tort)<br><br>**NOTICE OF WITHDRAWAL OF [DKT. NO. 66]** [PROPOSED] STIPULATION TO DESIGNATE CASE AS COMPLEX LITIGATION PURSUANT TO RULE 12(C) OF THE RULES OF THE CIRCUIT COURTS OF THE STATE OF<br><br>[Caption Continued On Next Page] |

Defendants.

HAWAII; CERTIFICATE OF SERVICE

Trial:    None Set
Judge:   Hon. Peter T. Cahill

---

### NOTICE OF WITHDRAWAL OF [DKT. NO. 66] [PROPOSED] STIPULATION TO DESIGNATE CASE AS COMPLEX LITIGATION PURSUANT TO RULE 12(C) OF THE RULES OF THE CIRCUIT COURTS OF THE STATE OF HAWAII

Defendants Hawaiian Electric Industries, Inc., Hawaiian Electric Company, Inc., Hawaii Electric Light Company, Inc., and Maui Electric Company, Limited ("Utility Defendants"), by and through their counsel, hereby provide notice of withdrawal of the [Proposed] Stipulation to Designate Case as Complex Litigation Pursuant to Rule 12(c) of the Rules of the Circuit Courts of the State of Hawaii, filed herein on November 3, 2023 at Dkt. No. 66 (the "Stipulation").  Utility Defendants inadvertently filed the Stipulation in this civil lawsuit, and are still waiting for a response from the County of Maui as to whether it approves the stipulation.

DATED: Honolulu, Hawai'i, November 4, 2023.


*/s/ Randall C. Whattoff*
JOACHIM P. COX
RANDALL C. WHATOFF
BRAD D. BRIAN *(Pro Hac Vice* Pending*)*
LISA DEMSKY *(Pro Hac Vice* Pending*)*
NICHOLAS FRAM *(Pro Hac Vice* Pending*)*

Attorneys for Defendants
MAUI ELECTRIC COMPANY, LIMITED,
HAWAIIAN ELECTRIC COMPANY, INC., and
HAWAII ELECTRIC LIGHT COMPANY, INC.
HAWAIIAN ELECTRIC INDUSTRIES, INC.

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| COUNTY OF MAUI,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>MAUI ELECTRIC COMPANY,<br>LIMITED; HAWAIIAN ELECTRIC<br>COMPANY, INC.; HAWAI'I ELECTRIC<br>LIGHT COMPANY, INC.; HAWAIIAN<br>ELECTRIC INDUSTRIES, INC.<br>and DOES 1 THROUGH 50, inclusive,<br><br>　　　　　Defendants. | CASE NO. 2CCV-23-0000238 PTC<br>(Other Non-Vehicle Tort)<br><br>CERTIFICATE OF SERVICE |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this date the foregoing document was

duly served via JEFS upon the following parties:

VICTORIA J. TAKAYESU
Corporation Counsel
THOMAS KOLBE
thomas.kolbe@co.maui.hi.us
Deputy Corporation Counsel
County of Maui
**DEPARTMENT OF THE CORPORATION COUNSEL**
200 S. High Street
Wailuku, Hawai'i 96793

L. RICHARD FRIED, JR.
rfried@croninfried.com
WAYNE K. KEKINA
wkekina@croninfried.com
PATRICK F. MCTERNAN
pmcternan@croninfried.com
**CRONIN, FRIED, SEKIYA, KEKINA & FAIRBANKS**
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawai'i 96813

Attorneys for Plaintiffs

DATED:  Honolulu, Hawaiʻi, November 4, 2023.

/s/ Randall C. Whattoff
JOACHIM P. COX
RANDALL C. WHATTOFF
BRAD D. BRIAN *(Pro Hac Vice* Pending*)*
LISA DEMSKY *(Pro Hac Vice* Pending*)*
NICHOLAS FRAM *(Pro Hac Vice* Pending*)*

Attorneys for Defendants
MAUI ELECTRIC COMPANY, LIMITED,
HAWAIIAN ELECTRIC COMPANY, INC.,
HAWAII ELECTRIC LIGHT COMPANY, INC.
HAWAIIAN ELECTRIC INDUSTRIES, INC.

# NOTICE OF ELECTRONIC FILING

**Electronically Filed**
**SECOND CIRCUIT**
**2CCV-23-0000238**
**04-NOV-2023**
**08:50 PM**
**Dkt. 71 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

| | |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | SATURDAY, NOVEMBER 4, 2023 08:50:34 PM |
| **Filing Parties:** | Randall Whattoff |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 70-Notice |
| **Document Name:** | 70-NOTICE OF WITHDRAWAL OF [DKT. NO. 66] [PROPOSED] STIPULATION TO DESIGNATE CASE AS COMPLEX LITIGATION PURSUANT TO RULE 12(C) OF THE RULES OF THE CIRCUIT COURTS OF THE STATE OF HAWAII; CERTIFICATE OF SERVICE |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff ( rwhattoff@cfhawaii.com )

Joachim Paul Cox ( jcox@cfhawaii.com )

Second Circuit Court 2nd Division ( courtroom2.2cc@courts.hawaii.gov )

Patrick F. McTernan ( pmcternan@croninfried.com )

Wayne K. Kekina ( wkekina@croninfried.com )

L. Richard Fried ( rfried@croninfried.com )

Thomas Walter Kolbe ( thomas.kolbe@co.maui.hi.us )

COX FRICKE LLP
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOACHIM P. COX                    7520
    jcox@cfhawaii.com
RANDALL C. WHATTOFF               9487
    rwhattoff@cfhawaii.com
800 Bethel Street, Suite 600
Honolulu, Hawaiʻi 96813
Telephone:  (808) 585-9440
Facsimile:  (808) 275-3276

MUNGER, TOLLES & OLSON LLP

BRAD D. BRIAN (*pro hac vice* Pending)
    brad.brian@mto.com
LISA J. DEMSKY (*pro hac vice* Pending)
    lisa.demsky@mto.com
NICHOLAS D. FRAM (*pro hac vice* Pending)
    nicholas.fram@mto.com
350 South Grand Avenue 50th Floor
Los Angeles, California 90071
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

Attorneys for Defendants
HAWAIIAN ELECTRIC INDUSTRIES, INC.
HAWAIIAN ELECTRIC COMPANY, INC.,
HAWAII ELECTRIC LIGHT COMPANY, INC., and
MAUI ELECTRIC COMPANY, LIMITED

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
06-NOV-2023
06:51 PM
Dkt. 72 CS**

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | |
|---|---|
| LAWRENCE MICHAEL JANTOC, Individually and as Personal Representative of the Estate of Lawrenzo Mornaon Jantoc II,<br><br>            Plaintiffs,<br>    vs.<br><br>HAWAIIAN ELECTRIC INDUSTRIES, INC., a Hawaii corporation; HAWAIIAN ELECTRIC COMPANY, INC., a Hawaii corporation; HAWAIʻI ELECTRIC LIGHT | CASE NO. 2CCV-23-0000237 PTC (Other Non-Vehicle Tort)<br><br>CERTIFICATE OF SERVICE<br><br>[Re:  (1) Hawaiian Electric Defendants' Initial Disclosures; and (2) Defendant Hawaiian Electric Industries, Inc.'s Initial Disclosures] |

COMPANY, INC., a Hawaii corporation;
MAUI ELECTRIC COMPANY,
LIMITED, a Hawaii corporation; and
DOES 1-200, inclusive,

        Defendants.

### CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on this date true and correct copies of (1)

Hawaiian Electric Defendants' Initial Disclosures; and (2) Defendant Hawaiian Electric

Industries, Inc.'s Initial Disclosures was duly served via e-mail upon the following parties:

      PAUL STARITA
      pstarita@singletonschreiber.com
      JULIA BRYANT
      jbryant@singletonschreiber.com
      SINGLETON SCHREIBER LLP
      Wells Street Professional Center
      2145 Wells Street, Unit 302
      Wailuku, HI 96798

      591 Camino de la Reina, Suite 1025
      San Diego, CA 92108

      Attorneys for Plaintiffs

DATED:  Honolulu, Hawaiʻi, November 6, 2023.

/s/ Randall C. Whattoff
JOACHIM P. COX
RANDALL C. WHATTOFF

Attorneys for Defendants
HAWAIIAN ELECTRIC INDUSTRIES, INC.
HAWAIIAN ELECTRIC COMPANY, INC.,
HAWAII ELECTRIC LIGHT COMPANY, INC.
and MAUI ELECTRIC COMPANY, LIMITED,

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
06-NOV-2023
06:51 PM
Dkt. 73 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | MONDAY, NOVEMBER 6, 2023 06:51:01 PM |
| **Filing Parties:** | Randall Whattoff |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 72-Certificate of Service |
| **Document Name:** | 72-CERTIFICATE OF SERVICE [Re: (1) Hawaiian Electric Defendants' Initial Disclosures; and (2) Defendant Hawaiian Electric Industries, Inc.'s Initial Disclosures] |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff ( rwhattoff@cfhawaii.com )

Joachim Paul Cox ( jcox@cfhawaii.com )

Second Circuit Court 2nd Division ( courtroom2.2cc@courts.hawaii.gov )

Patrick F. McTernan ( pmcternan@croninfried.com )

Wayne K. Kekina ( wkekina@croninfried.com )

L. Richard Fried ( rfried@croninfried.com )

Thomas Walter Kolbe ( thomas.kolbe@co.maui.hi.us )

Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
17-NOV-2023
09:44 AM
Dkt. 76 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | FRIDAY, NOVEMBER 17, 2023 09:44:27 AM |
| **Filing Parties:** | |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 75-Remote Hearing |
| **Document Name:** | |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff *( rwhattoff@cfhawaii.com )*

Joachim Paul Cox *( jcox@cfhawaii.com )*

Second Circuit Court 2nd Division *( courtroom2.2cc@courts.hawaii.gov )*

Patrick F. McTernan *( pmcternan@croninfried.com )*

Wayne K. Kekina *( wkekina@croninfried.com )*

L. Richard Fried *( rfried@croninfried.com )*

Thomas Walter Kolbe *( thomas.kolbe@co.maui.hi.us )*

Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*

COX FRICKE LLP
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOACHIM P. COX                          7520
    jcox@cfhawaii.com
RANDALL C. WHATTOFF               9487
    rwhattoff@cfhawaii.com
800 Bethel Street, Suite 600
Honolulu, Hawai'i 96813
Telephone:  (808) 585-9440
Facsimile:  (808) 275-3276

MUNGER, TOLLES & OLSON LLP

BRAD D. BRIAN (*pro hac vice* Pending)
    brad.brian@mto.com
LISA J. DEMSKY (*pro hac vice* Pending)
    lisa.demsky@mto.com
NICHOLAS D. FRAM (*pro hac vice* Pending)
    nicholas.fram@mto.com
350 South Grand Avenue 50th Floor
Los Angeles, California 90071
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Defendant
MAUI ELECTRIC COMPANY, LIMITED,
HAWAIIAN ELECTRIC COMPANY, INC., and
HAWAII ELECTRIC LIGHT COMPANY, INC.
HAWAIIAN ELECTRIC INDUSTRIES, INC.

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
17-NOV-2023
10:42 AM
Dkt. 77 ANSW**

### IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

### STATE OF HAWAI'I

| | |
|---|---|
| COUNTY OF MAUI,<br><br>          Plaintiff,<br><br>   vs.<br><br>MAUI ELECTRIC COMPANY, LIMITED; HAWAIIAN ELECTRIC COMPANY, INC.; HAWAI'I ELECTRIC LIGHT COMPANY, INC.; HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive,<br><br>       Defendants. | CASE NO. 2CCV-23-0000238 PTC (Other Non-Vehicle Tort)<br><br>HAWAIIAN ELECTRIC DEFENDANTS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL<br><br><br>Trial:    None Set<br>Judge:   Hon. Peter T. Cahill |

1

## HAWAIIAN ELECTRIC DEFENDANTS' ANSWER TO COMPLAINT

Defendants HAWAIIAN ELECTRIC INDUSTRIES, INC. ("HEI"), HAWAIIAN ELECTRIC COMPANY, INC. ("HECO"), HAWAII ELECTRIC LIGHT COMPANY, INC. ("HELCO"), and MAUI ELECTRIC COMPANY, LIMITED ("MECO") (collectively "Hawaiian Electric Defendants"), by and through their attorneys, Cox Fricke, LLP and Munger, Tolles & Olson LLP, hereby submit their Answer to the Complaint dated August 24, 2023, and state and allege as follows:

Each paragraph below corresponds to the same-numbered paragraph in the Complaint. By answering the Complaint, the Hawaiian Electric Defendants do not admit the accuracy of Plaintiff's characterization of any documents cited or referenced in the Complaint, the substance of any of those documents, or the authenticity or admissibility of any of those documents, and reserve all rights and objections to those documents. Investigations into the August 7-8, 2023 fires are ongoing and not yet complete, and the Hawaiian Electric Defendants' responses herein are based on information known at the time of writing. All allegations not specifically admitted are denied. All headings are denied.

1.      Paragraph 1 contains no factual allegations to which the Hawaiian Electric Defendants are required to respond.

2.      In response to Paragraph 2, the Hawaiian Electric Defendants admit that a fire broke out near the town of Lahaina on the Island of Maui, State of Hawaiʻi at approximately 6:30 a.m. on August 8, 2023 ("Morning Fire"). The Hawaiian Electric Defendants deny that the Morning Fire is "known as the 'Lahaina Fire.'" The Hawaiian Electric Defendants further admit that a second

2

fire began in the same area near the town of Lahaina at approximately 3 p.m. that afternoon ("Afternoon Fire"). The Hawaiian Electric Defendants admit that a fire broke out in the Kula area of Upcountry Maui on August 8, 2023. The Hawaiian Electric Defendants admit that a fire broke out near the Olinda area in Makawao on August 7, 2023. The remainder of the allegations in this Paragraph consist of characterizations to which the Hawaiian Electric Defendants are not required to respond.

3.      In response to Paragraph 3, the Hawaiian Electric Defendants admit that a fire broke out in the Kula area of Upcountry Maui on August 8, 2023. At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph, and on that basis such allegations are denied.

4.      In response to Paragraph 4, the Hawaiian Electric Defendants admit that a fire broke out near the Olinda area in Makawao on August 7, 2023. At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph, and on that basis such allegations are denied.

5.      In response to Paragraph 5, the Hawaiian Electric Defendants admit that the Afternoon Fire that broke out on August 8, 2023 was tragic and deadly in Lahaina. At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph, and on that basis such allegations are denied.

6.      In response to Paragraph 6, the Hawaiian Electric Defendants admit that the Afternoon Fire that broke out on August 8, 2023 was tragic and deadly in Lahaina. At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about

the truth of the remaining allegations in this Paragraph, and on that basis such allegations are denied.

7.      Paragraph 7 contains characterizations to which the Hawaiian Electric Defendants are not required to respond.  At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph, and on that basis such allegations are denied.

8.      In response to Paragraph 8, the Hawaiian Electric Defendants admit that the Afternoon Fire that broke out on August 8, 2023 was tragic and deadly in Lahaina, resulting in injuries and the deaths of more than 90 people.  The Hawaiian Electric Defendants deny that "the death toll reached 115 and is sadly expected to rise."  The remainder of Paragraph 8 contains characterizations to which the Hawaiian Electric Defendants are not required to respond.

9.      The Hawaiian Electric Defendants admit that in the days leading up to August 8, 2023, the National Weather Service issued warnings for the Hawaiian Islands.  The remainder of Paragraph 9 contains legal conclusions and characterizations which the Hawaiian Electric Defendants deny.

10.     Paragraph 10 contains legal conclusions which the Hawaiian Electric Defendants deny. To the extent that this Paragraph contains factual allegations to which the Hawaiian Defendants are required to respond, the Hawaiian Electric Defendants deny the allegations in this Paragraph.

11.     Paragraph 11 contains legal conclusions which the Hawaiian Electric Defendants deny.

12.     The Hawaiian Electric Defendants admit that the document referenced in Paragraph 12 exists.  The document referenced in Paragraph 12 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.

13.     Paragraph 13 contains legal conclusions which the Hawaiian Electric Defendants deny. To the extent that this Paragraph contains factual allegations to which the Hawaiian Defendants are required to respond, the Hawaiian Electric Defendants deny the allegations in this Paragraph.

14.     Paragraph 14 contains a legal conclusion to which the Hawaiian Electric Defendants are not required to respond.

15.     Paragraph 15 contains a legal conclusion to which the Hawaiian Electric Defendants are not required to respond.

16.     In response to Paragraph 16, the Hawaiian Electric Defendants admit that Maui County is a political subdivision.  At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph, and on that basis, such allegations are denied.

17.     Paragraph 17 contains no factual allegations to which the Hawaiian Electric Defendants are required to respond.

18.     Admitted.

19.     The Hawaiian Electric Defendants admit that HECO is doing business in the State of Hawaiʻi, is the Principal Subsidiary of HEI, is a public utility company headquartered in Honolulu, Hawaii, and is the parent company of MECO and HELCO.  The remaining allegations in this Paragraph are denied.

20.     In response to Paragraph 20, the Hawaiian Electric Defendants deny that HELCO is headquartered in Honolulu, Hawaiʻi and deny that HELCO "does regular, sustained business throughout Hawaiʻi, including in Maui County."  The remaining allegations in this Paragraph are admitted.

21.    In response to Paragraph 21, the Hawaiian Electric Defendants admit that HEI is the parent company of HECO and that its principal place of business is in Honolulu. The Hawaiian Electric Defendants admit that HECO, MECO, and HELCO supply nearly all of the electricity to the Counties of Maui and Hawaii, and the City and County of Honolulu.  The remaining allegations are denied.

22.    The Hawaiian Electric Defendants admit that HECO, MECO, and HELCO supply approximately 95% of Hawaiʻi's population with electricity.  The Hawaiian Electric Defendants admit that more than 40 percent of the transmission and distribution lines owned by HECO across the State of Hawaiʻi are underground, and admit that HECO has sole ownership of about 50,000 poles.  The remaining allegations in this Paragraph are denied.

23.    The first sentence of Paragraph 23 contains no factual allegations to which the Hawaiian Electric Defendants are required to respond.  The Hawaiian Electric Defendants admit that HECO, MECO, and HELCO "own, design, construct, operate, maintain, and repair powerlines and other equipment to transmit electricity to residents, businesses, schools, and industries in the State of Hawaiʻi."  The Hawaiian Electric Defendants deny any remaining allegations.

24.    Paragraph 24 contains legal conclusions which the Hawaiian Electric Defendants deny. To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

25.    At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and on that basis, such allegations are denied.

26.     At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and on that basis, such allegations are denied.

27.     In response to Paragraph 27, the Hawaiian Electric Defendants admit that Hawaiʻi faces extreme weather conditions, including hurricanes.  The Hawaiian Electric Defendants further admit that extreme weather conditions in Hawaiʻi have increased in frequency and intensity due to climate change.  At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph, and on that basis, such allegations are denied.

28.     In response to Paragraph 28, the Hawaiian Electric Defendants admit that Hawaiʻi faces extreme weather conditions, including hurricanes.  At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph, and on that basis, such allegations are denied.

29.     The Hawaiian Electric Defendants admit that the document referenced in Paragraph 29 exists.  The document referenced in Paragraph 29 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.

30.     The Hawaiian Electric Defendants admit that the document referenced in Paragraph 30 exists.  The document referenced in Paragraph 30 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.

31.     The Hawaiian Electric Defendants admit that the document referenced in Paragraph 31 exists.  The document referenced in Paragraph 31 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.

32.     The Hawaiian Electric Defendants admit that the document referenced in Paragraph 32 exists.  The document referenced in Paragraph 32 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.

33.     The document referenced in Paragraph 33 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.

34.     The Hawaiian Electric Defendants admit that the document referenced in Paragraph 34 exists.  The document referenced in Paragraph 34 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.

35.     The Hawaiian Electric Defendants admit that HECO, MECO, and HELCO made periodic funding requests to the Hawai'i Public Utilities Commission, including in 2022.  The Hawaiian Electric Defendants admit that they were aware of the risk of wildfire as one of several serious natural risks on Maui, and that they had taken steps to address those risks.  The remaining allegations in this Paragraph consist of legal conclusions and characterizations which the Hawaiian Electric Defendants deny.

36.     In response to Paragraph 36, the Hawaiian Electric Defendants admit that Jennifer Potter was a member of the Hawaii Public Utilities Commission and admit that wildfires occur on Maui.  At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the other allegations in this Paragraph and, on that basis, such allegations are denied.

37.     The Hawaiian Electric Defendants admit that the document referenced in Paragraph 37 exists.  The document referenced in Paragraph 37 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.

38.     Paragraph 38 contains legal conclusions which the Hawaiian Electric Defendants deny.

39.      Paragraph 39 contains legal conclusions which the Hawaiian Electric Defendants deny. To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

40.      Paragraph 40 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

41.      The Hawaiian Electric Defendants admit NWS issued weather warnings in the days preceding the August 8, 2023 fire.  The Hawaiian Electric Defendants admit that the post referenced in Paragraph 41 exists.  The post referenced in Paragraph 41 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.

42.      The Hawaiian Electric Defendants admit NWS issued weather warnings in the days preceding the August 8, 2023 fire.  The Hawaiian Electric Defendants admit that the post referenced in Paragraph 42 exists.  The post referenced in Paragraph 42 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.

43.      The Hawaiian Electric Defendants admit NWS issued weather warnings in the days preceding the August 8, 2023 fire.  The Hawaiian Electric Defendants admit that the post referenced in Paragraph 43 exists.  The post referenced in Paragraph 43 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.

44.      The Hawaiian Electric Defendants admit NWS issued weather warnings in the days preceding the August 8, 2023 fire.  The Hawaiian Electric Defendants admit that the post referenced in Paragraph 44 exists.  The post referenced in Paragraph 44 speaks for itself, and the

Hawaiian Electric Defendants refer the Court to the document for its contents.  The Hawaiian Electric Defendants deny the remaining allegations.

45.     The Hawaiian Electric Defendants admit that "[p]er NWS, a Red Flag Warning means that critical fire weather conditions are either occurring now or will shortly.  A combination of strong winds, low relative humidity, and warm temperatures can contribute to extreme fire behavior."

46.     Paragraph 46 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, such allegations are denied.

47.     Paragraph 47 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, such allegations are denied.

48.     Paragraph 48 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, such allegations are denied.

49.     In response to Paragraph 49, the Hawaiian Electric Defendants admit that the Morning Fire was reported to have broken out approximately 6:30 a.m. on August 8, 2023 near Lahainaluna Road.  At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph and on that basis such allegations are denied.

50.     The Hawaiian Electric Defendants admit that the Maui County Fire Department responded to the Morning Fire, reported it was "100% contained," left the scene, and later declared it had been "extinguished."  The Hawaiian Electric Defendants further admit that, at or

about 3 p.m. on August 8, a time when all of Hawaiian Electric's power lines in West Maui had been de-energized for more than six hours, the Afternoon Fire began in the same area.  At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph and on that basis such allegations are denied.

51.     The Hawaiian Electric Defendants admit that the document referenced in Paragraph 51 exists.  The document referenced in Paragraph 51 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.

52.     In response to Paragraph 52, the Hawaiian Electric Defendants admit that the Afternoon Fire was tragic and deadly in Lahaina, resulting in property damage and the deaths of more than 90 people.

53.     The Hawaiian Electric Defendants admit that HECO, MECO, and HELCO maintain a power substation on Lahainaluna Road in the vicinity of the Sue D. Cooley Stadium.  The Hawaiian Electric Defendants deny any remaining allegations.  Paragraph 53 contains characterizations which the Hawaiian Electric Defendants deny.

54.     Paragraph 54 contains legal conclusions and characterizations which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Defendants are required to respond, the allegations are denied.

55.     Paragraph 55 contains legal conclusions and characterizations which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Defendants are required to respond, the allegations are denied.

56.     Paragraph 56 contains legal conclusions and characterizations which the Hawaiian Electric Defendants deny.   The Hawaiian Electric Defendants admit that the document

referenced in Paragraph 56 exists.  The document referenced in Paragraph 56 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.

57.     The Hawaiian Electric Defendants admit that the document referenced in Paragraph 57 exists.  The document referenced in Paragraph 57 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.

58.     The Hawaiian Electric Defendants deny the allegations in this Paragraph.

59.     The Hawaiian Electric Defendants admit that the document referenced in Paragraph 59 exists.  The document referenced in Paragraph 59 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.

60.     The Hawaiian Electric Defendants admit that HECO, MECO, and HELCO had considered whether or not to implement a proactive plan to shut off power but as of August 2023 had decided not to have a formal power shutoff policy; instead they had other protective policies in place, including a policy regarding the automatic disabling of reclosers in high fire threat conditions.  The document referenced in Paragraph 60 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.  The remainder of this Paragraph contains legal conclusions or characterizations which the Hawaiian Electric Defendants deny.

61.     The document referenced in Paragraph 61 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.

62.     The document referenced in Paragraph 62 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.

63.     The document referenced in Paragraph 63 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.

64.     Paragraph 64 contains legal conclusions which the Hawaiian Electric Defendants deny. To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

65.     The Hawaiian Electric Defendants admit that the Mayor of Maui made statements about the Fire; those statements referenced in Paragraph 65 speak for themselves, and the Hawaiian Electric Defendants refer the Court to the statements for their contents.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

66.     The Hawaiian Electric Defendants admit that the document referenced in Paragraph 66 exists.  The document referenced in Paragraph 66 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.

67.     At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and on that basis, such allegations are denied.

68.     The Hawaiian Electric Defendants admit that a fault can occur when power lines come into contact with other objects.  The remainder of Paragraph 68 consists of characterizations to which the Hawaiian Electric Defendants are not required to respond.

69.     At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and on that basis, such allegations are denied.

70.     The Hawaiian Electric Defendants admit that a fire broke out in the area of Upcountry Maui late in the evening on August 7, 2023, sometimes referred to as the "Olinda Fire." At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief

about the truth of the remaining allegations in this Paragraph, and on that basis, such allegations are denied.

71.     At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and on that basis, such allegations are denied.

72.     The Hawaiian Electric Defendants admit that a fire broke out in the area of Upcountry Maui on August 8, 2023, sometimes referred to as the "Kula Fire."  At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph, and on that basis, such allegations are denied

73.     The Hawaiian Electric Defendants admit that HECO, MECO, and HECLO were aware of the risk of wildfire as one of several serious risks on Maui, and that they had taken steps to address those risks.  To the extent that this Paragraph contains additional factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

74.     Paragraph 74 contains legal conclusions which the Hawaiian Electric Defendants deny. To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

75.     Paragraph 75 contains legal conclusions which the Hawaiian Electric Defendants deny. To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

76.     Paragraph 76 contains legal conclusions which the Hawaiian Electric Defendants deny. To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

77.     Paragraph 77 contains legal conclusions which the Hawaiian Electric Defendants deny. To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

78.     Paragraph 78 contains legal conclusions which the Hawaiian Electric Defendants deny. To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

79.     Paragraph 79 contains legal conclusions which the Hawaiian Electric Defendants deny. To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

80.     Paragraph 80 contains legal conclusions which the Hawaiian Electric Defendants deny. To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

81.     Paragraph 81 contains legal conclusions which the Hawaiian Electric Defendants deny. To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

82.     Paragraph 82 contains legal conclusions which the Hawaiian Electric Defendants deny. To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

83.     The Hawaiian Electric Defendants admit that the Camp Fire in 2018 was a tragedy that caused the loss of lives and property.  The Hawaiian Electric Defendants admit that HECO, MECO, and HELCO had considered whether or not to implement a proactive plan to shut off power but as of August 2023 had decided not to have a formal power shutoff policy; instead they had other protective policies in place, including a policy regarding the automatic disabling of

reclosers in high fire threat conditions.  The remainder of this Paragraph contains legal conclusions or characterizations which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

84.     The Hawaiian Electric Defendants admit that HECO, MECO, and HELCO had considered whether or not to implement a proactive plan to shut off power but as of August 2023 had decided not to have a formal power shutoff policy; instead they had other protective policies in place, including a policy regarding the automatic disabling of reclosers in high fire threat conditions.  The Hawaiian Electric Defendants admit that MECO implemented the recloser policy and that there was no electricity to customers in all West Maui after approximately 6:39 am on August 8.  The remainder of this Paragraph contains legal conclusions or characterizations which the Hawaiian Electric Defendants deny.

85.     Paragraph 85 contains legal conclusions which the Hawaiian Electric Defendants deny. To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

86.     Paragraph 86 contains legal conclusions which the Hawaiian Electric Defendants deny. To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

87.     In response to Paragraph 87, the Hawaiian Electric Defendants incorporate their responses to the preceding Paragraphs.

88.     Paragraph 88 contains legal conclusions which the Hawaiian Electric Defendants deny. To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

89.     Paragraph 89 contains legal conclusions to which the Hawaiian Electric Defendants are not required to respond.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

90.     Paragraph 90 contains legal conclusions and characterizations to which the Hawaiian Electric Defendants are not required to respond.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

91.     Paragraph 91 contains legal conclusions and characterizations which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

92.     Paragraph 92 contains legal conclusions and characterizations  which the Hawaiian Electric Defendants deny.

93.     Paragraph 93 contains legal conclusions which the Hawaiian Electric Defendants deny.

94.     Paragraph 94 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

95.     Paragraph 95 contains legal conclusions which the Hawaiian Electric Defendants deny.

96.     Paragraph 96 contains legal conclusions which the Hawaiian Electric Defendants deny.

97.     Paragraph 97 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian

Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

98.     Paragraph 98 contains legal conclusions which the Hawaiian Electric Defendants deny.

99.     In response to Paragraph 99, the Hawaiian Electric Defendants incorporate their responses to the preceding Paragraphs.

100.    Paragraph 100 contains legal conclusions and characterizations which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Defendants are required to respond, the Hawaiian Electric Defendants deny the allegations in this Paragraph.

101.    Paragraph 101 contains legal conclusions and characterizations which the Hawaiian Electric Defendants deny.   The document referenced in Paragraph 101 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.

102.    Paragraph 102 contains legal conclusions and characterizations to which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Defendants are required to respond, the Hawaiian Electric Defendants deny the allegations in this Paragraph.

103.    Paragraph 103 contains legal conclusions and characterizations which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Defendants are required to respond, the Hawaiian Electric Defendants deny the allegations in this Paragraph.

104.    Paragraph 104 contains legal conclusions and characterizations which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which

the Hawaiian Defendants are required to respond, the Hawaiian Electric Defendants deny the allegations in this Paragraph.

105. Paragraph 105 contains legal conclusions which the Hawaiian Electric Defendants deny.

106. Paragraph 106 contains legal conclusions which the Hawaiian Electric Defendants deny. To the extent that this Paragraph contains factual allegations to which the Hawaiian Defendants are required to respond, the Hawaiian Electric Defendants deny the allegations in this Paragraph.

107. Paragraph 107 contains legal conclusions which the Hawaiian Electric Defendants deny.

108. Paragraph 108 contains legal conclusions which the Hawaiian Electric Defendants deny.

109. Paragraph 109 contains legal conclusions which the Hawaiian Electric Defendants deny. To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

110. Paragraph 110 contains legal conclusions which the Hawaiian Electric Defendants deny.

111. In response to Paragraph 111, the Hawaiian Electric Defendants incorporate their responses to the preceding Paragraphs.

112. At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and on that basis, such allegations are denied.

113. Paragraph 113 contains legal conclusions which the Hawaiian Electric Defendants deny. To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

114.    Paragraph 114 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

115.    Paragraph 115 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

116.    Paragraph 116 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

117.    Paragraph 117 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

118.    Paragraph 118 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

119.    Paragraph 119 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian

Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

120.    Paragraph 120 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

121.    Paragraph 121 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.  The document referenced in Paragraph 121 speaks for itself, and the Hawaiian Electric Defendants refer the Court to the document for its contents.

122.    Paragraph 122 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

123.    Paragraph 123 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

124.    Paragraph 124 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

125.    Paragraph 125 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

126.    Paragraph 126 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

127.    In response to Paragraph 127, the Hawaiian Electric Defendants incorporate their responses to the preceding Paragraphs.

128.    Paragraph 128 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

129.    Paragraph 129 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

130.    Paragraph 130 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

131.    Paragraph 131 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

132.    Paragraph 132 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

133.    Paragraph 133 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

134.    Paragraph 134 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

135.    Paragraph 135 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

136.    Paragraph 136 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian

Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

137.    Paragraph 137 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

138.    Paragraph 138 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

139.    Paragraph 139 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

140.    In response to Paragraph 140, the Hawaiian Electric Defendants incorporate their responses to the preceding Paragraphs.

141.    Paragraph 141 contains no factual allegations to which the Hawaiian Electric Defendants are required to respond.

142.    Paragraph 141 contains no factual allegations to which the Hawaiian Electric Defendants are required to respond.

143.    In response to Paragraph 143, the Hawaiian Electric Defendants incorporate their responses to the preceding Paragraphs.

144.    At this time, the Hawaiian Electric Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and on that basis, such allegations are denied.

145.    Paragraph 145 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

146.    Paragraph 146 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

147.    Paragraph 147 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

148.    Paragraph 148 contains legal conclusions which the Hawaiian Electric Defendants deny.

149.    Paragraph 149 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

150.    Paragraph 150 contains legal conclusions which the Hawaiian Electric Defendants deny.  To the extent that this Paragraph contains factual allegations to which the Hawaiian

Electric Defendants are required to respond, the Hawaiian Electric Defendants deny such allegations.

151.    The allegations in this paragraph contain Plaintiffs' requests for relief, which require no response; to the extent a response is required, the Hawaiian Electric Defendants deny that Plaintiffs are entitled to any relief from the Hawaiian Electric Defendants.

## AFFIRMATIVE DEFENSES

By asserting the following affirmative defenses, the Hawaiian Electric Defendants do not admit that they bear the burden of proof on any such defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Offset)

To the extent that the Hawaiian Electric Defendants have provided, or may provide, compensation of any kind to Plaintiffs and/or their insurers, including but not limited to through any restitution ordered by any court, such compensation may constitute an offset.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Capacity or Standing)

The claims alleged in the Complaint are barred, in whole or in part, by lack of capacity or standing.

## THIRD AFFIRMATIVE DEFENSE

### (Compliance)

The Hawaiian Electric Defendants have complied with the applicable laws, regulations, and rules and such compliance demonstrates that due care and reasonable prudence were exercised.  The claims in the Complaint are barred, in whole or in part, because matters alleged and complained about in the Complaint were consistent with available technology, were in compliance with applicable regulations, and alternative design was not feasible or practical.

26

## FOURTH AFFIRMATIVE DEFENSE

(Lack of Intentionality)

Alleged acts or omissions in the Complaint causing a nuisance or trespass on land were unintentional and non-negligent.

## FIFTH AFFIRMATIVE DEFENSE

(Superseding, Subsequent, or Intervening Events)

The injuries, losses, or damages alleged in the Complaint were directly and proximately caused, in whole or in part, by intervening, and/or superseding acts for which the Hawaiian Electric Defendants are not accountable.

## SIXTH AFFIRMATIVE DEFENSE

(Acts of God)

The injuries, losses, or damages alleged in the Complaint were directly and proximately caused, in whole or in part, by acts of nature, or persons, or entities for whom or which the Hawaiian Electric Defendants are not accountable, including but not limited to Acts of God.

## SEVENTH AFFIRMATIVE DEFENSE

(Mitigation)

The injuries, losses, or damages alleged in the Complaint are subject to the requirements of the principles of mitigation.

## EIGHTH AFFIRMATIVE DEFENSE

(Injury Caused by Others)

The injuries, losses or damages alleged in the Complaint were caused in whole or in part by persons or entities for whom or which the Hawaiian Electric Defendants are not accountable and over whom or which the Hawaiian Electric Defendants had neither control nor right of control. The Hawaiian Electric Defendants are entitled to apportionment of fault among all

persons and entities whose acts or omissions contributed to the occurrence and extent of the alleged injuries, damages and/or losses, and a judgment and declaration of indemnification and contribution in favor of the Hawaiian Electric Defendants and against all other persons and entities with the apportionment of fault.

## NINTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Causation has not yet been determined so the Hawaiian Electric Defendants plead a general response now to avoid delay in the litigation.  This affirmative defense is not intended to blame any individual victim, but rather to reserve rights in the event it is determined that other persons or entities have responsibility in whole or in part for the Lahaina Fire and/or the damages associated with the Lahaina Fire.  Other persons or entities, including but not limited to one or more of the Plaintiffs, may be legally responsible under the doctrine of comparative negligence, contributory negligence or assumption of risk, or may be otherwise at fault, in whole or in part, for which the law provides apportionment of fault, reduction, offset, indemnification or contribution.

## TENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Causation has not yet been determined so the Hawaiian Electric Defendants plead a general response now to avoid delay in the litigation.  This affirmative defense is not intended to blame any individual victim, but rather to reserve rights in the event it is determined that other persons or entities have responsibility in whole or in part for the damages associated with the Lahaina Fire.  If Plaintiffs suffered any of the injuries and/or damages alleged in the Complaint, such injuries and/or damages were proximately caused by the voluntary assumption of risk of such injuries and/or damages.

28

## ELEVENTH AFFIRMATIVE DEFENSE

(Indemnification/Contribution)

To the extent the Hawaiian Electric Defendants are liable to Plaintiffs for any damages, the Hawaiian Electric Defendants are entitled to contribution or indemnification, in whole or in part, from other parties or third parties.

## TWELFTH AFFIRMATIVE DEFENSE

(Limitations on Punitive and/or Exemplary Damages)

The allegations in the Complaint fail to state facts sufficient to support an award of exemplary or punitive damages or other statutory fines or penalties against the Hawaiian Electric Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Limitations on Damages)

The Complaint fails to state a cause of action for which pre-judgment interest, expert fees, or attorney's fees may be awarded.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Constitutional Protections Against Punitive Damages)

The claims in the Complaint for punitive damages are barred, in whole or in part, because they violate state and federal constitutional rights, including but not limited to due process, equal protection, and ex post facto provisions; the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, and Article 1, section 5 of the Hawaii Constitution; and the right not to be subjected to excessive awards and multiple punishments. Any claim for punitive damages is limited by state and federal law, including but not limited to the United States Supreme Court's decision in *State Farm Mutual Automobile Insurance Company v. Campbell*, 123 S. Ct. 1513 (2003).

29

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Non-Joinder)

The claims alleged in the Complaint are defective, in whole or in part, for non-joinder of parties who are necessary and/or indispensable.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Misjoinder)

The claims alleged in the Complaint are defective, in whole or in part, for the improper joinder of parties to this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Split Causes of Action)

The claims alleged in the Complaint are barred, in whole or in part, to the extent they split a cause of action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Entitlement)

Plaintiffs are not entitled to recover on claims of damages or losses paid, in whole or in part, as a result of coverage under any applicable policy of insurance.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Double Recovery)

Plaintiffs are not entitled—in combination with their insurers or otherwise, including through restitution ordered by any court—to double recovery, in whole or in part, on any claims of damages or losses.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Waiver)

The claims alleged in the Complaint are barred, in whole or in part, from recovery based on waiver.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Reasonable and Lawful Expenses)

In the event that the Hawaiian Electric Defendants are liable for injuries, damages, or expenses alleged in the Complaint, the Hawaiian Electric Defendants would be liable only to the extent that such injuries, damages, or expenses are reasonable and lawfully incurred.  The Hawaiian Electric Defendants deny that the injuries, damages, or expenses alleged in the Complaint were lawfully incurred and therefore allege that Plaintiffs are not entitled to recovery on such injuries, damages or expenses, in whole or in part.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Exhaustion of Administrative Remedies)

The claims alleged in the Complaint are barred, in whole or in part, because Plaintiffs have failed to exhaust their administrative remedies, including with the State of Hawai'i and the Hawai'i Public Utilities Commission.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Primary Jurisdiction)

The claims alleged in the Complaint are barred, in whole or in part, because Plaintiffs have failed to present them first to an administrative body possessing special regulatory power with respect to such claims.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Emergency Immunity)

The claims alleged in the Complaint are barred, in whole or in part, to the extent they are based on any act or omission made by the Hawaiian Electric Defendants in the course of engaging in emergency management functions pursuant to Hawai'i Rev. Stat. § 127A-9(a).

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

Discovery has not yet begun. The Hawaiian Electric Defendants reserve the right to assert additional defenses that may be revealed through investigation, discovery, and or trial. The Hawaiian Electric Defendants will rely upon any matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Hawai'i Rules of Civil Procedure and will seek leave to amend their answer to allege any such matters as deemed necessary and appropriate.

## PRAYER

WHEREFORE, the Hawaiian Electric Defendants pray that Plaintiffs take nothing by the Complaint, and that relief be afforded as provided by law and for such other and further relief that the Court may deem just and proper.

## DEMAND FOR JURY

The Hawaiian Electric Defendants respectfully request a trial by jury as to all issues so triable in each action subject to the Complaint.

DATED:  Honolulu, Hawai'i, November 17, 2023.

/s/ *Randall C. Whattoff*
JOACHIM P. COX
RANDALL C. WHATTOFF

Attorneys for Defendants

32

MAUI ELECTRIC COMPANY, LIMITED,
HAWAIIAN ELECTRIC COMPANY, INC.,
HAWAIIAN ELECTRIC INDUSTRIES, INC., and
HAWAII ELECTRIC LIGHT COMPANY, INC.

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
17-NOV-2023
10:42 AM
Dkt. 78 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

| | |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | FRIDAY, NOVEMBER 17, 2023 10:42:22 AM |
| **Filing Parties:** | Randall Whattoff |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 77-Answer |
| **Document Name:** | 77-HAWAIIAN ELECTRIC DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff ( rwhattoff@cfhawaii.com )

Joachim Paul Cox ( jcox@cfhawaii.com )

Second Circuit Court 2nd Division ( courtroom2.2cc@courts.hawaii.gov )

Patrick F. McTernan ( pmcternan@croninfried.com )

Wayne K. Kekina ( wkekina@croninfried.com )

L. Richard Fried ( rfried@croninfried.com )

Thomas Walter Kolbe ( thomas.kolbe@co.maui.hi.us )

Victoria J. Takayesu-Hamilton ( victoria.takayesu-hamilton@co.maui.hi.us )

This filing type incurs a fee of $200.00. You must pay by credit card or in person.

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
17-NOV-2023
10:42 AM
Dkt. 79 PYD**

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT
STATE OF HAWAI`I

| | |
|---|---|
| County of Maui v. Maui Electric Company, et al. | CASE NO. 2CCV-23-0000238 <br><br> PAYMENT DUE TO COURT |

PAYMENT DUE TO COURT

Whattoff, Randall Craig owes the following fees:

 $200.00   Demand for Jury Trial

The total amount due is $200.00. Make your payment to Circuit Court of the Second Circuit, 2145 Main Street, Suite 106, Wailuku, HI, 96793 with this notice within ten (10) days of this notice.

If you do not pay the total amount due, your complaint will be dismissed or your document stricken.

> You may file a request that the court waive the filing fees. If the court does not grant your request, you must pay the filing fees.

Dated: November 17, 2023

/s/ Sandy S. Kozaki
Clerk of the Court

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
17-NOV-2023
10:42 AM
Dkt. 80 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | County of Maui v. Maui Electric Company, et al. |
| **Filing Date / Time:** | FRIDAY, NOVEMBER 17, 2023 10:42:23 AM |
| **Filing Parties:** | |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 79-Payment Due To Court |
| **Document Name:** | |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff *( rwhattoff@cfhawaii.com )*

Joachim Paul Cox *( jcox@cfhawaii.com )*

Second Circuit Court 2nd Division *( courtroom2.2cc@courts.hawaii.gov )*

Patrick F. McTernan *( pmcternan@croninfried.com )*

Wayne K. Kekina *( wkekina@croninfried.com )*

L. Richard Fried *( rfried@croninfried.com )*

Thomas Walter Kolbe *( thomas.kolbe@co.maui.hi.us )*

Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*

---

This filing type incurs a fee of $200.00. You must pay by credit card or in person.

**SECOND CIRCUIT**
**STATE OF HAWAIʻI**
**RECEIPT**

**Electronically Filed**
**SECOND CIRCUIT**
**2CCV-23-0000238**
**17-NOV-2023**
**10:43 AM**
**Dkt. 81 PY**

Case No:2CCV-23-0000238

**RECEIPT NO:55285**

RECEIVED FROM: Whattoff, Randall Craig

**17-NOV-2023**
**10:43 AM**

THE SUM OF: $200.00

DESCRIPTION: Payment by Credit Card

1. Demand for Jury Trial

      V006- Demand for Jury Trial             $200.00

**TOTAL**            **$200.00**

 /s/Court Document Clerk

**DEPARMENT OF THE**
**CORPORATION COUNSEL**   205

VICTORIA J. TAKAYESU   5481
Corporation Counsel
THOMAS KOLBE          7679
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Telephone: (808) 270-7741
Facsimile:  (808) 270-7152
thomas.kolbe@co.maui.hi.us


**CRONIN, FRIED, SEKIYA,**
**KEKINA & FAIRBANKS**
L. Richard Fried, Jr.        0764-0
Wayne K. Kekina            0780-0
Patrick F. McTernan        4269-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaiʻi 96813
Telephone: (808) 524-1433
Facsimile:  (808) 536-2073
rfried@croninfried.com
pmcternan@croninfried.com


**BARON & BUDD, P.C.**
John P. Fiske (CA SBN 249256)
(*Pro Hac Vice*)
11440 West Bernardo Court Suite 265,
San Diego, CA 92127
Telephone:  (858) 251-7424
Fax: (214) 520-1181
jfiske@baronbudd.com

**Electronically Filed**
**SECOND CIRCUIT**
**2CCV-23-0000238**
**18-NOV-2023**
**06:55 AM**
**Dkt. 82 PORD**

*[caption and title of document on next page]*

**DIAB CHAMBERS LLP**
Ed Diab (CA SBN 262319)
*(Pro Hac Vice)*
Robert J. Chambers, II (CA SBN 244688)
*(Pro Hac Vice)*
10089 Willow Creek Rd., Suite 200
San Diego, CA 92131
Tel: (619) 658-7010
ed@dcfirm.com
rob@dcfirm.com

Attorneys for Plaintiff
COUNTY OF MAUI

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. 2CCV-23-0000238(2) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | **[PROPOSED]** ORDER |
| vs. | ) | GRANTING PLAINTIFF'S |
| | ) | MOTION FOR ADMISSION OF ED |
| MAUI ELECTRIC COMPANY, | ) | DIAB PRO HAC VICE, FILED ON |
| LIMITED; HAWAIIAN ELECTRIC | ) | OCTOBER 6, 2023 [DKT. 43] |
| COMPANY, INC.; HAWAIʻI ELECTRIC | ) | |
| LIGHT COMPANY, INC.; HAWAIIAN | ) | HEARING: |
| ELECTRIC INDUSTRIES, INC. and | ) | Date:  Friday, November 17, 2023 |
| DOES 1 THROUGH 50, inclusive, | ) | Time:  9:00 a.m. |
| | ) | Judge: Honorable Peter T. Cahill |
| Defendants. | ) | |
| | ) | No trial date set. |
| | ) | |
| _____ | ) | |

**[PROPOSED]** ORDER GRANTING PLAINTIFF'S MOTION FOR ADMISSION
OF ED DIAB PRO HAC VICE, FILED ON OCTOBER 6, 2023 [DKT. 43]

2

**DEPARMENT OF THE**
**CORPORATION COUNSEL**   205

VICTORIA J. TAKAYESU   5481
Corporation Counsel
THOMAS KOLBE           7679
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Telephone: (808) 270-7741
Facsimile:  (808) 270-7152
thomas.kolbe@co.maui.hi.us


**CRONIN, FRIED, SEKIYA,**
**KEKINA & FAIRBANKS**
L. Richard Fried, Jr.       0764-0
Wayne K. Kekina           0780-0
Patrick F. McTernan        4269-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawai'i 96813
Telephone: (808) 524-1433
Facsimile:  (808) 536-2073
rfried@croninfried.com
pmcternan@croninfried.com


**BARON & BUDD, P.C.**
John P. Fiske (CA SBN 249256)
(*Pro Hac Vice Forthcoming*)
11440 West Bernardo Court Suite 265,
San Diego, CA 92127
Telephone:  (858) 251-7424
Fax: (214) 520-1181
jfiske@baronbudd.com

*[caption and title of document on next page]*

**DIAB CHAMBERS LLP**
Ed Diab (CA SBN 262319)
*(Pro Hac Vice)*
Robert J. Chambers, II (CA SBN 244688)
*(Pro Hac Vice)*
10089 Willow Creek Rd., Suite 200
San Diego, CA 92131
Tel: (619) 658-7010
ed@dcfirm.com
rob@dcfirm.com

Attorneys for Plaintiff
COUNTY OF MAUI

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAI‘I

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. 2CCV-23-0000238(2) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING PLAINTIFF'S |
| vs. | ) | MOTION FOR ADMISSION OF ED |
| | ) | DIAB PRO HAC VICE, FILED ON |
| MAUI ELECTRIC COMPANY, | ) | OCTOBER 6, 2023 [DKT. 43] |
| LIMITED; HAWAIIAN ELECTRIC | ) | |
| COMPANY, INC.; HAWAI‘I ELECTRIC | ) | HEARING: |
| LIGHT COMPANY, INC.; HAWAIIAN | ) | Date:  Friday, November 17, 2023 |
| ELECTRIC INDUSTRIES, INC. and | ) | Time:  9:00 a.m. |
| DOES 1 THROUGH 50, inclusive, | ) | Judge: Honorable Peter T. Cahill |
| | ) | |
| Defendants. | ) | No trial date set. |
| | ) | |
| _____ | ) | |

ORDER GRANTING PLAINTIFF'S MOTION FOR ADMISSION OF
ED DIAB HAC VICE, FILED ON OCTOBER 6, 2023 [DKT. 43]

Plaintiff's Motion for Admission of Ed Diab Pro Hac Vice, filed on October 6, 2023

[Dkt. No. 43], came on for hearing before the Honorable Peter T. Cahill on Friday, November

17, 2023 at 9:00 a.m., with Maui Deputy Corporation Counsel Thomas Kolbe present in the

courtroom, and Patrick F. McTernan, Esq., and *pro hac vice* counsel John Fiske, Esq., appearing

by Zoom on behalf of Plaintiff County of Maui, with *pro hac vice* applicant Ed Diab, Esq. also

present by Zoom; and Joachim P. Cox, Esq., Randall C. Whattoff, Esq., and *pro hac vice* counsel

2

Brad Brian, Esq., appearing for Defendants by Zoom. The Court having considered the motion, declarations, pleadings and record, there being no opposition to Plaintiff's motion, and good cause appearing therefor,

IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED subject to the following conditions:

1.      Local counsel shall serve as lead trial counsel.

2.      An attorney allowed to appear *pro hac vice* shall, for each year the order is effective, pay to the Hawai'i State Bar an annual Disciplinary Board fee and an annual Lawyers' Fund for Client Protection fee authorized by the Supreme Court, provided that if the attorney is allowed to appear in more than one case, only one set of annual fees shall be paid. The Hawai'i State Bar may assess a reasonable fee to register and collect these fees on an annual basis. Within 10 days after entry of this Order granting the *pro hac vice* appearance, and also within 10 days of making subsequent fee payments in January of each year, the attorney shall file proof of payment of the required fees in the record of the court in which the case is then pending. Failure to pay the required fees within 10 days after entry of this Order granting the *pro hac vice* appearance, and in January of each subsequent year, renders the Order granting the *pro hac vice* appearance no longer valid, and a new petition or motion for *pro hac vice* appearance must be filed.

3.      *Pro hac vice* counsel shall personally review and abide by the Guidelines of Professional Courtesy and Civility for Hawai'i Lawyers, and the Hawai'i Rules of Professional Conduct.

4.      *Pro hac vice* counsel shall comply with all applicable Hawai'i statutes, laws and rules of the courts including the Hawai'i Rules of Professional Conduct and the Guidelines of Professional Courtesy and Civility for Hawai'i Lawyers.

5.    *Pro hac vice* counsel is subject to the jurisdiction of Hawai'i courts with respect to all applicable Hawai'i statutes, laws, and rules of the courts to the same extent as any other attorney admitted to practice in the courts of this state. *Pro hac vice* counsel is subject to the disciplinary jurisdiction of the Supreme Court of Hawai'i. The court in which an attorney is allowed to appear *pro hac vice* or the Supreme Court of Hawai'i may, for violations of Hawai'i law, the Hawai'i Rules of Professional Conduct, or orders of the Court, revoke the permission for the attorney to appear *pro hac vice*, or impose any other appropriate sanction.

6.    Local counsel of record shall sign all pleadings, motions, briefs, or any other documents submitted in the case, and shall participate actively in all phases of the case and be prepared to go forward with the case as required. Service of all papers and pleadings shall be upon local counsel and shall constitute service upon *pro hac vice* counsel and their client(s).

7.    Local counsel or a member of their firm shall attend all court-related proceedings in this action, unless excused by the Court. The Court will generally not move deadlines due to the unavailability of *pro hac vice* counsel, as local counsel remains responsible for all phases of the litigation.

8.    Local counsel shall provide to the Hawai'i State Bar Association a copy of this Order and shall notify the Hawai'i State Bar Association when the case is closed or this Order granting *pro hac vice* admission is no longer valid.

9.    *Pro hac vice* counsel shall have full knowledge of all applicable Hawai'i substantive and procedural law that relates to any aspect of this case.

10.    Local counsel shall provide a copy of this order to the Hawai'i State Bar and the Office of Disciplinary Counsel, as set forth in Rule 1.9(e) of the Rules of the Supreme Court of the State of Hawai'i.

**APPROVED AND SO ORDERD:**

_____

**JUDGE OF THE ABOVE-ENTITLED COURT**

**APPROVED AS TO FORM:**

 /s/ Randall C. Whattoff_____
JOACHIM P. COX
RANDALL C. WHATTOFF
Attorney for Defendants
MAUI ELECTRIC COMPANY, LIMITED;
HAWAIIAN ELECTRIC COMPANY, INC.;
HAWAI'I ELECTRIC LIGHT COMPANY, INC.;
and HAWAIIAN ELECTRIC INDUSTRIES, INC.

_____
*COUNTY OF MAUI v. MAUI ELECTRIC COMPANY, LIMITED, et al.*; Civil No. 2CCV-23-0000238(2);
ORDER GRANTING PLAINTIFF'S MOTION FOR ADMISSION OF ED DIAB PRO HAC VICE,
FILED ON OCTOBER 6, 2023 [DKT. 43]

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
18-NOV-2023
06:55 AM
Dkt. 83 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | SATURDAY, NOVEMBER 18, 2023 06:55:02 AM |
| **Filing Parties:** | Patrick McTernan |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 82-Proposed Order |
| **Document Name:** | 82-[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR ADMISSION OF ED DIAB PRO HAC VICE, FILED ON OCTOBER 6, 2023 [DKT. 43] |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff ( rwhattoff@cfhawaii.com )

Joachim Paul Cox ( jcox@cfhawaii.com )

Second Circuit Court 2nd Division ( courtroom2.2cc@courts.hawaii.gov )

Patrick F. McTernan ( pmcternan@croninfried.com )

Wayne K. Kekina ( wkekina@croninfried.com )

L. Richard Fried ( rfried@croninfried.com )

Thomas Walter Kolbe ( thomas.kolbe@co.maui.hi.us )

Victoria J. Takayesu-Hamilton ( victoria.takayesu-hamilton@co.maui.hi.us )

**DEPARMENT OF THE**
**CORPORATION COUNSEL**   205

VICTORIA J. TAKAYESU   5481
Corporation Counsel
THOMAS KOLBE          7679
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Telephone: (808) 270-7741
Facsimile:  (808) 270-7152
thomas.kolbe@co.maui.hi.us


**CRONIN, FRIED, SEKIYA,**
**KEKINA & FAIRBANKS**
L. Richard Fried, Jr.        0764-0
Wayne K. Kekina            0780-0
Patrick F. McTernan        4269-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaiʻi 96813
Telephone: (808) 524-1433
Facsimile:  (808) 536-2073
rfried@croninfried.com
pmcternan@croninfried.com


**BARON & BUDD, P.C.**
John P. Fiske (CA SBN 249256)
(*Pro Hac Vice*)
11440 West Bernardo Court Suite 265,
San Diego, CA 92127
Telephone:  (858) 251-7424
Fax: (214) 520-1181
jfiske@baronbudd.com

**Electronically Filed**
**SECOND CIRCUIT**
**2CCV-23-0000238**
**18-NOV-2023**
**06:57 AM**
**Dkt. 84 PORD**

*[caption and title of document on next page]*

**DIAB CHAMBERS LLP**
Ed Diab (CA SBN 262319)
*(Pro Hac Vice)*
Robert J. Chambers, II (CA SBN 244688)
*(Pro Hac Vice)*
10089 Willow Creek Rd., Suite 200
San Diego, CA 92131
Tel: (619) 658-7010
ed@dcfirm.com
rob@dcfirm.com

Attorneys for Plaintiff
COUNTY OF MAUI

## IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

## STATE OF HAWAIʻI

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. 2CCV-23-0000238(2) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | **[PROPOSED]** ORDER |
| vs. | ) | GRANTING PLAINTIFF'S |
| | ) | MOTION FOR ADMISSION OF |
| | ) | ROBERT J. CHAMBERS II PRO |
| MAUI ELECTRIC COMPANY, | ) | HAC VICE, FILED ON OCTOBER |
| LIMITED; HAWAIIAN ELECTRIC | ) | 6, 2023 [DKT. 41] |
| COMPANY, INC.; HAWAIʻI ELECTRIC | ) | |
| LIGHT COMPANY, INC.; HAWAIIAN | ) | HEARING: |
| ELECTRIC INDUSTRIES, INC. and | ) | Date:  Friday, November 17, 2023 |
| DOES 1 THROUGH 50, inclusive, | ) | Time:  9:00 a.m. |
| | ) | Judge: Honorable Peter T. Cahill |
| Defendants. | ) | |
| | ) | No trial date set. |
| | ) | |
| | ) | |

**[PROPOSED]** ORDER GRANTING PLAINTIFF'S MOTION FOR ADMISSION OF
ROBERT J. CHAMBERS II PRO HAC VICE, FILED ON OCTOBER 6, 2023 [DKT. 41]

2

**DEPARMENT OF THE
CORPORATION COUNSEL**   205

VICTORIA J. TAKAYESU   5481
Corporation Counsel
THOMAS KOLBE            7679
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Telephone: (808) 270-7741
Facsimile:  (808) 270-7152
thomas.kolbe@co.maui.hi.us


**CRONIN, FRIED, SEKIYA,
KEKINA & FAIRBANKS**
L. Richard Fried, Jr.       0764-0
Wayne K. Kekina            0780-0
Patrick F. McTernan        4269-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawai'i 96813
Telephone: (808) 524-1433
Facsimile:  (808) 536-2073
rfried@croninfried.com
pmcternan@croninfried.com


**BARON & BUDD, P.C.**
John P. Fiske (CA SBN 249256)
(*Pro Hac Vice Forthcoming*)
11440 West Bernardo Court Suite 265,
San Diego, CA 92127
Telephone:  (858) 251-7424
Fax: (214) 520-1181
jfiske@baronbudd.com

*[caption and title of document on next page]*

**DIAB CHAMBERS LLP**
Ed Diab (CA SBN 262319)
*(Pro Hac Vice Requested)*
Robert J. Chambers, II (CA SBN 244688)
*(Pro Hac Vice Requested)*
10089 Willow Creek Rd., Suite 200
San Diego, CA 92131
Tel: (619) 658-7010
ed@dcfirm.com
rob@dcfirm.com

Attorneys for Plaintiff
COUNTY OF MAUI

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAI'I

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. 2CCV-23-0000238(2) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING PLAINTIFF'S |
| vs. | ) | MOTION FOR ADMISSION OF |
| | ) | ROBERT J. CHAMBERS II PRO |
| MAUI ELECTRIC COMPANY, | ) | HAC VICE, FILED ON OCTOBER |
| LIMITED; HAWAIIAN ELECTRIC | ) | 6, 2023 [DKT. 41] |
| COMPANY, INC.; HAWAI'I ELECTRIC | ) | |
| LIGHT COMPANY, INC.; HAWAIIAN | ) | HEARING: |
| ELECTRIC INDUSTRIES, INC. and | ) | Date:  Friday, November 17, 2023 |
| DOES 1 THROUGH 50, inclusive, | ) | Time:  9:00 a.m. |
| | ) | Judge: Honorable Peter T. Cahill |
| Defendants. | ) | |
| | ) | No trial date set. |
| _____ | ) | |

ORDER GRANTING PLAINTIFF'S MOTION FOR ADMISSION OF
<u>ROBERT J. CHAMBERS II PRO HAC VICE, FILED ON OCTOBER 6, 2023 [DKT. 41]</u>

Plaintiff's Motion for Admission of Robert J. Chambers II Pro Hac Vice, filed on

October 6, 2023 [Dkt. No. 41], came on for hearing before the Honorable Peter T. Cahill on

Friday, November 17, 2023 at 9:00 a.m., with Maui Deputy Corporation Counsel Thomas Kolbe

present in the courtroom, and Patrick F. McTernan, Esq., and *pro hac vice* counsel John Fiske,

Esq., appearing by Zoom on behalf of Plaintiff County of Maui, with *pro hac vice* applicant

Robert J. Chambers II, Esq. also present by Zoom; and Joachim P. Cox, Esq., Randall C.

2

Whattoff, Esq., and *pro hac vice* counsel Brad Brian, Esq., appearing for Defendants by Zoom. The Court having considered the motion, declarations, pleadings and record, there being no opposition to Plaintiff's motion, and good cause appearing therefor,

IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED subject to the following conditions:

1.      Local counsel shall serve as lead trial counsel.

2.      An attorney allowed to appear *pro hac vice* shall, for each year the order is effective, pay to the Hawai'i State Bar an annual Disciplinary Board fee and an annual Lawyers' Fund for Client Protection fee authorized by the Supreme Court, provided that if the attorney is allowed to appear in more than one case, only one set of annual fees shall be paid. The Hawai'i State Bar may assess a reasonable fee to register and collect these fees on an annual basis. Within 10 days after entry of this Order granting the *pro hac vice* appearance, and also within 10 days of making subsequent fee payments in January of each year, the attorney shall file proof of payment of the required fees in the record of the court in which the case is then pending. Failure to pay the required fees within 10 days after entry of this Order granting the *pro hac vice* appearance, and in January of each subsequent year, renders the Order granting the *pro hac vice* appearance no longer valid, and a new petition or motion for *pro hac vice* appearance must be filed.

3.      *Pro hac vice* counsel shall personally review and abide by the Guidelines of Professional Courtesy and Civility for Hawai'i Lawyers, and the Hawai'i Rules of Professional Conduct.

4.      *Pro hac vice* counsel shall comply with all applicable Hawai'i statutes, laws and rules of the courts including the Hawai'i Rules of Professional Conduct and the Guidelines of Professional Courtesy and Civility for Hawai'i Lawyers.

5.      *Pro hac vice* counsel is subject to the jurisdiction of Hawai'i courts with respect to all applicable Hawai'i statutes, laws, and rules of the courts to the same extent as any other attorney admitted to practice in the courts of this state. *Pro hac vice* counsel is subject to the disciplinary jurisdiction of the Supreme Court of Hawai'i. The court in which an attorney is allowed to appear *pro hac vice* or the Supreme Court of Hawai'i may, for violations of Hawai'i law, the Hawai'i Rules of Professional Conduct, or orders of the Court, revoke the permission for the attorney to appear *pro hac vice*, or impose any other appropriate sanction.

6.      Local counsel of record shall sign all pleadings, motions, briefs, or any other documents submitted in the case, and shall participate actively in all phases of the case and be prepared to go forward with the case as required. Service of all papers and pleadings shall be upon local counsel and shall constitute service upon *pro hac vice* counsel and their client(s).

7.      Local counsel or a member of their firm shall attend all court-related proceedings in this action, unless excused by the Court. The Court will generally not move deadlines due to the unavailability of *pro hac vice* counsel, as local counsel remains responsible for all phases of the litigation.

8.      Local counsel shall provide to the Hawai'i State Bar Association a copy of this Order and shall notify the Hawai'i State Bar Association when the case is closed or this Order granting *pro hac vice* admission is no longer valid.

9.      *Pro hac vice* counsel shall have full knowledge of all applicable Hawai'i substantive and procedural law that relates to any aspect of this case.

10.      Local counsel shall provide a copy of this order to the Hawai'i State Bar and the Office of Disciplinary Counsel, as set forth in Rule 1.9(e) of the Rules of the Supreme Court of the State of Hawai'i.

**APPROVED AND SO ORDERD:**

_____

**JUDGE OF THE ABOVE-ENTITLED COURT**

**APPROVED AS TO FORM:**

 /s/ Randall C. Whattoff
JOACHIM P. COX
RANDALL C. WHATTOFF
Attorney for Defendants
MAUI ELECTRIC COMPANY, LIMITED;
HAWAIIAN ELECTRIC COMPANY, INC.;
HAWAI'I ELECTRIC LIGHT COMPANY, INC.;
and HAWAIIAN ELECTRIC INDUSTRIES, INC.

_____
*COUNTY OF MAUI v. MAUI ELECTRIC COMPANY, LIMITED, et al.*; Civil No. 2CCV-23-0000238(2);
ORDER GRANTING PLAINTIFF'S MOTION FOR ADMISSION OF ROBERT J. CHAMBERS II
PRO HAC VICE, FILED ON OCTOBER 6, 2023 [DKT. 41]

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
18-NOV-2023
06:57 AM
Dkt. 85 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | SATURDAY, NOVEMBER 18, 2023 06:57:30 AM |
| **Filing Parties:** | Patrick McTernan |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** |  |
| **Supporting Document(s):** | 84-Proposed Order |
| **Document Name:** | 84-[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR ADMISSION OF ROBERT J. CHAMBERS II PRO HAC VICE, FILED ON OCTOBER 6, 2023 [DKT. 41] |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff ( rwhattoff@cfhawaii.com )

Joachim Paul Cox ( jcox@cfhawaii.com )

Second Circuit Court 2nd Division ( courtroom2.2cc@courts.hawaii.gov )

Patrick F. McTernan ( pmcternan@croninfried.com )

Wayne K. Kekina ( wkekina@croninfried.com )

L. Richard Fried ( rfried@croninfried.com )

Thomas Walter Kolbe ( thomas.kolbe@co.maui.hi.us )

Victoria J. Takayesu-Hamilton ( victoria.takayesu-hamilton@co.maui.hi.us )

**DEPARMENT OF THE**
**CORPORATION COUNSEL**  205

VICTORIA J. TAKAYESU  5481
Corporation Counsel
THOMAS KOLBE          7679
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Telephone: (808) 270-7741
Facsimile:  (808) 270-7152
thomas.kolbe@co.maui.hi.us


**CRONIN, FRIED, SEKIYA,**
**KEKINA & FAIRBANKS**
L. Richard Fried, Jr.        0764-0
Wayne K. Kekina             0780-0
Patrick F. McTernan         4269-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawai'i 96813
Telephone: (808) 524-1433
Facsimile:  (808) 536-2073
rfried@croninfried.com
pmcternan@croninfried.com


**BARON & BUDD, P.C.**
John P. Fiske (CA SBN 249256)
(*Pro Hac Vice Forthcoming*)
11440 West Bernardo Court Suite 265,
San Diego, CA 92127
Telephone:  (858) 251-7424
Fax: (214) 520-1181
jfiske@baronbudd.com

**Electronically Filed**
**SECOND CIRCUIT**
**2CCV-23-0000238**
**21-NOV-2023**
**03:39 PM**
**Dkt. 86 ORDG**

*[caption and title of document on next page]*

**DIAB CHAMBERS LLP**
Ed Diab (CA SBN 262319)
*(Pro Hac Vice)*
Robert J. Chambers, II (CA SBN 244688)
*(Pro Hac Vice)*
10089 Willow Creek Rd., Suite 200
San Diego, CA 92131
Tel: (619) 658-7010
ed@dcfirm.com
rob@dcfirm.com

Attorneys for Plaintiff
COUNTY OF MAUI

### IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

### STATE OF HAWAIʻI

| | |
|---|---|
| COUNTY OF MAUI, | ) CIVIL NO. 2CCV-23-0000238(2) |
| | ) (Other Non-Vehicle Tort) |
| Plaintiff, | ) |
| | ) |
| | ) ORDER GRANTING PLAINTIFF'S |
| vs. | ) MOTION FOR ADMISSION OF ED |
| | ) DIAB PRO HAC VICE, FILED ON |
| MAUI ELECTRIC COMPANY, | ) OCTOBER 6, 2023 [DKT. 43] |
| LIMITED; HAWAIIAN ELECTRIC | ) |
| COMPANY, INC.; HAWAIʻI ELECTRIC | ) HEARING: |
| LIGHT COMPANY, INC.; HAWAIIAN | ) Date:  Friday, November 17, 2023 |
| ELECTRIC INDUSTRIES, INC. and | ) Time:  9:00 a.m. |
| DOES 1 THROUGH 50, inclusive, | ) Judge: Honorable Peter T. Cahill |
| | ) |
| Defendants. | ) No trial date set. |
| | ) |
| | ) |

### ORDER GRANTING PLAINTIFF'S MOTION FOR ADMISSION OF
### ED DIAB HAC VICE, FILED ON OCTOBER 6, 2023 [DKT. 43]

Plaintiff's Motion for Admission of Ed Diab Pro Hac Vice, filed on October 6, 2023

[Dkt. No. 43], came on for hearing before the Honorable Peter T. Cahill on Friday, November

17, 2023 at 9:00 a.m., with Maui Deputy Corporation Counsel Thomas Kolbe present in the

courtroom, and Patrick F. McTernan, Esq., and *pro hac vice* counsel John Fiske, Esq., appearing

by Zoom on behalf of Plaintiff County of Maui, with *pro hac vice* applicant Ed Diab, Esq. also

present by Zoom; and Joachim P. Cox, Esq., Randall C. Whattoff, Esq., and *pro hac vice* counsel

2

Brad Brian, Esq., appearing for Defendants by Zoom. The Court having considered the motion, declarations, pleadings and record, there being no opposition to Plaintiff's motion, and good cause appearing therefor,

IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED subject to the following conditions:

1.      Local counsel shall serve as lead trial counsel.

2.      An attorney allowed to appear *pro hac vice* shall, for each year the order is effective, pay to the Hawai'i State Bar an annual Disciplinary Board fee and an annual Lawyers' Fund for Client Protection fee authorized by the Supreme Court, provided that if the attorney is allowed to appear in more than one case, only one set of annual fees shall be paid. The Hawai'i State Bar may assess a reasonable fee to register and collect these fees on an annual basis. Within 10 days after entry of this Order granting the *pro hac vice* appearance, and also within 10 days of making subsequent fee payments in January of each year, the attorney shall file proof of payment of the required fees in the record of the court in which the case is then pending. Failure to pay the required fees within 10 days after entry of this Order granting the *pro hac vice* appearance, and in January of each subsequent year, renders the Order granting the *pro hac vice* appearance no longer valid, and a new petition or motion for *pro hac vice* appearance must be filed.

3.      *Pro hac vice* counsel shall personally review and abide by the Guidelines of Professional Courtesy and Civility for Hawai'i Lawyers, and the Hawai'i Rules of Professional Conduct.

4.      *Pro hac vice* counsel shall comply with all applicable Hawai'i statutes, laws and rules of the courts including the Hawai'i Rules of Professional Conduct and the Guidelines of Professional Courtesy and Civility for Hawai'i Lawyers.

3

5.      *Pro hac vice* counsel is subject to the jurisdiction of Hawai'i courts with respect to all applicable Hawai'i statutes, laws, and rules of the courts to the same extent as any other attorney admitted to practice in the courts of this state. *Pro hac vice* counsel is subject to the disciplinary jurisdiction of the Supreme Court of Hawai'i. The court in which an attorney is allowed to appear *pro hac vice* or the Supreme Court of Hawai'i may, for violations of Hawai'i law, the Hawai'i Rules of Professional Conduct, or orders of the Court, revoke the permission for the attorney to appear *pro hac vice*, or impose any other appropriate sanction.

6.      Local counsel of record shall sign all pleadings, motions, briefs, or any other documents submitted in the case, and shall participate actively in all phases of the case and be prepared to go forward with the case as required. Service of all papers and pleadings shall be upon local counsel and shall constitute service upon *pro hac vice* counsel and their client(s).

7.      Local counsel or a member of their firm shall attend all court-related proceedings in this action, unless excused by the Court. The Court will generally not move deadlines due to the unavailability of *pro hac vice* counsel, as local counsel remains responsible for all phases of the litigation.

8.      Local counsel shall provide to the Hawai'i State Bar Association a copy of this Order and shall notify the Hawai'i State Bar Association when the case is closed or this Order granting *pro hac vice* admission is no longer valid.

9.      *Pro hac vice* counsel shall have full knowledge of all applicable Hawai'i substantive and procedural law that relates to any aspect of this case.

10.     Local counsel shall provide a copy of this order to the Hawai'i State Bar and the Office of Disciplinary Counsel, as set forth in Rule 1.9(e) of the Rules of the Supreme Court of the State of Hawai'i.

4

APPROVED AND SO ORDERD:

_____
JUDGE OF THE ABOVE-ENTITLED COURT

NOV 2 1 2023

APPROVED AS TO FORM:

/s/ Randall C. Whattoff
JOACHIM P. COX
RANDALL C. WHATTOFF
Attorney for Defendants
MAUI ELECTRIC COMPANY, LIMITED;
HAWAIIAN ELECTRIC COMPANY, INC.;
HAWAI'I ELECTRIC LIGHT COMPANY, INC.;
and HAWAIIAN ELECTRIC INDUSTRIES, INC.

_____
*COUNTY OF MAUI v. MAUI ELECTRIC COMPANY, LIMITED, et al.*; Civil No. 2CCV-23-0000238(2);
ORDER GRANTING PLAINTIFF'S MOTION FOR ADMISSION OF ED DIAB PRO HAC VICE,
FILED ON OCTOBER 6, 2023 [DKT. 43]

5

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
21-NOV-2023
03:39 PM
Dkt. 87 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | TUESDAY, NOVEMBER 21, 2023 03:39:06 PM |
| **Filing Parties:** | L. Richard Fried |
| | Victoria Takayesu-Hamilton |
| | Wayne Kekina |
| | Patrick McTernan |
| | Thomas Kolbe |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 86-Order Granted |
| **Document Name:** | 86-Order Granting Plaintiff's Motion for Admission of Red Diab Pro Hac Vice, Filed on October 6, 2023 [DKT. 43] |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff *( rwhattoff@cfhawaii.com )*

Joachim Paul Cox *( jcox@cfhawaii.com )*

Second Circuit Court 2nd Division *( courtroom2.2cc@courts.hawaii.gov )*

Patrick F. McTernan *( pmcternan@croninfried.com )*

Wayne K. Kekina *( wkekina@croninfried.com )*

L. Richard Fried *( rfried@croninfried.com )*

Thomas Walter Kolbe *( thomas.kolbe@co.maui.hi.us )*

Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*

**DEPARMENT OF THE
CORPORATION COUNSEL**  205

VICTORIA J. TAKAYESU   5481
Corporation Counsel
THOMAS KOLBE          7679
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Telephone: (808) 270-7741
Facsimile:  (808) 270-7152
thomas.kolbe@co.maui.hi.us


**CRONIN, FRIED, SEKIYA,
KEKINA & FAIRBANKS**
L. Richard Fried, Jr.       0764-0
Wayne K. Kekina            0780-0
Patrick F. McTernan        4269-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawai'i 96813
Telephone: (808) 524-1433
Facsimile:  (808) 536-2073
rfried@croninfried.com
pmcternan@croninfried.com


**BARON & BUDD, P.C.**
John P. Fiske (CA SBN 249256)
(*Pro Hac Vice Forthcoming*)
11440 West Bernardo Court Suite 265,
San Diego, CA 92127
Telephone:  (858) 251-7424
Fax: (214) 520-1181
jfiske@baronbudd.com

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
21-NOV-2023
03:39 PM
Dkt. 88 ORDG**

*[caption and title of document on next page]*

**DIAB CHAMBERS LLP**
Ed Diab (CA SBN 262319)
*(Pro Hac Vice Requested)*
Robert J. Chambers, II (CA SBN 244688)
*(Pro Hac Vice Requested)*
10089 Willow Creek Rd., Suite 200
San Diego, CA 92131
Tel: (619) 658-7010
ed@dcfirm.com
rob@dcfirm.com

Attorneys for Plaintiff
COUNTY OF MAUI

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. 2CCV-23-0000238(2) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | |
| | ) | **ORDER GRANTING PLAINTIFF'S** |
| vs. | ) | **MOTION FOR ADMISSION OF** |
| | ) | **ROBERT J. CHAMBERS II PRO** |
| MAUI ELECTRIC COMPANY, | ) | **HAC VICE, FILED ON OCTOBER** |
| LIMITED; HAWAIIAN ELECTRIC | ) | **6, 2023 [DKT. 41]** |
| COMPANY, INC.; HAWAIʻI ELECTRIC | ) | |
| LIGHT COMPANY, INC.; HAWAIIAN | ) | |
| ELECTRIC INDUSTRIES, INC. and | ) | <u>HEARING</u>: |
| DOES 1 THROUGH 50, inclusive, | ) | Date:  Friday, November 17, 2023 |
| | ) | Time:  9:00 a.m. |
| | ) | Judge: Honorable Peter T. Cahill |
| Defendants. | ) | |
| | ) | No trial date set. |
| | ) | |

ORDER GRANTING PLAINTIFF'S MOTION FOR ADMISSION OF
<u>ROBERT J. CHAMBERS II PRO HAC VICE, FILED ON OCTOBER 6, 2023 [DKT. 41]</u>

Plaintiff's Motion for Admission of Robert J. Chambers II Pro Hac Vice, filed on

October 6, 2023 [Dkt. No. 41], came on for hearing before the Honorable Peter T. Cahill on

Friday, November 17, 2023 at 9:00 a.m., with Maui Deputy Corporation Counsel Thomas Kolbe

present in the courtroom, and Patrick F. McTernan, Esq., and *pro hac vice* counsel John Fiske,

Esq., appearing by Zoom on behalf of Plaintiff County of Maui, with *pro hac vice* applicant

Robert J. Chambers II, Esq. also present by Zoom; and Joachim P. Cox, Esq., Randall C.

2

Whattoff, Esq., and *pro hac vice* counsel Brad Brian, Esq., appearing for Defendants by Zoom. The Court having considered the motion, declarations, pleadings and record, there being no opposition to Plaintiff's motion, and good cause appearing therefor,

IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED subject to the following conditions:

1.      Local counsel shall serve as lead trial counsel.

2.      An attorney allowed to appear *pro hac vice* shall, for each year the order is effective, pay to the Hawaiʻi State Bar an annual Disciplinary Board fee and an annual Lawyers' Fund for Client Protection fee authorized by the Supreme Court, provided that if the attorney is allowed to appear in more than one case, only one set of annual fees shall be paid. The Hawaiʻi State Bar may assess a reasonable fee to register and collect these fees on an annual basis. Within 10 days after entry of this Order granting the *pro hac vice* appearance, and also within 10 days of making subsequent fee payments in January of each year, the attorney shall file proof of payment of the required fees in the record of the court in which the case is then pending. Failure to pay the required fees within 10 days after entry of this Order granting the *pro hac vice* appearance, and in January of each subsequent year, renders the Order granting the *pro hac vice* appearance no longer valid, and a new petition or motion for *pro hac vice* appearance must be filed.

3.      *Pro hac vice* counsel shall personally review and abide by the Guidelines of Professional Courtesy and Civility for Hawaiʻi Lawyers, and the Hawaiʻi Rules of Professional Conduct.

4.      *Pro hac vice* counsel shall comply with all applicable Hawaiʻi statutes, laws and rules of the courts including the Hawaiʻi Rules of Professional Conduct and the Guidelines of Professional Courtesy and Civility for Hawaiʻi Lawyers.

5.    *Pro hac vice* counsel is subject to the jurisdiction of Hawai'i courts with respect to all applicable Hawai'i statutes, laws, and rules of the courts to the same extent as any other attorney admitted to practice in the courts of this state. *Pro hac vice* counsel is subject to the disciplinary jurisdiction of the Supreme Court of Hawai'i. The court in which an attorney is allowed to appear *pro hac vice* or the Supreme Court of Hawai'i may, for violations of Hawai'i law, the Hawai'i Rules of Professional Conduct, or orders of the Court, revoke the permission for the attorney to appear *pro hac vice*, or impose any other appropriate sanction.

6.    Local counsel of record shall sign all pleadings, motions, briefs, or any other documents submitted in the case, and shall participate actively in all phases of the case and be prepared to go forward with the case as required. Service of all papers and pleadings shall be upon local counsel and shall constitute service upon *pro hac vice* counsel and their client(s).

7.    Local counsel or a member of their firm shall attend all court-related proceedings in this action, unless excused by the Court. The Court will generally not move deadlines due to the unavailability of *pro hac vice* counsel, as local counsel remains responsible for all phases of the litigation.

8.    Local counsel shall provide to the Hawai'i State Bar Association a copy of this Order and shall notify the Hawai'i State Bar Association when the case is closed or this Order granting *pro hac vice* admission is no longer valid.

9.    *Pro hac vice* counsel shall have full knowledge of all applicable Hawai'i substantive and procedural law that relates to any aspect of this case.

10.    Local counsel shall provide a copy of this order to the Hawai'i State Bar and the Office of Disciplinary Counsel, as set forth in Rule 1.9(e) of the Rules of the Supreme Court of the State of Hawai'i.

APPROVED AND SO ORDERD:

_____

JUDGE OF THE ABOVE-ENTITLED COURT

NOV 2 1 2023

SEAL

**APPROVED AS TO FORM:**

/s/ Randall C. Whattoff
_____
JOACHIM P. COX
RANDALL C. WHATTOFF
Attorney for Defendants
MAUI ELECTRIC COMPANY, LIMITED;
HAWAIIAN ELECTRIC COMPANY, INC.;
HAWAIʻI ELECTRIC LIGHT COMPANY, INC.;
and HAWAIIAN ELECTRIC INDUSTRIES, INC.

*COUNTY OF MAUI v. MAUI ELECTRIC COMPANY, LIMITED, et al.*; Civil No. 2CCV-23-0000238(2);
ORDER GRANTING PLAINTIFF'S MOTION FOR ADMISSION OF ROBERT J. CHAMBERS II
PRO HAC VICE, FILED ON OCTOBER 6, 2023 [DKT. 41]

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
21-NOV-2023
03:39 PM
Dkt. 89 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

| | |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | TUESDAY, NOVEMBER 21, 2023 03:39:53 PM |
| **Filing Parties:** | L. Richard Fried |
| | Victoria Takayesu-Hamilton |
| | Wayne Kekina |
| | Patrick McTernan |
| | Thomas Kolbe |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 88-Order Granted |
| **Document Name:** | 88-Order Granting Plaintiff's Motion for Admission of Robert J. Chambers II Pro Hac Vice, Filed on October 6, 2023 [DKT. 41] |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff *( rwhattoff@cfhawaii.com )*

Joachim Paul Cox *( jcox@cfhawaii.com )*

Second Circuit Court 2nd Division *( courtroom2.2cc@courts.hawaii.gov )*

Patrick F. McTernan *( pmcternan@croninfried.com )*

Wayne K. Kekina *( wkekina@croninfried.com )*

L. Richard Fried *( rfried@croninfried.com )*

Thomas Walter Kolbe *( thomas.kolbe@co.maui.hi.us )*

Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*

**DEPARMENT OF THE
CORPORATION COUNSEL** 205

VICTORIA J. TAKAYESU   5481
Corporation Counsel
THOMAS KOLBE          7679
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Telephone: (808) 270-7741
Facsimile:  (808) 270-7152
thomas.kolbe@co.maui.hi.us


**CRONIN, FRIED, SEKIYA,
KEKINA & FAIRBANKS**
L. Richard Fried, Jr.      0764-0
Wayne K. Kekina           0780-0
Patrick F. McTernan       4269-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawai'i 96813
Telephone: (808) 524-1433
Facsimile:  (808) 536-2073
rfried@croninfried.com
pmcternan@croninfried.com


**BARON & BUDD, P.C.**
John P. Fiske (CA SBN 249256)
(*Pro Hac Vice*)
11440 West Bernardo Court Suite 265,
San Diego, CA 92127
Telephone:  (858) 251-7424
Fax: (214) 520-1181
jfiske@baronbudd.com

Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
28-NOV-2023
09:04 AM
Dkt. 90 REC

**DIAB CHAMBERS LLP**
Ed Diab (CA SBN 262319)
*(Pro Hac Vice)*
Robert J. Chambers, II (CA SBN 244688)
*(Pro Hac Vice)*
10089 Willow Creek Rd., Suite 200
San Diego, CA 92131
Tel: (619) 658-7010
ed@dcfirm.com
rob@dcfirm.com

Attorneys for Plaintiff
COUNTY OF MAUI

*[caption and title of document on next page]*

2

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. 2CCV-23-0000238(2) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | PLAINTIFF'S PROOF OF |
| vs. | ) | PAYMENT OF 2023 |
| | ) | DISCIPLINARY BOARD FEE RE |
| MAUI ELECTRIC COMPANY, | ) | *PRO HAC VICE* ADMISSION OF |
| LIMITED; HAWAIIAN ELECTRIC | ) | ED DIAB, ESQ.; EXHIBIT A |
| COMPANY, INC.; HAWAIʻI ELECTRIC | ) | |
| LIGHT COMPANY, INC.; HAWAIIAN | ) | |
| ELECTRIC INDUSTRIES, INC. and | ) | |
| DOES 1 THROUGH 50, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | No trial date set. |
| _____ | ) | |

PLAINTIFF'S PROOF OF PAYMENT OF 2023 DISCIPLINARY BOARD FEE
RE *PRO HAC VICE* ADMISSION OF ED DIAB, ESQ.

Pursuant to Hawaii Supreme Court Rule 1.9, attached hereto as Exhibit A is proof of

payment of the annual *pro hac vice* admission fee of Ed Diab, Esq. for the calendar year 2023.

DATED:   Honolulu, Hawaiʻi, November 28, 2023.


 /s/ Patrick F. McTernan
_____
L. RICHARD FRIED, JR.
PATRICK F. MCTERNAN
Attorneys for Plaintiff

3

# Exhibit A

**Subject:** HSBA Payment Receipt
**Date:** Wednesday, November 22, 2023 at 4:57:00 PM Pacific Standard Time
**From:** webinfo@hsba.org
**To:** Shaye Conley

You don't often get email from webinfo@hsba.org. Learn why this is important

**Hawaii State Bar Association**

Aloha Edward Diab

Thank you for your payment to the Hawaii State Bar Association. The summary of your transaction is being forwarded and reflects all items and amounts paid to the HSBA.

**Please do not reply to this email.**

JD Number: 062814

**Order Date:** Nov 22, 2023 2:53 PM
**Bill To:** Edward Samuel Diab
**Order Total:** 815.00
**Payment Method:** American Express ***********1001
**Name on Card:** Edward Diab

| Item | Price | Qty | Total |
|------|-------|-----|-------|
| ProHacViceRenewal | 815.00 | 1 | 815.00 |
| | | | |
| **Item Total** | | | 815.00 |
| **Shipping** | | | 0.00 |
| **Handling** | | | 0.00 |
| **Item Grand Total** | | | 815.00 |
| **Transaction Grand Total** | | | 815.00 |

*If you have received this email pursuant to your 2023 Licensing Registration Payment,*
Print or save this receipt for your records as proof of payment.

The registration form you submitted is also available to view in your HSBA Account accessible from the HSBA homepage at hsba.org.

Sign in and go to "My Account" --> "Annual Renewal Archive"

Please review your completed Registration Form and if you need to make corrections, email ars@hsba.org with the requested edits.

EXHIBIT A

**If you have received this email pursuant to a CLE Program purchase/registration,**
Thank you for your patronage.

If you registered for a **live in person CLE Program**, or a **live webcast of a CLE Program** additional information will be emailed to you before the date of the seminar.

If you purchased a **recorded CLE webcast**, proceed to your CLE Classroom when ready to view your course!

To access your CLE Classroom go to the HSBA homepage at hsba.org
Sign in and go to "My Account" --> "CLE Account"

Email cle@hsba.org for questions regarding your CLE purchase/registration.

ADA Accommodation: if you would like to request an accommodation, please contact us at cle@hsba.org.

Mahalo,
HAWAII STATE BAR ASSOCIATION

**DEPARMENT OF THE
CORPORATION COUNSEL**   205

VICTORIA J. TAKAYESU   5481
Corporation Counsel
THOMAS KOLBE          7679
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Telephone: (808) 270-7741
Facsimile:  (808) 270-7152
thomas.kolbe@co.maui.hi.us


**CRONIN, FRIED, SEKIYA,
KEKINA & FAIRBANKS**
L. Richard Fried, Jr.        0764-0
Wayne K. Kekina             0780-0
Patrick F. McTernan         4269-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawai'i 96813
Telephone: (808) 524-1433
Facsimile:  (808) 536-2073
rfried@croninfried.com
pmcternan@croninfried.com


**BARON & BUDD, P.C.**
John P. Fiske (CA SBN 249256)
(*Pro Hac Vice*)
11440 West Bernardo Court Suite 265,
San Diego, CA 92127
Telephone:  (858) 251-7424
Fax: (214) 520-1181
jfiske@baronbudd.com

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
28-NOV-2023
09:04 AM
Dkt. 91 REC**

**DIAB CHAMBERS LLP**
Ed Diab (CA SBN 262319)
*(Pro Hac Vice)*
Robert J. Chambers, II (CA SBN 244688)
*(Pro Hac Vice)*
10089 Willow Creek Rd., Suite 200
San Diego, CA 92131
Tel: (619) 658-7010
ed@dcfirm.com
rob@dcfirm.com

Attorneys for Plaintiff
COUNTY OF MAUI

*[caption and title of document on next page]*

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAI'I

| | | |
|---|---|---|
| COUNTY OF MAUI, | ) | CIVIL NO. 2CCV-23-0000238(2) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | PLAINTIFF'S PROOF OF |
| vs. | ) | PAYMENT OF 2023 |
| | ) | DISCIPLINARY BOARD FEE RE |
| MAUI ELECTRIC COMPANY, | ) | *PRO HAC VICE* ADMISSION OF |
| LIMITED; HAWAIIAN ELECTRIC | ) | ROBERT J. CHAMBERS II, ESQ.; |
| COMPANY, INC.; HAWAI'I ELECTRIC | ) | EXHIBIT A |
| LIGHT COMPANY, INC.; HAWAIIAN | ) | |
| ELECTRIC INDUSTRIES, INC. and | ) | |
| DOES 1 THROUGH 50, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | No trial date set. |

PLAINTIFF'S PROOF OF PAYMENT OF 2023 DISCIPLINARY BOARD FEE
RE *PRO HAC VICE* ADMISSION OF ROBERT J. CHAMBERS II, ESQ.

Pursuant to Hawaii Supreme Court Rule 1.9, attached hereto as Exhibit A is proof of

payment of the annual *pro hac vice* admission fee of Robert J. Chambers II, Esq. for the calendar

year 2023.

DATED:   Honolulu, Hawai'i, November 28, 2023.


 /s/ Patrick F. McTernan                          
L. RICHARD FRIED, JR.
PATRICK F. MCTERNAN
Attorneys for Plaintiff

3

# Exhibit A

**Subject:** HSBA Payment Receipt
**Date:** Wednesday, November 22, 2023 at 5:44:50 PM Pacific Standard Time
**From:** webinfo@hsba.org
**To:** Shaye Conley

You don't often get email from webinfo@hsba.org. Learn why this is important

**Hawaii State Bar Association**

Aloha Robert Chambers

Thank you for your payment to the Hawaii State Bar Association. The summary of your transaction is being forwarded and reflects all items and amounts paid to the HSBA.

**Please do not reply to this email.**

JD Number: 062815

**Order Date:** Nov 22, 2023 3:42 PM
**Bill To:** Robert Joseph Chambers
**Order Total:** 815.00
**Payment Method:** American Express ***********1027
**Name on Card:** Robert Chambers

| Item | Price | Qty | Total |
|------|-------|-----|-------|
| ProHacViceRenewal | 815.00 | 1 | 815.00 |
| | | | |
| **Item Total** | | | 815.00 |
| **Shipping** | | | 0.00 |
| **Handling** | | | 0.00 |
| **Item Grand Total** | | | 815.00 |
| **Transaction Grand Total** | | | 815.00 |

***If you have received this email pursuant to your  2023 Licensing Registration Payment,***
Print or save this receipt for your records as proof of payment.

The registration form you submitted is also available to view in your HSBA Account accessible from the HSBA homepage at hsba.org.

Sign in and go to "My Account" --> "Annual Renewal Archive"

Please review your completed Registration Form and if you need to make corrections, email ars@hsba.org with the requested edits.

EXHIBIT A

Page 1 of 2

**If you have received this email pursuant to a CLE Program purchase/registration,**
Thank you for your patronage.

If you registered for a **live in person CLE Program**, or a **live webcast of a CLE Program** additional information will be emailed to you before the date of the seminar.

If you purchased a **recorded CLE webcast**, proceed to your CLE Classroom when ready to view your course!

To access your CLE Classroom go to the HSBA homepage at hsba.org
Sign in and go to "My Account" --> "CLE Account"

Email cle@hsba.org for questions regarding your CLE purchase/registration.

ADA Accommodation: if you would like to request an accommodation, please contact us at cle@hsba.org.

Mahalo,
HAWAII STATE BAR ASSOCIATION

# NOTICE OF ELECTRONIC FILING

**Electronically Filed
SECOND CIRCUIT
2CCV-23-0000238
28-NOV-2023
09:04 AM
Dkt. 92 NEF**

An electronic filing was submitted in Case Number 2CCV-23-0000238. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|   |   |
|---|---|
| **Case ID:** | 2CCV-23-0000238 |
| **Title:** | COUNTY OF MAUI, PLAINTIFF vs. MAUI ELECTRIC COMPANY, LIMITED HAWAIIAN ELECTRIC COMPANY, INC. HAWAI'I ELECTRIC LIGHT COMPANY, INC. HAWAIIAN ELECTRIC INDUSTRIES, INC. and DOES 1 THROUGH 50, inclusive, DEFENDANTS. |
| **Filing Date / Time:** | TUESDAY, NOVEMBER 28, 2023 09:04:34 AM |
| **Filing Parties:** | Patrick McTernan |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 90-Receipt |
| | 91-Receipt |
| **Document Name:** | 90-PLAINTIFF'S PROOF OF PAYMENT OF 2023 DISCIPLINARY BOARD FEE RE PRO HAC VICE ADMISSION OF ED DIAB, ESQ |
| | 91-PLAINTIFF'S PROOF OF PAYMENT OF 2023 DISCIPLINARY BOARD FEE RE PRO HAC VICE ADMISSION OF ROBERT J. CHAMBERS II, ESQ |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:

Randall Craig Whattoff *( rwhattoff@cfhawaii.com )*

Joachim Paul Cox *( jcox@cfhawaii.com )*

Second Circuit Court 2nd Division *( courtroom2.2cc@courts.hawaii.gov )*

Patrick F. McTernan *( pmcternan@croninfried.com )*

Wayne K. Kekina *( wkekina@croninfried.com )*

L. Richard Fried *( rfried@croninfried.com )*

Thomas Walter Kolbe *( thomas.kolbe@co.maui.hi.us )*

Victoria J. Takayesu-Hamilton *( victoria.takayesu-hamilton@co.maui.hi.us )*